USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/05/07



**MEMO ENDORSED**

P3

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

DAVID M. HAZAN
*Assistant Corporation Counsel*
Room 3-186
Telephone: (212) 788-8084
Facsimile: (212) 788-9776
dhazan@law.nyc.gov

November 2, 2007

**VIA HAND DELIVERY**
Honorable Richard M. Berman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: <u>Mark Kapiti v. Raymond W. Kelly, et al.</u>, 07 Civ. 3782 (RMB)

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to the defense of the above-referenced matter on behalf of defendants City of New York, Police Commissioner Raymond W. Kelly, and the Property Clerk of the New York City Police Department ("NYPD").[1] In essence, plaintiff's complaint alleges that his due process rights were violated when his leased vehicle, which was seized by the NYPD on May 15, 2006 after plaintiff was arrested, was returned to Honda, the title owner of the vehicle rather than plaintiff, the registered owner of the vehicle. Specifically, plaintiff claims that his due process rights were violated because he was not given an opportunity to have a hearing to determine whether he was entitled to possession of the vehicle or whether Honda was entitled to the vehicle. For the reasons set forth below, I write to respectfully request that the Court (1) schedule a settlement conference wherein plaintiff must be present; (2) that the Court order the parties to submit letters to the Court stating their legal and factual bases for their settlement positions, at least three business days prior to the settlement conference; and (3) compel plaintiff to execute releases for the unsealing of the underlying police, criminal court, and District Attorney records related to the underlying incident in this action, by a date certain.

---

[1] This case has been assigned to Assistant Corporation Counsel Philip S. Frank, who is presently awaiting admission to the bar and is handling this matter under supervision. Mr. Frank may be reached directly at (212) 788-0879.

**RECEIVED**
NOV 0 5 2007
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

I.  **Settlement Conference**

Defendants respectfully request that the Court schedule a settlement conference in this matter as soon as possible. Additionally, for the reasons set forth below, defendants respectfully request that the Court order the parties to submit a letter to the Court stating their legal and factual bases for their settlement positions. As background, the parties have discussed settlement at length and in good faith, but have been unable to reach a settlement agreement. Upon information and belief, part of the reason the parties have been unable to settle this case is because there is a legal difference of opinion about what damages plaintiff can recover, based upon his claims and what plaintiff must prove in order to recover those damages. Accordingly, a settlement conference wherein Your Honor is appraised of the parties' legal and factual bases for their settlement positions prior to the conference might enable the Court to effectively mediate a settlement agreement in this case. Additionally, the parties are about to engage in costly deposition discovery and are more likely to reach a settlement agreement before costs and attorneys' fees accrue. For these reasons, defendants respectfully request that the Court (1) schedule a settlement conference at its earliest convenience and (2) order the parties to submit letters to the court stating their legal and factual bases for their settlement positions at least three business days prior to the settlement conference. Plaintiff does not object to having a settlement conference at this juncture. However, plaintiff does not consent to any additional briefing by the parties prior to the settlement conference.

II.  **Release Pursuant to N.Y. Crim. P. Law § 160.50**

Defendants also respectfully request that the Court compel plaintiff to produce an executed unsealing release, pursuant to N.Y. Crim. P. Law § 160.50, by a date certain. The unsealing release would give defendants access to the criminal court, District Attorney and police records related to the underlying incident in this case and related to the seizure of plaintiff's leased vehicle. The parties have conferred about this issue, and upon information and belief, plaintiff objects to this request on the grounds that the sealed documents are not relevant. For the reasons set forth below, the underlying police, criminal court and District Attorney records are relevant and necessary for the defendants to defend this case.

First, Federal Rule of Civil Procedure ("FRCP") 26 states that a party may discover "any matter, not privileged, that is relevant to the claim or defense of any party.... Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The District Court for the Southern District of New York held in Condit v. Dunne, 2004 U.S. Dist. LEXIS 24777 at *13-14 (S.D.N.Y. December 8, 2004) (internal citations omitted) that

> [a]lthough not unlimited, relevance for purposes of discovery, is an extremely broad concept. Once "'any possibility' of relevance" sufficient to warrant discovery is shown, the burden shifts to the party opposing discovery to show the discovery is improper. Generally, discovery is only limited when "sought in bad faith, to harass or oppress the party subject to it, when it is irrelevant,'" or privileged.

In the instant case, plaintiff claims that his procedural due process rights were violated when, following his arrest on May 15, 2007, his vehicle was seized, impounded and returned to the title owner. Plaintiff alleges that he was denied a prompt post-deprivation hearing (hereinafter "Krimstock hearing") pursuant to the Second Circuit's decision in Krimstock v. Kelly, 306 F.3d 40 (2d Cir. 2002). However, the Second Circuit held in Krimstock, 464 F.3d 246, 253 (2d Cir. 2006), that a prosecutor may seek an ex parte order to prevent the prompt, post-deprivation Krimstock hearing from going forward if the prosecutor designates the seized item as potential evidence. Here, upon information and belief, the Assistant District Attorney designated plaintiff's seized vehicle as potential evidence for trial in the underlying criminal action. Thus, plaintiff was not legally entitled to a Krimstock hearing while the prosecutor was holding the vehicle as evidence. Plaintiff claims that his damages encompass the entire time period when the vehicle was seized. The underlying criminal court, District Attorney and police records may contain information necessary for defendants to prove that the seizure of the vehicle without a post-deprivation hearing was legal for some or all of the time the vehicle was seized. Furthermore, the information contained in the sealed documents will allow the parties to discover at what point, if any, plaintiff was entitled to a post-deprivation hearing. Therefore, the requested documents are reasonably calculated to lead to the discovery of admissible evidence in accordance with FRCP 26. For these reasons, plaintiff should be compelled to execute a release for all records pertaining to his arrest, which may have been sealed pursuant to N.Y. Crim. P. Law § 160.50, by a date certain.

In view of the foregoing, defendants respectfully request that the Court (1) schedule a settlement conference wherein plaintiff must be present; (2) that the Court order the parties to submit letters to the Court stating their legal and factual bases for their settlement positions, at least three days prior to the settlement conference; and (3) compel plaintiff to provide the outstanding releases for the unsealing of the underlying records in this action, by a date certain. I thank the Court for its time and consideration in this matter.

Respectfully submitted,

David M. Hazan (DH-8611)
Assistant Corporation Counsel
Special Federal Litigation Division

cc: By First Class Mail and Facsimile (212) 297-0777
Steven L. Kessler, Esq.
122 East 42nd Street, Suite 606
New York, NY 10168

*[Handwritten:]* Settlement conference with principals on 11/15/07.* No discovery to go forward until after the conference.

*11:30 A.M.

SO ORDERED:
Date: 11/5/07
Richard M. Berman
Richard M. Berman, U.S.D.J.