THE LAW OFFICES OF

# STEVEN L. KESSLER

February 5, 2008

BY ECF
The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, N.Y.  10007

      Re:    *Mark Kapiti v. Raymond W. Kelly, et al.*
                   **Index No. 07 Civ. 3782 (RMB)**

Dear Judge Berman:

      As counsel for Mark Kapiti in the referenced proceeding, I write in response to defendants' letter motion, dated February 1, 2008, seeking to implead Honda Financial Corporation ("Honda"), pursuant to Fed. R. Civ. P. 14(a).

      Defendants' application should be denied.  Defendants have failed to provide a plausible justification for the extreme belatedness of their request, and plaintiff would be substantially prejudiced if the application were granted.

      Indeed, it appears the real purpose of defendants' impleader request is to buy counsel more time to seek additional settlement authority before the matter goes to trial.  That is not a valid basis for relief under FRCP 14, however.  If defendants need more time, they should just say so, without resorting to this procedural ploy.  Adding Honda at this late date would unnecessarily complicate the issues and distract the trier of fact from the merits of plaintiff's case.

      ***Defendants' unexplained delay in seeking relief***: Under FRCP 14, if an impleader is not sought within ten days of the filing of defendant's answer, it may not be done without leave of Court.  While leave may be liberally granted, there must still be a *legitimate articulated reason* for seeking such relief.

THE CHANIN BUILDING   122 EAST 42ND STREET   NEW YORK, NEW YORK 10168-0699   TEL: 212-661-1500   FAX: 212-297-0777
WWW.KESSLERONFORFEITURE.COM   E-mail: KESSLERONFORFEITURE@MSN.COM

*The Honorable Richard M. Berman*                                                                                     - page 2 -
*February 5, 2008*
___

Defendants have failed to make that threshold showing.

Defendants' ability to make such a showing should be assessed in light of the extreme lateness of their application. The Court's scheduling Order mandated that pleadings be amended and additional parties joined by September 21, 2007, and discovery completed by December 21, 2007. Since the entry of that Order, the discovery deadline has been extended by approximately six weeks. Applying that same extension to the joinder deadline, any motion pursuant to FRCP 14 should have been filed no later than November 6, 2007. Defendants' application is thus nearly three months late.

There is no legitimate basis for defendants' delay. Defendants have known since May 30, 2006 – *one year* before the filing of this lawsuit – that they would be indemnified and held harmless for any claim arising from defendants' turnover of plaintiff's vehicle to Honda. See Hazan Ltr. Ex. "A" (Release and Hold Harmless agreements from Honda dated May 30, 2006). Indeed, these documents are referenced in plaintiff's Verified Complaint, at ¶¶ 35-36.

Thus, defendants have had all of the information they needed to implead Honda since day one. Yet defendants chose not to do so. In fact, the issue was extensively discussed at Court conferences in August, November and December, 2007. At the latter conference, attorney Hazan left the courtroom for about half an hour, purportedly to speak with a supervisor specifically about impleading Honda. Upon his return, he informed me that defendants were adhering to their decision not to implead Honda. Based on that representation, the Court entered the current scheduling Order setting a February 11, 2008 deadline for submission of the pretrial order, motions *in limine*, and other pretrial filings.

As defendants acknowledge, relief under FRCP 14 will be denied if the movant was, *inter alia*, "derelict" in filing the motion. Hazan Ltr. at 2 (citing cases). That term accurately describes defendants' unaccountable delay in seeking this relief.

***Defendants' purported bases for impleader are belied by the facts:***
Defendants claim that joining Honda "will conserve judicial resources and the resources of the parties and generally expedite the litigation". Hazan Ltr. at 3. This boilerplate assertion cannot withstand scrutiny. An impleader only saves

*The Honorable Richard M. Berman*                                                                                      - page 3 -
*February 5, 2008*

time and resources if the claims against the third party would consume a second lawsuit. That is not the case here. As defendants concede, "if plaintiff succeeds with his claims against [defendants], *Honda will be liable for indemnification*." Hazan Ltr. at 2 (emphasis added).

     In other words, *there is no dispute* about Honda's liability under its agreements with defendants. Thus, there is no need to litigate the issue of liability because *there is no issue*. There is no need to have Honda in this case. Honda is simply defendants' 'piggy-bank'. If plaintiff secures a judgment against defendants, defendants will simply forward the judgment, together with the Release and Hold Harmless, and a two-sentence cover letter requesting a check for the amount of the judgment. Clearly, Honda has never balked at honoring its agreements with the defendants. Otherwise defendants would not be continuing to return seized vehicles to Honda for repossession under their leases.

     Defendants' assertion that Honda should be impleaded because it will be easier to compel Honda to comply with defendants' subpoena *duces tecum* as a party to the action than as a non-party is also without merit. Defendants cite absolutely no authority for this absurd proposition. Tens of thousands of subpoenas are no doubt served on non-parties in federal lawsuits every year. If receipt of a subpoena were sufficient to make the recipient a party to a lawsuit, the federal court system would grind to a halt with the weight of countless numbers of vast multi-party litigations. Of course, FRCP 11 would have to be rewritten, as it would no longer be necessary to have a reasonable basis in law or fact to bring someone into a lawsuit, but only that the person or entity possess documents that might be relevant to the litigation. Defendants' argument, therefore, should be rejected.

     ***Prejudice to plaintiff***: Contrary to defendants' generalized assertions, bringing Honda into the case will not increase judicial efficiency or speed the litigation. In fact, if defendants' tussles with Honda regarding defendants' subpoena is any indication, adding Honda as a third-party defendant will complicate and slow the litigation, and distract the attention of the Court and the trier of fact from the merits of Mr. Kapiti's strong claims against defendants. Indeed, that may be one reason why defendants are seeking this relief at this late stage in the litigation. In any event, it certainly does not help plaintiff to have Honda involved in this case, nor do defendants contend that it would help them

THE CHANIN BUILDING  122 EAST 42ND STREET  NEW YORK, NEW YORK 10168-0699  TEL: 212-661-1500  FAX: 212-297-0777
WWW.KESSLERONFORFEITURE.COM  E-mail: KESSLERONFORFEITURE@MSN.COM

*The Honorable Richard M. Berman*                                                                 *- page 4 -*
*February 5, 2008*

respond to the merits of plaintiff's claims.

      For all the foregoing reasons, plaintiff Mark Kapiti respectfully requests that defendants' letter application pursuant to Fed. R. Civ. P. 14, seeking to implead Honda Financial Services as a third-party defendant to this action, be denied in its entirety, with costs and fees incurred in opposing the request.

      Respectfully submitted,

*Steven L. Kessler*

      Steven L. Kessler (SK-0426)

SLK:rmaf

cc:    ACCs Philip S. Frank & David M. Hazan