THE LAW OFFICES OF

# STEVEN L. KESSLER

February 25, 2008

**BY ECF**
The Honorable Kevin Nathaniel Fox
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

>    Re:   *Kapiti v. Kelly et al.*
>          **07 CV 3782 (RMB)**

Dear Magistrate Judge Fox:

  As counsel for plaintiff Mark Kapiti, I write regarding the Court's February 11, 2008 Order granting defendant's application to compel plaintiff to execute a release unsealing the criminal file relating to plaintiff's acquittal on charges of dealing with fireworks, the charges pursuant to which his vehicle was seized ("the Order"). As set forth below, plaintiff respectfully requests that the Court reconsider and/or clarify the Order.

  The Order does not state either the factual or legal basis for the Court's ruling on defendant's application. Indeed, the entire Order states as follows:

> The Court has considered the parties' arguments for and against the
> defendants' request that the plaintiff allow them to access sealed records
> pertinent to his arrest and the seizure of an automobile. As a result, it is
> hereby ordered that the plaintiff execute such document(s) as will permit
> the defendants to access the relevant sealed documents expeditiously. SO
> ORDERED.

  The Order's ambiguity is compounded by defendants' failure to correctly identify the basis for the relief sought in the first instance, thus leading plaintiff on a wild goose chase in opposing an application that changed on reply. Initially, defendants asserted

*The Honorable Kevin Nathaniel Fox*                                                                                          *– page 2 –*
*February 25, 2008*
___

that their application was sought "pursuant to New York Criminal Procedural Law § 160.50." (1/17/08 Hazan Ltr., at 1). Defendants' 1½-page letter cited *no other authority* for their application other than a single federal decision standing only for the general proposition that discovery under the Federal Rules of Civil Procedure is "an extremely broad concept." (Id. at 2). There was nothing in defendant's application to suggest that the specific relief sought had ever been granted before, let alone how or why.

Plaintiff, in opposing the application, took defendants at their word and researched and analyzed the issue presented: whether defendants had met their burden under CPL § 160.50 for the unsealing of criminal records. The statute, and the decisions thereunder, made it clear that defendants had failed to state a basis for relief under that section.

Faced with direct opposing authority, defendants' reply 'reconfigured' the legal basis for their application, citing for the first time several docket entries and unreported slip opinions to support the new contention that "courts routinely require civil rights plaintiffs to produce such releases in these circumstances." (1/28/08 Hazan Ltr. at 2). No context was provided for this newly-adduced, bare-bones "authority". Defendants avoided the issue of what *kinds* of civil rights cases they were citing and failed to provide any legal or factual information necessary for plaintiff to determine if these cases were in fact relevant to a civil rights suit seeking damages for the unconstitutional retention and disposition of a motor vehicle.

Plaintiff promptly objected to defendants' improper assertion of new legal theories, arguments and authority for the first time on reply, requesting that the Court either "decline to consider defendants' reply in ruling on defendants' motion" or grant plaintiff "permission to respond formally thereto." (1/30/08 Kessler Ltr.).

After plaintiff's January 30, 2008 letter was filed, the Court neither (1) notified this office that defendants' reply was being considered in ruling on defendants' application, nor (2) granted plaintiff an opportunity to respond to the new material set forth therein.

Further, because the Order does not set forth the legal or factual basis for the Court's ruling, plaintiff cannot determine whether the Court in fact considered the new material in defendants' reply without granting plaintiff an opportunity to respond prior to issuance of the Order.

*The Honorable Kevin Nathaniel Fox* – page 3 –
*February 25, 2008*

Accordingly, plaintiff respectfully requests that the Court reconsider its issuance of the Order. As demonstrated below, the relevant authority does not support the requested relief.

**The Law**

Although not articulated by defendants as such, the actual basis for their motion is not CPL § 160.50, but rather the general principle of implied waiver of confidentiality by commencement of a subsequent civil suit. Under that doctrine, the protection accorded legally protected documents or information is not absolute:

> [W]hen a privilege is designed to protect an individual by keeping certain information or conduct secret, that protection may be deemed waived where the individual affirmatively places the information or conduct in issue.

*Green v. Montgomery*, 95 N.Y.2d 693, 700, 723 N.Y.S.2d 1036, 1041 (2001).

The waiver applies to sealed criminal records primarily where "plaintiff, by bringing [an] action for false arrest and malicious prosecution, has placed in issue the probable cause of the arrest and he has thus waived the confidentiality that the statutes afforded him [since said records] . . . are the very matter that will be the subject to this civil action and will be material to the defense of the action." *Lott v. Great Eastern Mall*, 87 A.D.2d 978, 979, 450 N.Y.S.2d 244 (4th Dep't 1982) (citing *Prink v. Rockefeller Center*, 48 N.Y.2d 309, 533 N.Y.S.2d 911 (1979); *Matter of the City of Nassau v. Heine*, 80 A.D.2d 640, 436 N.Y.S.2d 80 (2d Dep't), *leave to appeal denied*, 53 N.Y.2d 607, 440 N.Y.S.2d 1027 (1981)); *see Taylor v. New York City Transit Authority*, 131 A.D.2d 460, 516 N.Y.S.2d 237 (2d Dep't 1987). Waiver has also been found in a limited subset of slander and personal injury cases. *See Wright v. Snow*, 175 A.D.2d 451, 452, 572 N.Y.S.2d 503, 504 (3d Dep't 1991) ("In this case, plaintiff clearly placed in issue his arrest and prosecution by commencing this action and asserting a cause of action for slander. The records concerning plaintiff's criminal proceeding are relevant to and bear directly on defendant's affirmative defense of truth"); *Rodriguez v. Ford Motor Co.*, 301 A.D.2d 372, 372, 753 N.Y.S.2d 63 64 (1st Dep't 2003) (citing *Green v. Montgomery*) (defendant in personal injury case required to unseal records of criminal proceeding acquitting him of criminal charges for hitting plaintiff with car, on the ground that defendant, "by denying that intoxication caused [him] to lose control of the car, and, by

*The Honorable Kevin Nathaniel Fox* – *page 4* –
*February 25, 2008*

way of cross claim, seeking to put the blame for the accident on the car manufacturer, affirmatively put the circumstances surrounding the driver's arrest and indictment in issue, and thus waived the protection afforded by the CPL § 160.50"); *Lundell v. Ford Motor Co.*, 120 A.D.2d 575, 502 N.Y.S.2d 63 (2d Dep't 1986).

In these situations, the courts have found waiver of the privilege because "the acquittal after trial or other dismissal of the criminal action is not dispositive of the civil suit". *E.g.*, *Gebbie v. Gertz*, 94 A.D.2d 165, 171, 463 N.Y.S.2d 482, 486 (2d Dep't 1983). Further, "the information contained in the records of the criminal proceeding is undoubtedly relevant and perhaps vital to the defense of the claim as bearing, among other things, on the issue of probable cause." *Id.* at 174, 463 N.Y.S.2d at 488.

Thus, the cases have concluded, waiver is inferred because courts "will not allow [a] privilege to be used as a sword rather than a shield [which] place[s] a defendant in an impossible, intolerable, unjust and nondefensible position." *Gebbie v. Gertz*, *supra*, 94 A.D.2d at 167, 463 N.Y.S.2d at 484; *see Koump v. Smith*, 25 N.Y.2d 287, 294, 303 N.Y.S.2d 858, 864 (1969) (a privilege should not be used "to prevent the other party from ascertaining the truth of the claim . . . .").[1]

**Application of the Law to this Case**

As demonstrated below, defendants's argument that a criminal file may be unsealed on the basis of nothing more than the broad relevance standard for discovery under the Federal Rules is a false statement of the applicable law. Sealed criminal files are not so lightly disturbed. *See*, *e.g.*, *Matter of Dondi*, 63 N.Y.2d 331, 338, 482 N.Y.S.2d 431, 435 (1984). As defendants' cited cases show, unsealing motions based on implied waiver must be grounded on the compelling standards imposed by Rule 11, not the liberal discovery standard of Rule 26.

---

[1] Defendants' seeming avoidance of New York state cases in their reply was unnecessary, as the federal courts look to state law on this issue. Indeed, *Green v. Montgomery*, *supra*, the New York Court of Appeals' most significant recent pronouncement in this area, was the result of a certified question from the Court of Appeals for the Second Circuit in the case bearing the same caption. *See Green v. Montgomery*, 219 F.3d 52 (2d Cir. 2000). Interestingly, the resulting Second Circuit decision based on the New York Court of Appeal's ruling on the certified question affirmed the District Court opinion, which was cited without subsequent history in defendants' reply. *See Green v. Montgomery*, 245 F.3d 142 (2d Cir. 2001), *aff'g* 43 F. Supp. 2d 239 (E.D.N.Y 1999); 2/28/07 Hazan Ltr. at 2 (citing District Court opinion only).

*The Honorable Kevin Nathaniel Fox* – *page 5* –
*February 25, 2008*

    Had the defendants fully and accurately presented the relevant legal authority to this Court from the beginning, it would have quickly become clear that granting the relief sought in defendants' application would constitute an unwarranted extension of current law into a completely inappropriate context.  Virtually none of the concerns underlying the waiver principle apply here.  Thus, it is not surprising that defendants can cite no authority applying the waiver to unseal criminal records in a property-related civil rights case such as the matter before this Court.

    There are many reasons why a confidentiality waiver has been applied only to subsequent civil suits relating to injuries to the person, such as false arrest, false imprisonment, malicious prosecution, slander and bodily harm.  As discussed below, these reasons make it clear that the waiver has no application to civil rights actions for the unconstitutional retention and disposition of personal property.  Indeed, in a related context, this Court recently recognized defendants' tactic of improperly importing defensive strategies from personal-injury-based civil rights cases into this litigation.  In denying defendants' motion to compel discovery in a January 17, 2008 Order, this Court opined during the previous day's telephone conference that a host of documents and information sought by defendants herein had no application in this property-related civil rights litigation.  A similar result should obtain with respect to the unsealing issue.

    ***Centrality of the prior criminal case*:**  Unlike in a civil rights case seeking damages for malicious prosecution or false arrest, the circumstances surrounding Mr. Kapiti's arrest for 'dealing with fireworks' are not "the very matter that will be the subject of this civil action."  *Lott*, *supra*.  Mr. Kapiti does not need to prove that his arrest was wrongful to prevail.  The fact that it was the event that precipitated the seizure of his car is incidental to his claims, which are based on the defendants' failure to provide him with due process in connection with the retention and disposition of his vehicle and defendants' failure to retain the vehicle pending the resolution of the criminal proceedings, as required by both the United States Constitution and defendants' own rules.

    Further, there is a critical extra piece in this litigation that does not correlate to anything in the person injury cases where the confidentiality waiver has been applied: an intervening civil forfeiture case.  Defendants' failure to provide Mr. Kapiti with a prompt post-seizure retention hearing is far from the only element of liability and damages in this case.  A critical additional ground for relief is defendants' violation of due process and their own rules by failing to commence a civil forfeiture action under N.Y.C. Admin.

*The Honorable Kevin Nathaniel Fox*                                                          – *page 6* –
*February 25, 2008*

Code § 14-140 within twenty-five days of Mr. Kapiti's demand for the return of the property.  Had defendants commenced such a forfeiture action, upon Mr. Kapiti's acquittal on the criminal charges, the forfeiture case would have been dismissed, judgment entered for Mr. Kapiti, and the vehicle returned to him.   That civil judgment in his favor it would have superseded the underlying criminal case as the 'prior' litigation in the matter before this Court.

    ***Fairness of applying result of criminal case:***  The second reason for finding a waiver in cases such as *Gebbie v. Gertz* is that "the acquittal after trial . . . is not dispositive of the civil suit".   This factor, which is essentially one of issue preclusion, does not warrant the unsealing of plaintiff's criminal file in the matter before this Court.  To the contrary, as applied here, it provides a further basis for denying defendants' application.

    The contrast with *Gebbie* and its ilk is plain.  In a false arrest or malicious prosecution case, the civil plaintiff attempts to use his acquittal on the criminal charges as a "sword" – *i.e.*, to prove that the arrest and/or prosecution lacked probable cause, thereby entitling the plaintiff to damages.  Such a use of the acquittal would be unfair, because the issue of probable cause for the arrest and prosecution was not necessarily decided as part of the resolution of the criminal charges.  At the criminal trial, the only issue necessarily decided was whether the defendant (now the civil plaintiff) committed the crime for which he was arrested and prosecuted.

    Thus, under principles of fairness and issue preclusion, the defendant in the civil case should not be precluded from demonstrating that there was probable cause for the arrest and prosecution, and the only way to do that would be to review material in the criminal file relating to the arrest and prosecution.  Critically, if that material showed that there was such probable cause, that showing would be a *complete defense* to the civil action for false arrest and malicious prosecution.  Similarly, in a slander case, the criminal file could show that, although the evidence was not sufficient to convict the defendant (now civil plaintiff), the sealed material established the *complete defense* of truth under the civil preponderance standard.  *See Wright v. Snow*, *supra*, 175 A.D.2d at 452, 572 N.Y.S.2d at 504.

    Here, in contrast, Mr. Kapiti is not using his acquittal to show lack of probable cause for the arrest or seizure.  Rather, he is using it for only one purpose: to show that he was acquitted of the criminal charge of dealing with fireworks.  There is nothing

*The Honorable Kevin Nathaniel Fox*                                                                                    *– page 7 –*
*February 25, 2008*

unfair about using the acquittal for that purpose.  That was the precise issue in the criminal case – whether Mr. Kapiti was guilty of dealing with fireworks.  The defendants had a full and fair opportunity to contest that precise issue, as indeed that was the issue on which the defendants had the burden of proof.  Further, as Mr. Kapiti's guilt was the actual issue before the criminal court, that issue was 'necessarily decided' as a result of his acquittal.

Further, in a property-related civil rights case, unlike in false arrest and malicious prosecution cases, the fact that the burden is lower does not provide a ground for retrying the issues in the criminal case to determine if the civil plaintiff would have been guilty of the underlying crime under a preponderance standard.  Putting aside the fact that Mr. Kapiti was acquitted not only of the two top misdemeanor counts of dealing with fireworks but also the lowest count under PL 270.00(2)(b)(I) – a mere violation – Mr. Kapiti's acquittal on all charges is dispositive on the issue of whether his vehicle would have been forfeited.  Unlike in a false arrest or malicious prosecution case, in a property seizure case, an acquittal on the underlying criminal charges mandates dismissal of the civil forfeiture action with respect to the seized vehicle, which must be returned to the registered owner upon such dismissal.  *See* N.Y.C. Admin Code § 14-140[c] (if the claimant is found not guilty of the crime that precipitated the seizure of the vehicle, the court shall order "the property clerk . . . to deliver such property . . . to the accused person, and not any attorney, agent or clerk of such accused person").

Thus, Mr. Kapiti's acquittal on the criminal charges establishes, as a matter of law, that the defendants violated their own statutes as well as the United States Constitution in returning the seized vehicle to Honda prior to the resolution of the criminal charges against Mr. Kapiti.  Accordingly, the criminal file cannot, as a matter of law, establish any defense to plaintiff's claim that he was damaged by defendants' failure to retain the vehicle pending the outcome of the criminal case in accordance with defendants' own rules.

***Necessity of criminal file to establish a defense***:  As defendants implicitly acknowledge, the material in Mr. Kapiti's criminal file is not even arguably "vital" to defendants' defense to his claims.  *Gebbie*, *supra*.  Instead, defendants argue for a lesser standard, contending that under the "extremely broad" relevance standard for discovery under the Federal Rules, there is at least a good faith basis for asserting that the issue of probable cause for the seizure is relevant to their defense because it bears on the first of the three factors that the OATH court would have considered at the retention hearing that

*The Honorable Kevin Nathaniel Fox*                                                                                          *– page 8 –*
*February 25, 2008*

defendants wrongfully and unilaterally canceled.

Defendants, however, provide no authority for applying this loose standard to the unsealing of criminal records. To the contrary, the case law makes it clear that, as in *Gebbie*, the material must be "vital" to the defense. Ironically, this point is driven home most clearly by the cases cited by the defendants. As defendants acknowledge, in each of these cases, the court "granted the City's requests to compel such release *prior to answering the complaint*." (1/28/08 Hazan Ltr. at 2) (emphasis added).

Even here, defendants are soft-pedaling the true standard. As made clear in the Order of Judge Koeltl in *Holness v. City of New York*, No. CV 2003-5598 (E.D.N.Y. Jan. 9, 2004), attached to defendant's reply, the fact that the records were ordered unsealed prior to the City answering the complaint was not merely a timing issue, but one of necessity: "This Court agrees that the data and information contained in the sealed arrest records and medical records are necessary before counsel for defendants can submit an answer in a manner consistent with Rule 11 of the Federal Rules of Civil Procedure."

In other words, the City in *Holness* met a burden far more weighty than the "extremely broad" concept of relevance under the discovery provisions of the Federal Rules. Rather, the City demonstrated that it could not answer the complaint properly without the unsealing of the criminal and medical records. This is consistent with the standard articulated in cases such as *Gebbie*, which permit unsealing only if failure to do so would place the movant in an "impossible, intolerable, unjust and nondefensible position". An inability to answer a complaint certainly falls well within this category.

***Defendants cannot meet the actual standard applicable to their application:*** Clearly, breaking the seal placed by a judge on criminal records must not be undertaken lightly. *Matter of Dondi*, *supra*. Here, defendants' showing falls woefully short of demonstrating compelling circumstances. Defendants do not and cannot contend that it is impossible to answer the complaint without the requested information, as they already filed their answer nearly seven months ago, on August 3, 2007, without access to the sealed records. Further, although defendants now broadly claim that they cannot prove one of their defenses without access to the sealed records, the fact is that there is no affirmative defense set forth in their answer relating to any of the issues they now claim are central to their defense: the outcome of the OATH hearing, probable cause for plaintiff's arrest, nominal damages, etc. A copy of defendants' answer is attached hereto.

*The Honorable Kevin Nathaniel Fox*                                                                                                  *– page 9 –*
*February 25, 2008*

  In addition, defendants have failed to refute plaintiff's showing in his previously filed opposition that, even if defendants had prevailed on the issue of probable cause for the initial seizure, it would have no effect on the issues of liability or damages in this case.  As plaintiff demonstrated, and the Second Circuit in *Krimstock* made clear, probable cause for seizure is only one of the three burdens the City must carry at an OATH hearing to warrant retention of the vehicle pending the conclusion of forfeiture proceedings.  Thus, demonstrating now that plaintiff would have been able to prove probable cause for the seizure would have no bearing on the City's ability to satisfy the other two conjunctive prongs of its OATH burden.  Indeed, defendants do not claim otherwise.

  In any event, nothing that might or might not have happened at the OATH hearing could justify defendants' unilateral decision to dispose of plaintiff's vehicle without complying with either *Krimstock* or their own rules.  As this latter course of conduct constitutes a substantial portion of plaintiff's actual damages, nothing about defendants' 'we would have won' defense could render plaintiff's actual, out-of-pocket losses "nominal" in nature.  Thus, defendants' sole articulated basis for unsealing plaintiff's criminal file is neither "vital" to its defense nor dispositive of plaintiff's claims.

### Conclusion

  Accordingly, plaintiff respectfully requests that the Court reconsider its ruling herein and find that defendants have failed to demonstrate that they are entitled to compel the unsealing of plaintiff's criminal file.  Should the Court not be inclined to reconsider its ruling, plaintiff respectfully requests that the Court amend the Order to set forth the legal and factual basis therefor, to enable plaintiff to make an informed determination if it is appropriate to seek further judicial review of this matter.

                Respectfully submitted,

                *Steven L. Kessler*

                Steven L. Kessler (SK-0426)

SLK:rmaf
cc: Counsel for defendants (*by ECF*)

THE CHANIN BUILDING 122 EAST 42nd STREET  SUITE 606  NEW YORK, NEW YORK 10168  TEL: (212) 661-1500   FAX: (212) 297-0777
WWW.KESSLERONFORFEITURE.COM   e-mail: KESSLERONFORFEITURE@MSN.COM