USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/12/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK KAPITI,

Plaintiff,

-against-

RAYMOND W. KELLY, in his official capacity as Commissioner of the New York City Police Department, PROPERTY CLERK, New York City Police Department, and THE CITY OF NEW YORK,

Defendants.

07 Civ. 3782 (RMB)

**ORDER**

## I. Background

On or about May 14, 2007, Mark Kapiti ("Plaintiff") filed a complaint ("Complaint") pursuant to 42 U.S.C. § 1983 against New York City Police Commissioner Raymond W. Kelly, the New York City Police Department Property Clerk, and the City of New York ("City") (collectively, "Defendants"), alleging, among other things, that Defendants violated his due process rights when they "disposed of [his] seized vehicle without ever providing [him] with a retention hearing or commencing forfeiture proceedings." (Complaint ¶ 3.) The Complaint alleges that the New York City Police Department impounded Plaintiff's car on May 15, 2006 "on the ground that the seized vehicle was allegedly being used to transport illegal fireworks." (Complaint ¶ 2.) On or about December 14, 2006, "Plaintiff was acquitted of all criminal charges filed in connection with his May 15, 2006 arrest." (Complaint ¶ 39.)

On or about February 1, 2008, Defendants filed a letter brief pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 14(a) ("Rule 14(a)"), arguing, among other things, that American Honda Finance Corporation ("Honda") should be impleaded as a third-party defendant

because "Honda agreed to indemnify the City . . . [when] the vehicle was returned to Honda [by the City] rather than to Plaintiff." (Ltr. to Hon. Richard M. Berman from David M. Hazan, dated Feb. 1, 2007 ("Def. Ltr."), at 2–3.)

On or about February 5, 2008, Plaintiff filed a letter in opposition ("Opposition"), arguing, among other things, that "Defendants have failed to provide a plausible justification for the extreme belatedness of their request, and Plaintiff would be substantially prejudiced if the application were granted." (Opp. at 1.) On or about February 7, 2008, Defendants filed a reply letter ("Reply"), arguing that "Defendants thought the case could be resolved without getting Honda involved in the litigation," but "it became apparent to Defendants that many of Plaintiff's claims related directly to the conduct of Honda, not [the] City of New York." (Reply at 2.)

**For the reasons stated below, Defendants' motion for leave to implead Honda as a third-party defendant is granted.**

## II. Legal Standard

Under Rule 14(a), "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a). "But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 10 days after serving its original answer." Id. "Timely motions for leave to implead non-parties should be freely granted to promote [judicial] efficiency unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." See Shafarman v. Ryder Truck Rental, Inc., 100 F.R.D. 454, 459 (S.D.N.Y. 1984).

**III. Analysis**

Defendants argue, among other things, that "Plaintiff is seeking damages against defendant City of New York for many of Honda's actions"; "it is unclear whether Honda would indemnify Defendants for a settlement that [they] enter without Honda's consent"; "Defendants have repeatedly attempted to discuss [indemnification] with Honda . . . without success"; and "Plaintiff has not provided . . . a legitimate reason for why he will be prejudiced if Honda is named as a third-party defendant in this case." (Reply at 2–3.) Defendants also request that "the Court extend discovery until April 30, 2008" because, among other things, "[w]ithout the underlying documents from Honda, . . . Defendants cannot properly take Plaintiff's deposition regarding the underlying incident." (Reply at 3.)

Plaintiff argues, among other things, that "Defendants' impleader request is to buy counsel more time to seek additional settlement authority before the matter goes to trial"; "Defendants have had all the information they needed to implead Honda since day one"; and "adding Honda as a third-party defendant will complicate and slow the litigation." (Opp. at 1–3.)

Because Honda may be "potentially secondarily liable as a contributor" and Honda's liability is "dependent on the outcome of the main claim," Honda should be impleaded as a third-party defendant. See Trepel v. Dippold, No. 04 Civ. 8310, 2005 WL 2206800, at *1 (S.D.N.Y. Sept. 12, 2005). Plaintiff's concern that impleader will "distract the attention of the Court and the trier of fact from the merits of Plaintiff's strong claims against Defendants" is not "grave enough to sufficiently outweigh the interest of judicial economy." See Too, Inc. v. Kohl's Dept. Stores, Inc., 213 F.R.D. 138, 142 (S.D.N.Y. 2003). And, the Court perceives no significant burden to any party in postponing the trial for a relatively short period of time. See id. Impleading Honda would "permit[] the adjudication of several claims in a single action" and

"eliminate 'circuitous, duplicative actions.'" See Nova Products, Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 240 (S.D.N.Y. 2004) (internal citation omitted).

## IV. Conclusion and Order

For the reasons stated herein, Defendants' motion for leave to implead Honda as a third-party defendant is granted.

The trial scheduled for March 24, 2008 is vacated and the discovery deadline (i.e. with respect to Honda related discovery) is extended until April 30, 2008. **The parties are ordered to engage in good faith settlement discussions and to appear for a settlement/scheduling conference with principals on March 18, 2008 at 9:00 am.**

Dated: New York, New York
March 12, 2008

RMB

**RICHARD M. BERMAN, U.S.D.J.**