AO 440 (Rev 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |
|---|---|---|

THE CITY OF NEW YORK

**SUMMONS IN A CIVIL ACTION**

V.

AMERICAN HONDA FINANCE CORPORATION
d/b/a Honda Financial Services

CASE NUMBER:   07 Civ. 3782 (RMB)(KNF)

TO: (Name and address of Defendant)

AMERICAN HONDA FINANCE CORPORATION
c/o C T Corporation System
111 Eighth Avenue
New York, NY 10011

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
100 Church Street, Room 3-186
New York, New York 10007

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

MAR 1 9 2008

CLERK

(By) DEPUTY CLERK

DATE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MARK KAPITI,

                                                     Plaintiff,

                   -against-

RAYMOND W. KELLY, in his official capacity as
Commissioner of the New York City Police
Department, PROPERTY CLERK, New York City Police
Department, and THE CITY OF NEW YORK,

                                   Defendants.

------------------------------------------------------------------------ x

THE CITY OF NEW YORK,

                                         Plaintiff,

                   -against-

AMERICAN HONDA FINANCE CORPORATION d/b/a
Honda Financial Services,

                                       Defendant.

------------------------------------------------------------------------ x

**THIRD PARTY
COMPLAINT**

Jury Trial Demanded

07 Civ. 3782 (RMB)(KNF)

        The City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for its complaint against the defendants, alleges as follows:

        63. This is a third-party action in which third-party plaintiff the City of New York (the "City") seeks a contractual defense and indemnification from third-party defendant American Honda Finance Corporation d/b/a Honda Financial Services ("American Honda") for claims brought in an action entitled *Mark Kapiti against Raymond W. Kelly, in his official capacity as Commissioner of the New York City Police Department, the Property Clerk, New*

1

*York City Police Department and The City of New York*, 07 Civ. 3782 (RMB)(KNF) (the "*Kapiti* Action").

## JURISDICTION AND VENUE

64.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332, in that the City and American Honda are citizens of different states and the amount in controversy is in excess of $75,000.

65.    This Court also has jurisdiction pursuant to 28 U.S.C. § 1367(a) in that the City's claims against American Honda are so related to claims within the original jurisdiction of this Court in the *Kapiti* Action as to form part of the same case or controversy.

66.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because American Honda does business and is subject to personal jurisdiction in this district and because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

67.    The City is a municipal corporation organized under the laws of the State of New York.

68.    American Honda is, on information and belief, a corporation formed under the laws of the State of California with its principal place of business in the State of California.

## FACTUAL ALLEGATIONS

69.    On or about February 2, 2006, first-party plaintiff Mark Kapiti ("Kapiti"), leased a 2006 Acura MDX from American Honda (the "Vehicle"), the titled owner of the vehicle.

70.    On or about May 15, 2006, Kapiti was arrested, and the Vehicle was seized pursuant to the arrest.

71.    On or about May 30, 2006, American Honda represented to the City that Kapiti was in default of his contractual agreement with American Honda.

72.    By contract, dated May 30, 2006, American Honda agreed to indemnify and hold the City harmless for any claims made against it arising out of the release of the Vehicle to American Honda ("the Indemnity Agreement").    A copy of the Indemnity Agreement is attached hereto as Exhibit "A."

73.    On or about August 17, 2006, the Vehicle was released to Honda, as title owner.

74.    On or about May 14, 2007, Kapiti filed a complaint alleging that his civil rights were violated by Raymond Kelly, in his official capacity as Commissioner of the New York City Police Department, the Property Clerk of the New York City Police Department and the City of New York by virtue of the release of the Vehicle to American Honda.

75.    Attached hereto as Exhibit "B," and incorporated herein without admitting the truth of any of the allegations therein, and without prejudice to the interests of the third party plaintiff, is a true copy of the summons and complaint in the *Kapiti* Action..

76.    Attached to this third party complaint, as Exhibit "C," is the Answer of Raymond Kelly, in his official capacity as Commissioner of the New York City Police Department, the Property Clerk of the New York City Police Department and the City of New York.

77.    Third party plaintiff denies that it has violated the rights of, or is in any way liable to, Kapiti.

## FIRST CAUSE OF ACTION

78.    If Kapiti was caused any injury or had his rights violated in any way, due to any conduct other than his own negligent or culpable conduct, then such damages were due to the intentional or negligent actions of American Honda.

79.    That by reason of the foregoing, and/or by reason of the Indemnity Agreement between American Honda and the City, whereby American Honda is lawfully bound to indemnify the City for any acts pursuant to the aforesaid, then American Honda will be liable to the City in that event and in the full amount of a recovery herein by Kapiti, or for that proportion thereof caused by the relative responsibility of American Honda, and for all costs and expenses, no part of which has been paid to the City.

## AS AND FOR A SECOND CAUSE OF ACTION

80.    That if Kapiti was caused to sustain the damages as alleged in the *Kapiti Action*  through any negligence or want of due care other than the negligence or want of due care on the part of Kapiti, then said damages were sustained by reason of the negligence and want of due care, by acts of commission or omission on the part of American Honda, its agents, servants and/or employees; and if any judgment is recovered herein by Kapiti against the City, then the City will be damaged thereby and American Honda is or will be responsible therefore in whole or in part.

**WHEREFORE,** third-party plaintiff the City of New York requests judgment against American Honda Finance Corporation:

(a)  For the full amount, or such other amount as the Court deems just and proper, of any judgment obtained against third-party plaintiff;

(b)  For the expenses of this action, costs and any other relief which this Court

deems just and proper.

Dated:          New York, New York
                March 19, 2008

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                          City of New York
                                        Attorney for third party plaintiff the City of New
                                        York
                                        100 Church Street, Room 3-186
                                        New York, New York 10007
                                        (212) 788-8084


                                        By:     *David M. Hazan*
                                                David M. Hazan (DH-8611) [1]
                                                Assistant Corporation Counsel

---

[1] This case has been assigned to Assistant Corporation Counsel Philip S. Frank, who is presently awaiting admission to practice law in the Southern District of New York and is handling this matter under supervision. Mr. Frank may be reached directly at (212) 788-0893.

**Exhibit A**

05/25/2006  23:14    6315630746              CROSSLAND                    PAGE  01
MAY-24 2006  14:44    NYPD C.E U.                                          P.02

# To all to whom these Presents shall come or may Concern,

Know That, _Honda Financial Services_ a corporation maintaining a place of business at _600 Kelly Way, Holyoke MA 01040_

as RELEASOR,

in consideration of the release of a 2006 ACURA MDX, Vehicle Identification Number 2HNYD18666H516660, from the PROPERTY CLERK, NEW YORK CITY POLICE DEPARTMENT,

as RELEASEE,

receipt whereof is hereby acknowledged, releases and discharges the Property Clerk, New York City Police Department, the RELEASEE, RELEASEE'S heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE, and further agrees:

That the RELEASORS will hold harmless the RELEASEE, the New York City Police Department, its agents, servants and employees and indemnify same from any claim or claims that may be asserted against them and for any damage, expense or cost which the New York City Police Department may suffer in connection with property vouchered under Property Clerk, New York City Police Department Invoice #B103699.

Furthermore, whereas the subject vehicle has been seized and whereas Releasee intends to commence, or has commenced, a forfeiture action to obtain legal title to the subject vehicle, Releasor has terminated its lease agreement with, and agrees not to return the subject vehicle to the custody or control of **MARK KAPITI**, or any member of his family and/or household.

Whenever the text hereafter requires, the use of singular number shall include the appropriate plural number as the text of the within instrument may require.

This RELEASE may not be changed orally.

## In Witness Whereof, the RELEASOR has caused this RELEASE to be executed

by its duly authorized officers and its corporate seal to be hereunto affixed on the _30_ day of
_May_ , 2006.    By: _Tara L Miles_

Authorized agent of _Honda Financial Services_

## In presence of,

STATE OF _MA_     COUNTY OF _Hamden_ ss:

On the ____ day of _____ , 2006 before me _Tara Miles_ personally came to me known, by me duly sworn, did depose and say that deponent resides at _600 Kelly Way_ , that deponent is the _Supervisor_ of _Honda Financial Services_ the corporation described in, and which executed the foregoing RELEASE, that deponent knows the seal of the corporation, that the seal affixed to the RELEASE is the corporate seal, that it was affixed by order of the board of _Honda Financial_ of the corporation; and that deponent signed deponent's name by like order _services_

_Dimitra A Kenney_
NOTARY PUBLIC

Dimitra A Kenney
Notary Public
Commonwealth of Massachusetts
Commission Expires
July 1, 2009

TOTAL P.02

# HONDA

Financial Services

Date 5/30/06

Attn: City of New York
NYPD Legal Bureau
College Point Auto Pound

Re: Mark Kapiti
VIN: 2HNYD18666H516660
Vehicle: 2006 Acura MDX

To Whom It May Concern

Honda Financial Services agrees to indemnify and hold you harmless for any liability or claim made against you arising out of the release of the above referenced vehicle to Honda Financial Services.

Mark Kapiti is in default of a contractual agreement dated February 2, 2006. The account is due for 504.49

Honda Financial Services will not release this vehicle to the customer nor any relatives or friends of our customer without your consent.

We give our authorization for The Crossland Group, Inc. to pick up the above vehicle on our behalf.

Agent for The Crossland Group _____

I hereby state that I have the authority to make the representation made herein.

Sincerely

*Tara L. Miles*

Tara Miles
Customer Account Representative
Honda Financial Services

Sworn and certified before me today 5 30 06

*Dimitra A Kearley*

Notary Public

My Commission Expires 7/31/09 in the State of MA

## Northeast Region

American Honda Finance Corporation  600 Kelly Way, Holyoke, Massachusetts 01040-9682  (800) 542-2432  Fax (800) 752-9927

**Exhibit B**

P.C.D.# 346

AO (Rev 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN ____ DISTRICT OF ____ NEW YORK

MARK KAPITI

SUMMONS IN A CIVIL CASE

V.

RAYMOND W. KELLY, in his official capacity as
Commissioner of the New York City Police
Department, PROPERTY CLERK, New York City
Police Dep't, and THE CITY OF NEW YORK

CASE NUMBER

## 07 CV 3782

Judge Berman

TO: (Name and address of defendant)

RAYMOND W. KELLY and  PROPERTY CLERK
One Police Plaza
New York, New York 10038

THE CITY OF NEW YORK
c/o Michael A. Cardozo,
Corporation Counsel
100 Church Street
New York, New York 10007

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LAW OFFICES OF STEVEN L. KESSLER
122 EAST 42 STREET
SUITE 606
NEW YORK, NEW YORK  10168

an answer to the complaint which is herewith served upon you  within _____ 20 _____ days after service of this
summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period
of time after service

## J. MICHAEL McMAHON

CLERK

(BY) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CV 3782

-------------------------------------------------------------X

MARK KAPITI,

               Plaintiff,

     -    against    -

RAYMOND W. KELLY, in his official capacity
as Commissioner of the New York City Police
Department, PROPERTY CLERK, New York
City Police Department, and The CITY OF NEW
YORK,

               Defendants.

Judge Berman

VERIFIED COMPLAINT
WITH JURY DEMAND

Docket No

-------------------------------------------------------------X

## NATURE OF THE CASE

1.     This civil rights action is brought pursuant to 42 U.S.C. § 1983 for declaratory relief, damages, costs and fees, to redress the denial of plaintiff's right to due process of law, equal protection of the laws, and the right to be free of arbitrary police action, excessive fines and unreasonable searches and seizures, under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

2.     On May 15, 2006, plaintiff's leased 2006 Acura MDX, #2HNYD18666H516660 ("the seized vehicle"), was impounded, while parked, by the New York City Police Department (NYPD) pursuant to section 14-140 of the New York City Administrative Code ("the City Code"), on the ground that the seized vehicle was allegedly being used to transport illegal fireworks. The criminal charges were dismissed in December 2006.

3.     In June 2006, a noticed OATH hearing regarding plaintiff's right to the

release and return of seized vehicle *pendent lite* was canceled by the defendants on the day of the hearing without prior notice to plaintiff. Then, despite plaintiff's numerous requests for its release and return, and despite plaintiff's acquittal on all criminal charges arising from the seizure, defendants disposed of the seized vehicle without ever (a) providing plaintiff with a retention hearing or (b) commencing forfeiture proceedings. Thus, plaintiff had no legal authority to dispose of the seized vehicle, as the lawfulness of its seizure, retention and/or forfeiture was never even assessed, let alone affirmed, by a neutral factfinder. The City is therefore liable in damages to plaintiff.

4.    **Due Process/Fourth Amendment Violation:** In *Krimstock v. Kelly*, 306 F.3d 40 (2d Cir. 2002), *cert. denied*, 539 U.S. 969 (2003), the Court of Appeals for the Second Circuit held that where a person's automobile has been seized and held for forfeiture by the defendants under the City Code, the Fourth Amendment and "due process of law requires that plaintiffs be afforded a prompt post-seizure, pre-judgment hearing before a neutral judicial or administrative officer to determine whether the City is likely to succeed on the merits of the forfeiture action and whether means short of retention of the vehicle can satisfy the City's need to preserve it from destruction or sale during the pendency of proceedings" ("prompt hearing"). Under the City Code, the person seeking the release and return of a seized vehicle is termed a "claimant".

5.    *Krimstock* held that the only condition precedent to this due process/Fourth Amendment right to a prompt hearing is the seizure of a claimant's vehicle. Claimants are not required to perform any other acts or comply with any other procedures to trigger

2

this right to a prompt hearing.

6.      The Second Circuit in *Krimstock* held that failure to conduct a prompt hearing constitutes a violation of the Due Process Clause and the Fourth Amendment, requiring, at minimum, the release and return of the seized vehicle to the claimant pending the conclusion of forfeiture proceedings.

7.      Although plaintiff herein was entitled to a prompt hearing, and although defendants acknowledged that right by noticing such a hearing for June 5, 2006, defendants unilaterally, and without prior notice to plaintiff, canceled the hearing, refused to make a new hearing date available, and permitted the disposal of the seized vehicle without judicial authorization and in derogation of plaintiff's constitutional rights.

8.      Had defendants complied with the Constitution and the laws and provided plaintiff with the hearing, the seized vehicle would have been released to the plaintiff, defendants would have been compelled to follow their own procedures and commence forfeiture proceedings to recover the seized vehicle, and the seized vehicle could not have been sold at auction.

9.      Further, defendants had no right to dispose of the seized vehicle prior to the resolution of the criminal charges against the plaintiff.  Moreover, given the fact that those charges were dismissed, defendants' own procedures mandated the return of the vehicle and the dismissal of any related forfeiture proceeding.  Indeed, as the charges did not even involve the operation of the seized vehicle, there was no legal or factual basis for the initial seizure and retention, let alone the disposal, of the seized vehicle.

10.     Where the government's failure to conduct a prompt hearing in accordance with the Due Process Clause and the Fourth Amendment causes a claimant economic loss, the government is liable in damages to the plaintiff. *See, e.g., Miner v. City of Glens Falls*, 999 F.2d 655, 661-62 (2d Cir. 1993) (awarding damages for due process violation); *Remigio v. Kelly*, 2005 WL 1950138 (S.D.N.Y. Aug. 12, 2005) (denying motion to dismiss claim seeking damages and attorney's fees as a result of defendants' failure to provide prompt hearing on validity of seizure and retention of vehicle seized for DWI violation under City law in violation of *Krimstock*).

11.     As a result of defendants' violation of plaintiff's civil and constitutional rights, defendants are liable to plaintiff for all damages proximately caused by the violation, including attorney's fees pursuant to 42 U.S.C. § 1988.

12.     **Arbitrary Administrative Action:** Defendants held and disposed of plaintiff's vehicle without notice or a hearing, and failed to follow their own procedures for retention of property seized incident to an arrest set forth in the Rules of the Property Clerk, codified at Chapter 38-A of the Rules of the City of New York, §§12-36 *et seq.* (Property Clerk Rules).

13.     Among other violations, defendants failed to file forfeiture proceedings against the seized vehicle at any time, as required by the Property Clerk Rules and by the Due Process Clause.

14.     Finally, defendants failed to comply with the Property Clerk Rules by permitting the auction sale of the seized vehicle without providing notice to the plaintiff.

4

15.     Defendants' arbitrary, irrational and capricious administrative actions violated plaintiff's due process and Fourth Amendment rights, as set forth in *Krimstock*, *Mendez v. United States*, 2003 WL 21673616 (S.D.N.Y. July 16, 2003) and *DeBellis v. Property Clerk*, 79 N.Y.2d 49, 580 N.Y.S.2d 157 (1992).

16.     **Equal Protection Violation:** Although defendants have claimed that their DWI forfeiture policy was implemented to ensure public safety, the court in *Krimstock* noted that defendant NYPD Legal Bureau's November 1988 Forfeiture Guide instructed police that

> [c]ertain categories of property do not warrant forfeiture litigation due to their small value, [including n]on-owner operated vehicles ten years old or older, [unless, *inter alia*,] the vehicle has a special value, e.g., an expensive import.

The *Krimstock* court concluded that

> the City's interest in safety cannot be paramount if it seeks to remove from the road only a lucrative subset of the vehicles seized from intoxicated drivers.

*Krimstock*, 306 F.3d at 66-67.

17.     To the extent that defendants have targeted valuable cars for forfeiture while ignoring cars of lesser value, while purporting to be protecting the public safety, defendants have violated the Equal Protection Clause in their enforcement of the City Code. Plaintiff, as the lessee of a vehicle of substantial value, is a victim of defendants' violation.

18.     **Excessive Fines Violation:** Under *United States v. Bajakajian*, 524 U.S. 321 (1998) and *Grinberg v. Safir*, 181 Misc. 2d 444, 694 N.Y.S.2d 316 (Sup. Ct. New

5

York County), *aff'd*, 266 A.D.2d 43, 698 N.Y.S.2d 218 (1ˢᵗ Dep't 1999), *appeal*

*dismissed*, 94 N.Y.2d 898, 707 N.Y.S.2d 143, *leave to appeal denied*, 95 N.Y.2d 756,

712 N.Y.S.2d 448 (2000), *overruled on other grounds, Krimstock v. Kelly*, 306 F.3d 40

(2d Cir. 2002), the City Code is punitive for excessive fines purposes, and forfeiture of

property for a violation that carries a minimal penalty is "grossly disproportionate" to the

severity of the crime and therefore constitutes an excessive fine within the meaning of the

Eighth Amendment to the U.S. Constitution.

19.    **Declaratory Judgment:**  Plaintiff seeks a judgment declaring that

defendants have violated plaintiff's rights under the Due Process Clause, the Equal

Protection Clause and the Excessive Fines Clause by virtue of their illegal,

unconstitutional and arbitrary retention and sale of the seized vehicle without providing

plaintiff the opportunity for a prompt hearing on the validity of its seizure and continued

retention.

20.    **Damages and Fees:** Plaintiff seeks an award of damages, costs and

attorneys' fees pursuant to, *inter alia*, 42 U.S.C. §§ 1983 and 1988, to compensate

plaintiff for, *inter alia*, the loss of use of the seized vehicle from May 15, 2006 to the

present and the permanent loss of the seized vehicle from the time of its sale on October

13, 2006 to the present, as a result of defendants' illegal, unconstitutional and arbitrary

retention and sale thereof.

## JURISDICTION

21.    Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1343(3), because plaintiff seeks relief pursuant to 42 U.S.C. § 1983 for deprivations under color of state law of his rights under the Fourth, Eighth and Fourteenth Amendments.

## PARTIES

**Plaintiff**

22.    Plaintiff, Mark Kapiti, is a resident of Bronx County, New York. Plaintiff's vehicle was seized at the time of his arrest for the alleged transport of fireworks.

**Defendants**

23.    RAYMOND W. KELLY is the Commissioner of the NYPD. The NYPD seized, retained and sold the seized vehicle. He is sued in his official capacity.

24.    THE PROPERTY CLERK of the NYPD maintains custody of all property seized by police in the City of New York. It keeps the seized automobiles in various facilities located throughout the City of New York.

25.    THE CITY OF NEW YORK ("the City") is a municipal entity created under the laws of New York State. Under the Administrative Code, the City receives all funds derived from forfeiture lawsuits brought by the Property Clerk.

7

## FACTS

26.     In February 2006, plaintiff leased the seized vehicle, a new Acura MDX luxury sport utility vehicle. The gross capitalized cost of the lease was $39,128.79. Plaintiff put down the sum of $1,238.06, including a $433.83 capitalized cost reduction payment, and agreed to make 36 monthly payments in the amount of $504.40.

27.     At all times relevant to this lawsuit, plaintiff made all installment payments on the seized vehicle in a timely and complete manner.

28.     On May 15, 2006, plaintiff was arrested (arrest #B06632931) for allegedly transporting fireworks in the seized vehicle. The seized vehicle, however, was parked at the time of the arrest.

29.     Plaintiff's vehicle was seized and impounded in connection with the arrest.

30.     Shortly after the seizure, plaintiff received a "Property Clerk's Motor Vehicle/Boat Invoice" dated May 15, 2006, assigning Voucher Number B103600V to the impoundment of the seized vehicle ("the Invoice"). On the Invoice, defendants had checked a box indicating that the seized vehicle was being held for "Forfeiture". The other property categories on the Invoice are: "Rotation Tow", "Arrest Evidence", "Investigation", "Safekeeping", "Determine True Owner", and "Photo Release".

31.     On May 23, 2006, upon receiving notice of his right to an OATH retention hearing, plaintiff went to a location designated by the defendants and filed a claim to the seized vehicle requesting its release and return, and filed a request for the OATH retention hearing.

8

32.    Thereafter, plaintiff received an undated document from the NYCPD Legal Bureau, Civil Enforcement Unit, entitled "Petition and Notice of Hearing" which purported to notify plaintiff of (a) defendants' "intention . . . to commence a civil forfeiture proceeding in order to confiscate the [seized] vehicle, and to retain the vehicle until the conclusion of those proceedings", and (b) the scheduling of an OATH hearing regarding the retention of the seized vehicle for June 5, 2006, at 2:00 p.m. at 40 Rector Street, 6th Floor, New York, New York.

33.    On June 5, 2007, as plaintiff was preparing to travel to the hearing, he received a telephone call from an agent of the defendants informing him that the hearing had been canceled and would not be rescheduled and that therefore there would be no purpose for plaintiff to travel to the hearing location.

34.    The information provided to plaintiff was correct: the hearing had in fact been canceled, at the defendants' request.  Plaintiff, however, was not informed of the reason for the cancellation, nor was he given an opportunity to contest the cancellation.

35.    As plaintiff was later to discover, several days before the scheduled OATH hearing, the NYPD Legal Bureau had, upon information and belief, entered into an agreement with the lessor of the seized vehicle, Honda Financial Services ("Honda").

36.    Accordingly to subsequently obtained documentation, defendants, without plaintiff's knowledge or consent, agreed to release the seized vehicle to Honda in exchange for Honda's execution of a Release and hold harmless agreement in favor of the defendants.

9

37.    Subsequent to the cancellation of the OATH retention hearing, plaintiff retained counsel ("prior counsel") to assist him in securing the release and return of the seized vehicle.  Upon information and belief, prior counsel contacted defendants and Honda on numerous occasions, both orally and in writing, in an attempt to secure the return of the seized vehicle to the plaintiff, but to no avail.

38.    Upon information and belief, on October 13, 2006, despite plaintiff's diligent efforts, the seized vehicle was sold at auction, resulting in a deficiency balance of $5,817.99, which Honda then took steps to recover from plaintiff.

39.    On December 14, 2006, plaintiff was acquitted of all criminal charges filed in connection with his May 15, 2006 arrest relating to the alleged possession and transportation of fireworks.  *See* Certificate of Disposition Number 13008, Case No. 26125C-2006, Lower Court No. 2006BX026125.

40.    Further efforts by plaintiffs' prior counsel failed to secure any relief for plaintiff who, in early 2007, paid Honda more than $3,000.00 to resolve the deficiency claim.

## AS AND FOR A FIRST CLAIM FOR RELIEF

### (Due Process/Fourth Amendment)

41.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 40 hereof, as if fully set forth herein.

42.    Under *Krimstock v. Kelly*, defendants were required by the Fourth and

Fourteenth Amendments of the U.S. Constitution to provide plaintiff, promptly after seizure of plaintiff's vehicle, with the opportunity for a hearing, before a neutral factfinder, where plaintiff could challenge the "probable validity of continued deprivation of [his] vehicle[], including the City's probable cause for the initial warrantless seizure." *Krimstock*, 306 F.3d at 69.

43.     Under *Krimstock*, defendants' failure to provide plaintiff with a prompt retention hearing before a neutral factfinder, despite plaintiff's request for such a hearing, constitutes a violation of plaintiff's due process and Fourth Amendment rights.

44.     Under *Krimstock*, the appropriate remedy for this violation includes the immediate and permanent release and return of plaintiff's seized vehicle. *See, e.g.*, *Mendez v. United States*, 2003 WL 21673616 (S.D.N.Y. July 16, 2003) ("Because the government 'failed to offer post-seizure evidence to justify continued . . . retention of the seized property' . . . the seized property must be returned") (quoting *Krimstock*).

45.     Further, by reason of the unconstitutional and illegal sale of the seized vehicle, plaintiff has been further damaged by being permanently deprived of the ownership, use and enjoyment of his valuable property without due process of law.

46.     By reason of defendants' multiple violations of plaintiff's due process and Fourth Amendment rights, plaintiff has been damaged as a result of, *inter alia*, the loss of use of the seized vehicle since May 15, 2006, and the permanent loss of the vehicle since October 13, 2006, in an amount to be proved at trial, but not less than $100,000.00, plus costs, pre- and post-judgment interest and attorneys' fees pursuant to the 42 U.S.C. §

11

1988.

## AS AND FOR A SECOND CLAIM FOR RELIEF

### (Arbitrary Administrative Action)

47.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 46 hereof, as if fully set forth herein.

48.     Defendants failed to adhere to their own procedures, set forth in the Property Clerk Rules, by permitting the retention and sale of the seized vehicle without notice and without commencement of forfeiture proceedings against the vehicle, despite: (a) plaintiff's numerous verbal and written demands, both individually and through prior counsel, for the return of the seized vehicle; (b) plaintiff's request for an OATH retention hearing; and (c) dismissal of the criminal charges against the plaintiff.   Indeed, defendants' procedures required the permanent return of the seized vehicle to plaintiff and the withdrawal of all proceedings against the vehicle, as a result of the dismissal of the related criminal charges.

49.     The arbitrary, capricious and irrational nature of defendants' conduct violates the Fourth and Fourteenth Amendments. *See, e.g., Mendez v. United States*, 2003 WL 21673616 (S.D.N.Y. July 16, 2003) ("Because the government 'failed to offer post-seizure evidence to justify continued . . . retention of the seized property' . . . the seized property must be returned") (quoting *Krimstock*); *DeBellis v. Property Clerk*, 79 N.Y.2d 49, 58-59, 580 N.Y.S.2d 157, 162 (1992).

50.    By reason of defendants' arbitrary, capricious and irrational acts, plaintiff has been damaged as a result of, *inter alia*, the loss of use of the seized vehicle since May 15, 2006, and the permanent loss of the vehicle since October 13, 2006, in an amount to be proved at trial, but not less than $100,000.00, plus costs, pre- and post-judgment interest and attorneys' fees pursuant to the 42 U.S.C. § 1988.

## AS AND FOR A THIRD CLAIM FOR RELIEF

### (Equal Protection)

51.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 50 hereof, as if fully set forth herein.

52.    Defendants, by targeting valuable cars for forfeiture and ignoring cars of lesser value, while purporting to be protecting the public safety in their enforcement of the City Code, have violated the Equal Protection Clause.

53.    Plaintiff, as the owner of a vehicle of substantial value, is a victim of the defendants' violation.

54.    By reason of defendants' violation of plaintiff's equal protection rights, plaintiff has been damaged as a result of, *inter alia*, the loss of use of the seized vehicle since May 15, 2006, and the permanent loss of the vehicle since October 13, 2006, in an amount to be proved at trial, but not less than $100,000.00, plus costs, pre- and post-judgment interest and attorneys' fees pursuant to the 42 U.S.C. § 1988.

13

## AS AND FOR A FOURTH CLAIM FOR RELIEF

### (Excessive Fines)

55.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 54 hereof, as if fully set forth herein.

56.    Under *United States v. Bajakajian*, 524 U.S. 321 (1998), enforcement of the City's DWI policy under the City Code is punitive for excessive fines purposes. *See Grinberg v. Safir*, 181 Misc. 2d 444 at 458, 694 N.Y.S.2d at 328 ("The City DWI Forfeiture Policy is punitive for Eighth Amendment purposes").

57.    The retention and sale of plaintiff's $39,000 vehicle, when plaintiff was acquitted of all criminal charges, is "grossly disproportionate" to the outcome of the criminal case.

58.    Therefore, the retention and sale of plaintiff's vehicle constituted an excessive fine within the meaning of the Eighth Amendment to the U.S. Constitution.

59.    By reason of defendants' violation of plaintiff's rights under the Excessive Fines Clause, plaintiff has been damaged as a result of, *inter alia*, the loss of use of the seized vehicle since May 15, 2006, and the permanent loss of the vehicle since October 13, 2006, in an amount to be proved at trial, but not less than $100,000.00, plus costs, pre- and post-judgment interest and attorneys' fees pursuant to the 42 U.S.C. § 1988.

14

## AS AND FOR A FIFTH CLAIM FOR RELIEF

### (Declaratory Judgment)

60.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 59 hereof, as if fully set forth herein.

61.     Plaintiff has an actual and substantial controversy with the defendants, and unless there is a declaration of the rights of the plaintiff, defendants' unconstitutional policies and practices will continue.

62.     Plaintiff is therefore entitled to a judgment declaring that:

(a)     Defendants have violated plaintiff's rights under the Due Process Clause, the Equal Protection Clause and the Excessive Fines Clause;

(b)     By reason of defendants' violation of plaintiff's rights under the Due Process Clause, the Equal Protection Clause and the Excessive Fines Clause, plaintiff has been damaged as a result of, *inter alia*, the loss of use of the seized vehicle since May 15, 2006, and the permanent loss of the vehicle since October 13, 2006, in an amount to be proved at trial, but not less than $100,000.00, plus costs, pre- and post-judgment interest and attorneys' fees pursuant to the 42 U.S.C. § 1988, and

(c)     Plaintiff is entitled to costs, pre- and post-judgment interest and attorneys' fees pursuant to 42 U.S.C. § 1988.

15

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues.


**WHEREFORE,** Plaintiff Mark Kapiti prays this Court for the following relief:

(1)     On the First Claim for Relief, for (a) damages for loss of use and replacement of the seized vehicle in an amount to be determined at trial, but not less than $100,000, and (b) costs, pre- and post-judgment interest and attorneys' fees pursuant to the 42 U.S.C. § 1988, together with such other and further relief, both legal and equitable, as the Court deems just and proper;


(2)     On the Second Claim for Relief, for (a) damages for loss of use and replacement of plaintiff's seized vehicle in an amount to be determined at trial, but not less than $100,000, and (b) costs, pre- and post-judgment interest and attorneys' fees pursuant to 42 U.S.C. § 1988, together with such other and further relief, both legal and equitable, as the Court deems just and proper;


(3)     On the Third Claim for Relief, for (a) damages for loss of use and replacement of plaintiff's seized vehicle in an amount to be determined at trial, but not less than $100,000, and (b) costs, pre- and post-judgment interest and attorneys' fees pursuant to 42 U.S.C. § 1988, together with such other and further relief, both legal and

16

equitable, as the Court deems just and proper;

(4)     On the Fourth Claim for Relief, for (a) damages for loss of use and replacement of plaintiff's seized vehicle in an amount to be determined at trial, but not less than $100,000, and (b) costs, pre- and post-judgment interest and attorneys' fees pursuant to 42 U.S.C. § 1988, together with such other and further relief, both legal and equitable, as the Court deems just and proper, and

(5)     On the Fifth Claim for Relief, for a declaration that (a) the seizure, retention and sale of plaintiff's vehicle violated the Due Process Clause, the Equal Protection Clause and the Excessive Fines Clause, and (b) plaintiff is entitled to costs, pre- and post-judgment interest and attorneys' fees pursuant to 42 U.S.C. § 1988, together with such other and further relief, both legal and equitable, as the Court deems just and proper.

Dated:     New York, New York
           May 8, 2007

                              LAW OFFICES OF STEVEN L. KESSLER

                              By: _____
                                  Steven L. Kessler (SK-0426)
                                  *Attorney for Plaintiff Mark Kapiti*
                                  122 East 42nd Street
                                  Suite 606
                                  New York, New York 10168
                                  (212) 661-1500

17

<u>VERIFICATION</u>

STATE OF NEW YORK            )
                            ) ss.:
COUNTY OF NEW YORK          )

    I, **MARK KAPITI,** declare under penalty of perjury that the statements set

forth in the attached Verified Complaint are true and correct to the best of my knowledge,

information and belief.

                                                 _____
                                                 **MARK KAPITI**

Sworn to before me this
_____ day of May, 2007

_____
Notary Public

          MURIEL S. KESSLER
     Notary Public, State of New York
          No. 02-7243750
      Qualified in Bronx County
   Commiss... ...... 9/30/10 .

18

Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

MARK KAPITI,

**ANSWER**

Plaintiff,

JURY TRIAL DEMANDED

-against-

07 Civ. 3782 (RMB)

RAYMOND W. KELLY, in his official capacity as
Commissioner of the New York City Police Department,
PROPERTY CLERK, New York City Police Dept, and
THE CITY OF NEW YORK,

**Filed Via ECF**

Defendants.

------------------------------------------------------------------- x

       Defendants the City of New York, Police Commissioner Raymond Kelly, and the

Property Clerk of the New York City Police Department, by their attorney Michael A. Cardozo,

Corporation Counsel of the City of New York, for their answer to the complaint, respectfully

allege, upon information and belief, as follows:

       1.     Deny the allegations set forth in paragraph "1" of the complaint, except

admit that plaintiff purports to bring this action as stated therein.

       2.     Deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "2" of the complaint.

       3.     Deny the allegations set forth in paragraph "3" of the complaint, except

deny knowledge or information sufficient to form a belief as to the truth of the allegations

concerning a purported June 2006 OATH hearing.

       4.     Paragraph "4" of the complaint sets forth conclusions of law rather than

averments of fact and, accordingly, no response is required.  To the extent a response is required,

defendants deny all such allegations.

5.    Paragraph "5" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required. To the extent a response is required, defendants deny all such allegations.

6.    Paragraph "6" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required. To the extent a response is required, defendants deny all such allegations.

7.    Deny the allegations set forth in paragraph "7" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding a purported June 5, 2006 hearing.

8.    Paragraph "8" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required. To the extent a response is required, defendants deny all such allegations.

9.    Deny the allegations set forth in paragraph "9" of the complaint.

10.    Deny the allegations set forth in paragraph "10" of the complaint.

11.    Deny the allegations set forth in paragraph "11" of the complaint.

12.    Deny the allegations set forth in paragraph "12" of the complaint.

13.    Deny the allegations set forth in paragraph "13" of the complaint.

14.    Deny the allegations set forth in paragraph "14" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the auction of plaintiff's vehicle.

15.    Deny the allegations set forth in paragraph "15" of the complaint.

16.     Paragraph "16" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required.  To the extent a response is required, defendants deny all such allegations.

17.     Deny the allegations set forth in paragraph "17" of the complaint.

18.     Paragraph "18" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required.  To the extent a response is required, defendants deny all such allegations.

19.     Deny the allegations set forth in paragraph "19" of the complaint, except admit that plaintiff purports to seek the relief as stated therein.

20.     Deny the allegations set forth in paragraph "20" of the complaint, except admit that plaintiff purports to seek the relief as stated therein.

21.     Deny the allegations set forth in paragraph "21" of the complaint, except admit that plaintiff purports to invoke this Court's jurisdiction as stated therein.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23.     Deny the allegations set forth in paragraph "23" of the complaint, except admit that Raymond W. Kelly is the Commissioner of the New York City Police Department and admit that plaintiff purports to sue him as stated therein.

24.     Deny the allegations set forth in paragraph "24" of the complaint, except admit that the Property Clerk's office is a division within the New York City Police Department.

25.     Deny the allegations set forth in paragraph "25" of the complaint, except admit that the City of New York is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and respectfully refer the Court to the New

- 3 -

York City Charter and the Administrative Code for the relationship between the City of New York and the New York City Police Department.

26.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41.    In response to the allegations set forth in paragraph "41" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "40" of this answer, as if fully set forth herein.

42.    Paragraph "42" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required.  To the extent a response is required, defendants deny all such allegations.

43.    Paragraph "43" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required.  To the extent a response is required, defendants deny all such allegations.

44.    Paragraph "44" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required.  To the extent a response is required, defendants deny all such allegations.

45.    Deny the allegations set forth in paragraph "45" of the complaint.

46.    Deny the allegations set forth in paragraph "46" of the complaint.

47.    In response to the allegations set forth in paragraph "47" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "46" of this answer, as if fully set forth herein.

48.    Deny the allegations set forth in paragraph "48" of the complaint.

49.    Paragraph "49" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required. To the extent a response is required, defendants deny all such allegations.

50.    Deny the allegations set forth in paragraph "50" of the complaint.

51.    In response to the allegations set forth in paragraph "51" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "50" of this answer, as if fully set forth herein.

52.    Deny the allegations set forth in paragraph "52" of the complaint.

53.    Deny the allegations set forth in paragraph "53" of the complaint.

54.    Deny the allegations set forth in paragraph "54" of the complaint.

55.    In response to the allegations set forth in paragraph "55" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "54" of this answer, as if fully set forth herein.

56.    Paragraph "56" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required. To the extent a response is required, defendants deny all such allegations.

57.    Deny the allegations set forth in paragraph "57" of the complaint.

58.    Deny the allegations set forth in paragraph "58" of the complaint.

- 6 -

59.    Deny the allegations set forth in paragraph "59" of the complaint.

60.    In response to the allegations set forth in paragraph "60" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "59" of this answer, as if fully set forth herein.

61.    Deny the allegations set forth in paragraph "61" of the complaint.

62.    Deny the allegations set forth in paragraph "62" of the complaint and all subparts thereto.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

63.    The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

64.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

65.    Defendant Kelly has not violated any clearly established constitutional or statutory rights of which a reasonable person should have known and therefore is protected by qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

66.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

67.    Defendant Kelly had no personal involvement in any incidents alleged in plaintiff's complaint.

- 7 -

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

68.    This action may be barred in whole, or in part, by the doctrines of collateral estoppel and or res judicata.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

69.    This action may be barred in whole or in part, by the applicable statute of limitations.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

70.    At all times relevant to the acts alleged in the Complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

71.    The Property Clerk of the New York City Police Department is a non-suable entity.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

72.    Plaintiff has failed to exhaust state remedies.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

73.    Plaintiff has failed to comply with the conditions precedent to suit.

**WHEREFORE,** defendants the City of New York, Police Commissioner Raymond Kelly, and the Property Clerk of the New York City Police Department request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                August 3, 2007

                                          MICHAEL A. CARDOZO
                                          Corporation Counsel of the
                                          City of New York
                                          Attorney for Defendants the City of
                                          New York, Police Commissioner
                                          Raymond Kelly, and the Property
                                          Clerk of the New York City Police
                                          Department
                                          100 Church Street, Room 3-195
                                          New York, New York  10007
                                          (212) 788-0422

                          By:     _____
                                          Basil C. Sitaras (BS-1027)
                                          Assistant Corporation Counsel

TO:     Steven Kessler, Esq. (*Via ECF*)
        Attorney for Plaintiff
        122 East 42nd Street, Suite 606
        New York, New York 10168

- 9 -

07 CV 3782 (RMB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK KAPITI,

Plaintiff,

-against-

RAYMOND W. KELLY, in his official capacity as
Commissioner of the New York City Police
Department, PROPERTY CLERK, New York City
Police Dept, and THE CITY OF NEW YORK,

Defendants.

**ANSWER**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*

*Of Counsel:  Basil C. Sitaras*
*Tel:  (212) 788-0422*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ....................................., 2007*

*............................................................. Esq.*

*Attorney for ...................................................*

.