THE LAW OFFICES OF

# STEVEN L. KESSLER

March 27, 2008

**VIA ECF and FEDERAL EXPRESS**
The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, N.Y.  10007

      Re:   *Mark Kapiti v. Raymond W. Kelly, et al.*
               **Index No. 07 Civ. 3782 (RMB)**

Dear Judge Berman:

      As counsel for plaintiff Mark Kapiti in the referenced proceeding, I write regarding a valuable right that has been lost in this case: plaintiff's right to have his criminal file remain sealed after his acquittal on criminal charges. As a result of defendants' initial mischaracterization of their unsealing request as a discovery motion, the application was decided by Magistrate Fox, rather than Your Honor. Magistrate Fox ordered plaintiff's criminal file unsealed in a two-sentence endorsed letter dated February 11, 2008, that articulated neither the legal nor factual basis for the ruling.

      Upon receiving defendants' reply, which improperly raised not only a host of new arguments for the first time but also changed the entire legal basis for their motion, plaintiff immediately objected, arguing that either (1) the reply should not be considered, or (2) plaintiff should be granted an opportunity to respond to the new material in plaintiff's reply. Further, as defendants' reply implicitly acknowledged, a motion to compel a civil rights plaintiff to unseal his criminal file actually raises a pleadings issue under Fed. R. Civ. P. 11, not a discovery issue under Rule 26. Had defendants' motion been properly framed in the first instance, it would have been evident that it was properly directed to Your Honor, not to Magistrate Fox.

The Honorable Richard M. Berman                                                                                            - page 2 -
March 27, 2008

      Despite plaintiff's objection, Magistrate Fox did not contact this office prior to deciding defendants' motion.  Further, because the Order does not articulate its legal or factual basis, plaintiff could not determine whether Magistrate Fox had in fact improperly considered the extensive new material in defendants' Reply without providing plaintiff an opportunity to respond.

      After issuance of the order, plaintiff asked Magistrate Fox to either reconsider his ruling or modify it to set forth its legal and factual basis.  In a Memorandum and Order entered on March 13, 2008, Magistrate Fox refused to do either, stating that the legal and factual basis for his prior ruling had been sufficiently articulated with the statement therein that he had "considered the parties' arguments for and against the defendants' request . . .."

      Plaintiff strongly believes that he has been deprived of important rights without sufficient basis and, indeed, without having a full and fair opportunity to be heard.  As defendants' motion should have been made to Your Honor in the first instance, plaintiff respectfully requests that Your Honor rule on this fundamental issue *de novo*, and consider *all* of the papers previously filed in connection therewith.

      We thank Your Honor for your consideration of this urgent matter.

      Respectfully submitted,

*Steven L. Kessler*

Steven L. Kessler (SK-0426)

SLK:rmaf

cc:    ACCs Philip S. Frank & David M. Hazan