THE LAW OFFICES OF

# STEVEN L. KESSLER

April 2, 2008

**VIA ECF and BY HAND**
The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

      Re:    *Mark Kapiti v. Raymond W. Kelly, et al.*
                **Index No. 07 Civ. 3782 (RMB)**

Dear Judge Berman:

      As counsel for plaintiff Mark Kapiti in the referenced civil rights proceeding, I write pursuant to Your Honor's Memorandum Order granting plaintiff leave to file "objections" to Magistrate Fox's two rulings, the first granting defendants' motion to unseal plaintiff's criminal file, and the second adhering to that ruling on reconsideration.

      Although he articulated no basis for his rulings, Magistrate Fox apparently gave credence to defendants' *pro forma* arguments regarding the alleged necessity of securing plaintiff's criminal file to litigate the claims and defenses in this case. Defendants claimed to need plaintiff's criminal file to establish a defense that there was probable cause for plaintiff's arrest and for the seizure of his vehicle. Such a defense, they contended, would demonstrate that plaintiff did not suffer actual damages.

      Defendants' arguments cannot withstand scrutiny. In fact, the issue of probable cause for the arrest and seizure is not even relevant to the parties' claims and defenses, let alone "vital to the defense of the claim", as required by the applicable case law. *See Gebbie v. Gertz*, 94 A.D.2d 165, 174, 463 N.Y.S.2d 482, 488 (2d Dep't 1983). Defendants' probable cause argument was clearly cobbled together after the fact to justify one of a slew of blunderbuss demands

THE CHANIN BUILDING   122 EAST 42ND STREET   NEW YORK, NEW YORK 10168-0699   TEL: 212-661-1500   FAX: 212-297-0777
WWW.KESSLERONFORFEITURE.COM   E-mail: KESSLERONFORFEITURE@MSN.COM

*The Honorable Richard M. Berman*    - page 2 -
*April 2, 2008*

routinely served on civil rights plaintiffs.  Interestingly, however, in a prior Order, Magistrate Fox rejected all of defendants' other intrusive and unjustified demands.  But, for reasons that remain unknown, Magistrate Fox allowed defendants access to perhaps the most sensitive of all personal information – a criminal file sealed following an acquittal.

**Plaintiff's Claim for Damages**

Plaintiff's Verified Complaint asserts three primary acts or omissions of the defendants that caused plaintiff financial loss through the unlawful temporary and permanent deprivation of his motor vehicle:

(1)    Defendants unilaterally and without court authorization canceled plaintiff's *Krimstock* retention hearing, which was plaintiff's sole opportunity to obtain the release of his vehicle *pendente lite*;

(2)    Defendants retained plaintiff's vehicle without commencing forfeiture proceedings against him or it, in violation of both federal and state mandates, and

(3)    Defendants illegally turned over plaintiff's vehicle to Honda, a non-party that was not the registered owner, when defendants' own rules required them to retain the vehicle until the conclusion of plaintiff's criminal proceedings and return it only to the registered owner (Mr. Kapiti) absent a court order to the contrary.

In all three instances, defendants not only violated federal constitutional law, but also failed to follow their own rules and procedures – rules that were instituted to comply with forty years of federal decisions and Court Orders directing defendants to rectify longstanding systemic due process violations in vehicle seizure cases.  *See*, *e.g.*, *Krimstock v. Kelly*, 464 F.3d 246 (2d Cir. 2006); *McClendon v. Rosetti*, 460 F.2d 111 (2d Cir. 1972); *Remigio v. Kelly*, 2005 WL 1950138, 2005 U.S.Dist. LEXIS 16789 (S.D.N.Y. Aug. 2, 2005) (Dolinger, M.J.).

*The Honorable Richard M. Berman* - page 3 -
*April 2, 2008*

### Irrelevance of the Issue of Probable Cause

Contrary to defendants' contentions, the issue of probable cause has no relevance to the prosecution or defense of plaintiff's claims.

**Failure to provide a hearing:** If defendants could somehow conclusively prove that there was probable cause for plaintiff's arrest and the seizure of his vehicle, it would be no defense to plaintiff's claim for damages resulting from defendants' unilateral cancellation of plaintiff's *Krimstock* hearing. Due process requires defendants to provide a prompt post-seizure hearing regardless of whether there was probable cause for the arrest and seizure. Indeed, there is no condition precedent to a vehicle owner's right to a retention hearing other than the seizure of his vehicle. Thus, it is no defense to this branch of plaintiff's complaint that there was probable cause for the arrest and seizure.

Further, defendants' hypothetical argument that if they had prevailed at plaintiff's *Krimstock* hearing, plaintiff's vehicle could have properly been returned to Honda, thus retroactively 'authorizing' their illegal action, is contradicted by the District Court's ruling in *Krimstock*. *See Krimstock v. Kelly*, 2005 U.S. Dist. LEXIS 43845, at *7 (S.D.N.Y. Dec. 2, 2005) (Mukasey, J.) ("Absent a timely finding by the OATH judge that the Police Department has met the burden of proof as to the issues at the hearing, the vehicle shall be released *to the claimant*") (emphasis added). This is not surprising, given that only one claimant may appear at the hearing, "and preference shall be given to the registered owner of the vehicle." *Id.* Given that Honda had no right to attend the retention hearing, Honda could not be awarded possession of the vehicle as a result of that hearing.

In short, the issue of probable cause for arrest and seizure has no bearing on defendants' breach of their obligation to provide plaintiff with a *Krimstock* hearing, and no outcome of that hearing could have justified defendants' decision to return the vehicle to Honda without providing plaintiff with due process of law.

**Failure to commence forfeiture proceedings:** Due process further requires defendants, within twenty-five days of receiving a demand for a

*The Honorable Richard M. Berman* - page 4 -
*April 2, 2008*

vehicle's return, to either commence forfeiture proceedings against it under § 14-140 of the N.Y.C. Admin. Code, or return the vehicle to plaintiff. Here, it is undisputed that defendants failed to do either. To the contrary, they intentionally avoided filing such proceedings so that they could surreptitiously return plaintiff's vehicle to Honda without the oversight of the Court.

The requirement for promptly filing forfeiture proceedings is absolute, unconditional and jurisdictional in nature. The issue of whether there was probable cause for the claimant's initial arrest and the seizure of his vehicle is irrelevant to defendants' constitutional and statutory duty. *See McClendon*, *supra*. Thus, the existence of such probable cause can not constitute a defense to plaintiff's claim for damages based upon defendants' breach of this duty.

**Failure to retain the vehicle:** In secretly returning plaintiff's vehicle to Honda, defendants violated their statutory obligation to retain it for potential return to its registered owner – the plaintiff – upon the conclusion of the related criminal proceedings. *See* N.Y.C. Admin. Code § 14-140(c) ("upon a finding that the claimant is not guilty, the court must order "the property clerk . . . to deliver such property . . . to the accused person, and not any attorney, agent or clerk of such accused person"); *id.* § 14-140(d) (where ownership is disputed, seized property "shall remain in the custody of the property clerk until the discharge or conviction of the person accused and until lawfully disposed of").

Indeed, there is no set of facts wherein defendants could have legally returned plaintiff's vehicle to Honda prior to the conclusion of plaintiff's criminal case. Even then, defendants could not have turned over the vehicle to Honda without a Court Order specifically authorizing such disposition.

The issue of probable cause for arrest and seizure is, again, completely irrelevant to plaintiff's claim for damages arising from defendants' unlawful turnover of plaintiff's vehicle to Honda. As with the other two issues, even if defendants could prove that probable cause existed, it would do nothing to vitiate plaintiff's claim or provide defendants with a defense thereto.

## Nominal Damages

Because the issue of probable cause can be no defense to plaintiff's

*The Honorable Richard M. Berman*                                                                                                 - page 5 -
*April 2, 2008*

claims, it follows that it can not reduce or otherwise affect the damages flowing from those claims. Indeed, all three violations resulted in either the temporary or permanent deprivation of plaintiff's vehicle. Under *Krimstock* and other decisions, such deprivations constitute actual and tangible damages. *See*, *e.g.*, *Krimstock v. Kelly*, 306 F.3d 40, 56 (2d Cir. 2002) (purpose of prompt hearing is to "protect [the] use and possession of property from arbitrary encroachment") (quoting *United States v. James Daniel Good Real Property*, 510 U.S. 43, 53 (1993)); *Property Clerk v. Harris*, 9 N.Y.3d 237, 245, 848 N.Y.S.2d 588, 593 (2006) ("The private interest affected by the deprivation of an automobile may be significant . . . "[A] hearing [is] required to ensure that . . . owners are not deprived for months or years of cars ultimately proved not to be subject to forfeiture") (quoting *County of Nassau v. Canavan*, 1 N.Y.3d 134, 142, 770 N.Y.S.2d 277, 284 (2003)).

Further, the cancellation of the hearing, rather than being a hypothetical violation, as defendants posit, was actually the crucial building block in defendants' scheme to permanently deprive plaintiff of his vehicle without due process. Had the hearing been held and the vehicle ordered returned to plaintiff pending the outcome of the criminal and civil forfeiture proceedings, defendants would have had to commence forfeiture proceedings, thereby subjecting their conduct to contemporaneous judicial oversight. This in turn would have prevented defendants from covertly sending the vehicle back to Honda and mandated that the vehicle be preserved and kept available for potential forfeiture or return to the plaintiff upon the conclusion of criminal proceedings. Thus, plaintiff would have been able to enforce the return of his vehicle upon his acquittal of the underlying criminal charges.

Indeed, defendants' conduct resulted in the worst-case scenario feared by *Krimstock* and its ilk: illegal and unconstitutional government conduct causing an innocent owner to "be deprived for months or years of [a car] ultimately proved not to be subject to forfeiture." *Harris*, *supra*. Such damages are not nominal. They are, to the contrary, painfully concrete and real.

## Conclusion

In summary, Magistrate Fox erroneously granted defendants' application

*The Honorable Richard M. Berman*                                                                                   *- page 6 -*
*April 2, 2008*

to unseal plaintiff's criminal file without even articulating defendants' burden, let alone determining whether defendants had in fact met that burden. Defendants have failed to demonstrate that there is any need, let alone a "vital" one, to access plaintiff's sealed criminal file. The red herring of 'probable cause' adduced by defendants has no bearing on the claims and defenses in this case. Accordingly, plaintiff respectfully requests that Magistrate Fox's rulings be reversed, and defendants' motion to unseal be denied in its entirety.

                                    Respectfully submitted,

                                    *Steven L. Kessler*

                                    Steven L. Kessler (SK-0426)

SLK:rmaf

cc:    ACCs Philip S. Frank & David M. Hazan