USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/3/08

Case 1:07-cv-03782-RMB-KNF   Document 31   Filed 04/03/2008   Page 1 of 3

**MEMO ENDORSED**

# Michael A. Rosenberg

ATTORNEY AT LAW

THE CHANIN BUILDING

122 EAST 42ND STREET, SUITE 606, NEW YORK, NEW YORK 10168

TEL: 212-972-3325 / FAX: 212-972-3329

PLEASE REFER ALL CORRESPONDENCE
TO THE NEW YORK ADDRESS

APR 03 2008

| SUFFOLK OFFICE | NASSAU OFFICE | QUEENS OFFICE |
|---|---|---|
| 140 FEL COURT | 1050 FRANKLIN AVENUE | 80-02 KEW GARDENS ROAD, STE. 1010 |
| HAUPPAUGE, NEW YORK 11788 | GARDEN CITY, NEW YORK 11501 | KEW GARDENS, NEW YORK 11415 |
| TEL: 631-851-0088 | TEL: 516-294-5843 | TEL: 718-575-2225 |
| FAX: 631-851-0820 | FAX: 516-248-8124 | FAX: 718-575-2228 |
| JEFFREY W. WALLER | GEORGE F. HAND | JOAN A. SOARES |
| of Counsel | of Counsel | of Counsel |

April 1, 2008

By Hand Delivery

Hon. Richard M. Berman
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: Mark Kapiti v. Raymond W. Kelly, et al.,
and Third-Party Action v. American Honda
Finance Corporation
07 Civ. 3782 (RMB) (KNF)

Honorable Sir:

> This application is rejected without prejudice, among other reasons, for failing to support same extensive generalizations without case specific legal authority. We can discuss at conference with Principals on 4/14/08
>
> SO ORDERED:
> Date: 4/3/08   Richard M. Berman
> Richard M. Berman, U.S.D.J.
> @ 2:10 PM

The undersigned has been retained to represent the interests of American Honda Finance Corporation with respect to the above-referenced matter.

I have read the Court's Individual Practices Rules requiring a pre-motion conference before making any motion. Inasmuch as our client contemplates a pre-answer motion to dismiss pursuant to FRCP Rule 12(b), this letter is intended to constitute our request for such conference. We intend to move prior to April 9, 2008 which date appears to be the technical and last day to answer or otherwise move with respect to the Third-Party Complaint.

Hon. Richard M. Berman
United States District Court
Southern District of New York
Page 2

    The grounds for such contemplated motion are as follows:

(a) **Lack of *In Personam* Jurisdiction; Insufficiency of Process and Insufficiency of Service of Process**:

In addressing this sub-heading, we have relied upon the Affidavit of Service by the Defendant-Third-Party Plaintiff (Exhibit "A"). That Affidavit is facially deficient. A corporation may not be served by delivery of a pleading to a "person of suitable age and discretion." Further, such method of service, if permissible, would require an additional mailing of the pleading, which mailing in this case, is not reflected on the affidavit;

(b) **Lack of Subject Matter Jurisdiction**:

We recognize that the Court has latitude and discretion in certain matters. However, the agreement upon which the Defendant-Third-Party Plaintiff relies is a state court contract, the validity of which can be determined by State Court declaratory judgment. The agreement not present a Federal or constitutional issue requiring this Court's involvement and interpretation.

(c) **Failure To State A Claim Upon Which Relief Can Be Granted**:

(i) The issue of American Honda Finance Corporation's liability, if any, under the agreement upon which the Defendant-Third-Party Plaintiff relies sounds in state law and has not yet been adjudicated. The bringing of the third-party action is premature.

Hon. Richard M. Berman
United States District Court
Southern District of New York
Page 3

      (ii)     Additionally, and while our client, American Honda Finance Corporation has not been privy to the prior proceedings herein, and in particular, the proceedings resulting in the third-party action, it has already provided discovery materials by answering a Non-Party Witness Subpoena (Exhibit "B"). Our client will now be prejudiced and subjected to additional discovery and unnecessary defense costs; and

      (iii)    The Defendant-Third-Party Plaintiff cannot, as a matter of public policy, seek indemnification for its own willful and intentional acts and violations of statute. If the Plaintiff, Mark Kapiti, is correct, then the Defendant has violated his (Kapiti's) civil, statutory and constitutional rights. Such violations are not claims for which monetary indemnification would lie.

Upon the foregoing, we respectfully request permission to institute our pre-answer motion to dismiss.

Respectfully submitted,

MICHAEL A. ROSENBERG, ESQ. (8770)

cc: American Honda Finance Corporation
cc: Steven L. Kessler, Esq. (By Hand Delivery)
cc: New York City Corporation Counsel (By Federal Express)