

**MEMO ENDORSED**

RECEIVED
APR 25 2008

MICHAEL A. CARDOZO
Corporation Counsel

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

PHILIP S. FRANK
Assistant Corporation Counsel
Room 3-183
Telephone: (212) 788-0893
Facsimile: (212) 788-9776
pfrank@law.nyc.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/28/08

April 25, 2008

**VIA HAND DELIVERY**
Honorable Richard M. Berman
United States District Judge, SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: Mark Kapiti v. Raymond W. Kelly, et al., 07 Civ. 3782 (RMB) (KNF)

*Extension (absolutely final) granted.*

SO ORDERED:
Date: 4/28/08
Richard M. Berman, U.S.D.J.

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to the defense of the above-referenced matter on behalf of defendants City of New York, Police Commissioner Raymond W. Kelly, and the Property Clerk of the New York City Police Department ("City defendants"). In essence, plaintiff's complaint alleges that his due process rights were violated when his leased vehicle which was seized by the New York City Police Department during the course of plaintiff's arrest, was returned to the title owner of the vehicle (Honda) without providing plaintiff with the opportunity to have a hearing. Accordingly, I write to respectfully request that the Court extend discovery from April 30, 2008 to May 30, 2008. Although counsel for plaintiff does not agree with all of defendants' characterizations of the events leading to this request, plaintiff joins in the request for an extension of time.

There are several reasons for seeking an extension of discovery. First, to date, the Court has not ruled on plaintiff's objections, dated April 2, 2008, to the Honorable Kevin Nathaniel Fox's Memorandum and Order, dated March 12, 2008, denying plaintiff's application for reconsideration of the Order, dated February 11, 2008, compelling plaintiff to produce an executed unsealing release pursuant to New York Criminal Procedure Law § 160.50. Defendants need the executed release in order to access, review, and produce the underlying criminal court, district attorney and police records. Further access to these records is necessary for defendants to effectively prepare for plaintiff's deposition. Defendants have been attempting to access these documents for several months. In fact, defendants initially made the application to compel the release on January 17, 2008. Because plaintiff moved for reconsideration of Magistrate Fox's order compelling plaintiff to execute the release and then appealed Magistrate

Fox's decision to Your Honor, defendants still have no access to some of the underlying documents that are necessary to review prior to plaintiff's deposition.

Second, as the Court may remember, third-party defendant American Honda Finance Corporation ("Honda") has not yet been joined in this action. By Court Order, dated April 3, 2008, this Court stated that the issue regarding whether Honda will be joined in this action will be discussed at the conference scheduled for May 1, 2008. Counsel for Honda advised defendants that Honda objects to the deposition of a representative from Honda until it is joined as a third-party defendant in this case. Honda was directly involved in and has knowledge of the facts underlying this case. Accordingly, it is necessary for defendants to depose a representative from Honda with knowledge of the underlying incident, prior to the close of discovery. However, Honda refuses to produce such an individual within the current discovery deadlines set by this Court. Thus, an extension of discovery until May 30, 2008 will allow time for Honda to be joined in this action and for defendants to depose an appropriate representative from Honda.

Third, throughout the course of this litigation defendants have made numerous attempts to depose plaintiff within the discovery deadlines set by the Court. However, until defendants addressed the issue via letter to Magistrate Fox last week, counsel for plaintiff would not agree to produce plaintiff for a deposition. Although it now appears that counsel has changed his position, the parties were unable to schedule plaintiff's deposition before the close of discovery because counsel for plaintiff is out of the office this week for the Passover holiday. Additionally, plaintiff's counsel has not yet provided counsel for defendants dates when he is available for two non-party depositions. As background, on October 9, 2007, defendants served plaintiff's counsel with a notice of deposition of plaintiff Mark Kapiti pursuant to Rule 30 of the Federal Rules of Civil Procedure to take plaintiff's deposition on December 6, 2007. By Order, dated November 5, 2007, Your Honor ordered that discovery be stayed until after a settlement conference. By Order, dated December 18, 2008, the Court ordered discovery due on February 11, 2008. On January 23, 2008, defendants served plaintiff's counsel with a notice of deposition to take plaintiff's deposition on February 4, 2008. However, plaintiff cancelled the deposition on short notice because, according to counsel, plaintiff was working that day. Moreover, on March 14, 2008 and April 11, 2008 defendants requested that plaintiff's counsel provide dates when plaintiff was available to be deposed. Plaintiff's counsel refused to provide defendants with dates because he was dissatisfied with defendants' responses to plaintiff's interrogatories. Despite defendants' numerous attempts to schedule plaintiff's deposition over a six-month period, counsel failed to produce plaintiff for a deposition or provide a date when he was available to be deposed. Finally, last week, counsel agreed to schedule the depositions of plaintiff and to complete discovery by the end of May. Counsel advised that he was not available to attend plaintiff's depositions or the depositions of non-parties before April 30, 2008, the date when discovery is presently scheduled to close. For these reasons, it is respectfully requested that the Court extend discovery until May 30, 2008.

I would like to assure the Court that we are attempting to move forward in this litigation as expeditiously as possible, and that the requested enlargement is necessary in order for the parties to proceed effectively. Consequently, the parties jointly request an extension of discovery from April 30, 2008 to May 30, 2008.

I thank the Court for its consideration herein.

Respectfully submitted,

*[signature]*

Philip S. Frank (PF-3319)
**Assistant Corporation Counsel**
Special Federal Litigation Division

cc: **Via Facsimile (212) 805-6710**
Honorable Kevin Nathaniel Fox
United States Magistrate Judge, SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**Via Facsimile (212) 297-0777**
Steven L. Kessler, Esq.
Attorney for Plaintiff Mark Kapiti
122 East 42nd Street, Suite 606
New York, NY 10168

**Via Facsimile (212) 972-3329**
Michael A. Rosenberg
Attorney for Third-Party Defendant American Honda Finance Corporation
122 East 42nd Street, Suite 606
New York, NY 10168

3