THE LAW OFFICES OF

# STEVEN L. KESSLER

May 8, 2008

**VIA ECF**
The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

      Re:   *Mark Kapiti v. Raymond W. Kelly, et al.*
               **Index No. 07 Civ. 3782 (RMB)**

Dear Judge Berman:

      As counsel for plaintiff Mark Kapiti in the referenced proceeding, I write pursuant to Your Honor's suggestion at the recent May 1, 2008 Court conference that plaintiff submit a letter requesting leave to file a motion for class certification in this case.

## Timing

      At the conference, Your Honor raised a question about the timing of seeking class certification motion at this stage in the litigation. As the Court is aware, however, there is no bar to seeking class certification during the discovery phase of a lawsuit, particularly where the facts necessary to determine whether class certification is appropriate did not come to light until that time.

      Rule 23 of the Federal Rules of Civil Procedure states that "[w]hen a person sues as a representative of a class, the court must – at an early *practicable* time – determine by order whether to certify the action as a class action . . .." Fed. R. Civ. P. 23(c)(1); *see* 7AA Wright, Miller & Kane, *Federal Practice & Procedure*, § 1785.3 (3d ed. & 2008 update) ("The reference to 'at an early practicable time' recognizes that there may be many valid reasons justifying the deferral of the initial certification decision . . ..").

*The Honorable Richard M. Berman*     *- page 2 -*
*May 8, 2008*

---

      Indeed, a certification motion made before the issues have been fleshed out in discovery may be denied as premature. *See*, *e.g.*, *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir.) ("a district court may be reversed for premature certification if it has failed to develop a sufficient evidentiary record from which to conclude that the requirements of numerosity, typicality, commonality of question and adequacy of representation have been met"), *cert. denied*, 459 U.S. 838 (1982). Courts have properly certified class actions ten years after commencement of suit, particularly where issues common to the class have been the focus of the litigation prior to certification. *See*, *e.g.*, *Pyke v. Cuomo*, 209 F.R.D. 33 (N.D.N.Y. 2002).

      All of these procedural principles come into play in the matter before this Court. Mr. Kapiti's Verified Complaint, filed only last year, seeks injunctive and declaratory relief and damages arising from defendants' unconstitutional and illegal retention and disposition of his seized vehicle. At the time he filed his action, Mr. Kapiti had no basis for concluding that his lawsuit raised any class issues. While the decision of the Court of Appeals for the Second Circuit in *Krimstock v. Kelly*, 306 F.3d 40 (2d Cir.), *cert. denied*, 539 U.S. 969 (2002), provides the primary backdrop for Mr. Kapiti's claims, and the *Krimstock* proceeding itself was certified as a class action, Mr. Kapiti assumed that the defendants' handling of his vehicle seizure was unique to him, and that the defendants were generally complying with the *Krimstock* rulings. Indeed, from the decisions being issued in this area by the New York State courts, it appeared that claimants were in fact being provided with prompt post-seizure hearings as a general matter.

      Defendants' Answer, filed in August 2007, raised standard defenses such as laches, proximate cause and failure to state a claim. There was nothing therein that reflected broader issues that might be common to an entire class of vehicle owners. Initial discovery further confirmed plaintiff's impression that defendants' defense of his claims raised no class-wide issues. In a letter application to Your Honor, dated November 2, 2007, defendants, apparently for the first time, asserted their argument that plaintiff was only entitled to nominal damages because he was not entitled to a *Krimstock* hearing. The alleged factual basis for this contention, however, was the claim that "the Assistant District Attorney designated plaintiff's seized vehicle as potential evidence for trial in the underlying criminal action. Thus, plaintiff was not legally entitled to a

*The Honorable Richard M. Berman*                        *- page 3 -*
*May 8, 2008*

---

*Krimstock* hearing while the prosecutor was holding the vehicle as evidence." 11/2/07 Hazan letter at 3.

     Defendants' assertion regarding the categorization of plaintiff's vehicle as arrest evidence – a claim subsequently belied by the record and abandoned by defendants – indicates, if not a unique claim, certainly not a class-wide issue. Further, that issue was in fact raised by the class in *Krimstock* and ruled upon – in favor of the class – in a subsequent *Krimstock* decision of the Court of Appeals. *See Krimstock v. Kelly*, 464 F.3d 246 (2d Cir. 2006). Thus, even to the extent that the defense raised an issue affecting a significant number of vehicle claimants, it would have been limited as to time and mooted by subsequent proceedings with respect to potential future class members.

     The first indication that defendants might be raising true class-type issues as a defense to plaintiff's claims was set in defendants' letter application to Magistrate Judge Fox, filed on January 17, 2008 (the letter, erroneously dated January 17, *2007*, is attached as Exhibit "A" to defendants' letter motion to Your Honor, dated April 9, 2008). In this filing, defendants made the following formal assertion:

> It is defendants' position that plaintiff was not entitled to a due process hearing because, amongst other reasons, at the time the vehicle was released to Honda he did not have a property interest in the vehicle. However, assuming *arguendo* that the Court finds that plaintiff was entitled to a hearing, defendants are entitled to argue that in the alternative if there had been a hearing, plaintiff would not have prevailed and the car would have been returned to Honda. If defendants succeed with this argument, plaintiff's damages will be limited to one dollar. (1/17/08 Hazan Ltr. at 2).

     Defendants make this class-based argument even more explicit in an accompanying footnote:

> Defendants maintain that *Krimstock* is not applicable to the instant case because plaintiff's claims do not involve the forfeiture of his vehicle to a third-party who had no property interest in the vehicle. Rather, the instant case involves a scenario where plaintiff's leased

*The Honorable Richard M. Berman* - page 4 -
*May 8, 2008*

vehicle was returned to the innocent owner of the vehicle (Honda). Nevertheless, defendants are entitled to discovery which rebuts plaintiff's arguments which are based on *[Krimstock]*. (1/17/08 Hazan Ltr. at 2, fn. 2).

In other words, defendants took the position that an entire class of vehicle claimants – those who happened to lease their vehicles rather than finance them or pay cash – are not entitled to due process protection under *Krimstock* and, more broadly, are not entitled to the protection of any of the procedures that the City must follow to permanently deprive its citizens of their right to the possession, use and enjoyment of their vehicles. Defendants take the position that the turnover of a seized vehicle to a leasing company is not a forfeiture at all, and therefore not subject to the forfeiture statute, N.Y.C. Admin. Code § 14-140, or the forfeiture procedures set forth in the Property Clerk's own Rules.

In subsequent filings with the Court, it became clear that, unlike their 'arrest evidence' defense, defendants would not abandon their 'leased vehicle' defense. To the contrary, during the past month, virtually every significant defense relied upon by defendants was dependent in some manner upon the proposition that vehicle lessees do not enjoy the same procedural and constitutional protections as other claimants.

Accordingly, it has only recently become evident that defendants' defense of this case, if successful, would substantially diminish the property rights of tens of thousands of people. Thus, now is the appropriate time to certify the case as a class action. Further, as defendants have only recently sought to implead Honda Financial Services as a third-party defendant in this case, essentially 'resetting the clock' in this litigation, defendants can hardly claim prejudice by the timing of plaintiff's application.

Indeed, with the addition of Honda as a party, it will be a simple matter to obtain the leasing company's records of other seizures of leased vehicles where defendants turned over the cars to Honda instead of commencing forfeiture proceedings and providing constitutionally mandated hearings. Further, as Honda has already recently informed this Court in correspondence dated April 1, 2008, the leasing company intends to challenge the validity of the defendants' Release and Hold Harmless agreements entered into with Honda and other

*The Honorable Richard M. Berman* - page 5 -
*May 8, 2008*

lessors on numerous constitutional and public policy grounds, thus raising issues that impact all lessees whose vehicles have been or may be seized by the defendants – essentially, the entire class implicated in this proceeding.

**Basis for Class Certification**

As discussed above, defendants' primary theory of defense – as recently articulated – raises substantial class-wide issues regarding the rights of lessees of motor vehicles within the New York metropolitan area. As a result of this theory of defense, plaintiff easily satisfies the four-part test set forth in Federal Rule 23: (1) the class is so numerous that joinder of all members is impracticable ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"), and (4) the representative parties will fairly and adequately protect the interests of the class ("adequacy of representation"). Fed. R. Civ. P. 23(a); *see In re Visa Check/Mastermoney Antitrust Litigation*, 280 F.3d 124, 132-33 (2d Cir. 2001). The four elements are briefly addressed below.

**Numerosity:** The class of people who lease vehicles within the metropolitan area (the five boroughs and Nassau, Suffolk and Westchester counties) is clearly so numerous as to make joinder of all members impracticable.

**Commonality:** The issue of whether defendants' practice of denying vehicle lessees the same due process and procedural protections as people who finance or pay cash for their cars is common to the entire class of lessees.

**Typicality:** Mr. Kapiti's experience – being denied a *Krimstock* hearing because he is a lessee, and being denied his right to appear in and defend a forfeiture action by the defendants' unilateral decision to turn over his car to the leasing company – appears to be typical of defendants' treatment of the entire class of lessees.

**Adequacy of Representation:** Given the commonality and typicality of Mr. Kapiti's experience with the defendants as described above, there should be no conflicts between his interest and those of other lessees. Further, counsel has

*The Honorable Richard M. Berman* - page 6 -
*May 8, 2008*

extensive experience in the area of forfeiture law and has litigated many other vehicle seizure cases and civil rights cases that involve the issues raised by the *Krimstock* litigation.

**Other Considerations:** There are numerous additional benefits of class certification in this case. Most importantly, if defendants prevail in this case based on their argument that lessees do not enjoy the same constitutional and procedural protections as other registered owners of motor vehicles in the metropolitan area, such lessees will have had their rights compromised without an opportunity to be heard. Yet, while such a ruling would be prejudicial, it would not finally resolve the issue as to all potential claimants, who would have the right to litigate the issue separately. Class certification now ensures that the questions of lessees' rights is fully resolved for the entire class.

Class certification will have the additional benefit of enabling persons with small claims, none of which have sufficient value to motivate individual litigation, to obtain redress for widespread harm, and bring awareness of the potential loss of significant rights to those who might not otherwise realize they have a claim. Without certification, these small stakes plaintiffs are likely to go uncompensated, and the defendants may be undeterred from continuing their current course of unequal treatment of vehicle lessees. Class certification would also promote continued federal oversight of the defendants' actions initiated in *Krimstock*, helping to enforce a loophole that defendants have unilaterally carved from the courts' rulings in that litigation.

Accordingly, for all the foregoing reasons, plaintiff Mark Kapiti respectfully requests that the Court grant plaintiff leave to formally seek class certification in this matter pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### The Court's Unsealing Order

On April 28, 2008, this Court issued an Order denying plaintiff's objections to Magistrate Judge Fox's Discovery Order, dated February 11, 2008, and March 12, 2008. Plaintiff respectfully objects to this Order on the ground that the Court overlooked a controlling issue of law on the matter of unsealing of

| The Honorable Richard M. Berman | - page 7 - |
|---|---|
| May 8, 2008 | |

criminal records.  The Court erroneously invoked general principles of liberal discovery under the Federal Rules of Civil Procedure as the applicable standard for determining defendants' application to compel the unsealing of plaintiff's criminal file.  The cases cited by the Court did not address the issue of unsealing criminal files, but only the use and production of unsealed public records.  Further, *Jane Doe v. Yorkville Plaza Assoc.*, 1996 WL 343059 (S.D.N.Y. June 21, 1996), actually *denied* a request for production of *unsealed* records maintained by the District Attorney's Office.

   The case law related to sealed files, as even the cases relied upon by defendants demonstrate, apply the standard of necessity for pleading under Federal Rule 11, not the "may be relevant" standard for discovery under Rule 26.  *See*, *e.g.*, *Holness v. City of New York*, No. CV 2003-5598 (E.D.N.Y. Jan. 9, 2004) ("[t]his Court agrees that the data and information contained in the sealed arrest records and medical records *are necessary before counsel for defendants can submit an answer in a manner consistent with Rule 11 of the Federal Rules of Civil Procedure*") (emphasis added).

   Accordingly, plaintiff respectfully requests that this Court reconsider its April 28, 2008 ruling, vacate said ruling, and deny defendants' application to compel the unsealing of plaintiff's sealed criminal file.

             Respectfully submitted,

             *Steven L. Kessler*
             Steven L. Kessler (SK-0426)

SLK:rmaf

cc: ACC Philip S. Frank *(by ECF)*
   American Honda Finance Corporation *(by hand)*