UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MARK KAPITI,

                     Plaintiff,

       -against-

RAYMOND W. KELLY, in his official
Capacity as Commissioner of New York City
Police Department, Property Clerk, New York      07 Civ. 3782 (RMB) (KNF)
City Police Department, and The City of New York,

                     Defendants.
-----------------------------------------------------------x
THE CITY OF NEW YORK,

                     Plaintiff,

       -against-                                  AFFIDAVIT IN SUPPORT
                                                          OF MOTION TO DISMISS

AMERICAN HONDA FINANCE CORPORATION
d/b/a HONDA FINANCIAL SERVICES,

                     Defendant.
-----------------------------------------------------------x

STATE OF MASSACHUSETTS   )
                                    ) ss:
COUNTY OF HAMPDEN          )

       TARA L. SCHOOLCRAFT, being duly sworn, deposes and says:

       1.      At the time of the occurrences described in this affidavit, I was known as TARA L. MILES, my maiden name.

       2.      In or about May, 2006, I was employed by AMERICAN HONDA FINANCE CORPORATION s/h/a HONDA FINANCIAL SERVICES ("HONDA") as a Customer Account Representative for the Northeast Region.

3. I am fully and personally familiar with the facts and circumstances surrounding this matter and am authorized to make this affidavit in support of HONDA's motion to dismiss the third-party complaint.

4. I was the Customer Service Representative who signed the Hold Harmless Agreement and cover letter, copies of which are attached collectively as Exhibit "1". The CITY bases its claim against HONDA upon these agreements. At the time I signed the agreements the CITY advised HONDA that no vehicles would be released to HONDA without the cover letter and Hold Harmless Agreement.

5. The CITY OF NEW YORK took the position that such release was a "take it or leave it" situation. As a matter of fact, the language of the release and letter were prepared by the CITY OF NEW YORK and its representatives. We were told to take the exact language prepared by the CITY and place it on our letterhead.

6. While I had authority to execute those documents, the CITY OF NEW YORK gave us no other option. In order to protect our property, the Hold Harmless Agreement was executed.

7. We were advised by the CITY OF NEW YORK that the Hold Harmless Agreement was only applicable to claims for indemnity asserted against the CITY for damages suffered in connection with property vouchered under PROPERTY CLERK, NEW YORK CITY DEPARTMENT invoice #B103699. The CITY did not intend for HONDA to protect them from violations of MR. KAPITI's due process and civil rights.

WHEREFORE, your deponent prays that an Order be made and entered dismissing the third-party complaint in all respects and with prejudice.

*Tara L. Schoolcraft*
TARA L. SCHOOLCRAFT
f/k/a TARA L. MILES

Sworn to before me this
20th day of May, 2008.

NOTARY PUBLIC
RICHARD BELLINO, Notary Public
My Commission Expires September 21, 2010