16.    Paragraph "16" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required. To the extent a response is required, defendants deny all such allegations.

17.    Deny the allegations set forth in paragraph "17" of the complaint.

18.    Paragraph "18" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required. To the extent a response is required, defendants deny all such allegations.

19.    Deny the allegations set forth in paragraph "19" of the complaint, except admit that plaintiff purports to seek the relief as stated therein.

20.    Deny the allegations set forth in paragraph "20" of the complaint, except admit that plaintiff purports to seek the relief as stated therein.

21.    Deny the allegations set forth in paragraph "21" of the complaint, except admit that plaintiff purports to invoke this Court's jurisdiction as stated therein.

22.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23.    Deny the allegations set forth in paragraph "23" of the complaint, except admit that Raymond W. Kelly is the Commissioner of the New York City Police Department and admit that plaintiff purports to sue him as stated therein.

24.    Deny the allegations set forth in paragraph "24" of the complaint, except admit that the Property Clerk's office is a division within the New York City Police Department.

25.    Deny the allegations set forth in paragraph "25" of the complaint, except admit that the City of New York is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and respectfully refer the Court to the New

- 3 -

York City Charter and the Administrative Code for the relationship between the City of New York and the New York City Police Department.

26.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41. In response to the allegations set forth in paragraph "41" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "40" of this answer, as if fully set forth herein.

42. Paragraph "42" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required. To the extent a response is required, defendants deny all such allegations.

43. Paragraph "43" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required. To the extent a response is required, defendants deny all such allegations.

44. Paragraph "44" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required. To the extent a response is required, defendants deny all such allegations.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46.    Deny the allegations set forth in paragraph "46" of the complaint.

47.    In response to the allegations set forth in paragraph "47" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "46" of this answer, as if fully set forth herein.

48.    Deny the allegations set forth in paragraph "48" of the complaint.

49.    Paragraph "49" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required. To the extent a response is required, defendants deny all such allegations.

50.    Deny the allegations set forth in paragraph "50" of the complaint.

51.    In response to the allegations set forth in paragraph "51" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "50" of this answer, as if fully set forth herein.

52.    Deny the allegations set forth in paragraph "52" of the complaint.

53.    Deny the allegations set forth in paragraph "53" of the complaint.

54.    Deny the allegations set forth in paragraph "54" of the complaint.

55.    In response to the allegations set forth in paragraph "55" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "54" of this answer, as if fully set forth herein.

56.    Paragraph "56" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required. To the extent a response is required, defendants deny all such allegations.

57.    Deny the allegations set forth in paragraph "57" of the complaint.

58.    Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. In response to the allegations set forth in paragraph "60" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "59" of this answer, as if fully set forth herein.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint and all subparts thereto.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

63. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

64. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

65. Defendant Kelly has not violated any clearly established constitutional or statutory rights of which a reasonable person should have known and therefore is protected by qualified immunity.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

66. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

67. Defendant Kelly had no personal involvement in any incidents alleged in plaintiff's complaint.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

68.    This action may be barred in whole, or in part, by the doctrines of collateral estoppel and/or res judicata.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

69.    This action may be barred in whole or in part, by the applicable statute of limitations.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

70.    At all times relevant to the acts alleged in the Complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City of New York is entitled to governmental immunity from liability.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

71.    The Property Clerk of the New York City Police Department is a non-suable entity.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

72.    Plaintiff has failed to exhaust state remedies.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

73.    Plaintiff has failed to comply with the conditions precedent to suit.

**WHEREFORE,** defendants the City of New York, Police Commissioner Raymond Kelly, and the Property Clerk of the New York City Police Department request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           August 3, 2007

 

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendants the City of
New York, Police Commissioner
Raymond Kelly, and the Property
Clerk of the New York City Police
Department
100 Church Street, Room 3-195
New York, New York 10007
(212) 788-0422

By:     _____
        Basil C. Sitaras (BS-1027)
        Assistant Corporation Counsel

TO:     Steven Kessler, Esq. (*Via ECF*)
        Attorney for Plaintiff
        122 East 42nd Street, Suite 606
        New York, New York 10168

07 CV 3782 (RMB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK KAPITI,

                                          Plaintiff,

                    -against-

RAYMOND W. KELLY, in his official capacity as
Commissioner of the New York City Police
Department, PROPERTY CLERK, New York City
Police Dept, and THE CITY OF NEW YORK,

                                          Defendants.

---

**ANSWER**

---

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*

*Of Counsel:  Basil C. Sitaras*
*Tel:  (212) 788-0422*

---

*Due and timely service is hereby admitted.*

*New York, N.Y.* ................................................. *, 2007*

................................................................ *Esq.*

*Attorney for* ..................................................................

# Exhibit "C"

# United States District Court

| SOUTHERN | DISTRICT OF | NEW YORK |
|---|---|---|

Mark Kapiti,

v.

Raymond W. Kelly, et al.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 07 Civ. 03782 (RMB)

TO:    Honda Financial Services
600 Kelly Way
Holyoke, Massachusetts 01040

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): ENTIRE FILE FOR MARK KAPITI; VIN: 2HNYD18666H516660; Vehicle: 2006 Acura MDX.

| PLACE<br>New York City Law Department<br>100 Church Street<br>New York, NY 10007<br>Attn: David M. Hazan | DATE AND TIME<br><br>October 26, 2007 |
|---|---|

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *David Haz*    Assistant Corporation Counsel<br>Attorney for Defendants | 10/15/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David Hazan
N.Y.C. Law Department, 100 Church Street
New York, New York 10007
(212) 788-8084

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

# Exhibit "D"

# *Michael A. Rosenberg*

### ATTORNEY AT LAW

#### THE CHANIN BUILDING

122 EAST 42ND STREET, SUITE 606, NEW YORK, NEW YORK 10168

TEL: 212-972-3325 / FAX: 212-972-3329

### PLEASE REFER ALL CORRESPONDENCE
### TO THE NEW YORK ADDRESS

| SUFFOLK OFFICE | NASSAU OFFICE | QUEENS OFFICE |
|---|---|---|
| 140 FEL COURT | 1350 FRANKLIN AVENUE | 80-02 KEW GARDENS ROAD, STE. 1010 |
| HAUPPAUGE, NEW YORK 11788 | GARDEN CITY, NEW YORK 11501 | KEW GARDENS, NEW YORK 11415 |
| TEL: 631-851-0088 | TEL: 516-294-5843 | TEL: 718-575-2225 |
| FAX: 631-851-0820 | FAX: 516-248-8124 | FAX: 718-575-2228 |
| | | |
| JEFFREY W. WALLER | GEORGE F. HAND | JOAN A. SOARES |
| of Counsel | of Counsel | of Counsel |

May 13, 2008

MICHAEL A. CARDOZO
Corporation Counsel
The City of New York
Law Department
100 Church Street
New York, New York  10007

Attention:  Mr. Philip S. Frank
                 Assistant Corporation Counsel
                 Special Federal Litigation Division

              Re:    Mark Kapiti v. Raymond W. Kelly et. al.
                     07 Civ. 3782 (RMB) (KNF)

Dear Mr. Frank:

      Enclosed are the remaining file materials pursuant to Magistrate Judge Fox's Order dated May 8, 2008.

                    Very truly yours,

                    MICHAEL A. ROSENBERG

MAR:dj

cc:  American Honda Finance Corporation
cc:  Steven L. Kessler, Esq.

# *Michael A. Rosenberg*

### ATTORNEY AT LAW

#### THE CHANIN BUILDING

122 EAST 42ND STREET, SUITE 606, NEW YORK, NEW YORK 10168

TEL: 212-972-3325 / FAX: 212-972-3329

**PLEASE REFER ALL CORRESPONDENCE
TO THE NEW YORK ADDRESS**

| SUFFOLK OFFICE | NASSAU OFFICE | QUEENS OFFICE |
|---|---|---|
| 140 FEL COURT | 1050 FRANKLIN AVENUE | 80-02 KEW GARDENS ROAD, STE. 1010 |
| HAUPPAUGE, NEW YORK 11788 | GARDEN CITY, NEW YORK 11501 | KEW GARDENS, NEW YORK 11415 |
| TEL: 631-851-0088 | TEL: 516-294-5843 | TEL: 718-575-2225 |
| FAX: 631-851-0820 | FAX: 516-248-8124 | FAX: 718-575-2228 |
| | | |
| JEFFREY W. WALLER | GEORGE F. HAND | JOAN A. SOARES |
| of Counsel | of Counsel | of Counsel |

February 7, 2008

MICHAEL A. CARDOZO
Corporation Counsel
The City of New York
Law Department
100 Church Street
New York, New York  10007

Attention:  Philip S. Frank, Esq.
　　　　　　Assistant Corporation Counsel
　　　　　　Special Federal Litigation Division

　　　　　　Re:　Mark Kapiti v. Raymond W. Kelly et. al.
　　　　　　　　07 Civ. 3782 (RMB) (KNF)

Dear Mr. Frank:

　　　　Enclosed are the file materials and privilege log pursuant to Magistrate Judge Fox's Order dated January 17, 2008.

　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　MICHAEL A. ROSENBERG

MAR:dj

cc:  American Honda Finance Corporation

# Exhibit "E"

 

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

DAVID M. HAZAN
*Assistant Corporation Counsel*
Room 3-186
Telephone: (212) 788-8084
Facsimile: (212) 788-9776
dhazan@law.nyc.gov

March 14, 2008

**VIA HAND DELIVERY**
Honorable Richard M. Berman
United States District Judge, SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3-17-08

Re: <u>Mark Kapiti v. Raymond W. Kelly, et al.</u>, 07 Civ. 3782 (RMB) (KNF)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to the defense of the above-referenced matter on behalf of defendants City of New York, Police Commissioner Raymond W. Kelly, and the Property Clerk of the New York City Police Department.[1] In that regard, I write to respectfully request that the Court adjourn the settlement conference, scheduled for March 18, 2008 at 9:00 a.m. until a date after Honda is joined as a third-party defendant in this case. Plaintiff takes no position concerning this request.

As background, yesterday the Court ordered that "Defendants' motion for leave to implead Honda as a third-party defendant is granted." Defendants are presently drafting the third party complaint against Honda and intend to serve Honda with the third party complaint immediately. Thus, Honda likely will not have been joined as a party by March 18, 2008. Given that Honda entered into an indemnification and hold harmless agreement with defendant City of New York, Honda is an integral part of the settlement discussions. Accordingly, a settlement conference would be more productive after Honda has been joined as a party in this matter. Additionally, I write to advise the Court that I have a trial scheduled before the Honorable Alvin

---

[1] This case has been assigned to Assistant Corporation Counsel Philip S. Frank, who is presently awaiting admission to practice law in the Southern District of New York and is handling this matter under supervision. Mr. Frank may be reached directly at (212) 788-0893.

K. Hellerstein in the matter of <u>Joseph Jones v. City of New York et al.</u>, 05 Civ. 5252 (AKH), which is scheduled to begin on March 24, 2008. The trial has a substantial number of witnesses and is scheduled to last five days. Therefore, for these reasons, defendants respectfully request that the Court adjourn the settlement conference, scheduled for March 18, 2008 at 9:00 a.m. until a date after Honda has been served as a party in this action.

I thank the Court for its consideration herein.

Respectfully submitted,

David M Hazan.

David M. Hazan (DH-8611)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:    <u>Via Facsimile (212) 297-0777</u>
Steven L. Kessler, Esq.
122 East 42nd Street, Suite 606
New York, NY 10168

Conference adjourned
to 3/31/08 @ 3:15 P.M.
(with principals
serior)

SO ORDERED
Date: 3/17/08    Richard M. Berman
Richard M. Berman, U.S.D.J.

2

✎AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |
|---|---|---|

THE CITY OF NEW YORK

V.

AMERICAN HONDA FINANCE CORPORATION
d/b/a Honda Financial Services

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:   07 Civ. 3782 (RMB)(KNF)

TO: (Name and address of Defendant)

AMERICAN HONDA FINANCE CORPORATION
c/o C T Corporation System
111 Eighth Avenue
New York, NY 10011

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
100 Church Street, Room 3-186
New York, New York 10007

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

MAR 1 9 2008

CLERK

(By) DEPUTY CLERK

DATE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

MARK KAPITI,

                                Plaintiff,

             -against-

RAYMOND W. KELLY, in his official capacity as
Commissioner of the New York City Police
Department, PROPERTY CLERK, New York City Police
Department, and THE CITY OF NEW YORK,

                             Defendants.

------------------------------------------------------------------ x

THE CITY OF NEW YORK,

                              Plaintiff,

             -against-

AMERICAN HONDA FINANCE CORPORATION d/b/a
Honda Financial Services,

                             Defendant.

------------------------------------------------------------------ x

**THIRD PARTY COMPLAINT**

Jury Trial Demanded

07 Civ. 3782 (RMB)(KNF)

        The City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for its complaint against the defendants, alleges as follows:

        63. This is a third-party action in which third-party plaintiff the City of New York (the "City") seeks a contractual defense and indemnification from third-party defendant American Honda Finance Corporation d/b/a Honda Financial Services ("American Honda") for claims brought in an action entitled *Mark Kapiti against Raymond W. Kelly, in his official capacity as Commissioner of the New York City Police Department, the Property Clerk, New*

1

*York City Police Department. and The City of New York*, 07 Civ. 3782 (RMB)(KNF) (the "*Kapiti* Action").

## JURISDICTION AND VENUE

64.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332, in that the City and American Honda are citizens of different states and the amount in controversy is in excess of $75,000.

65.     This Court also has jurisdiction pursuant to 28 U.S.C. § 1367(a) in that the City's claims against American Honda are so related to claims within the original jurisdiction of this Court in the *Kapiti* Action as to form part of the same case or controversy.

66.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because American Honda does business and is subject to personal jurisdiction in this district and because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

67.     The City is a municipal corporation organized under the laws of the State of New York.

68.     American Honda is, on information and belief, a corporation formed under the laws of the State of California with its principal place of business in the State of California.

## FACTUAL ALLEGATIONS

69.     On or about February 2, 2006, first-party plaintiff Mark Kapiti ("Kapiti"), leased a 2006 Acura MDX from American Honda (the "Vehicle"), the titled owner of the vehicle.

70.     On or about May 15, 2006, Kapiti was arrested, and the Vehicle was seized pursuant to the arrest.

71.     On or about May 30, 2006, American Honda represented to the City that Kapiti was in default of his contractual agreement with American Honda.

72.     By contract, dated May 30, 2006, American Honda agreed to indemnify and hold the City harmless for any claims made against it arising out of the release of the Vehicle to American Honda ("the Indemnity Agreement").     A copy of the Indemnity Agreement is attached hereto as Exhibit "A."

73.     On or about August 17, 2006, the Vehicle was released to Honda, as title owner.

74.     On or about May 14, 2007, Kapiti filed a complaint alleging that his civil rights were violated by Raymond Kelly, in his official capacity as Commissioner of the New York City Police Department, the Property Clerk of the New York City Police Department and the City of New York by virtue of the release of the Vehicle to American Honda.

75.     Attached hereto as Exhibit "B," and incorporated herein without admitting the truth of any of the allegations therein, and without prejudice to the interests of the third party plaintiff, is a true copy of the summons and complaint in the *Kapiti* Action..

76.     Attached to this third party complaint, as Exhibit "C," is the Answer of Raymond Kelly, in his official capacity as Commissioner of the New York City Police Department, the Property Clerk of the New York City Police Department and the City of New York.

77.     Third party plaintiff denies that it has violated the rights of, or is in any way liable to, Kapiti.

## FIRST CAUSE OF ACTION

78.    If Kapiti was caused any injury or had his rights violated in any way, due to any conduct other than his own negligent or culpable conduct, then such damages were due to the intentional or negligent actions of American Honda.

79.    That by reason of the foregoing, and/or by reason of the Indemnity Agreement between American Honda and the City, whereby American Honda is lawfully bound to indemnify the City for any acts pursuant to the aforesaid, then American Honda will be liable to the City in that event and in the full amount of a recovery herein by Kapiti, or for that proportion thereof caused by the relative responsibility of American Honda, and for all costs and expenses, no part of which has been paid to the City.

## AS AND FOR A SECOND CAUSE OF ACTION

80.    That if Kapiti was caused to sustain the damages as alleged in the *Kapiti Action* through any negligence or want of due care other than the negligence or want of due care on the part of Kapiti, then said damages were sustained by reason of the negligence and want of due care, by acts of commission or omission on the part of American Honda, its agents, servants and/or employees; and if any judgment is recovered herein by Kapiti against the City, then the City will be damaged thereby and American Honda is or will be responsible therefore in whole or in part.

**WHEREFORE,** third-party plaintiff the City of New York requests judgment against American Honda Finance Corporation:

(a)  For the full amount, or such other amount as the Court deems just and proper, of any judgment obtained against third-party plaintiff;

(b)   For the expenses of this action, costs and any other relief which this Court

deems just and proper.


Dated:     New York, New York
           March 19, 2008


                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for third party plaintiff the City of New
                              York
                              100 Church Street, Room 3-186
                              New York, New York 10007
                              (212) 788-8084


                    By:    _David M. Hazan_____
                           David M. Hazan (DH 8611) [1]
                           Assistant Corporation Counsel


---

[1] This case has been assigned to Assistant Corporation Counsel Philip S. Frank, who is presently awaiting admission to practice law in the Southern District of New York and is handling this matter under supervision. Mr. Frank may be reached directly at (212) 788-0893.

**Exhibit A**

## To all to whom these Presents shall come or may Concern,

Know That, *Honda Financial Services* a corporation maintaining a place of business at *660 Kelly Way, Holyoke MA 01040* as RELEASOR,

in consideration of the release of a 2006 ACURA MDX, Vehicle Identification Number 2HNYD18666H516660, from the PROPERTY CLERK, NEW YORK CITY POLICE DEPARTMENT,

as RELEASEE,

receipt whereof is hereby acknowledged, releases and discharges the Property Clerk, New York City Police Department, the RELEASEE, RELEASEE'S heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE, and further agrees:

That the RELEASORS will hold harmless the RELEASEE, the New York City Police Department, its agents, servants and employees and indemnify same from any claim or claims that may be asserted against them and for any damage, expense or cost which the New York City Police Department may suffer in connection with property vouchered under Property Clerk, New York City Police Department Invoice #B103699.

Furthermore, whereas the subject vehicle has been seized and whereas Releasee intends to commence, or has commenced, a forfeiture action to obtain legal title to the subject vehicle, Releasor has terminated its lease agreement with, and agrees not to return the subject vehicle to the custody or control of **MARK KAPITI**, or any member of his family and/or household.

Whenever the text hereafter requires, the use of singular number shall include the appropriate plural number as the text of the within instrument may require.

This RELEASE may not be changed orally.

### In Witness Whereof, the RELEASOR has caused this RELEASE to be executed

by its duly authorized officers and its corporate seal to be hereunto affixed on the *30* day of *May*, 2006    By: *Tara L Miles*

Authorized agent of *Honda Financial Services*

## In presence of,

STATE OF *MA*    COUNTY OF *Hamden*    ss:

On the ____ day of _____, 2006 before me *Tara Miles* personally came to me known, by me duly sworn, did depose and say that deponent resides at *660 Kelly Way*, that deponent is the *Supervisor* of *Honda Financial Services* the corporation described in, and which executed the foregoing RELEASE, that deponent knows the seal of the corporation, that the seal affixed to the RELEASE is the corporate seal, that it was affixed by order of the board of *Honda Financial Services* of the corporation; and that deponent signed deponent's name by like order.

*Dimitra A Kenney*
NOTARY PUBLIC

Dimitra A. Kenney
Notary Public
Commonwealth of Massachusetts
Commission Expires
July 31, 2009

TOTAL P.02

# HONDA
## Financial Services

Date: 5/30/06

Attn. City of New York                           Re: Mark Kapiti
NYPD Legal Bureau                                VIN: 2HNYD18666H516660
College Point Auto Pound                         Vehicle: 2006 Acura MDX

To Whom It May Concern:

Honda Financial Services agrees to indemnify and hold you harmless for any liability or claim made against you arising out of the release of the above referenced vehicle to Honda Financial Services.

Mark Kapiti is in default of a contractual agreement dated February 2, 2006. The account is due for 504.40.

Honda Financial Services will not release this vehicle to the customer nor any relatives or friends of our customer without your consent.

We give our authorization for The Crossland Group, Inc. to pick up the above vehicle on our behalf.

Agent for The Crossland Group _____.

I hereby state that I have the authority to make the representation made herein.

Sincerely,

*Tara L. Miles*

Tara Miles
Customer Account Representative
Honda Financial Services

Sworn and certified before me today 5 30 06

*Dimitra A. Kenney*
Notary Public

My Commission Expires 7 31 09 in the State of MA

## Northeast Region

American Honda Finance Corporation  600 Kelly Way, Holyoke, Massachusetts 01040-9682  (800) 542-2432  Fax (800) 752-9927