36.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41.    In response to the allegations set forth in paragraph "41" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "40" of this answer, as if fully set forth herein.

42.    Paragraph "42" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required.  To the extent a response is required, defendants deny all such allegations.

43.    Paragraph "43" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required.  To the extent a response is required, defendants deny all such allegations.

44.    Paragraph "44" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required.  To the extent a response is required, defendants deny all such allegations.

45.    Deny the allegations set forth in paragraph "45" of the complaint.

- 5 -

46.     Deny the allegations set forth in paragraph "46" of the complaint.

47.     In response to the allegations set forth in paragraph "47" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "46" of this answer, as if fully set forth herein.

48.     Deny the allegations set forth in paragraph "48" of the complaint.

49.     Paragraph "49" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required. To the extent a response is required, defendants deny all such allegations.

50.     Deny the allegations set forth in paragraph "50" of the complaint.

51.     In response to the allegations set forth in paragraph "51" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "50" of this answer, as if fully set forth herein.

52.     Deny the allegations set forth in paragraph "52" of the complaint.

53.     Deny the allegations set forth in paragraph "53" of the complaint.

54.     Deny the allegations set forth in paragraph "54" of the complaint.

55.     In response to the allegations set forth in paragraph "55" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "54" of this answer, as if fully set forth herein.

56.     Paragraph "56" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required. To the extent a response is required, defendants deny all such allegations.

57.     Deny the allegations set forth in paragraph "57" of the complaint.

58.     Deny the allegations set forth in paragraph "58" of the complaint.

59.    Deny the allegations set forth in paragraph "59" of the complaint.

60.    In response to the allegations set forth in paragraph "60" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "59" of this answer, as if fully set forth herein.

61.    Deny the allegations set forth in paragraph "61" of the complaint.

62.    Deny the allegations set forth in paragraph "62" of the complaint and all subparts thereto.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

63.    The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

64.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

65.    Defendant Kelly has not violated any clearly established constitutional or statutory rights of which a reasonable person should have known and therefore is protected by qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

66.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

67.    Defendant Kelly had no personal involvement in any incidents alleged in plaintiff's complaint.

- 7 -

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

68.     This action may be barred in whole, or in part, by the doctrines of collateral estoppel and/or res judicata.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

69.     This action may be barred in whole or in part, by the applicable statute of limitations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

70.     At all times relevant to the acts alleged in the Complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City of New York is entitled to governmental immunity from liability.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

71.     The Property Clerk of the New York City Police Department is a non-suable entity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

72.     Plaintiff has failed to exhaust state remedies.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

73.     Plaintiff has failed to comply with the conditions precedent to suit.

**WHEREFORE,** defendants the City of New York, Police Commissioner Raymond Kelly, and the Property Clerk of the New York City Police Department request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           August 3, 2007

                                               MICHAEL A. CARDOZO
                                              Corporation Counsel of the
                                              City of New York
                                              Attorney for Defendants the City of
    New York, Police Commissioner
    Raymond Kelly, and the Property
    Clerk of the New York City Police
    Department
    100 Church Street, Room 3-195
    New York, New York  10007
    (212) 788-0422

By:           _____

                Basil C. Sitaras (BS-1027)
                Assistant Corporation Counsel

TO:    Steven Kessler, Esq. (*Via ECF*)
          Attorney for Plaintiff
          122 East 42nd Street, Suite 606
          New York, New York 10168

07 CV 3782 (RMB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK KAPITI,

Plaintiff,

-against-

RAYMOND W. KELLY, in his official capacity as
Commissioner of the New York City Police
Department, PROPERTY CLERK, New York City
Police Dept, and THE CITY OF NEW YORK,

Defendants.

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*

*Of Counsel:  Basil C. Sitaras*
*Tel:  (212) 788-0422*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ................................................. , 2007*

*............................................................................... Esq.*

*Attorney for ...............................................................*

# Exhibit "F"

STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------

*Mark Kapiti*                    Plaintiff(s)/Petitioners(s).              **AFFIDAVIT OF SERVICE**

                    -against-                                              *Index No.*

*Raymond W. Kelly, et Al.*Defendant(s)/Respondents(s).

------------------------------------------------------------

State of New York, County of New York    ss:

_____*Louis J. Pastina*_____, being duly sworn deposes and says: that deponent is not a party to this action, is over 18 years of age and resides at *100 Church St*

That on *March 19 th* , 2008 at ____ am/pm, at *111 Eight Ave., N.Y., N.Y.*, deponent served the within *Third party complaint* on *American Honda Finance Corp* defendant therein named.

| | | |
|---|---|---|
| 1. | **INDIVIDUAL** | ☐ by delivering a true copy of *each* to said defendants personally, deponent knew the person so served to be the person described as said defendant therein. |
| 2. | **CORPORATION** | ☐ a _____ corporation, by delivering thereat a true copy of each to _____ personally, deponent knew said corporation so served to be the corporation described in said summons as said defendant and knew said individual to be the authorized agent thereof. |
| 3. | **SUITABLE AGE PERSON** | ☒ by delivering a true copy of *each* to *ELANA BOU* a person of suitable age and discretion. Said premises is recipient's ☐ actual place of business ☐dwelling house (usual place of abode) within the state. |
| 4. | **AFFIXING TO DOOR, ETC.** | ☐ by affixing a true copy of *each* to the door of said premises, which is recipient's ☐actual place of business ☐dwelling (usual place of abode) within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat. |

Day _____ Date _____ Time _____    Day _____ Date _____ Time _____
Day _____ Date _____ Time _____    Day _____ Date _____ Time _____
Verification:

**MAILING USE WITH *3 or 4***    ☐ Deponent also enclosed a copy of same in a postpaid sealed wrapper properly addressed to recipient's last known residence, at _____ and deposited said wrapper in ☐a post office
☐official depository under exclusive care and custody of the United States Postal Service within New York State.

**DESCRIPTION USE WITH *1, 2 or 3***    ☐ Deponent describes the individual served as follows:

| | | | | | |
|---|---|---|---|---|---|
| ☒Female | ☐ Black Skin | ☐ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐Under 100 Lbs. |
| ☐ Male | ☐ Brown Skin | ☒Blond Hair | ☐ Balding | ☒21-35 Yrs. | ☐ 5'0"-5'3" | ☒100-130 Lbs. |
| | ☐ Red Skin | ☐ Brown Hair | ☐ Beard | ☐ 36-50 Yrs. | ☒5'4"-5'8" | ☐131-160 Lbs. |
| | ☒White Skin | ☐ Gray Hair | ☐ Glasses | ☐ 51-65 Yrs. | ☐ 5'9"-6'0" | ☐161-200 Lbs. |
| | ☐ Yellow Skin | ☐ Yellow Hair | ☐ Mustache | ☐ Over 65 Yrs. | ☐ Over 6' | ☐Over 200 Lbs. |

☐ Other _____

**USE IN NYC CIVIL CT**    ☐ *The language required by NYCRR 29002(e), (f) & (h) was set forth on the face of said summons(es).*

**MILITARY SERVICE**    ☐ I asked the person spoken to whether recipient was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. *Recipient wore ordinary civilian clothes and no military uniform.* The source of my information and the grounds of my belief are the conversations and observations above narrated.

Upon information and belief I aver that the recipient is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

MOSES S. WILLIAMS
Commissioner of Deeds
City of New York No. 2-12722
Certificate Filed in New York County
Commission Expires July 1, 20__

Sworn to before me this *19* day of *May* 20 *08*

Process Services Lic # _____

Print name beneath signature
*Louis J. Pastina*

**INSTRUCTIONS:** Check appropriate boxes and fill in blanks. Delete inappropriate italicized language and military service allegation if not applicable.

# Exhibit "G"

MARK KAPITI, Respondent(s).

## PETITION AND NOTICE OF HEARING

A 2006 ACURA, was seized by the New York City Police Department on MAY 15, 2006 under property clerk invoice (voucher) #B103699, as the alleged instrumentality of a crime, pursuant to section 14-140 of the New York City Administrative Code. It is the intention of the Police Department to commence a civil forfeiture proceeding in order to confiscate the vehicle, and to retain the vehicle until the conclusion of those proceedings. Your acceptance of a hearing to contest the Police Department's retention of the above mentioned vehicle was received by the Police Department on May 23, 2006. The hearing has been scheduled for:

DATE:      JUNE 05, 2006

TIME:      2:00 PM

PLACE:     New York City Office of Administrative Trials and Hearings (OATH)
           40 Rector Street, 6th Floor
           New York, New York 10006-1705
           Phone: (212) 442-4900
           FAX: (212) 442-8910
           TDD: (212) 442-4939

**In cases in which the District Attorney has determined that the vehicle is needed as evidence in a criminal proceeding, including any appeals in any such proceeding, the hearing may not be held during the period the vehicle is so needed.**

At the hearing, you have the right to be present in person, and you have the right to be represented by an attorney or other representative. If you choose to be represented by an attorney or other representative, that person must file a notice of appearance with OATH prior to the commencement of the hearing. If you fail to appear at the hearing, either in person or by an authorized representative, the presiding judge may declare you to be in default, may determine that you have waived your right to a hearing, may decide the case against you in your absence, and may make other determinations in your absence.

You have a right to file an answer to this petition with OATH before the commencement of the hearing. OATH's rules of practice and procedure are published in title 48 of the Rules of the City of New York, and copies are available at OATH's offices.

New York City Police Department
Legal Bureau, Civil Enforcement Unit
By:

*Gina K Klein*

Gina Klein
2 Lafayette Street, 5th Floor
New York, New York 10007
(917) 454-1111 S# 06/1678



BRONX SUPREME COURT
CRIMINAL DIVISION

THE PEOPLE OF THE STATE OF NEW YORK

v.

1. ANGEL TOLEDI M/33

2. MARK KAPITI M/35

                              Defendants

STATE OF NEW YORK

COUNTY OF THE BRONX

PO MAUREEN ENNIS of VICE ED, Shield# 2705, states that on or about May 15, 2006 at approximately 10:15 PM at corner of Sedgwick Avenue & Stevenson Place, County of the Bronx, State of New York,

THE DEFENDANTS, ACTING IN CONCERT, COMMITTED THE OFFENSES OF:
1 (M) P.L. 270.00(2)(a)(ii)    Unlawfully Dealing with Fireworks
2 (M) P.L. 270.00(2)(a)(i)     Unlawfully Dealing with Fireworks
3 (V) P.L. 270.00(2)(b)(i)     Unlawfully Dealing with Fireworks

IN THAT THE DEFENDANTS, ACTING IN CONCERT, DID: did offer or expose for sale, sell or furnish, any fireworks or dangerous fireworks valued at five hundred dollars or more; did offer or expose for sale, sell or furnish, any fireworks or dangerous fireworks and did possess, use, explode or cause to explode any fireworks or dangerous fireworks.

THE GROUNDS FOR THE DEPONENT'S BELIEF ARE AS FOLLOWS:

Deponent states that, at the above time and place, deponent observed defendants acting in concert, in that, she observed both defendants placing fifteen (15) boxes inside the cargo compartment of a 2006 Acura SUV, New York license plate number DNC4337. Deponent further states that several of said fifteen (15) boxes were labeled: FIREWORKS. Deponent further states that the above mentioned boxes contained a variety of explosive items. Deponent further states that said fireworks were valued in excess of five hundred dollars ($500) United States currency.

Deponent further states that neither defendant had a license or permit required by law to possess said fireworks. Deponent further states that, based

SUV HELD FOR FORFEITURE

7/11 MCP RON

Page 1 of 2



Exhibit F

Seizure #:  06-1678          Voucher #: B103699          VIN #: 2HNYD18666H516660

Intake Date: 05/19/06        Veh Make: ACURA            Plate #: DNC4337          Arrest #: B0663293

*Storage #: 06P00473         Veh Year:    2006          Plate State: NY           Index #:

*Forfeiture #:               *Veh Make: ACU             *VIN #: 2HNYD18666H516660

                             *Veh Year: 2006

Crime:  FIREWORKS

| | Name | NORTH Sent | Hearing Accepted | Hearing Notice | Hearing Waived |
|---|---|---|---|---|---|
| Defendent: | KAPITI, MARK | / / | 05/23/06 | 06/05/06 | |
| Registrant: | KAPITI, MARK | / / | 05/23/06 | 06/05/06 | |
| Title Holder: | HVT INC., | / / | / / | / / | |

Hearing Atty: TRIFFON                   CEU Release Status: RELEASE TO TITLED OWNER -

Hearing Disp: NEEDED BY DA AS EVIDENCE - NO

Stlmt Offered: Y     Stlmt Accepted: Y    CEU Final Case Disp: GIVEBACK- RELEASE ISSUED

Retention Ordered: N                      Date CEU Closed: 08/16/06

Litigation Atty:                          *CPAP Release Date: 08/17/20

Classification: FORFEITURE                Settlement Amt:     0.00

Lien Holder:                Demand:       Permissions:

Notes:  Below entered by tax #: ▮▮▮▮ on 12/19/2006 11:30:27  Rec ID: 213138

12/19 - Confirmed w/ ADA Benevich that the D was brought to trial and was acquitted.  I gave this information to
Rudy Meola.  (EMR)
========================================================================
Below entered by tax #: ▮▮▮▮ on 09/21/2006 16:50:22  Rec ID: 213138

Rob Fodera spoke with Rudy Meola, attorney for Honda, the lienholder in this case, on September 21, 2006;
during the conversation, Mr. Meola stated that the attorney for the criminal defendant / titled owner prior to the
lienholder's conversion, Mark Kapiti, is threatening to sue Honda for the return of the vehicle; Mr. Meola stated
that he is going to commence an action for a declaratory judgment affirmatively holding that the contract was
violated and Honda is entitled to the vehicle; he expects to name the Property Clerk as an interested party and I
agreed to accept service of his S & C.   RF
========================================================================
Below entered by tax #: ▮▮▮▮ on 08/18/2006 09:51:19  Rec ID: 213138

Deft was info car was claimed by leasing company and released.  EV
========================================================================
Below entered by tax #: ▮▮▮▮ on 08/16/2006 10:34:13  Rec ID: 213138

8/16/06 DAR rec'd. issued release to leasing co. KD
========================================================================
Below entered by tax #: ▮▮▮▮ on 07/10/2006 16:59:41  Rec ID: 213138

Awaiting DAR.  When recd, release vehicle to TO Leasing Co.  File to cabinet. GT
========================================================================
Below entered by tax #: ▮▮▮▮ on 06/05/2006 12:06:12  Rec ID: 213138

NYC 1

Exhibit G          Exhibit H          Exhibit E

CEU Voucher  Tracking System

Awaiting DAR.  ADA Rita Benevich wants car for evidence, will call when released.  718 590 2705.  File on GT desk. GT

=======================================================================

Below entered by tax #█████ on 06/02/2006 14:50:57  Rec ID: 213138

HONDA finance will take possession.  HONDA signed HH.  File to basket for approval. GT

=======================================================================

NYC 1

# Exhibit "H"

Case 1:07-cv-03782-RMB-KNF    Document 50-5    Filed 06/03/2008    Page 15 of 15
Get a Document - by Citation - 140 F.3d 406
Page 1 of 15

Service: Get by LEXSEE®
Citation: 140 F.3d 406

140 F.3d 406, *; 1998 U.S. App. LEXIS 6445, **

MARCELIN ALEXANDRE, Plaintiff-Appellant, v. ROBERT CORTES, shield # 1420, CITY OF NEW YORK, and NEW YORK CITY POLICE DEPARTMENT, Defendants-Appellees.

Docket No. 96-2820

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

140 F.3d 406; 1998 U.S. App. LEXIS 6445

September 22, 1997, Submitted
March 26, 1998, Decided

**PRIOR HISTORY:** [**1] Appeal from a decision of the United States District Court for the Eastern District of New York (Eugene H. Nickerson, Judge) granting summary judgment to defendants in a civil rights action arising out of the failure of defendants to return seized property to plaintiff.

**DISPOSITION:** Reversed in part, vacated in part, and remanded.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff prisoner appealed from the order of the United States District Court for the Eastern District of New York that granted summary judgment to defendants, city, police department, and officer, in plaintiff's action, brought pursuant to 42 U.S.C.S. § 1983, in which plaintiff claimed that he was deprived of an automobile and some jewelry without due process of law.

**OVERVIEW:** Plaintiff prisoner was arrested by defendant officer, who seized the automobile plaintiff was entering and jewelry in plaintiff's possession. Despite attempts by plaintiff's wife to obtain the automobile which she and plaintiff were buying, defendant officer turned the car over to the lien holder. Later defendant officer purchased the car himself. Plaintiff, his wife, and his attorney all attempted to obtain the jewelry, but it was never returned, and defendant city could not find the jewelry. Plaintiff filed his 42 U.S.C.S. § 1983 action based on the improper failure to return the property and the failure of defendants, city, police department, and officer, to inform him of the appropriate procedures to follow. The district court granted summary judgment to all defendants because plaintiff did not have an ownership interest in the car and had adequate post-deprivation remedies under state law. On appeal, the court reversed because defendant city did not create a procedure by which a prisoner could contest release of his car to the lien holder. The court remanded the jewelry issue for determination of whether plaintiff had adequate notice of the actual procedure for its recovery.

**OUTCOME:** On appeal, the court reversed summary judgment for defendants, city, police department, and officer, because defendant city did not create a procedure by which a prisoner could contest release of his car to the lien holder, which violated the Fourteenth Amendment. The jewelry issue was remanded for the district court to determine whether plaintiff prisoner received notice of the correct procedure to reclaim it.

**CORE TERMS:** clerk, jewelry, deprivation, voucher, prisoner, notice, arrestee, claimant, lienholder, summary judgment, City Rules, post-deprivation, state law, arrest, seized,

May. 22. 2008 11:45AM    MILLER & MEOLA PC    No. 6127    P. 1 P. 02