UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARK KAPITI,

                Plaintiff,

-    against  -

RAYMOND W. KELLY, in his official capacity as Commissioner of the New York City Police Department, PROPERTY CLERK, New York City Police Department, and The CITY OF NEW YORK,

                Defendants.
------------------------------------------------------------x

Docket No.: 07 Civ. 3782 (RMB)

**Hon. Richard M. Berman (J.)**

**DECLARATION**

      STEVEN L. KESSLER declares under penalty of perjury:

      1.      I represent plaintiff Mark Kapiti in the referenced civil rights action brought pursuant to 42 U.S.C. § 1983. I make this Declaration, based upon my review of the file, discussions with my client and participation in the proceedings herein, in support of plaintiff's motions: (1) for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure, and (2) for this Court to reconsider and vacate the Court's orders unsealing the file of plaintiff's acquittal in the State criminal case.

      2.      Attached as Exhibit "A" is a copy of plaintiff's Verified Complaint.

      3.      Attached as Exhibit "B" is a copy of defendants' answer.

      4.      Attached as Exhibit "C" is a copy of defendants' Rule 26 disclosures.

5. Attached as Exhibit "D" is a copy of defendants' opposition to plaintiff's letter application seeking leave to move for class certification and reconsideration of the Court's unsealing orders.

6. Attached as Exhibit "E" is a copy, without exhibits, of defendants' January 28, 2008 submission to Magistrate Judge Fox regarding defendants' unsealing application, citing and attached docket sheets, slip opinions and other authority demonstrating that the legal standard on an unsealing application is one of 'pleading necessity' under Rule 11 of the Federal Rules of Civil Procedure, not the liberal discovery standard of Rule 26.

7. Attached as Exhibit "F" is a copy of the unsigned transcript of the deposition of Sergeant George Triffon, conducted on May 28, 2008. This transcript demonstrates that counsel for defendants, by asserting scores of objections throughout the course of the deposition, effectively instructed the witness – a trained lawyer himself – not to testify regarding either his personal recollections of the seizure and retention of plaintiff's vehicle or the policies and procedures in place in the NYPD Civil Enforcement Unit during the witness' tenure there from 2005 through January 2008.

8. Attached as Exhibit "G" is a copy of correspondence from defendants' counsel to plaintiff's counsel, dated May 7, 2008, wherein they offer to produce for deposition Sergeant Triffon on the ground that he "has knowledge of some of the facts surrounding the release of the 2006 Acura . . . to Honda." In fact, as demonstrated by

Exhibit "F", Sergeant Triffon repeatedly disclaimed first-hand knowledge of plaintiff's vehicle or case at any stage of the proceedings in the Civil Enforcement Unit where he worked, and asserted that every document he was shown – many with his name or initials on them – failed to refresh his recollection regarding the events described therein.

9. Attached as Exhibit "H" are excerpts from the transcript of the deposition of the witness for Honda Financial, Tara Schoolcraft, conducted on May 30, 2008, wherein the witness testified that she personally handled "hundreds" of leased vehicle 'give-backs' with the defendants.

10. At the deposition of another of defendants' witnesses, Assistant District Attorney Rita Bieniewicz, conducted on May 29, 2008, the witness acknowledged that, in preparing for her deposition, she reviewed her office's file from that case. Attached as Exhibit "I" are excerpts from the unsigned transcript of the deposition of Rita Bieniewicz, conducted on May 29, 2008. She and defendants' counsel further indicated that her file contained a copy of the documents in plaintiff's sealed criminal file – the same file defendants seek herein. Defendants' counsel refused to produce a complete copy of the A.D.A.'s file or the documents which the ADA reviewed in preparation for her deposition, claiming that it would be improper because plaintiff's counsel was seeking to keep the file sealed. Yet, defendants' witness had access to and reviewed the 'sealed' file in preparation for her deposition testimony.

WHEREFORE, the undersigned respectfully requests that this Court grant plaintiff's motion for (1) class certification pursuant to Fed. R. Civ. P. 23, and (2) reconsideration and vacatur of the Court's prior unsealing orders, together with such further relief as this Court deems just and proper.

Dated:	New York, New York
	June 5, 2008

*Steven L. Kessler*
STEVEN L. KESSLER (SK-0426)