UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

MARK KAPITI,

                                   Plaintiff,

                -against-

RAYMOND W. KELLY, in his official capacity as
Commissioner of the New York City Police Department,
PROPERTY CLERK, New York City Police Dept, and
THE CITY OF NEW YORK,

                                   Defendants.

-------------------------------------------------------------------- x

**ANSWER**

JURY TRIAL DEMANDED

07 Civ. 3782 (RMB)

**Filed Via ECF**

                        Defendants the City of New York, Police Commissioner Raymond Kelly, and the Property Clerk of the New York City Police Department, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

                     1.       Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

                     2.       Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the complaint.

                     3.       Deny the allegations set forth in paragraph "3" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning a purported June 2006 OATH hearing.

                     4.       Paragraph "4" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required. To the extent a response is required, defendants deny all such allegations.

5.      Paragraph "5" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required.  To the extent a response is required, defendants deny all such allegations.

6.      Paragraph "6" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required.  To the extent a response is required, defendants deny all such allegations.

7.      Deny the allegations set forth in paragraph "7" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding a purported June 5, 2006 hearing.

8.      Paragraph "8" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required.  To the extent a response is required, defendants deny all such allegations.

9.      Deny the allegations set forth in paragraph "9" of the complaint.

10.     Deny the allegations set forth in paragraph "10" of the complaint.

11.     Deny the allegations set forth in paragraph "11" of the complaint.

12.     Deny the allegations set forth in paragraph "12" of the complaint.

13.     Deny the allegations set forth in paragraph "13" of the complaint.

14.     Deny the allegations set forth in paragraph "14" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the auction of plaintiff's vehicle.

15.     Deny the allegations set forth in paragraph "15" of the complaint.

16.     Paragraph "16" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required.  To the extent a response is required, defendants deny all such allegations.

17.     Deny the allegations set forth in paragraph "17" of the complaint.

18.     Paragraph "18" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required.  To the extent a response is required, defendants deny all such allegations.

19.     Deny the allegations set forth in paragraph "19" of the complaint, except admit that plaintiff purports to seek the relief as stated therein.

20.     Deny the allegations set forth in paragraph "20" of the complaint, except admit that plaintiff purports to seek the relief as stated therein.

21.     Deny the allegations set forth in paragraph "21" of the complaint, except admit that plaintiff purports to invoke this Court's jurisdiction as stated therein.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23.     Deny the allegations set forth in paragraph "23" of the complaint, except admit that Raymond W. Kelly is the Commissioner of the New York City Police Department and admit that plaintiff purports to sue him as stated therein.

24.     Deny the allegations set forth in paragraph "24" of the complaint, except admit that the Property Clerk's office is a division within the New York City Police Department.

25.     Deny the allegations set forth in paragraph "25" of the complaint, except admit that the City of New York is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and respectfully refer the Court to the New

York City Charter and the Administrative Code for the relationship between the City of New York and the New York City Police Department.

26.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41.     In response to the allegations set forth in paragraph "41" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "40" of this answer, as if fully set forth herein.

42.     Paragraph "42" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required.  To the extent a response is required, defendants deny all such allegations.

43.     Paragraph "43" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required.  To the extent a response is required, defendants deny all such allegations.

44.     Paragraph "44" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required.  To the extent a response is required, defendants deny all such allegations.

45.     Deny the allegations set forth in paragraph "45" of the complaint.

- 5 -

46.     Deny the allegations set forth in paragraph "46" of the complaint.

47.     In response to the allegations set forth in paragraph "47" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "46" of this answer, as if fully set forth herein.

48.     Deny the allegations set forth in paragraph "48" of the complaint.

49.     Paragraph "49" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required.  To the extent a response is required, defendants deny all such allegations.

50.     Deny the allegations set forth in paragraph "50" of the complaint.

51.     In response to the allegations set forth in paragraph "51" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "50" of this answer, as if fully set forth herein.

52.     Deny the allegations set forth in paragraph "52" of the complaint.

53.     Deny the allegations set forth in paragraph "53" of the complaint.

54.     Deny the allegations set forth in paragraph "54" of the complaint.

55.     In response to the allegations set forth in paragraph "55" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "54" of this answer, as if fully set forth herein.

56.     Paragraph "56" of the complaint sets forth conclusions of law rather than averments of fact and, accordingly, no response is required.  To the extent a response is required, defendants deny all such allegations.

57.     Deny the allegations set forth in paragraph "57" of the complaint.

58.     Deny the allegations set forth in paragraph "58" of the complaint.

59.     Deny the allegations set forth in paragraph "59" of the complaint.

60.     In response to the allegations set forth in paragraph "60" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "59" of this answer, as if fully set forth herein.

61.     Deny the allegations set forth in paragraph "61" of the complaint.

62.     Deny the allegations set forth in paragraph "62" of the complaint and all subparts thereto.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

63.     The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

64.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

65.     Defendant Kelly has not violated any clearly established constitutional or statutory rights of which a reasonable person should have known and therefore is protected by qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

66.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

67.     Defendant Kelly had no personal involvement in any incidents alleged in plaintiff's complaint.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

68.    This action may be barred in whole, or in part, by the doctrines of collateral estoppel and/or res judicata.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

69.    This action may be barred in whole or in part, by the applicable statute of limitations.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

70.    At all times relevant to the acts alleged in the Complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City of New York is entitled to governmental immunity from liability.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

71.    The Property Clerk of the New York City Police Department is a non-suable entity.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

72.    Plaintiff has failed to exhaust state remedies.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

73.    Plaintiff has failed to comply with the conditions precedent to suit.

**WHEREFORE,** defendants the City of New York, Police Commissioner Raymond Kelly, and the Property Clerk of the New York City Police Department request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
       August 3, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendants the City of
New York, Police Commissioner
Raymond Kelly, and the Property
Clerk of the New York City Police
Department
100 Church Street, Room 3-195
New York, New York  10007
(212) 788-0422

By:   _____

     Basil C. Sitaras (BS-1027)
     Assistant Corporation Counsel

TO:  Steven Kessler, Esq. (*Via ECF*)
    Attorney for Plaintiff
    122 East 42nd Street, Suite 606
    New York, New York 10168

07 CV 3782 (RMB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK KAPITI,

Plaintiff,

-against-

RAYMOND W. KELLY, in his official capacity as
Commissioner of the New York City Police
Department, PROPERTY CLERK, New York City
Police Dept, and THE CITY OF NEW YORK,

Defendants.

## ANSWER

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*

*Of Counsel:  Basil C. Sitaras*
*Tel:  (212) 788-0422*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ................................................. , 2007*

*............................................................................. Esq.*

*Attorney for ...................................................................*