

| | | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | PHILIP S. FRANK<br>*Assistant Corporation Counsel*<br>Room 3-183<br>Telephone: (212) 788-0893<br>Facsimile: (212) 788-9776<br>pfrank@law.nyc.gov |

May 19, 2008

**VIA HAND DELIVERY**
Honorable Richard M. Berman
United States District Judge, SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re: <u>Mark Kapiti v. Raymond W. Kelly, et al.</u>, 07 Civ. 3782 (RMB) (KNF)

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to the above-referenced matter on behalf of defendants City of New York, Police Commissioner Raymond W. Kelly, and the Property Clerk of the New York City Police Department ("City Defendants"). In that regard, I write in opposition to plaintiff's letter, dated May 8, 2007, requesting leave to file a motion for class certification in this action.[1] Furthermore, for the reasons set forth below, I write to oppose plaintiff's motion for reconsideration of this Court's Order, dated April 28, 2008, upholding Magistrate Fox's discovery Orders, dated February 11, 2008 and March 12, 2008 compelling plaintiff to produce an executed unsealing release pursuant to New York Criminal Procedure Law § 160.50.

---

[1] Counsel for City Defendants conferred with counsel for third-party defendant American Honda Finance Corporation ("Honda") and upon information and belief, Honda takes no position concerning plaintiff's proposed motion.

I.  **Plaintiff Cannot Move For Class Certification Because His Complaint Does Not Properly Plead A Class Action.[2]**

First, the Court must deny plaintiff's application for leave to file a motion for class certification in this action because plaintiff's Complaint does not contain any allegations needed for a valid class action. See Fed. R. Civ. P. 23. Class allegation Complaints should put the defendant on notice that relief is sought on behalf of a class and what the nature of the class is. In the instant case, plaintiff's Complaint puts defendants on notice only of his individual claims of discriminatory treatment, not that he intended to file a class claim for such discriminatory treatment. Plaintiff's Complaint certainly provides no indication that it is being filed on behalf of persons similarly situated. In order for a class action to be the proper mechanism for adjudicating a controversy the following requirements of Rule 23(a) all must be plead: 1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. In addition, plaintiff must satisfy at least one of the requirements as set forth in Federal Rule of Civil Procedure 23(b).

In the instant case, prior to the court conference on May 1, 2008, counsel for plaintiff never indicated to defendants or to the Court that plaintiff intended to amend his Complaint to add class allegations. Thus, because plaintiff's Complaint did not place defendants' on notice that he intended file this lawsuit on behalf of a class of individuals, nor did plaintiff's Complaint meet any of the requirements set forth by Federal Rule of Civil Procedure 23(a) and 23(b), plaintiff's application to move for class certification must be denied. See Fleming v. Travenol Laboratories, Inc., 707 F.2d 829 (5th Cir. 1983) (motion for class which contained only broad, generalized claims was properly denied); Doe v. Renfrow, 475 F. Supp. 1012 (N.D. Ind. 1979, aff'd in part, remanded in part, 631 F.2d 91 (7th Cir. 1980) (plaintiff's pleadings failed to establish satisfaction of Rule 23 requirements). Moreover, plaintiff must not be permitted to amend his Complaint to add class allegations at this stage in the litigation. Discovery has already been extended several times and is presently scheduled to close in less than two weeks.

Plaintiff's argument that "there is no bar to seeking class certification during the discovery phase of a lawsuit" is misplaced. Each of the cases cited by plaintiff involve situations where plaintiffs filed class action complaints and then moved for class certification at a later date. Those cases are distinguishable from the instant case because here, plaintiff has not filed a class action Complaint and thus did not put defendants on notice of his intent to bring a class

---

[2] Plaintiff's representation in his letter application, dated May 8, 2008 that this Court suggested that plaintiff "submit a letter requesting leave to file a motion for class certification in this case" is misleading. Rather, when counsel for plaintiff mentioned the words "class action" at the conference, the Court advised him that it seemed late in the litigation to amend the Complaint to add class allegations. Further, the Court advised that if plaintiff intended to amend the Complaint then he should submit an application to the Court. The issue of "class certification" was never specifically discussed. Prior to the conference on May 1, 2008, counsel for plaintiff never indicated to defendants or to the Court that plaintiff intended to amend his Complaint and add class allegations.

2

action lawsuit until he filed the instant application on the eve of the close of discovery. Moreover, plaintiff presents no basis for amending his Complaint and certifying a class at this late stage of the litigation. Moreover, plaintiff's allegations have not changed since the inception of this lawsuit and he waited almost a year after filing the instant action to even mention to the Court and to defendants the issue of class certification. The timing of this motion is highly prejudicial to defendants. For these reasons plaintiff's application must be denied.

## II. Plaintiff Cannot Meet His Burden For Class Certification.[3]

Even assuming *arguendo* that this Court considers plaintiff's application to move for class certification at this late stage of the litigation, plaintiff's application must fail. Importantly, "a district judge may not certify a class without making a ruling that each Rule 23 requirement is met." In Re: IPO Securites Litigation v. Merrill Lynch & Co., Inc. ("IPO"), 471 F.3d 24, 26 (2d Cir. 2006). The Second Circuit held that "some showing" for satisfying each element will not suffice." Id. Here, plaintiff fails to make any showing of evidence or even to allege in the Complaint the requirements of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

Plaintiff bears the burden of proving each criteria of Rule 23(a), which effectively "limits the class claims to those fairly encompassed by the named plaintiff's claims." General Telephone Co. v. Falcon, 457 U.S. 147, 156, 102 S. Ct. 2364 (1982); see also Moore v. PaineWebber, Inc., 306 F.3d 1247, 1252 (2d Cir. 2002). A court must undertake a "rigorous analysis" to determine whether the moving party has met its burden and failure to prove any element precludes certification. Id. at 161. The Rule 23(a) requirements tend to merge with each other and serve as guideposts to determining whether a class action would be economical and would serve the interests of the absent class members. General Tel., 457 U.S. at 158 n.13. Plaintiff's seeking of declaratory judgment is not sufficient to meet the rigorous analysis to be applied by courts in determining whether a party has met its burden for certification. For the reasons set forth below, plaintiff's application must be denied

### A. Plaintiff Has Not Defined a Class.

As explained, *supra* Point I, plaintiff's Complaint does not identify a class. That the class be ascertainable is an implicit requirement of Rule 23. IPO, 471 F.3d at 45. Thus, a court must determine, as a threshold matter, whether a class definition is workable. See 7A Wright, Miller & Kane, Federal Practice and Procedure § 1760 at 115-132 (1986). A court should not certify an overbroad class. See Haitian Ctrs. Council v. McNary, 969 F.2d 1326, 1337-38 (2d Cir. 1992). The description of the class must be "sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." 7A Wright, Miller & Kane, Federal Practice and Procedure § 1760 at 121.

Reading plaintiff's letter application liberally, it appears that plaintiff defines the class as people who lease vehicles within the metropolitan area, including the five boroughs and Nassau, Suffolk and Westchester Counties. This definition is overbroad. It erroneously assumes that

---

[3] Should the Court entertain plaintiff's application requesting leave to file a motion for class certification, defendants respectfully request permission to fully brief the issue.

3

merely leasing a vehicle establishes liability and therefore identifies individuals who may have claims. This is not the case.

In the instant case, plaintiff's leased vehicle was seized from plaintiff by the NYPD when plaintiff was arrested with probable cause. Plaintiff's vehicle was not sold and forfeited to a third party with no interest in the vehicle. Rather, after the title owner, Honda, informed defendants that plaintiff was in default of his lease, defendants returned the vehicle to Honda. Thus, any potential plaintiff class would be limited to individuals who (1) leased vehicles; (2) had their leased vehicle seized by the NYPD pursuant to a valid arrest; and (3) had the vehicle returned to the leasing company after the NYPD was notified by the leasing company (title owner) that the individual was in default on his lease. Furthermore, plaintiff did not identify a time period with which the class would cover.

Plaintiff's assertion that the ascertainability of the class is easily within the power of Honda suffers from the same failing as its definition. Thus, from the large pool of people who lease vehicle from numerous leasing companies, only a mere subset may have cognizable claims, and plaintiff's definition leaves it up to the fact-finder to determine who is a class member by conducting mini-trials on liability as to each punative class member. This is not the purpose behind certifying a class.

**B      Plaintiff cannot prove numerosity.**

Plaintiff cannot prove numerosity because he has made no showing of how large the class is and he has defined it in an extremely overbroad manner. Pursuant to Fed. R. Civ. P 23(a)(1) plaintiffs may sue as representatives of a class on behalf of all *only if* "the class is so numerous that joinder of all members is impracticable." The Second Circuit has emphasized that the applicable standard is not whether joinder would be impossible, but merely whether it would be impracticable. Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir. 1993). Plaintiffs have submitted "no evidence that permitting this suit to go forward as a class action is necessary to avoid a multiplicity of redundant lawsuits." Ansari v. New York University, 179 F.R.D. 112, 115 (S.D.N.Y. 1998). Furthermore, plaintiff has produced no evidence of how large the class action lawsuit is. Moreover, as explained above plaintiff has defined the class in an extremely overbroad manner as consisting of all people "who lease vehicles within the metropolitan area (the five boroughs and Nassau, Suffolk and Westchester counties)." Plaintiff does not limit the class to those individuals that defendant City of New York would potentially be liability. Accordingly, plaintiff fails to meet its burden in showing that the class is so numerous that joinder of all the parties is impracticable.

**C.     Plaintiff Fails To Satisfy the "Commonality" or "Typicality" Requirements of Rules 23(a)(2) and (3)**

Plaintiff fails to show the "commonality" or "typicality" requirement because he has made no showing that plaintiff's experience is common to the entire purported class. While commonality and typicality are two separate requirements, they "tend to merge into one another, so that similar considerations animate analysis of Rules 23(a)(2) and (3)." Marisol A. v. Giuliani, 126 F.3d 372, 373 (2d Cir. 1997). Specifically, commonality is satisfied when plaintiffs' claims share a common question of law or fact. Id. Typicality "is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." Robidoux v. Celani, 987 F.2d 931,

4

936 (2d Cir. 1993). "If a court must make a highly fact-specific or individualized determination in order to establish a defendant's liability to each class member, typicality will not be met." 5 Moore, Moore's Federal Practice, § 23.24[4] at 23-96 (1999). In the instant case, plaintiff has failed to make any showing or present any evidence that plaintiff's experience is common to the entire purported class. Because plaintiff has not even defined a class of people with "commonality," he cannot show that any other lessee with similar circumstances was deprived of his due process rights. Further plaintiff fails to show how leasing companies generally interact with the lessees of vehicles that have been seized pursuant to an arrest. Finally, because plaintiff has not identified a class of people whom

### D. The Named Plaintiff and His Counsel Are Inadequate Class Representatived.

Plaintiff has failed to show that he and his counsel "will fairly and adequately protect the interests of the class." See Fed. R. Civ. P. 23 (a)(4). The named plaintiff suffers serious credibility and character flaws. His counsel, namely Steven L. Kessler is similarly inadequate.

Plaintiff has failed to satisfy his burden of demonstrating that he is an adequate class representatives under Rule 23(a)(4), by showing that he is free of conflicts of interest, has incentives to pursue viable claims in his own right, and has retained counsel with the experience, expertise, and resources to uphold rights of absent class members who are unable to speak for themselves. See, e.g., Baffa v. Donaldson, Lufkin & Jenrette Secs., 222 F.3d 52, 58 (2d Cir. 2000); see also Ebije v. City of New York, 1996 U.S. Dist. LEXIS 5078, *2-3 (S.D.N.Y. Apr. 22, 1996). The courts long have recognized that adequacy of representation requires an inquiry into certain basic personal characteristics and abilities of plaintiff, such as honesty and understanding of the suit. Baffa, 222 F.3d at 61-62. Adequacy of counsel requires that counsel be competent and void of ethical infirmaties, including conflicts of interest. 7A Wright Miller & Kane, § 1769.1, at 374-395. See, e.g., Wrighten v. Metropolitan Hospitals, Inc., 726 F.2d 1346 (2d Cir. 1984). In addition, the Federal Rule of Civil Procedure 23(g)(1)(C)(ii) states that in appointing class counsel, the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." In the instant case, based upon plaintiff's deposition testimony there are serious questions regarding whether he understands the allegations made in this lawsuit. (e.g. plaintiff thought Police Commissioner Raymond Kelly was the individual who seized his vehicle and personally had it returned to Honda). Additionally, defendants have questions regarding plaintiff's counsel's experience litigating class action lawsuits and whether he has conflicts of interest in this case that would prevent him from fairly representing the interests of the class members. Spoecifically, plaintiff's counsel rents office space from Michael A. Rosenberg, Esq., the attorney representing Honda.

### II. Plaintiff's Motion For Reconsideration of the Court's Order Compelling Plaintiff to Produce an Executed Unsealing Release Pursuant to New York Criminal Procedure Law § 160.50 Must be Denied.

Plaintiff's motion for reconsideration must be denied and he must be compelled to produce an executed unsealing release pursuant to New York Criminal Procedure Law § 160.50 pursuant to Your Honor's Order, dated April 28, 2008. Plaintiff has exhausted all remedies in his refusal to comply with the numerous court orders to execute the unsealing release pursuant to NYCPL § 160.50. As background, on December 27, 2007, defendants moved to compel plaintiff to execute an unsealing release for the underlying police, criminal court, and district attorney records related to the underlying incident in this case, pursuant to New York Criminal Procedure

Law § 160.50. By Order, dated February 11, 2008, the Honorable Kevin Nathaniel Fox stated that "it is herby ordered that the plaintiff execute [the release pursuant to NYCPL § 160.50] as will permit the defendants to access the relevant sealed documents expeditiously." (emphasis added). Furthermore, by Memorandum and Order, dated March 12, 2008, the Honorable Fox denied plaintiff's application for reconsideration of the Order, dated February 11, 2008. By Order, dated April 28, 2008, Your Honor denied plaintiff's Objections to Judge Fox's Discovery Orders, dated February 11, 2008 and March 12, 2008, respectively. However, despite the numerous rulings by the Court, to date, plaintiff has not provided the executed unsealing release. Defendants submit that at this juncture plaintiff's application for reconsideration is meritless, made in bad faith, and in violation of Rule 11 of the Federal Rules of Civil Procedure. Accordingly, for the reasons set forth herein and for the reasons set forth in defendants' letters to the Court, dated January 17, 2008, January 28, 2008, March 3, 2008, and April 9, 2008, defendants respectfully request that the Court deny plaintiff's motion for reconsideration of Your Honor's Order, dated April 28, 2008, compelling plaintiff to produce an executed unsealing release pursuant to New York Criminal Procedure Law § 160.50.

I thank the Court for its consideration herein.

Respectfully submitted,

*Philip Frank*

Philip S. Frank
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   **Via Facsimile**
      Steven L. Kessler, Esq.
      122 East 42nd Street, Suite 606
      New York, NY 10168

      **Via Facsimile**
      Michael Rosenberg, Esq.
      The Chanin Building
      122 East 42nd Street, Suite 606
      New York, New York 10168