UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARK KAPITI,

           Plaintiff,

   -   against   -

RAYMOND W. KELLY, in his official capacity
as Commissioner of the New York City Police
Department, PROPERTY CLERK, New York
City Police Department, and The CITY OF NEW
YORK,

           Defendants.
------------------------------------------------------------x

07 CV 3782

Judge Berman

VERIFIED COMPLAINT
WITH JURY DEMAND

Docket No.

## NATURE OF THE CASE

1.    This civil rights action is brought pursuant to 42 U.S.C. § 1983 for declaratory relief, damages, costs and fees, to redress the denial of plaintiff's right to due process of law, equal protection of the laws, and the right to be free of arbitrary police action, excessive fines and unreasonable searches and seizures, under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

2.    On May 15, 2006, plaintiff's leased 2006 Acura MDX, #2HNYD18666H516660 ("the seized vehicle"), was impounded, while parked, by the New York City Police Department (NYPD) pursuant to section 14-140 of the New York City Administrative Code ("the City Code"), on the ground that the seized vehicle was allegedly being used to transport illegal fireworks. The criminal charges were dismissed in December 2006.

3.    In June 2006, a noticed OATH hearing regarding plaintiff's right to the

release and return of seized vehicle *pendent lite* was canceled by the defendants on the day of the hearing without prior notice to plaintiff. Then, despite plaintiff's numerous requests for its release and return, and despite plaintiff's acquittal on all criminal charges arising from the seizure, defendants disposed of the seized vehicle without ever (a) providing plaintiff with a retention hearing or (b) commencing forfeiture proceedings. Thus, plaintiff had no legal authority to dispose of the seized vehicle, as the lawfulness of its seizure, retention and/or forfeiture was never even assessed, let alone affirmed, by a neutral factfinder. The City is therefore liable in damages to plaintiff.

4. **Due Process/Fourth Amendment Violation:** In *Krimstock v. Kelly*, 306 F.3d 40 (2d Cir. 2002), *cert. denied*, 539 U.S. 969 (2003), the Court of Appeals for the Second Circuit held that where a person's automobile has been seized and held for forfeiture by the defendants under the City Code, the Fourth Amendment and "due process of law requires that plaintiffs be afforded a prompt post-seizure, pre-judgment hearing before a neutral judicial or administrative officer to determine whether the City is likely to succeed on the merits of the forfeiture action and whether means short of retention of the vehicle can satisfy the City's need to preserve it from destruction or sale during the pendency of proceedings" ("prompt hearing"). Under the City Code, the person seeking the release and return of a seized vehicle is termed a "claimant".

5. *Krimstock* held that the only condition precedent to this due process/Fourth Amendment right to a prompt hearing is the seizure of a claimant's vehicle. Claimants are not required to perform any other acts or comply with any other procedures to trigger

this right to a prompt hearing.

6. The Second Circuit in *Krimstock* held that failure to conduct a prompt hearing constitutes a violation of the Due Process Clause and the Fourth Amendment, requiring, at minimum, the release and return of the seized vehicle to the claimant pending the conclusion of forfeiture proceedings.

7. Although plaintiff herein was entitled to a prompt hearing, and although defendants acknowledged that right by noticing such a hearing for June 5, 2006, defendants unilaterally, and without prior notice to plaintiff, canceled the hearing, refused to make a new hearing date available, and permitted the disposal of the seized vehicle without judicial authorization and in derogation of plaintiff's constitutional rights.

8. Had defendants complied with the Constitution and the laws and provided plaintiff with the hearing, the seized vehicle would have been released to the plaintiff, defendants would have been compelled to follow their own procedures and commence forfeiture proceedings to recover the seized vehicle, and the seized vehicle could not have been sold at auction.

9. Further, defendants had no right to dispose of the seized vehicle prior to the resolution of the criminal charges against the plaintiff. Moreover, given the fact that those charges were dismissed, defendants' own procedures mandated the return of the vehicle and the dismissal of any related forfeiture proceeding. Indeed, as the charges did not even involve the operation of the seized vehicle, there was no legal or factual basis for the initial seizure and retention, let alone the disposal, of the seized vehicle.

10. Where the government's failure to conduct a prompt hearing in accordance with the Due Process Clause and the Fourth Amendment causes a claimant economic loss, the government is liable in damages to the plaintiff. *See, e.g., Miner v. City of Glens Falls*, 999 F.2d 655, 661-62 (2d Cir. 1993) (awarding damages for due process violation); *Remigio v. Kelly*, 2005 WL 1950138 (S.D.N.Y. Aug. 12, 2005) (denying motion to dismiss claim seeking damages and attorney's fees as a result of defendants' failure to provide prompt hearing on validity of seizure and retention of vehicle seized for DWI violation under City law in violation of *Krimstock*).

11. As a result of defendants' violation of plaintiff's civil and constitutional rights, defendants are liable to plaintiff for all damages proximately caused by the violation, including attorney's fees pursuant to 42 U.S.C. § 1988.

12. **Arbitrary Administrative Action:** Defendants held and disposed of plaintiff's vehicle without notice or a hearing, and failed to follow their own procedures for retention of property seized incident to an arrest set forth in the Rules of the Property Clerk, codified at Chapter 38-A of the Rules of the City of New York, §§12-36 *et seq.* (Property Clerk Rules).

13. Among other violations, defendants failed to file forfeiture proceedings against the seized vehicle at any time, as required by the Property Clerk Rules and by the Due Process Clause.

14. Finally, defendants failed to comply with the Property Clerk Rules by permitting the auction sale of the seized vehicle without providing notice to the plaintiff.

15. Defendants' arbitrary, irrational and capricious administrative actions violated plaintiff's due process and Fourth Amendment rights, as set forth in *Krimstock, Mendez v. United States*, 2003 WL 21673616 (S.D.N.Y. July 16, 2003) and *DeBellis v. Property Clerk*, 79 N.Y.2d 49, 580 N.Y.S.2d 157 (1992).

16. **Equal Protection Violation:** Although defendants have claimed that their DWI forfeiture policy was implemented to ensure public safety, the court in *Krimstock* noted that defendant NYPD Legal Bureau's November 1988 Forfeiture Guide instructed police that

> [c]ertain categories of property do not warrant forfeiture litigation due to their small value, [including n]on-owner operated vehicles ten years old or older, [unless, *inter alia*,] the vehicle has a special value, e.g., an expensive import.

The *Krimstock* court concluded that

> the City's interest in safety cannot be paramount if it seeks to remove from the road only a lucrative subset of the vehicles seized from intoxicated drivers.

*Krimstock*, 306 F.3d at 66-67.

17. To the extent that defendants have targeted valuable cars for forfeiture while ignoring cars of lesser value, while purporting to be protecting the public safety, defendants have violated the Equal Protection Clause in their enforcement of the City Code. Plaintiff, as the lessee of a vehicle of substantial value, is a victim of defendants' violation.

18. **Excessive Fines Violation:** Under *United States v. Bajakajian*, 524 U.S. 321 (1998) and *Grinberg v. Safir*, 181 Misc. 2d 444, 694 N.Y.S.2d 316 (Sup. Ct. New

5

York County), *aff'd*, 266 A.D.2d 43, 698 N.Y.S.2d 218 (1st Dep't 1999), *appeal dismissed*, 94 N.Y.2d 898, 707 N.Y.S.2d 143, *leave to appeal denied*, 95 N.Y.2d 756, 712 N.Y.S.2d 448 (2000), *overruled on other grounds*, Krimstock v. Kelly, 306 F.3d 40 (2d Cir. 2002), the City Code is punitive for excessive fines purposes, and forfeiture of property for a violation that carries a minimal penalty is "grossly disproportionate" to the severity of the crime and therefore constitutes an excessive fine within the meaning of the Eighth Amendment to the U.S. Constitution.

19. **Declaratory Judgment:** Plaintiff seeks a judgment declaring that defendants have violated plaintiff's rights under the Due Process Clause, the Equal Protection Clause and the Excessive Fines Clause by virtue of their illegal, unconstitutional and arbitrary retention and sale of the seized vehicle without providing plaintiff the opportunity for a prompt hearing on the validity of its seizure and continued retention.

20. **Damages and Fees:** Plaintiff seeks an award of damages, costs and attorneys' fees pursuant to, *inter alia*, 42 U.S.C. §§ 1983 and 1988, to compensate plaintiff for, *inter alia*, the loss of use of the seized vehicle from May 15, 2006 to the present and the permanent loss of the seized vehicle from the time of its sale on October 13, 2006 to the present, as a result of defendants' illegal, unconstitutional and arbitrary retention and sale thereof.

6

## JURISDICTION

21. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1343(3), because plaintiff seeks relief pursuant to 42 U.S.C. § 1983 for deprivations under color of state law of his rights under the Fourth, Eighth and Fourteenth Amendments.

## PARTIES

**Plaintiff**

22. Plaintiff, Mark Kapiti, is a resident of Bronx County, New York. Plaintiff's vehicle was seized at the time of his arrest for the alleged transport of fireworks.

**Defendants**

23. RAYMOND W. KELLY is the Commissioner of the NYPD. The NYPD seized, retained and sold the seized vehicle. He is sued in his official capacity.

24. THE PROPERTY CLERK of the NYPD maintains custody of all property seized by police in the City of New York. It keeps the seized automobiles in various facilities located throughout the City of New York.

25. THE CITY OF NEW YORK ("the City") is a municipal entity created under the laws of New York State. Under the Administrative Code, the City receives all funds derived from forfeiture lawsuits brought by the Property Clerk.

## FACTS

26. In February 2006, plaintiff leased the seized vehicle, a new Acura MDX luxury sport utility vehicle. The gross capitalized cost of the lease was $39,128.79. Plaintiff put down the sum of $1,238.06, including a $433.83 capitalized cost reduction payment, and agreed to make 36 monthly payments in the amount of $504.40.

27. At all times relevant to this lawsuit, plaintiff made all installment payments on the seized vehicle in a timely and complete manner.

28. On May 15, 2006, plaintiff was arrested (arrest #B06632931) for allegedly transporting fireworks in the seized vehicle. The seized vehicle, however, was parked at the time of the arrest.

29. Plaintiff's vehicle was seized and impounded in connection with the arrest.

30. Shortly after the seizure, plaintiff received a "Property Clerk's Motor Vehicle/Boat Invoice" dated May 15, 2006, assigning Voucher Number B103600V to the impoundment of the seized vehicle ("the Invoice"). On the Invoice, defendants had checked a box indicating that the seized vehicle was being held for "Forfeiture". The other property categories on the Invoice are: "Rotation Tow", "Arrest Evidence", "Investigation", "Safekeeping", "Determine True Owner", and "Photo Release".

31. On May 23, 2006, upon receiving notice of his right to an OATH retention hearing, plaintiff went to a location designated by the defendants and filed a claim to the seized vehicle requesting its release and return, and filed a request for the OATH retention hearing.

32. Thereafter, plaintiff received an undated document from the NYCPD Legal Bureau, Civil Enforcement Unit, entitled "Petition and Notice of Hearing" which purported to notify plaintiff of (a) defendants' "intention . . . to commence a civil forfeiture proceeding in order to confiscate the [seized] vehicle, and to retain the vehicle until the conclusion of those proceedings", and (b) the scheduling of an OATH hearing regarding the retention of the seized vehicle for June 5, 2006, at 2:00 p.m. at 40 Rector Street, 6th Floor, New York, New York.

33. On June 5, 2007, as plaintiff was preparing to travel to the hearing, he received a telephone call from an agent of the defendants informing him that the hearing had been canceled and would not be rescheduled and that therefore there would be no purpose for plaintiff to travel to the hearing location.

34. The information provided to plaintiff was correct: the hearing had in fact been canceled, at the defendants' request. Plaintiff, however, was not informed of the reason for the cancellation, nor was he given an opportunity to contest the cancellation.

35. As plaintiff was later to discover, several days before the scheduled OATH hearing, the NYPD Legal Bureau had, upon information and belief, entered into an agreement with the lessor of the seized vehicle, Honda Financial Services ("Honda").

36. Accordingly to subsequently obtained documentation, defendants, without plaintiff's knowledge or consent, agreed to release the seized vehicle to Honda in exchange for Honda's execution of a Release and hold harmless agreement in favor of the defendants.

37. Subsequent to the cancellation of the OATH retention hearing, plaintiff retained counsel ("prior counsel") to assist him in securing the release and return of the seized vehicle. Upon information and belief, prior counsel contacted defendants and Honda on numerous occasions, both orally and in writing, in an attempt to secure the return of the seized vehicle to the plaintiff, but to no avail.

38. Upon information and belief, on October 13, 2006, despite plaintiff's diligent efforts, the seized vehicle was sold at auction, resulting in a deficiency balance of $5,817.99, which Honda then took steps to recover from plaintiff.

39. On December 14, 2006, plaintiff was acquitted of all criminal charges filed in connection with his May 15, 2006 arrest relating to the alleged possession and transportation of fireworks. *See* Certificate of Disposition Number 13008, Case No. 26125C-2006, Lower Court No. 2006BX026125.

40. Further efforts by plaintiffs' prior counsel failed to secure any relief for plaintiff who, in early 2007, paid Honda more than $3,000.00 to resolve the deficiency claim.

## AS AND FOR A FIRST CLAIM FOR RELIEF

### (Due Process/Fourth Amendment)

41. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 40 hereof, as if fully set forth herein.

42. Under *Krimstock v. Kelly*, defendants were required by the Fourth and

Fourteenth Amendments of the U.S. Constitution to provide plaintiff, promptly after seizure of plaintiff's vehicle, with the opportunity for a hearing, before a neutral factfinder, where plaintiff could challenge the "probable validity of continued deprivation of [his] vehicle[], including the City's probable cause for the initial warrantless seizure." *Krimstock*, 306 F.3d at 69.

43. Under *Krimstock*, defendants' failure to provide plaintiff with a prompt retention hearing before a neutral factfinder, despite plaintiff's request for such a hearing, constitutes a violation of plaintiff's due process and Fourth Amendment rights.

44. Under *Krimstock*, the appropriate remedy for this violation includes the immediate and permanent release and return of plaintiff's seized vehicle. *See, e.g., Mendez v. United States*, 2003 WL 21673616 (S.D.N.Y. July 16, 2003) ("Because the government 'failed to offer post-seizure evidence to justify continued . . . retention of the seized property' . . . the seized property must be returned") (quoting *Krimstock*).

45. Further, by reason of the unconstitutional and illegal sale of the seized vehicle, plaintiff has been further damaged by being permanently deprived of the ownership, use and enjoyment of his valuable property without due process of law.

46. By reason of defendants' multiple violations of plaintiff's due process and Fourth Amendment rights, plaintiff has been damaged as a result of, *inter alia*, the loss of use of the seized vehicle since May 15, 2006, and the permanent loss of the vehicle since October 13, 2006, in an amount to be proved at trial, but not less than $100,000.00, plus costs, pre- and post-judgment interest and attorneys' fees pursuant to the 42 U.S.C. §

1988.

## AS AND FOR A SECOND CLAIM FOR RELIEF

### (Arbitrary Administrative Action)

47.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 46 hereof, as if fully set forth herein.

48.  Defendants failed to adhere to their own procedures, set forth in the Property Clerk Rules, by permitting the retention and sale of the seized vehicle without notice and without commencement of forfeiture proceedings against the vehicle, despite: (a) plaintiff's numerous verbal and written demands, both individually and through prior counsel, for the return of the seized vehicle; (b) plaintiff's request for an OATH retention hearing; and (c) dismissal of the criminal charges against the plaintiff. Indeed, defendants' procedures required the permanent return of the seized vehicle to plaintiff and the withdrawal of all proceedings against the vehicle, as a result of the dismissal of the related criminal charges.

49.  The arbitrary, capricious and irrational nature of defendants' conduct violates the Fourth and Fourteenth Amendments. *See, e.g., Mendez v. United States*, 2003 WL 21673616 (S.D.N.Y. July 16, 2003) ("Because the government 'failed to offer post-seizure evidence to justify continued . . . retention of the seized property' . . . the seized property must be returned") (quoting *Krimstock*); *DeBellis v. Property Clerk*, 79 N.Y.2d 49, 58-59, 580 N.Y.S.2d 157, 162 (1992).

50. By reason of defendants' arbitrary, capricious and irrational acts, plaintiff has been damaged as a result of, *inter alia*, the loss of use of the seized vehicle since May 15, 2006, and the permanent loss of the vehicle since October 13, 2006, in an amount to be proved at trial, but not less than $100,000.00, plus costs, pre- and post-judgment interest and attorneys' fees pursuant to the 42 U.S.C. § 1988.

### AS AND FOR A THIRD CLAIM FOR RELIEF

### (Equal Protection)

51. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 50 hereof, as if fully set forth herein.

52. Defendants, by targeting valuable cars for forfeiture and ignoring cars of lesser value, while purporting to be protecting the public safety in their enforcement of the City Code, have violated the Equal Protection Clause.

53. Plaintiff, as the owner of a vehicle of substantial value, is a victim of the defendants' violation.

54. By reason of defendants' violation of plaintiff's equal protection rights, plaintiff has been damaged as a result of, *inter alia*, the loss of use of the seized vehicle since May 15, 2006, and the permanent loss of the vehicle since October 13, 2006, in an amount to be proved at trial, but not less than $100,000.00, plus costs, pre- and post-judgment interest and attorneys' fees pursuant to the 42 U.S.C. § 1988.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

### (Excessive Fines)

55. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 54 hereof, as if fully set forth herein.

56. Under *United States v. Bajakajian*, 524 U.S. 321 (1998), enforcement of the City's DWI policy under the City Code is punitive for excessive fines purposes. *See Grinberg v. Safir*, 181 Misc. 2d 444 at 458, 694 N.Y.S.2d at 328 ("The City DWI Forfeiture Policy is punitive for Eighth Amendment purposes").

57. The retention and sale of plaintiff's $39,000 vehicle, when plaintiff was acquitted of all criminal charges, is "grossly disproportionate" to the outcome of the criminal case.

58. Therefore, the retention and sale of plaintiff's vehicle constituted an excessive fine within the meaning of the Eighth Amendment to the U.S. Constitution.

59. By reason of defendants' violation of plaintiff's rights under the Excessive Fines Clause, plaintiff has been damaged as a result of, *inter alia*, the loss of use of the seized vehicle since May 15, 2006, and the permanent loss of the vehicle since October 13, 2006, in an amount to be proved at trial, but not less than $100,000.00, plus costs, pre- and post-judgment interest and attorneys' fees pursuant to the 42 U.S.C. § 1988.

## AS AND FOR A FIFTH CLAIM FOR RELIEF

### (Declaratory Judgment)

60.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 59 hereof, as if fully set forth herein.

61.     Plaintiff has an actual and substantial controversy with the defendants, and unless there is a declaration of the rights of the plaintiff, defendants' unconstitutional policies and practices will continue.

62.     Plaintiff is therefore entitled to a judgment declaring that:

(a)     Defendants have violated plaintiff's rights under the Due Process Clause, the Equal Protection Clause and the Excessive Fines Clause;

(b)     By reason of defendants' violation of plaintiff's rights under the Due Process Clause, the Equal Protection Clause and the Excessive Fines Clause, plaintiff has been damaged as a result of, *inter alia*, the loss of use of the seized vehicle since May 15, 2006, and the permanent loss of the vehicle since October 13, 2006, in an amount to be proved at trial, but not less than $100,000.00, plus costs, pre- and post-judgment interest and attorneys' fees pursuant to the 42 U.S.C. § 1988, and

(c)     Plaintiff is entitled to costs, pre- and post-judgment interest and attorneys' fees pursuant to 42 U.S.C. § 1988.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues.

**WHEREFORE**, Plaintiff Mark Kapiti prays this Court for the following relief:

(1) On the First Claim for Relief, for (a) damages for loss of use and replacement of the seized vehicle in an amount to be determined at trial, but not less than $100,000, and (b) costs, pre- and post-judgment interest and attorneys' fees pursuant to the 42 U.S.C. § 1988, together with such other and further relief, both legal and equitable, as the Court deems just and proper;

(2) On the Second Claim for Relief, for (a) damages for loss of use and replacement of plaintiff's seized vehicle in an amount to be determined at trial, but not less than $100,000, and (b) costs, pre- and post-judgment interest and attorneys' fees pursuant to 42 U.S.C. § 1988, together with such other and further relief, both legal and equitable, as the Court deems just and proper;

(3) On the Third Claim for Relief, for (a) damages for loss of use and replacement of plaintiff's seized vehicle in an amount to be determined at trial, but not less than $100,000, and (b) costs, pre- and post-judgment interest and attorneys' fees pursuant to 42 U.S.C. § 1988, together with such other and further relief, both legal and

equitable, as the Court deems just and proper;

(4)   On the Fourth Claim for Relief, for (a) damages for loss of use and replacement of plaintiff's seized vehicle in an amount to be determined at trial, but not less than $100,000, and (b) costs, pre- and post-judgment interest and attorneys' fees pursuant to 42 U.S.C. § 1988, together with such other and further relief, both legal and equitable, as the Court deems just and proper, and

(5)   On the Fifth Claim for Relief, for a declaration that (a) the seizure, retention and sale of plaintiff's vehicle violated the Due Process Clause, the Equal Protection Clause and the Excessive Fines Clause, and (b) plaintiff is entitled to costs, pre- and post-judgment interest and attorneys' fees pursuant to 42 U.S.C. § 1988, together with such other and further relief, both legal and equitable, as the Court deems just and proper.

Dated:   New York, New York
         May 8, 2007

                                             LAW OFFICES OF STEVEN L. KESSLER

                                             By: _____
                                                 Steven L. Kessler (SK-0426)
                                                 *Attorney for Plaintiff Mark Kapiti*
                                                 122 East 42nd Street
                                                 Suite 606
                                                 New York, New York 10168
                                                 (212) 661-1500

## VERIFICATION

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

I, **MARK KAPITI,** declare under penalty of perjury that the statements set forth in the attached Verified Complaint are true and correct to the best of my knowledge, information and belief.

_____
**MARK KAPITI**

Sworn to before me this
___ day of May, 2007

_____
Notary Public

MURIEL S. KESSLER
Notary Public, State of New York
No. 03-7243750
Qualified in Bronx County
Commission Expires 1/30/10