**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

MARK KAPITI,

                    Plaintiff,

    -      against    -

RAYMOND W. KELLY, in his official capacity
as Commissioner of the New York City Police
Department, PROPERTY CLERK, New York
City Police Department, and The CITY OF NEW
YORK,

                    Defendants.

-------------------------------------------------------------x

**PLAINTIFF'S AMENDED**
**DISCLOSURES**
**PURSUANT TO**
**FED. R. CIV. P. 26 (A)**

Docket No. 07 Civ. 3782
(RMB)

**PLEASE TAKE NOTICE** that plaintiff MARK KAPITI, by his attorney,

STEVEN L. KESSLER, ESQ., hereby submits his amended disclosures pursuant to

Rule 26(a) of the Federal Rules of Civil Procedure as follows:

1. Name and address of each individual likely to have discoverable
information to support plaintiff's claims:

    a. Mark Kapiti, 3890 Sedgwick Ave., #5, Bronx, New York.

    b. Angel Toledo, Yonkers, New York.

2. A copy of, or a description by category and location of, all documents,
data compilations, and tangible things that are in the possession, custody
or control of the party that may be used to support plaintiff's claims:

    a. All documents previously produced to defendants as a courtesy
shortly after defense counsel's appearance in this case.

3. A computation of any category of damages claimed by the disclosing party, including any documents or other evidentiary material, not privileged, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:

a. Liquidated damages:

    i.    All sums paid to Honda Finance during the ten-month period commencing with defendants' wrongful seizure of plaintiff's 2006 Acura MDX, #2HNYD18666H516660 ("the vehicle") on May 15, 2006, through the resolution of all claims asserted by Honda against plaintiff as a result of defendants' wrongful acts in or about March 2007 (the "loss of use period") (supporting documents already provided).

    ii.    All sums paid to State Farm Insurance Co. to insure the vehicle, during the loss of use period, until the removal of the vehicle from plaintiff's insurance policy (documents to be provided).

    iii.    All initial lease fees, prepaid taxes, title charges and other fees paid to Honda Finance Co. at the inception of the lease term intended to defray expenses applicable to the entire lease period (supporting documents already provided).

    iv.    Loss of use, quantified as the cost of procuring reasonably similar substitute transportation during the loss of use period: rental of a 2006 Acura MDX, or similar, from a reputable car rental company during the loss of use period, as the 'transportation chaos' caused by defendants' wrongful acts rendered plaintiff financially unable to commit to the purchase or lease or another vehicle until he resolved the situation wrongfully created by defendants with Honda Financial (information publicly available).

    v.    All attorneys' fees incurred by plaintiff during the loss of use period for the purpose of resolving the situation with defendants and Honda Financial caused by defendants' wrongful acts (documents to be provided).

2

    vi.     All attorneys' fees incurred by plaintiff in connection with the commencement and prosecution of the instant litigation (documents to be provided).

  b.  Unliquidated damages (to be quantified by a jury at trial):

    i.     Financial, logistical, physical and mental hardship and stress caused to plaintiff by defendants' wrongful acts resulting in ten months of 'transportation chaos'.

    ii.    Defendants' intentional and/or reckless and/or grossly negligent interference with plaintiff's contractual relationship with Honda Financial.

    iii.   Long-term damage to plaintiff's credit rating proximately resulting from defendants' wrongful acts (redacted documents to be provided), directly resulting in plaintiff's inability to finance or lease another vehicle; such damages are continuing in nature

4. Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

  a.  Not applicable.

Plaintiff reserves the right to supplement and/or amend any of the foregoing if and when additional information or documentation becomes available.

Dated:    New York, New York
         November 7, 2007

**LAW OFFICES OF STEVEN L. KESSLER**

By: _____

Steven L. Kessler (SK-0426)
*Attorney for Plaintiff Mark Kapiti*
122 East 42nd Street
Suite 606
New York, New York 10168
(212) 661-1500


TO:   Corporation Counsel of the City of New York
      100 Church Street, Room 3-186
      New York, N.Y. 10007
      Attn: Philip S. Frank
           David M. Hazan, Esq.

4