Lease Date: 02/03/06

# CLOSED-END MOTOR VEHICLE LEASE AGREEMENT — NEW YORK

| LESSEE(S) (Print Name & Address) | VEHICLE GARAGING ADDRESS (if different) | LESSOR (Dealer) |
|---|---|---|
| Name of Lessee: HARDE ENTERPRISE AND MARK KAPITI | HARDE ENTERPRISE | Name of Lessor: CURRY ACURA |
| City: 3890 SEDGWICK AVE BRONX | Street Address: | Street Address: 685 CENTRAL PARK AVE |
| State, Zip: NY 10463 | City: | City: SCARSDALE |
| County: | State, Zip: | State, Zip: NY 10583 |
| Name of Co-Lessee: | County: | Dealer Number: 251524 |
| | Driver Phone Number: (347)602-5422 | |

By signing this Lease, Lessee(s) ("I", "my", "me") agree to lease the Vehicle, described below, according to the terms on both sides of this Lease. I accept delivery of the Vehicle and acknowledge that it is in good operating order, equipped as described and has the odometer reading recorded below. "Lessor" refers to the Lessor ("Dealer") named above and Assignee. American Honda Finance Corporation (AHFC) will administer this Lease.

Assignee: HVT, INC.

LEASE TERM: 36 MONTHS

## VEHICLE DESCRIPTION

| New/Used | Year/Make/Model | Body Style | Vehicle Identification Number | Odometer Reading |
|---|---|---|---|---|
| NEW | 2006 ACURA MDX5DRTOU | 5DR | 2HNYD18666H516660 | |

Including Standard Manufacturer Installed Features (unless replaced by upgraded equipment) and the Following Dealer Installed Options:
___ Air Conditioning ___ Leather Interior ___ Power Moonroof ___ Custom Wheels ___ Rear Wing Spoiler ___ Alarm System
Audio System Includes: ___ AM/FM Stereo ___ AM/FM Stereo with Cassette Player ___ Cassette Player ___ CD Changer ___ CD Player
Other Dealer Installed Options: ___

## FEDERAL CONSUMER LEASING ACT DISCLOSURES

| Amount Due at Lease Signing (Itemized Below) | Monthly Payments | Other Charges (not part of your monthly payment) | Total of Payments (The amount I will have paid by the end of the Lease.) |
|---|---|---|---|
| $ 1238.06 | My first monthly payment of [illegible] is due on 02/03/2006 followed by 35 payments of $ 504.40 due on the 4TH of each month. The total of my monthly payments is $ 18158.40. My single payment of $ N/A is due on N/A | Disposition Fee (if I do not purchase the Vehicle) ... $ 0 Total ... $ 0 | $ 18892.06 |

## ITEMIZATION OF AMOUNT DUE AT LEASE SIGNING

**Amount Due at Lease Signing**

| | | |
|---|---|---|
| Capitalized Cost Reduction (Amount Paid in Cash) | $ | 433.83 |
| Sales/Use Tax on Amount Paid in Cash | + | 36.33 |
| Capitalized Cost Reduction (Credit for Net Trade-in Allowance) | + | N/A |
| Sales/Use Tax on Credit for Net Trade-in Allowance | + | N/A |
| Advance Monthly Payment (1st Month) | + | 504.40 |
| Advance Single Payment (If Single Payment Lease) | + | N/A |
| Refundable Security Deposit | + | N/A |
| Initial Title Fees | + | N/A |
| Initial Registration Fees | + | 206.00 |
| Other: NY WASTE TIRE MGMT FEE | + | 12.50 |
| Other: DOC FEE | + | 45.00 |
| Other: | + | N/A |
| TOTAL | = $ | 1238.06 |

**How the Amount Due at Lease Signing will be Paid**

| | | |
|---|---|---|
| Credit for Net Trade-in Allowance: Year ___ Make ___ | $ | N/A |
| Rebates: | + | N/A |
| Noncash Credits: | + | N/A |
| Amount Paid By: | + | N/A |
| Amount to be Paid in Cash: | + | 1238.06 |
| TOTAL | = $ | 1238.06 |

FEB 16 2006

## MY MONTHLY PAYMENT/SINGLE PAYMENT IS DETERMINED AS SHOWN BELOW:

| | | | |
|---|---|---|---|
| GROSS CAPITALIZED COST | $ | 39128.79 | ☐ For an itemization of this amount, please check this box. The agreed upon value of the Vehicle ($ 37021.00) and any items I pay for over the Lease Term (such as taxes, fees, service contracts, insurance, and any outstanding prior credit or lease balance). |
| CAPITALIZED COST REDUCTION | − | 433.83 | The amount of any net trade-in allowance, rebate, noncash credit, or cash I pay that reduces the gross capitalized cost. |
| ADJUSTED CAPITALIZED COST | = | 38694.96 | The amount used in calculating my base monthly or single payment. |
| RESIDUAL VALUE | − | 24519.00 | The estimated value of the Vehicle at the scheduled end of the Lease Term used in calculating my base monthly or single payment. |
| DEPRECIATION AND ANY AMORTIZED AMOUNTS | = | 14175.96 | The amount charged for the Vehicle's decline in value through normal use and for other items paid over the Lease Term. |
| RENT CHARGE | + | 3982.44 | The amount charged in addition to the depreciation and any amortized amounts. |
| TOTAL OF BASE PAYMENT(S) | = | 18158.40 | The depreciation and any amortized amounts plus the rent charge. |
| LEASE PAYMENTS | ÷ | 36 | The number of payments required during the term of my Lease. |

ATTEST A TRUE AND EXACT COPY.
[signature]
CUSTOMER SERVICE REPRESENTATIVE

Sworn and certified before me today 5/30/06
[signature] Dimitra A. [illegible]
Notary Public
My Commission Expires 7/31/09

NYC 7

ATTEST A TRUE AND EXACT COPY.

CUSTOMER SERVICE REPRESENTATIVE

Sworn and certified before me today 5/30/06

Notary Public

My Commission Expires 7/31/09

... The earlier I end the Lease, the greater this charge is likely to be.

**EXCESSIVE WEAR AND USE.** I may be charged for excessive wear based on Lessor's standards for normal use and for mileage in excess of 12,000 miles per year at the rate of .20 cents per mile.

**PURCHASE OPTION AT END OF LEASE TERM.** I have an option to purchase the Vehicle AS-IS, WHERE-IS at the end of the Lease Term for $ 24519.00, plus any required taxes and fees.

**OTHER IMPORTANT TERMS.** Review this Lease for additional information on early termination, purchase options, maintenance responsibilities, warranties, late and default charges, insurance, and any security interests, if applicable.

## DISCLOSURES REQUIRED BY NEW YORK LAW

| | | |
|---|---|---|
| Capitalized Cost | $ 39128.79 | (Sum of Adjusted Capitalized Cost and the Capitalized Cost Reduction). The Capitalized Cost and the amount of the monthly payment may be negotiable. |
| Capitalized Cost Reduction — | $ 433.83 | |
| Adjusted Capitalized Cost = | $ 38694.96 | (The amount which is capitalized in connection with the Lease and is used in determining the amount of my Monthly Payment). This amount will be used in determining my Early Termination Liability. |

*The Adjusted Capitalized Cost may be used to compare the early termination provisions of competing lessors.*

## VEHICLE WARRANTIES

If the Vehicle is new, it is covered by the Manufacturer's New Vehicle Warranty. If the Vehicle is new or used, it is not covered by any other warranty unless identified below:

XX Remainder of Manufacturer's New Vehicle Warranty.
____ Manufacturer's Used Vehicle Limited Warranty.
____ Manufacturer's Extended Warranty.
____ Other: ____

Lessor assigns to me all of its rights in the above specified warranties. LESSOR LEASES THE VEHICLE "AS-IS" AND MAKES NO WARRANTIES, EXPRESS OR IMPLIED, REGARDING THE VEHICLE AND SPECIFICALLY DISCLAIMS ANY WARRANTIES IMPLIED BY LAW, INCLUDING WITHOUT LIMITATION, THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR ANY PARTICULAR PURPOSE.

## OTHER CHARGES

I understand that the "Other Charges" and "Total of Payments" boxes above do not reflect amounts collected on behalf of third parties (such as property taxes, fines, fees, etc.) or charges imposed if I fail to abide by or modify the terms of this Lease. I am also responsible for these amounts and will refer to all other terms and conditions of this Lease for a description of all charges due.

## OPTIONAL SERVICE CONTRACT

An optional service contract promises to perform services or provide benefits relating to the maintenance or repair of the Vehicle. These coverages are not provided by the Lessor. I must pursue all matters relating to these coverages through the provider. The terms and conditions for these coverages are in a separate contract, which I have read and received.

Price: $ N/A Provider: ____

Price: $ N/A Provider: ____

If the price of any service contract is not included in the Amount Due at Lease Signing, the price will be included in the Gross Capitalized Cost and will be subject to rent charges.

## ESTIMATED FEES AND TAXES DURING LEASE TERM

I agree to pay when due or reimburse Lessor for all title/license/registration/official fees and taxes over the term of my Lease (including any extensions), whether paid at lease signing, included in my monthly payments or assessed otherwise. Lessor estimates this amount to be:

.................... $ 2212.12

The actual total of fees and taxes may be higher, or lower, depending upon whether the garaging address of the Vehicle changes, and on the tax rates in effect, or the value of the Vehicle at the time a fee or tax is assessed. Some taxes and fees may come due after the Lease terminates. I agree to pay any such amounts within **10** days of being invoiced. I will be responsible for any fines or penalties if I fail to pay the bill when due.

## VEHICLE INSURANCE

**Physical damage and liability insurance coverage for bodily injury and property damage caused to others are not included under this Lease.** During the Lease term, and until the Vehicle is returned to Lessor, I must provide and pay for the following insurance covering both me and Lessor: (1) Public Liability Insurance that either covers up to **$100,000** for bodily injuries to any one person, **$300,000** for bodily injuries for any one accident, and **$50,000** for property damage, or has a combined single limit of **$300,000** for bodily injuries and property damage for any one accident; and (2) Physical Damage insurance covering loss or damage to the Vehicle, with deductibles of no more than **$1,000** for collision and upset loss and **$1,000** for comprehensive fire and theft loss. The Policy of Public Liability Insurance must show Assignee as an additional insured. The policy of Physical Damage Insurance must show Assignee as loss payee. I may choose to get the required coverages myself or through any person. The policies must be written by an insurance company acceptable to Lessor. I agree to provide written proof of insurance to Lessor upon request, and authorize Lessor, and its agents, to contact my insurance agent and insurance company to verify coverage as required by this Lease. I further authorize Lessor to endorse my name(s) on any check or draft from my insurance company for any claim. Lessor may change the amounts of required insurance. I acknowledge that the limits required under this Lease may not be sufficient for my needs, and will see my insurance agent for more information. All insurance related information must be addressed to the Assignee, c/o PDP Services, P.O. Box 658201, Hunt Valley, Maryland 21065-0201.

Statefarm — 5272040B0252CC
Insurance Company Name — Policy Number

Statefarm — (845) 732.8382
Agent Name — Agent Telephone

100 Statefarm PL Ballston Spa NY 12020
Agent Address — City — State — Zip Code

**PRIMARY USE OF VEHICLE** ☒ Personal, family or household ☐ Agricultural, business or commercial

**WARNING:** *Important consumer protections may not apply if this agreement indicates that I am leasing the Vehicle primarily for agricultural, business or commercial use.*

**NOTICE TO LESSEE(S): 1. I WILL NOT SIGN THIS AGREEMENT BEFORE I READ IT OR IF IT CONTAINS ANY BLANK SPACE. 2. I AM ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS AGREEMENT WHEN I SIGN IT.**

**BY SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE READ BOTH SIDES OF THIS LEASE AND RECEIVED A COMPLETED COPY OF THIS LEASE.**

**CLOSED-END MOTOR VEHICLE LEASE AGREEMENT**

LESSEE: Marde Enterprises LLC BY: Mark Kapito TITLE: President/Sec.

LESSEE: Mark Kapito BY: ____ TITLE: ____

Lessor accepts this Lease and assigns all right, title, and interest in this Lease and the Vehicle described herein, and Lessor's rights under any guaranty signed in connection with this Lease, to Assignee

...o, LLC d/b/a Curry Acura By: [signature]

**VEHICLE MAINTENANCE AND OPERATING COSTS:** I will maintain the Vehicle in good working order and condition and have all necessary repairs made, using genuine manufacturer's replacement parts. I will pay all expenses for Vehicle use and operation, including maintenance, repair, fluids, tires and other expenses. At my expense, I will have the Vehicle serviced in accordance with the manufacturer's minimum recommendations and as requested by the manufacturer in connection with any recall campaign, have the service validated, and be able to provide proof that such service has been performed. Lessor may inspect the Vehicle at any reasonable time.

**USE:** I will notify my insurance company and AHFC immediately of any damage to or loss of the Vehicle and will cooperate following any such incident. I will not (a) allow unlicensed drivers to operate the Vehicle, (b) use or allow the Vehicle to be used illegally, improperly, or to transport goods or people for pay (c) use the Vehicle in a way that causes cancellation or suspension of insurance or causes the manufacturer's warranty to become void; (d) use the Vehicle to pull trailers that exceed the manufacturer's trailer towing recommendations; (e) remove the Vehicle from the 48 contiguous United States without AHFC's written consent (unless the Vehicle was originally leased in Alaska or Hawaii), or (f) change, mark or install equipment in the Vehicle without AHFC's written consent.

**REGISTRATION:** I will register the Vehicle, as required in the state where the Vehicle is garaged and pay for all license, title and registration costs. If I move or change the Vehicle's garaging address, I will notify AHFC immediately and pay for all resulting taxes and title, registration or other fees.

## ENDING MY LEASE

**PURCHASE OPTION PRIOR TO THE END OF LEASE TERM:** I have the option to purchase the Vehicle **AS IS, WHERE IS** at any time (unless a governmental agency has seized the Vehicle and instructed Lessor not to release the Vehicle to me). This purchase option may be exercised only by the Lessee. If I purchase the Vehicle prior to the end of the Lease Term the purchase price will be the unamortized portion of the Adjusted Capitalized Cost (the "Adjusted Lease Balance"), plus (i) any payments or other charges due and unpaid under this Lease (except excess mileage and excessive wear and use charges) and (ii) any taxes or fees required by law in connection with the purchase. The method for determining the Adjusted Lease Balance is identified in "Early Termination Lease Liability" below. I will re-register and re-title the Vehicle in my name at the time I purchase it. If I fail to do so Lessor may cancel the registration.

**NOTICE:** If I exercise the Purchase Option under this Lease, I acknowledge that AHFC, on behalf of Assignee, does hereby transfer, set over and assign all of its rights (but not its obligations) to sell such Vehicle to Honda Finance Exchange, Inc. pursuant to the Sub-Servicing and Master Exchange Agreement between AHFC and Honda Finance Exchange, Inc. **Notice is hereby given that all of the rights (but not the obligations) to sell the Vehicle have been assigned to Honda Finance Exchange, Inc. pursuant to such Master Exchange Agreement.**

**EARLY TERMINATION LEASE LIABILITY:** If I decide to terminate this Lease early, I will return the Vehicle to Lessor on the due date of a monthly lease payment. I will owe Lessor (a) any monthly payments already due and unpaid and any other amounts owed arising from any failure to keep promises under this Lease; plus (b) any official fees and taxes imposed in connection with the termination; plus (c) the amount, if any, by which the Adjusted Lease Balance (determined by the actuarial basis, where earnings are accrued on the first day of every period) exceeds the Realized Value of the Vehicle, described below, at early termination. Lessor may terminate this Lease at any time if the Lease is in default, or if the Vehicle is lost, stolen or destroyed, in which case I also agree to pay Lessor's costs of repossessing, storing and transporting the Vehicle as well as Lessor's costs of collection, including court costs and reasonable attorneys' fees, to the extent permitted by law.

"Actuarial basis" method means the method of allocating Base Monthly Payments between (i) the reduction of the Adjusted Capitalized Cost to the Residual Value over the Lease Term; and (ii) Rent Charges. Under this method, a Base Monthly Payment is applied first to the accumulated Rent Charges and any remainder is subtracted from, or any deficiency is added to, the balance of the Adjusted Capitalized Cost.

**I may terminate this Lease voluntarily at any time if I am in full compliance with the terms of the Lease and satisfy my early termination obligation.**

**DETERMINATION OF REALIZED VALUE OF THE VEHICLE:** The Realized Value of the Vehicle upon early termination will be determined in one of the following ways: (a) by written agreement between Lessor and me, provided it is signed within **10** days after I return the Vehicle to Lessor; (b) by a professional appraisal of the wholesale value of the Vehicle, if I choose to obtain one at my sole expense within **10** days after returning the Vehicle to Lessor. The appraisal must be made by an independent third party who is acceptable to Lessor and to me, the appraised value will then be the Realized Value; or (c) if the Realized Value is not determined by (a) or (b) above within **10** days after I return the Vehicle to Lessor, Lessor will proceed to sell the Vehicle at wholesale in a commercially reasonable manner. The net sale price, less any fees and taxes imposed upon Vehicle disposition, will be the Realized Value.

**ADVANCE SINGLE PAYMENT:** The Advance Single Payment amount is calculated based on the fact that I pay all periodic payments due under this Lease at its inception, and on the assumption that it will go full term. If the Lease is terminated early, the Lease will be treated as one which calls for monthly payments, each in the amount of the Advance Single Payment divided by the number of months in the Lease Term. Then my early termination liability will be calculated in the manner set forth under "Early Termination Lease Liability".

**SCHEDULED END OF LEASE LIABILITY:** I agree that if I do not purchase the Vehicle at the end of the Lease, my payment liability at that time will be the sum of: (a) any monthly payments already due and unpaid and any other amounts arising from my failure to keep my promises under this Lease; plus (b) any Excessive Wear and Use amounts, defined below; plus (c) any excess mileage charges; plus (d) any official fees and taxes imposed in connection with Lease termination.

**EXCESSIVE WEAR AND USE/EXCESS MILEAGE:** If I do not purchase the Vehicle at Lease end and subject to the limited waiver below, I will reimburse Lessor for the amount it would cost Lessor to repair excessive wear and use to the Vehicle, whether or not Lessor makes repairs. "Excessive Wear and Use" includes, but is not limited to (a) any mechanical defect or failure; (b) broken or missing parts or accessories (including missing keys or remote entry devices); (c) damaged body, fenders, metal work, lights or trim, or damaged or broken glass; (d) paint which is chipped; (e) interior rips, stains, burns or excessively worn areas; (f) missing or unsafe wheels or tires (including spare), tires with less than 1/8th inch of tread remaining at the shallowest point; (g) damage or any other condition that makes the Vehicle unsafe or unlawful to operate; or (h) safety and emission control equipment not in proper working order. I also agree to pay for excess mileage as stated on the other side under the paragraph entitled "Excessive Wear and Use".

**LIMITED EXCESSIVE WEAR AND USE WAIVER:** If I am in compliance with all terms and conditions of this Lease at Lease end (including, without limitation, payment obligations and insurance requirements), Lessor agrees to waive Excessive Wear and Use Charges caused by one or more single events, each of which total less than **$500** to repair, up to a maximum of **$1500** waived. **I remain responsible for the cost of any damage arising from any single event that would cost $500 or more to repair, and for Excessive Wear and Use Charges exceeding $1500.** A "single event" is a single occurrence that results in damage to the Vehicle. A single occurrence may result in damage to multiple areas of the Vehicle (as in front and back, or both sides) but would be considered a single event for purposes of this limited Waiver.

**RETURN OF THE VEHICLE:** Whether the Lease is terminated early or as scheduled, I agree to return the Vehicle to the Dealer's address as shown on this Lease or to any address AHFC specifies. If I keep possession of the Vehicle past the Lease Term, I agree to continue monthly payments but I understand that continued payment does not permit me to keep the Vehicle. I agree to pay for any damages that Lessor may suffer because I failed to return the Vehicle at Lease termination.

**ODOMETER DISCLOSURE STATEMENT:** On termination of this Lease (or upon election to purchase the Vehicle), I agree to provide a signed written disclosure to Lessor of the correct odometer mileage on the Vehicle, as required by federal law. I agree to pay Lessor for any loss, claims, damage, costs and expenses (including legal expenses) which result from my failure to promptly provide Lessor with a correct written odometer disclosure statement.

## DEFAULT OR LOSS OF THE VEHICLE

**DEFAULT:** I will be in default if (a) I fail to make any payment when due under this Lease; (b) a bankruptcy petition is filed by or against me (c) a proceeding in receivership is filed by or against me or my property or I make an assignment for the benefit of creditors; (d) I fail to comply with the insurance requirements of this Lease; (e) I do

**RIGHT TO CURE AND REINSTATE THE LEASE:** If I am a natural person leasing the Vehicle primarily for personal, family or household use, and my default consists solely of the failure to make timely payments under the Lease, I have the right to cure the default and reinstate the Lease, without losing any rights or options

ATTEST A TRUE AND EXACT COPY.

CUSTOMER SERVICE REPRESENTATIVE

Sworn and certified before me today 5/31/09

Notary Public

My Commission ...

CERTIFIED A TRUE AND EXACT COPY.

CUSTOMER SERVICE REPRESENTATIVE

Sworn and certified before me today 5/30/06

Notary Public

My Commission Expires 7/31/09

Lessor's interest in the Vehicle; or (k) I die. **Remedies:** In the event of default, Lessor may do any or all of the following without giving advance notice to me: (a) take any reasonable measures designed either to correct the default or to save Lessor from loss, in which case I will pay Lessor upon Lessor's request for the hours and expenses incurred; (b) terminate the Lease and my rights to possess and use the Vehicle; (c) take possession of the Vehicle by any method or manner permitted by law; (d) determine my termination liability on an early termination basis which I agree to pay immediately; (e) apply my security deposit to any amounts I owe; and (f) pursue any other remedy permitted by law. All of Lessor's rights are cumulative and the taking of any action will not prevent the taking of any other action. I also agree to pay Lessor's costs for repossessing, storing and transporting the Vehicle as well as all of Lessor's collection and legal costs, including court costs and fees paid to an attorney not a salaried employee of Lessor. If I am a natural person leasing the Vehicle primarily for personal family or household use the amount of the attorney fees will not exceed 15% of the amount due and payable.

**TOTAL LOSS PROTECTION:** Total Loss Protection limits the amount I will owe if there is a total loss of the Vehicle due to theft, confiscation or physical damage. If there is a total loss of the Vehicle due to theft, confiscation or physical damage I will be deemed to have terminated this Lease early and I will owe Lessor only for the Actual Cash Value of the leased Vehicle at the time of loss plus any unpaid rental payments and other charges arising from my failure to fulfill any obligation under this Lease that accrued prior to the date of total loss if I have maintained the required insurance coverages and Lessor receives the insurance proceeds. "Actual Cash Value" shall have the same meaning as under the insurance policy. Lessor waives **at no cost to me**, its right to collect any amount that is in excess of these amounts. I agree to consult with Lessor prior to accepting any actual cash value insurance settlement offered by my insurer and to provide Lessor with a copy of the insurer's settlement statement.

## ADDITIONAL INFORMATION

**OWNERSHIP:** This is a lease agreement. Lessor owns the Vehicle. I agree that this Lease is a true Lease for tax and other purposes and that Lessor will receive the benefits of ownership. Lessor has not given me any information or advice regarding any possible tax consequences or benefits under the Lease.

**PAYMENT SCHEDULE:** I agree to make payments to Lessor according to the schedule shown on the reverse side. The first monthly payment is due on the Lease Date. The second payment is due no later than **34** days after the Lease Date and must be on or between the **1st** and **28th** of the month. If the total monthly payment includes sales or use tax, this payment amount may vary to the extent of any tax increase or decrease. I will not change or stop any Lease payments for any reason even if the Vehicle is stolen, destroyed, seized by a governmental authority or experiences mechanical problems.

**LESSEE'S REPRESENTATIONS:** I promise that I have given true and correct information in the application for credit, and have no knowledge that would make that information untrue in the future. Lessor has relied on the truth and accuracy of that information in entering into this Lease. I promise that I have given a true payoff amount on any Vehicle traded in. If that payoff is more than the amount shown in the Itemization of Amount Due at Lease Signing on the front of this Lease, I will pay Lessor the excess amount upon demand.

**NOTICES/NO WAIVER:** I agree to notify Lessor within **30** days of any change in my address. Unless I notify Lessor in writing of any change in my address, any notices Lessor sends me are sufficient if sent to my address as shown on this Lease. Lessor can waive or delay the enforcement of its rights as to any person signing this Lease without affecting its rights as to any other person signing this Lease. I also agree that Lessor can release any signer from his or her obligations without releasing any other signer from their obligations.

**SECURITY DEPOSIT:** A refundable security deposit may be part of the payment I make when I sign this Lease. At lease termination, whether early or as scheduled Lessor will deduct from the security deposit any amounts I owe under this Lease and do not pay. If I fully perform my obligations under this Lease, upon termination any part of the security deposit not credited will be refunded to me. In the event Lessor has not been billed for personal property taxes for the Vehicle for the year (or part thereof) in which the Lease terminates, I authorize Lessor to retain a portion of the security deposit estimated to cover any personal property tax allocation for such year and apply it to the tax when due. No increase or profit received from or attributable to, and no interest accrued on, the security deposit will be paid to me unless otherwise required by law.

**SECURITY INTEREST:** I give Lessor a security interest in the proceeds, cancellation refunds or other rights I may have under any insurance, repair or service contract whose cost is included in the total monthly payment. I authorize AHFC, on my behalf, to receive and endorse checks or drafts, and settle or release any claim under the insurance related to the Assignee's ownership in the Vehicle.

**LATE CHARGE/RETURNED CHECK CHARGE:** I will pay a late charge equal to the lesser of **$25** or **6%** of the unpaid portion on any payment that is not received within **10** days after it is due, or such lesser amount as set by law. I will also pay a **$20** charge for any check or similar instrument returned for any reason.

**ASSIGNMENT:** I agree not to transfer, sublease, rent, or assign this Lease, the Vehicle or my right to use the Vehicle. This Lease will be assigned to the Assignee identified on the other side. AHFC will administer this Lease. I agree to make all payments and perform all other obligations under this Lease to AHFC. I acknowledge that AHFC (and Assignee, if different) will not have to make any repairs, maintain the Vehicle or perform any of Dealer's duties under this Lease. AHFC has the power to act on behalf of Assignee to administer, enforce and defend this Lease.

**CREDIT REPORTING:** I authorize AHFC and its affiliates, at any time, to reinvestigate any information provided on my credit application and to verify my current credit standing and in the course of doing so, request and receive credit bureau reports. If I default under the Lease, I authorize AHFC and its affiliates to make any credit inquiries AHFC and its affiliates deem appropriate, and understand that negative credit report reflecting on my credit record may be submitted to a credit reporting agency. I authorize AHFC and its affiliates and others to exchange credit account, and financial information about me at any time except to the extent I have instructed you otherwise.

**MODIFICATIONS/GOVERNING LAW:** This Lease sets forth all of the agreements between Lessor and Lessee for the Lease of the Vehicle, and no modification of this Lease shall be valid unless it is made in writing and signed by Lessor and Lessee. If any provision of this Lease is unenforceable or invalid, the provision shall be severed from the remainder of the Lease and the validity and enforceability of the remaining provisions shall not be affected or impaired. This Lease is to be governed by the laws of the state of Dealer's business.

**JOINT AND SEVERAL LIABILITY:** If this Lease is signed by more than one Lessee, each Lessee is individually liable for the entire amount owing under this Lease in addition to being jointly liable with other Lessees.

**REIMBURSEMENT AGREEMENT:** I agree that I will reimburse Lessor for any loss or damage to the Vehicle and will indemnify Lessor from all claims, losses and costs related to the use, maintenance or condition of the Vehicle. If Lessor pays any repair bills, storage bills, taxes, fines, tickets or other charges on the Vehicle I agree to repay the amount to Lessor immediately upon demand. If I do not pay, I will reimburse AHFC and pay a **$20** administrative fee, unless prohibited by law, for every such fine, ticket, penalty or other charge paid on my behalf.

***PLEASE SEPARATE ALL COPIES BEFORE SIGNING GUARANTY. ORIGINAL SIGNATURES REQUIRED ON ALL PARTS.***

**GUARANTY:** I/We jointly and severally guaranty payment of all amounts owed under this Lease. This means that if the Lessee(s) fails to pay any money owed, I/We will pay it. Upon default under the Lease, Lessor may proceed immediately against me/us for payment without first proceeding against the Lessee(s), any other guarantor, or any security. I/We also will be liable for all fees, including attorneys' fees, that the Lessor incurs in enforcing the Lease or this guaranty. My/Our guaranty of payment is unconditional, and will not be affected by any settlement, extension, renewal or amendment of the Lease, or the release of any person or security. I/We waive all notices of every kind and nature and also waive all rights to demand and presentment.

| Co-Signer/Guarantor Signature | Print Name | Co-Signer/Guarantor Signature | Print Name |
|---|---|---|---|

SEE OTHER SIDE FOR ADDITIONAL TERMS AND CONDITIONS

/06

CLOSED-END MOTOR VEHICLE LEASE AGREEMENT - YORK

| Lessee(s) | | Dealer |
|---|---|---|
| MARDE ENTERPRISE AND MARK KAPITI<br>3090 SEDGWICK AVE<br>BRONX<br>NY 10463 | MARDE ENTERPRISE<br>(347)602-5422 | CURRY ACURA<br>685 CENTRAL PARK AVE<br>SCARSDALE<br>NY 10583<br>251524 |

[illegible]

Assignee: NYT, INC.

LEASE TERM: 36 MONTHS.

## VEHICLE DESCRIPTION

| New/Used | Year/Make/Model | Body Style | Vehicle Identification Number | Odometer Reading |
|---|---|---|---|---|
| NEW | 2006 ACURA MDXSORT00 | SUV | 2HNYD18666H516660 | |

[illegible]

## FEDERAL CONSUMER LEASING ACT DISCLOSURES

| Amount Due at Lease Signing | Monthly Payments/Single Payment | Other Charges | Total of Payments |
|---|---|---|---|
| $ 1238.06 | My first monthly payment of $ 504.40 is due on 02/02/2006 followed by 35 payments of $ 504.40 due on the 4TH of each month. The total of my monthly payments is $ 18158.40. My single payment of $ N/A is due on N/A | Disposition Fee $ 0; Total $ 0 | $ 18892.06 |

## ITEMIZATION OF AMOUNT DUE AT LEASE SIGNING

| Amount Due at Lease Signing | | |
|---|---|---|
| Capitalized Cost Reduction (Amount Paid in Cash) | $ | 433.83 |
| Sales/Use Tax on Amount Paid in Cash | + | 26.33 |
| Capitalized Cost Reduction (Credit for Net Trade-in Allowance) | + | N/A |
| Sales/Use Tax on Credit for Net Trade-in Allowance | + | N/A |
| Advance Monthly Payment (1st Month) | + | 504.40 |
| Advance Single Payment (if Single Payment Lease) | + | N/A |
| Refundable Security Deposit | + | N/A |
| Initial Title Fees | + | N/A |
| Initial Registration Fees | + | 206.00 |
| Other: NY WASTE TIRE MGMT FEE | + | 12.50 |
| Other: DOC FEE | + | 45.00 |
| Other: | + | N/A |
| TOTAL | = $ | 1238.06 |

| How the Amount Due at Lease Signing will be Paid | | |
|---|---|---|
| Credit for Net Trade-in Allowance Year ___ Make ___ | $ | N/A |
| Rebates | + | N/A |
| Noncash Credits | + | N/A |
| Amount Paid By: | + | N/A |
| Amount to be Paid in Cash | + | 1238.06 |
| TOTAL | = $ | 1238.06 |

FEB 16 2006

## MY MONTHLY PAYMENT IS DETERMINED AS SHOWN BELOW

| | | | |
|---|---|---|---|
| GROSS CAPITALIZED COST | $ | 39128.79 | For an itemization of this amount, please check this box. The agreed upon value of the Vehicle ($ 37021.00) and any items I pay for over the Lease Term [illegible] |
| CAPITALIZED COST REDUCTION | − | 433.83 | [illegible] |
| ADJUSTED CAPITALIZED COST | = | 38694.96 | [illegible] |
| RESIDUAL VALUE | − | 24519.00 | [illegible] |
| DEPRECIATION AND ANY AMORTIZED AMOUNTS | = | 14175.96 | [illegible] |
| RENT CHARGE | + | 3982.44 | [illegible] |
| TOTAL OF BASE PAYMENTS | = | 18158.40 | [illegible] |
| LEASE PAYMENTS | ÷ | 36 | [illegible] |
| BASE MONTHLY/SINGLE PAYMENT | = | 504.40 | |
| MONTHLY SALES/USE TAX | + | N/A | |
| SALES/USE TAX (SINGLE PAYMENT) | + | N/A | |
| OTHER: | + | N/A | |
| TOTAL MONTHLY/SINGLE PAYMENT | = $ | 504.40 | |

EARLY TERMINATION. [illegible]

EXCESSIVE WEAR AND USE. [illegible] of 12,000 miles per year at the rate of 20 cents per mile.

PURCHASE OPTION AT END OF LEASE TERM. [illegible] for $ 24519.00, plus any required taxes and fees.

OTHER IMPORTANT TERMS. [illegible]

## [illegible]

| | | | |
|---|---|---|---|
| Capitalized Cost | $ | 39128.79 | [illegible] |
| Capitalized Cost Reduction | − $ | 433.83 | |
| Adjusted Capitalized Cost | = $ | 38694.96 | [illegible] |

[illegible]

XX [illegible]

[illegible]

[illegible]

[illegible]

Price: $ N/A Provider:

Price: $ N/A Provider:

[illegible]

[illegible] $ 2212.12

[illegible]

[illegible] Insurance coverage for bodily injury and [illegible] are not included under this Lease. [illegible] $300,000 [illegible] $1,000 [illegible]

StateFarm 5272040802521001

StateFarm (845) 732-8283

100 StateFarm Pl Ballston Spa, NY 12020

PRIMARY USE OF VEHICLE [X] Personal, family or household [ ] Agricultural, business or commercial

[illegible]

NOTICE TO LESSEE(S): 1. I WILL NOT SIGN THIS AGREEMENT BEFORE I READ IT OR IF IT CONTAINS ANY BLANK SPACE. 2. I AM ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS AGREEMENT WHEN I SIGN IT. BY SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE READ BOTH SIDES OF THIS LEASE AND RECEIVED A COMPLETED COPY OF THIS LEASE.

LESSEE Marde Enterprises LLC

CLOSED-END MOTOR VEHICLE LEASE AGREEMENT

**VEHICLE MAINTENANCE AND OPERATING COSTS:** [illegible] Lessor may inspect the Vehicle at any reasonable time.

**USE:** [illegible]

**REGISTRATION:** [illegible]

## ENDING MY LEASE

**PURCHASE OPTION PRIOR TO THE END OF LEASE TERM:** I have the option to purchase the Vehicle AS IS, WHERE IS [illegible]

**NOTICE:** [illegible] Notice is hereby given that all of the rights (but not the obligation) to sell the Vehicle have been assigned to Honda Finance Exchange, Inc. pursuant to such Master Exchange Agreement.

**EARLY TERMINATION LEASE LIABILITY:** [illegible]

[illegible]

**DETERMINATION OF REALIZED VALUE OF THE VEHICLE:** [illegible]

**ADVANCE SINGLE PAYMENT:** [illegible]

**SCHEDULED END OF LEASE LIABILITY:** [illegible]

**EXCESSIVE WEAR AND USE/EXCESS MILEAGE:** [illegible]

**LIMITED EXCESSIVE WEAR AND USE WAIVER:** [illegible]

**RETURN OF THE VEHICLE:** [illegible]

**ODOMETER DISCLOSURE STATEMENT:** [illegible]

## DEFAULT OR LOSS OF THE VEHICLE

**DEFAULT:** [illegible]

**RIGHT TO CURE AND REINSTATE THE LEASE:** [illegible]

**TOTAL LOSS PROTECTION:** [illegible]

## ADDITIONAL INFORMATION

**OWNERSHIP:** [illegible]

**PAYMENT SCHEDULE:** [illegible]

**LESSEE'S REPRESENTATIONS:** [illegible]

**NOTICES/NO WAIVER:** [illegible]

**SECURITY DEPOSIT:** [illegible]

**SECURITY INTEREST:** [illegible]

**LATE CHARGE/RETURNED CHECK CHARGE:** [illegible]

**ASSIGNMENT:** [illegible]

**CREDIT REPORTING:** [illegible]

**MODIFICATIONS/GOVERNING LAW:** [illegible]

**JOINT AND SEVERAL LIABILITY:** [illegible]

**REIMBURSEMENT AGREEMENT:** [illegible]

PLEASE SEPARATE ALL COPIES BEFORE SIGNING GUARANTY. ORIGINAL SIGNATURES REQUIRED ON ALL PARTS.

**GUARANTY:** [illegible]