**NOVICK, EDELSTEIN, LUBELL, REISMAN,**
**WASSERMAN & LEVENTHAL, P.C.**
ATTORNEYS AND COUNSELLORS AT LAW
733 YONKERS AVENUE
YONKERS, NEW YORK 10704

FAX (914) 375-0699                                                                                                 (914) 375-0100

J. SCOTT EDELSTEIN                                                                                              MATTHEW L. GORDON
ROBERT H. LEVENTHAL                                                                                          PATRICIA A. FRIEDRICH
PETER A. LUBELL                                                                                                   EILEEN P. KENNY
EUGENE S. REISMAN                                                                                             PAUL T. FINKELSTEIN
SOL M. WASSERMAN                                                                                            MORTON M. GOLDBERG
EDWARD FRIEDMAN                                                                                              STEVEN M. LESH
PETER A. LIFSON                                                                                                   STEPHEN I. WOHLBERG
RAMONA L. GOODMAN                                                                                         JOSEPH ZOODA
LAWRENCE T. SCHIRO
CRAIG D. ZIM                                                                                                         WRITER'S EXT. 248
CHARLES D. WASSERMAN

September 11, 2006

Via Fax 518-426-3309
Miller & Meola P.C.
14 Corporate Woods Blvd.
Albany New York 12211
Attn: Rudolph J. Meola, Esq.
518-465-7591

Re:   Mark Kapiti v. Honda Financial Services
      VIN: 2HNYD18666H516660                    Vehicle: 2006 Acura MDX

Dear Mr. Meola;

This office represents Mark Kapiti regarding the above and is in furtherance of our conversation.

Enclosed please find copies of the following:
1. Criminal Court Complaint;  2. Property Voucher;  3. Notice of Hearing;  4. Release from Honda;  5. Letter from Honda dated 5/3/06.

Mr. Kapiti's leased vehicle was impounded by the NYPD and the subject of a forfeiture hearing. At the Hearing, Honda was entitled to claim "an innocent owner" defense and the vehicle would have been returned to Honda and my client would have received his vehicle back. Instead, Honda chose to sign a Release in favor of the NYPD, agreed in writing not to return the vehicle to my client, and no hearing was held. Honda did not have to sign the Release and letter, and did so to the detriment of Mr. Kapiti.

Demand is hereby made for the immediate return of the vehicle to Mr. Kapiti. Please be advised that in the event the vehicle is not returned within five (5) days hereof, my client is fully prepared to take all legal steps necessary to protect his interests herein.

                                                              Yours,

                                                              *[signature]*
                                                              Stephen I. Wohlberg

SIW/bms

**NYC 46**