NOVICK, EDELSTEIN, LUBELL, REISMAN,
WASSERMAN & LEVENTHAL, P.C.
ATTORNEYS AND COUNSELLORS AT LAW
733 YONKERS AVENUE
YONKERS, NEW YORK 10704

FAX (914) 375-0699                                                                                          (914) 375-0100

I. SCOTT EDELSTEIN                                                                                        MATTHEW L. GORDON
ROBERT H. LEVENTHAL                                                                                 PATRICIA A. FRIEDRICH
PETER A. LUBELL                                                                                            EILEEN P. KENNY
EUGENE S. REISMAN                                                                                      PAUL T. FINKELSTEIN
SOL M. WASSERMAN                                                                                     MORTON M. GOLDBERG
EDWARD FRIEDMAN                                                                                      STEVEN M. LESH
PETER A. LIFSON                                                                                            STEPHEN I. WOHLBERG
RAMONA L. GOODMAN
LAWRENCE T. SCHIRO
CRAIG D. ZIM                                                                                                WRITER'S EXT. 248
CHARLES D. WASSERMAN

December 14, 2006

Miller & Meola P.C.
14 Corporate Woods Blvd.
Albany New York 12211
Attn: Rudolph J. Meola, Esq.
518-465-7591

Re:   Mark Kapiti v. Honda Financial Services
      VIN: 2HNYD18666H516660             Vehicle: 2006 Acura MDX

Dear Mr. Meola;

This office represents Mark Kapiti regarding the above and is in furtherance of our conversation and my letter to you of 9/11/06.

Enclosed please find a copy of the Certificate of Disposition dated 12/4/06, which states that AFTER TRIAL, my client was found NOT GUILTY of all charges.

I reiterate my position that Mr. Kapiti's leased vehicle was impounded by the NYPD and the subject of a forfeiture hearing. At the Hearing, Honda was entitled to claim "an innocent owner" defense and the vehicle would have been returned to Honda and my client would have received his vehicle back. Instead, Honda chose to sign a Release in favor of the NYPD, agreed in writing not to return the vehicle to my client, and no hearing was held. Honda did not have to sign the Release and letter, and did so to the detriment of Mr. Kapiti.

In light of Honda's wrongful signing of a Release in favor of the NYPD to the detriment of Mr. Kapiti and the subsequent dismissal of all charges against Mr. Kapiti after trial, demand is once again hereby made for the immediate return of the vehicle to Mr. Kapiti and that Honda notify and remove the negative rating from all credit agencies . Please be advised that in the event same is not done within five (5) days hereof, my client is fully prepared to take all legal steps necessary to protect his interests herein.

Yours,

Stephen I. Wohlberg

SIW/bms

NYC 39