

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

DAVID M. HAZAN
*Assistant Corporation Counsel*
Room 3-186
Telephone: (212) 788-8084
Facsimile: (212) 788-9776
dhazan@law.nyc.gov

January 17, 2007

**VIA FACSIMILE (212) 805-6710**
Honorable Kevin Nathaniel Fox
United States Magistrate Judge, SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: Mark Kapiti v. Raymond W. Kelly, et al., 07 Civ. 3782 (RMB) (KNF)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to the defense of the above-referenced matter on behalf of defendants City of New York, Police Commissioner Raymond W. Kelly, and the Property Clerk of the New York City Police Department ("NYPD").[1]  In that regard, I write pursuant to the telephone conference held on January 16, 2008 wherein this Court asked defendants to submit motion papers regarding whether defendants are entitled to have access to the police, criminal court and District Attorney records related to why plaintiff's vehicle was initially seized and whether plaintiff was likely to prevail in his criminal case.  For the reasons set forth below, defendants are entitled to discover these documents and respectfully request that the Court compel plaintiff to produce an executed unsealing release, pursuant to New York Criminal Procedure Law § 160.50.

In the instant case, plaintiff claims that his Fourteenth Amendment procedural due process rights were violated when his leased vehicle which was seized by the New York City Police Department during the course of plaintiff's arrest, was returned to the title owner of the vehicle (Honda) without providing plaintiff with the opportunity to have a hearing.  The vehicle

---

[1] This case has been assigned to Assistant Corporation Counsel Philip S. Frank, who is presently awaiting admission to the bar and is handling this matter under supervision.  Mr. Frank may be reached directly at (212) 788-0893.

was released to Honda prior to the conclusion of the underlying criminal prosecution against plaintiff. Specifically, plaintiff has repeatedly argued that he was entitled to the type of hearing as described by the Second Circuit in Krimstock v. Raymond W. Kelly, 306 F.3d 40 (2d Cir. 2002).[2] It is defendants' position that plaintiff was not entitled to a due process hearing because, amongst other reasons, at the time the vehicle was released to Honda he did not have a property interest in the vehicle. However, assuming *arguendo* that the Court finds that plaintiff was entitled to a hearing, defendants' are entitled to argue that in the alternative if there had been a hearing, plaintiff would not have prevailed and the car would have been returned to Honda. If defendants succeed with this argument, plaintiff's damages will be limited to one dollar. See Carey v. Piphus, 435 U.S. 247 (1977). In order to effectively argue this point, defendants must have access to the underlying police, criminal court and district attorney records related to why plaintiff's vehicle was initially seized and whether plaintiff was likely to prevail in his criminal case.

As background, in Carey v. Piphus, 435 U.S. 247 (1977), the Supreme Court considered whether, in an action under § 1983 for the deprivation of procedural due process, a plaintiff must prove that he actually was injured by the deprivation before he may recover "nonpunitive" damages. The Court noted that the basic purpose of a § 1983 damages award should be to compensate persons for injuries caused by the deprivation of constitutional rights.   Id. Therefore, the Court found that if plaintiff would not have prevailed at a hearing then he was not damaged in any way by not having the hearing. Id.  In the instant case, if the district court finds that Honda would have been the rightful possessor of the vehicle even if there had been a hearing then plaintiff would only be entitled to recover nominal damages not to exceed one dollar. See Id.

Assuming *arguendo* that there was a hearing held in accordance with Krimstock v. Raymond W. Kelly, 306 F.3d 40 (2d Cir. 2002), the City of New York would have had to prove that it had a likelihood of success on the merits of the forfeiture action or "what the Supreme Court has termed the 'probable validity' of continued deprivation of the claimant's property during the pendency of legal proceedings." Id. at 48-49, citing Comm'r v. Shapiro, 424 U.S. 614, 629 (1976). In Krimstock, the Second Circuit treated "probable validity as a comprehensive due process concept that *includes the City's probable cause for* initially seizing the vehicles." Id. at 49 (emphasis added). The Court stated that "[c]learly, the legality of a warrantless seizure is a component of the larger question of the probable validity of continued retention of a seized vehicle. If a seizure lacked probable cause, and the City could offer no untainted post-seizure evidence to justify further retention, the claimant's vehicle would ordinarily have to be released during the pendency of the proceedings." Id, citing Cf. Marine Midland Bank, N.A. v. United States, 11 F.3d 1119, 1125 (2d Cir. 1993). Additionally, the City would be required to establish that based upon the underlying facts of the criminal case there was a continued need for the deprivation of the vehicle from plaintiff. Id.

---

[2] Defendants maintain that Krimstock is not applicable to the instant case because plaintiff's claims do not involve the forfeiture of his vehicle to a third-party who had no property interest in the vehicle. Rather, the instant case involves a scenario where plaintiff's leased vehicle was returned to the innocent owner of the vehicle (Honda). Nevertheless, defendants are entitled to discovery which rebuts plaintiff's arguments which are based on Krimstock v. Raymond W. Kelly, 306 F.3d 40 (2d Cir. 2002).

Clearly, the underlying police paperwork, criminal Court file, and district attorney's file is needed by defendants to establish that the City of New York had probable cause to seize the vehicle when plaintiff was arrested and that based upon the underlying facts of the criminal case their was a continued need to deprive plaintiff of the vehicle and/or return the vehicle to Honda, the innocent owner. Defendants would be severely prejudiced if the Court precluded defendants from accessing these documents and making these arguments. Moreover, defendants remind the Court that "relevance for the purposes of discovery is an extremely broad concept. Once 'any possibility' of relevance sufficient to warrant discovery is shown, the burden shifts to party opposing discovery to show the discovery is improper." Condit v. Dunne, 2004 U.S. Dist. LEXIS 24777, at *13-14 (S.D.N.Y. Dec. 8, 2004). Generally, discovery is only limited when sought in bad faith, to harass or oppress the party subject to it, or when it is irrelevant. Id. In the instant case, in accordance with Fed. R. Civ. P. 26, defendants have provided a good faith basis reason for why the underlying police paperwork, criminal court file and district attorney's file is relevant to their defense of this action. For these reasons, defendants respectfully request that the Court compel plaintiff to produce an executed unsealing release, pursuant to New York Criminal Procedure Law § 160.50 by a date certain.

I thank the Court for its consideration herein.

Respectfully submitted,

David M. Hazan (DH-8611)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:    **Via Facsimile (212) 297-0777**
Steven L. Kessler, Esq.
122 East 42nd Street, Suite 606
New York, NY 10168

3