

| MICHAEL A. CARDOZO<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | DAVID M. HAZAN<br>*Assistant Corporation Counsel*<br>Room 3-186<br>Telephone: (212) 788-8084<br>Facsimile: (212) 788-9776<br>dhazan@law.nyc.gov |
|---|---|---|

January 28, 2007

**VIA FACSIMILE (212) 805-6710**
Honorable Kevin Nathaniel Fox
United States Magistrate Judge, SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

   Re: <u>Mark Kapiti v. Raymond W. Kelly, et al.</u>, 07 Civ. 3782 (RMB) (KNF)

Your Honor:

   I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to the defense of the above-referenced matter on behalf of defendants City of New York, Police Commissioner Raymond W. Kelly, and the Property Clerk of the New York City Police Department ("NYPD").[1] In that regard, I write to reply to plaintiff's opposition to defendants' motion to compel plaintiff to produce an executed unsealing release for documents that have been sealed pursuant to New York Criminal Procedure Law § 160.50, dated January 24, 2008. For the reasons set forth below and set forth in defendants' letter, dated January 17, 2008, defendants are entitled to discover these documents and respectfully request that the Court compel plaintiff to produce an executed unsealing release, pursuant to New York Criminal Procedure Law § 160.50.

   As an initial matter, rather than addressing the arguments contained in defendants' moving papers, plaintiff's opposition papers appear to contain wholly unresponsive and irrelevant arguments which should be made in response to a summary judgment motion, rather than in response to defendants' motion to compel discovery. Here, the Court must not determine the ultimate issues of the case, such as whether plaintiff had a property interest in the vehicle and

---

[1] This case has been assigned to Assistant Corporation Counsel Philip S. Frank, who is presently awaiting admission to the bar and is handling this matter under supervision. Mr. Frank may be reached directly at (212) 788-0893.

whether plaintiff would have prevailed if there had been a hearing. Instead, the Court must determine whether defendants have a good faith basis for seeking the underlying criminal documents in order to defend against plaintiff's allegations. Importantly, "relevance for the purposes of discovery is an extremely broad concept. Once 'any possibility' of relevance sufficient to warrant discovery is shown, the burden shifts to the party opposing discovery to show the discovery is improper." Condit v. Dunne, 2004 U.S. Dist. LEXIS 24777, at *13-14 (S.D.N.Y. Dec. 8, 2004). Generally, **discovery is only limited when sought in bad faith**, to harass or oppress the party subject to it, or when it is irrelevant. Id. In the instant case, in accordance with Fed. R. Civ. P. 26, defendants have provided a good faith basis reason for why the underlying police paperwork, criminal court file and district attorney's file is relevant to their defense of this action. Plaintiff does not offer any reason why discovery of the underlying police and criminal paperwork is improper. To the contrary, plaintiff concedes in his opposition papers that one of the considerations made during a Krimstock hearing is whether there was probable cause to arrest plaintiff and seize plaintiff's property. See Pl. Opp. At 23; Compl. at ¶ 42.

First plaintiff argues that there is no precedent for a request by defendants' to compel plaintiff to execute an unsealing release for the underlying criminal records in this action. Plaintiff's argument is wholly incorrect and misstates the legal standard for unsealing underlying police, criminal court, and district attorney records. A plaintiff in a Civil Rights lawsuit is not permitted to make allegations challenging his underlying arrest, seizure, and prosecution and then hide behind New York Criminal Procedure Law § 160.50 and state that the documents needed to defend against those allegations are sealed. Federal courts have consistently required plaintiffs to execute 160.50 releases. In fact, Courts have held that the execution of a 160.50 release should be completed by plaintiff prior to the beginning of discovery because plaintiff has already implicitly waived any right to privacy provided by CPL § 160.50 by filing a Civil Rights action challenging the underlying arrest, seizure and prosecution of plaintiff. See Green v. Montgomery, 43 F. Supp. 2d 239, 244 (E.D.N.Y. 1999) (discussing implied waiver of confidentiality). Thus, the City should have access to the sealed documents from the inception of the law suit. Furthermore, courts routinely require civil rights plaintiffs to produce such releases in these circumstances. See, e.g., Perez v. City of New York, 2003 U.S. Dist. LEXIS 7063 (S.D.N.Y. Apr. 10, 2003)(dismissing complaint when plaintiff failed to provide N.Y. CPL § 160.50 release necessary to answer the complaint); see also Green v. Montgomery, 43 F. Supp. 2d 239, 244 (E.D.N.Y. 1999) (discussing implied waiver of confidentiality). Judges in this District Court who have addressed this issue have routinely decided this issue in defendants' favor. See Collens v. City of New York, 03-CV-04477 (JGK)(HBP). (A copy of the docket sheet where Judge Koeltl ordered plaintiff to execute a 160.50 release is annexed hereto as Exhibit "A"). Judge Koeltl agreed with defendants and required plaintiff to execute this release in lieu of dismissal for failure to prosecute. Moreover, several other judges have consistently granted the City's requests to compel such releases prior to answering the complaint. See, e.g. Holness v. City, 03-CV-5598 (NG)(MDG) (for the Court's convenience a copy of this order is annexed hereto as Exhibit "B"); Medina v. City, 02-CV-5598 (ILG)(RML)(a copy of the endorsed order is annexed hereto as Exhibit "C"); Edwards v. City of New York, 03-CV-2972 (ARR)(RML) (for the Court's convenience a copy of the docket sheet requiring plaintiff to execute a 160.50 release or risk dismissal of his case for failure to prosecute is annexed hereto as Exhibit "D"); Phillips v. Eppolito, 02-CV-5662 (DLC) (RLE) (for the Court's convenience a copy of the docket sheet requiring that plaintiff execute a 160.50 release prior to defendant's answering of the complaint is annexed hereto as Exhibit "E").

2

Second, plaintiff misstates defendants argument for why the criminal records must be unsealed. Importantly, the Court should disregard plaintiff's arguments regarding whether he had a property interest in the vehicle after it was seized by the police. This issue is not relevant to the instant motion regarding whether a 160.50 release must be executed. For the purposes of defendants motion only, defendants are assuming that the Court will find that plaintiff had a property interest in the vehicle.[2] Defendants letter application to the Court clearly states that for the purposes of this motion, defendants are assuming *arguendo* that plaintiff was entitled to a hearing. Furthermore, defendants are entitled to argue that in the alternative if there had been a hearing, plaintiff would not have prevailed and the car would have been returned to Honda. If defendants succeed with this argument, plaintiff's damages will be limited to one dollar. See Carey v. Piphus, 435 U.S. 247 (1977). In order to effectively argue this point, defendants must have access to the underlying police, criminal court and district attorney records related to why plaintiff was arrested, why his vehicle was initially seized and whether plaintiff was likely to prevail in his criminal case at the time the vehicle was returned to Honda.

Defendants' arguments are simple and the Court must disregard plaintiff's arguments which are not responsive to defendants' reason for seeking the underlying criminal records. Plaintiff concedes both in his complaint and in his opposition papers that at a hearing it is the City's burden to prove "three issues by a preponderance of the evidence: (1) whether probable cause existed for the arrest of the vehicle operator; (2) whether it is likely that the City will prevail in an action to forfeit the vehicle; and (3) whether it is necessary that the vehicle remain impounded in order to ensure its availability for a judgment of forfeiture. See Pl. Opp. At 23; Compl. at ¶ 42.[3] At this stage of the litigation, defendants must not prove each of the three prongs, as that will be argued at summary judgment. Instead, it is defendants position that in order to establish whether probable cause existed for the arrest of the vehicle operator and seizure of the vehicle, defendants must have access to the underlying police records, criminal court records, and district attorney files.

Third, plaintiff's argument that the Court must only consider the documents in the file of the NYPD Property Clerk at the time the vehicle was returned to Honda is misplaced. The NYPD Property Clerk is a subdivision of the NYPD and had access to the records in possession of the NYPD. Additionally, it is impossible to speculate which documents contained in the

---

[2] Plaintiff's arguments regarding his property interest in the vehicle are clearly irrelevant to the instant motion and will be decided at the summary judgment stage of the litigation. However, if the Court finds the issue regarding plaintiff's property interest relevant to the instant motion, defendants request permission to fully brief the issue regarding whether plaintiff had a property interest in the vehicle at the time the vehicle was given to Honda, the title owner.

[3] Interestingly, plaintiff attached some of the sealed documents to the Declaration of Steven Kessler in Support of Their Opposition to Defendants Motion. See Exhibits "A" and "G" Annexed to Kessler Decl. Certainly, if plaintiff feels that he needs these documents to support his arguments then defendants are entitled to the sealed documents as well. Additionally, at almost every Court conference the parties have had in this case, plaintiff's counsel reminds the Court that his clients criminal case terminated in plaintiff's favor. Moreover, he argues that the police seized the vehicle without probable cause. Defendants are entitled to rebut these arguments.

police department files, criminal court file, or district attorney's file the NYPD would have used if there had been a hearing. When determining whether an individual would have prevailed if there had been a hearing, Courts have not speculated about which evidence the government would have obtained and used at the hearing if there had been one. See Carey v. Piphus, 435 U.S. 247 (1977). Instead, Courts use all of the evidence known at the time of the Civil case to determine whether or not the individual would have prevailed if a hearing had been held. Id. Here, the Court must determine whether there was probable cause to arrest plaintiff and seize his vehicle. The documents contained in the criminal court file, district attorney file and the New York City Police Department files are clearly relevant to the probable cause determination.

Finally, should the Court deny defendants motion, defendants respectfully request that the Court preclude plaintiff from offering any evidence or making any arguments that there was not probable cause for the arrest of plaintiff or the seizure of his vehicle. Moreover, plaintiff should be precluded from offering any evidence regarding the circumstances surrounding his arrest, prosecution and termination of his prosecution

Clearly, the underlying police paperwork, criminal Court file, and district attorney's file is needed by defendants to establish that the City of New York had probable cause to seize the vehicle when plaintiff was arrested and that based upon the underlying facts of the criminal case their was a need to maintain the vehicle and/or return the vehicle to Honda, the innocent owner. Defendants would be severely prejudiced if the Court precluded defendants from accessing these documents and making these arguments. For these reasons and the reasons stated in defendants' letter, dated January 17, 2008, defendants respectfully request that the Court compel plaintiff to produce an executed unsealing release, pursuant to New York Criminal Procedure Law § 160.50 by a date certain.

I thank the Court for its consideration herein.

Respectfully submitted,

David M. Hazan (DH-8611)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   **Via Facsimile (212) 297-0777**
      Steven L. Kessler, Esq.
      122 East 42nd Street, Suite 606
      New York, NY 10168

**Exhibit A**

CASREF, CLOSED

## U.S. District Court
## United States District Court for the Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:03-cv-04477-JGK

| | |
|---|---|
| Collens v. N.Y.C., et al | Date Filed: 06/19/2003 |
| Assigned to: Judge John G. Koeltl | Date Terminated: 09/26/2005 |
| Referred to: Magistrate Judge Henry B. Pitman (Settlement) | Jury Demand: Both |
| Demand: $0 | Nature of Suit: 440 Civil Rights: Other |
| Cause: 42:1983 Prisoner Civil Rights | Jurisdiction: Federal Question |

**Plaintiff**

**Alpheus Collens**                     represented by **Glenn A. Wolther**
                                        Law Office of Glenn A. Wolther
                                        305 Broadway, Suite 1102
                                        New York, NY 10007
                                        (212) 964-2120
                                        Fax: (212)964-0763
                                        Email: glennawoltherlaw@earthlink.net
                                        *LEAD ATTORNEY*

V.

**Defendant**

**The City of New York**                represented by **Hillary A. Frommer**
*a municipal corporation*               Corporation Counsel of the City of New
                                        York
                                        100 Church Street
                                        Room 3-206
                                        New York, NY 10007
                                        (212) 788-0823
                                        Email: hfrommer@law.nyc.gov
                                        *LEAD ATTORNEY*

**Defendant**

**John Cullen**                         represented by **Hillary Ann Frommer**
*shield number unknown, individually*   New York City Law Depart. Office of
*and as a New York City Police Officer* the Corporation Counsel
                                        100 Church Street
                                        New York, NY 10007
                                        (212) 788-0823
                                        Fax: (212) 788-9776
                                        Email: hfrommer@law.nyc.gov
                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Jane Doe**
*shield number unknown, individually
and as New York City Police Officer*
TERMINATED: 02/26/2004

**Defendant**

**Police Officers John Does**
*individually and as New York City
Police Officers, the number and identity
of whom is presently unknown*
TERMINATED: 02/26/2004

**Defendant**

**Police Officers Jane Does**
*individually and as New York City
Police Officers, the number and identity
of whom is presently unknown*
TERMINATED: 02/26/2004

**Defendant**

**Richard Roes**
*individually and as supervisory officers
of the New York City Police department*

**Defendant**

**Tara Cullen**

**Defendant**

**Kenneth O'Connor**                    represented by  **Hillary Ann Frommer**
*Shield o. 14223, individually and as a*                (See above for address)
*NYC Police Officer*                                    *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/19/2003 | 1 | COMPLAINT filed. Summons issued and Notice pursuant to 28 U.S.C. 636(c). FILING FEE $ 150.00 RECEIPT # 477186. (laq) (Entered: 06/20/2003) |
| 06/19/2003 |   | Magistrate Judge Henry B. Pitman is so designated. (laq) (Entered: 06/20/2003) |
| 07/21/2003 | 2 | ORDER; The parties shall appear for another conference on 9/17/03 at 4:30 p.m. The plaintiff shall provide releases by 7/25/03 ; The defendants shall move or answer by 8/29/03 . ( signed by Judge John G. Koeltl ); (jco) (Entered: 07/21/2003) |
| 08/28/2003 | 3 | ANSWER to Complaint by N.Y.C. (Attorney Hillary A. Frommer from the Firm: Corp. Counsel of NYC); jury demand. (moc) (Entered: |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -X

PATRICK HOLNESS,

                Plaintiff,

    - against -

CITY OF NEW YORK, et al.,

                Defendants.

- - - - - - - - - - - - - - - - - - - -X

ORDER

CV 2003-5598 (NG)(MDG)

      By letter dated December 10, 2003, Phillip Kim, counsel for defendant City of New York seeks an extension of time to respond to the complaint and to require plaintiff to provide requisite authorizations for release of sealed records related to the criminal case underlying his claims herein and for release of pertinent medical records.

      This Court agrees that the data and information contained in the sealed arrest records and medical records are necessary before counsel for defendants can submit an answer in a manner consistent with Rule 11 of the Federal Rules of Civil Procedure. Plaintiff's counsel is wrong in concluding that the Corporation Counsel's Office has access to or possession of the arrest records simply because Assistant Corporation Counsel Kim was not personally aware whether the records have been sealed. Such records are ordinarily sealed pursuant to New York Criminal Procedure Law § 160.50.

      It is hereby ORDERED as follows:

1. Plaintiff must provide defendant with duly executed releases for arrest and medical records, with pertinent information, by January 9, 2004.

2. Defendant's time to answer or otherwise respond to the complaint is extended to the earlier of February 9, 2004.

Dated: Brooklyn, New York
December 29, 2003

MARUNI E JUDGE

Exhibit C

CLOSED

# U.S. District Court
## Eastern District of New York (Brooklyn)
### CIVIL DOCKET FOR CASE #: 1:02-cv-05598-ILG-RML

Medina et al v. City of New York et al
Assigned to: Senior-Judge I. Leo Glasser
Referred to: Magistrate-Judge Robert M. Levy
Cause: 42:1983 Civil Rights Act

Date Filed: 10/22/2002
Date Terminated: 03/24/2004
Jury Demand: Defendant
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Christopher Medina**     represented by **Thomas G. Sheehan**
Cheda & Sheehan
76-03 Roosevelt Avenue
Jackson Heights, NY 11372
(718)478-4868
Fax: (718) 478-8540
Email: attorneys@chedaandsheehan.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Carlos Medina**     represented by **Thomas G. Sheehan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City of New York**     represented by **Susan P. Scharfstein**
NYC Law Department
100 Church Street Room 6-119
New York, NY 10007
212-227-4071
Fax: 212-788-9776
Email: sscharfs@law.nyc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Raphael Ruiz**     represented by **Susan P. Scharfstein**
*Detective, shield #7081 and*     (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Unidentified New York City Police Officers**
*and Agents*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/22/2002 | 1 | Complaint filed and summons issued as to defendant(s) City of New York, Raphael Ruiz, Unidentified New York City Police Officers. Filing fee $150.00. Receipt number: 268387. Jury trial demanded.. Filed by Thomas G. Sheehan on behalf of Carlos Medina, Christopher Medina. (Attachments: # 1 Civil Cover Sheet)(Joe, Victor) (Entered: 10/22/2002) |
| 10/28/2002 | 2 | Scheduling order Initial conference set for 3/4/2003 at 10:15 AM in Courtroom 619. (Marino, Janine) (Entered: 10/28/2002) |
| 02/10/2003 | 3 | SUMMONS Returned Executed by Carlos Medina, Christopher Medina. City of New York served on 1/30/2003, answer due 2/19/2003. (Rodriguez, Angela) (Entered: 02/12/2003) |
| 03/04/2003 | 4 | ORDER endorsed on letter dated 2/27/03 from Susan Scharfstein to Magistrate Levy. Defendants' belated request to extend time to answer the complaint is granted nunc pro tunc. The initial conference is adjourned to 5/9/03 at 11:30. Signed by Judge Robert M. Levy on 3/3/03. (Rodriguez, Angela) (Entered: 03/04/2003) |
| 03/04/2003 | 5 | SUMMONS Returned Executed by Carlos Medina, Christopher Medina. Raphael Ruiz served on 2/6/2003, answer due 2/26/2003. (Rodriguez, Angela) (Entered: 03/04/2003) |
| 03/17/2003 | 6 | SUMMONS Returned Executed by Christopher Medina. Raphael Ruiz served on 2/6/2003, answer due 2/26/2003. (Rodriguez, Angela) (Entered: 03/18/2003) |
| 04/23/2003 | 7 | ORDER endorsed on letter dated 4/16/03 from Susan Scharfstein to Magistrate Levy. Application granted. Plaintiffs are compelled to provide the unsealing releases, defendant is permitted 45 days upon receipt of the executed releases to respond to the complaint, and the 5/9/03 conference is adjourned. Signed by Judge Robert M. Levy on 4/22/03. (Rodriguez, Angela) (Entered: 04/23/2003) |
| 06/12/2003 | 8 | ANSWER to Complaint with jury demand by City of New York, Raphael Ruiz.(Rodriguez, Angela) (Entered: 06/16/2003) |
| 07/24/2003 | 9 | ORDER Conf. for 8/6/03 @ 9:30.. Signed by Judge Robert M. Levy on 7/11/03. (Jackson, Ramona) (Entered: 07/24/2003) |
| 08/06/2003 | 10 | Minute Entry for proceedings held before Robert M. Levy: Status Conference held on 8/6/2003. Discovery to be completed by 1/10/04. |

**Exhibit D**

CLOSED

# U.S. District Court
# Eastern District of New York (Brooklyn)
# CIVIL DOCKET FOR CASE #: 1:03-cv-02972-ARR-RML

Edwards v. City Of New York et al
Assigned to: Judge Allyne R. Ross
Referred to: Magistrate-Judge Robert M. Levy
Demand: $0
Cause: 42:1983 Civil Rights Act

Date Filed: 06/16/2003
Date Terminated: 07/21/2004
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Ruben Edwards, Jr.**   represented by **Steven Mark Weiner**
Reibman & Weiner
26 Court Street, Suite 1005
Brooklyn, NY 11242
718- 522-1743
Email: smwdr@att.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City Of New York**   represented by **Susan P. Scharfstein**
NYC Law Department
100 Church Street Room 6-119
New York, NY 10007
212-227-4071
Fax: 212-788-9776
Email: sscharfs@law.nyc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rene E. Orrego**
*P.O.*
represented by **Susan P. Scharfstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Izzo**
*Sergeant*
represented by **Susan P. Scharfstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

"John/Jane Does #1-10"
*believed to be members of the New York
City Police Department*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/16/2003 | 1 | COMPLAINT against "John/Jane Does #1-10", City Of New York, John Izzo, Rene E. Orrego filing fee $ 150, receipt number 279041 Summons Issued, filed by Ruben Edwards Jr.. (Attachments: # 1 Civil Cover Sheet) (Bowens, Priscilla) (Entered: 06/17/2003) |
| 07/14/2003 | 2 | SCHEDULING ORDER: Initial Conference set for 10/16/2003 10:00 AM in Courtroom 619 before Magistrate-Judge Robert M. Levy.. Signed by Judge Robert M. Levy on July 14, 2003. (Marino, Janine) (Entered: 07/14/2003) |
| 08/06/2003 | 3 | ORDER, GRANTING an enlargement of time until 09/30/03 to respond to the complaint. (see ltr. dtd 07/30/03 by Beth Hoffman) . Signed by Judge Allyne R. Ross on 07/31/03. (Siea, Michele) (Entered: 08/06/2003) |
| 09/30/2003 | 4 | Letter dated 9/22/03 from Susan P. Scharfstein, Esq. to USMJ Levy responding to Mr. Weiner's 9/17/03 letter addressing dft City of NY's motion to compel an authorization for the release of the underlying records pertaining to plt's arrest and prosecution at issue and an extenstion of time in which to respond to the complaint. (Nieves, Adrian) (Entered: 09/30/2003) |
| 10/08/2003 | 5 | Letter dated 9/17/03 from Steven M. Weiner, Esq., to Magistrate Robert Levy in response to defense counsel's letter motion seeking an order compelling the exchange of an authorization unsealing plaintifff's criminal court file which underlies this action. (Johnson, Tanya) (Entered: 10/08/2003) |
| 10/10/2003 | 6 | ORDER, the application is granted on consent. The time to answer is extended to 11.14.03. The conference is adjourned to 12.08.03 at 2:15 p.m. The parties are directed to meet and confer, as noted by pltff's counsel, prior to seeking Court intervention in the future. (Signed by Judge Robert M. Levy on 09.25.03) (Galeano, Sonia) (Entered: 10/10/2003) |
| 11/14/2003 | 7 | ANSWER to Complaint by defendants City Of New York, John Izzo and Rene E. Orrego.(Johnson, Tanya) (Entered: 11/24/2003) |
| 12/08/2003 | 8 | CALENDAR ENTRY: Case called for initial conference held before Magistrate Robert Levy on 12/8/03. Counsel for both sides present. Fact discovery to be completed by 5/30/04. The next conference is currently scheduled fro 6/16/04 at 2:15pm.*See doc for deadlines* (Johnson, Tanya) Additional attachment(s) added on 12/17/2003 (Johnson, Tanya). (Entered: 12/17/2003) |
| 05/20/2004 | 9 | Letter dated 5/20/04 from Susan P. Scharfstein, Esq. to USMJ Levy requesting that the Court grant an extension of time in which to complete |

Exhibit E

CLOSED

# U.S. District Court
## United States District Court for the Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:02-cv-05662-DLC-RLE

| | |
|---|---|
| Phillips v. Eppolito, et al<br>Assigned to: Judge Denise L. Cote<br>Referred to: Magistrate Judge Ronald L. Ellis<br>Demand: $0<br>Cause: 42:1983 Prisoner Civil Rights | Date Filed: 07/22/2002<br>Date Terminated: 09/21/2004<br>Jury Demand: Defendant<br>Nature of Suit: 550 Prisoner: Civil Rights<br>Jurisdiction: Federal Question |

**Plaintiff**

**Victor Phillips**  represented by **Victor Phillips**
Franklin Correctional Facility
62 Bare Hill Road
P.O. Box 10
Malone, NY 12953
PRO SE

**Phillips Victor**
c/o Linda Lord
385 Edgecombe Avenue, #57
New York, NY 10031
*LEAD ATTORNEY*

V.

**Defendant**

**Detective Joseph Eppolito**  represented by **Hillary A. Frommer**
*# 00295*
Corporation Counsel of the City of New York
100 Church Street
Room 3-206
New York, NY 10007
(212) 788-0823
Email: hfrommer@law.nyc.gov
*LEAD ATTORNEY*

**Defendant**

**Undercover Officer John Doe**  represented by **Hillary A. Frommer**
*# 6003*
(See above for address)
*LEAD ATTORNEY*

**Defendant**

| | | |
|---|---|---|
| **New York City Police Department** | represented by | **Hillary A. Frommer**<br>(See above for address)<br>*LEAD ATTORNEY* |

**Defendant**

| | | |
|---|---|---|
| **Manhattan South Narcotics Division** | represented by | **Hillary A. Frommer**<br>(See above for address)<br>*LEAD ATTORNEY* |

**Defendant**

| | | |
|---|---|---|
| **John Balestriere**<br>*TERMINATED: 03/22/2004* | represented by | **Michael Symington Morgan**<br>District Attorney, New York County<br>One Hogan Place<br>New York, NY 10011<br>212-335-9000<br>Fax: 212335-9288<br>Email: morganm@dany.nyc.gov<br>*LEAD ATTORNEY* |

| Date Filed | # | Docket Text |
|---|---|---|
| 07/22/2002 | 1 | COMPLAINT filed. Summons issued and Notice pursuant to 28 U.S.C. 636(c). (db) (Entered: 08/05/2002) |
| 07/22/2002 | | Magistrate Judge Ronald L. Ellis is so designated. (db) (Entered: 08/05/2002) |
| 07/22/2002 | 2 | DECLARATION IN SUPPORT OF REQUEST TO PROCEED IN FORMA PAUPERIS by Phillips Victor . (db) (Entered: 08/05/2002) |
| 07/22/2002 | 3 | 60 DAYS ORDER: I grant plaintiff's request to proceed in forma pauperis and direct Clerk of Clourt to assign a civil docket number to this complaint. I further direct plaintiff to submit an amended complaint within sixty (60) days of the instant order as further set forth in said order. The plaintiff is hereby directed to file an amended complaint in order to detail allegation of false arrest. Should plaintiff decide to file an amended complaint, it must be submitted to this Court's Pro Se Office within 60 days of the date of this order, be captioned as an "Amended Complaint" and bear the same docket number as this order. Plaintiff is advised that his amended complaint will completely replace his original complaint and that he may attach to his Amended Complaint documentary evidence relevant to his claim. No summons shall be issued at this time and all further proceedings shall be stayed for sixty days or until plaintiff has complied with this order. If plaintiff fails fails to comply with this order within the time allowed or show good cause why he cannot comply, the complaint will be dismissed. Once submitted, the amended complaint shall be reviewed for compliance with this order and substantive sufficiency and then, if proper, the case shall be reassigned to a district judge in accordance with the procedures of the Clerk's Office. I certify pursuant to 28 U.S.C. 1915(a)(3) that any appeal from this order |

| | | |
|---|---|---|
| 11/14/2003 | 31 | SCHEDULING ORDER: Plntf's Response to motion deadline 12/19/03 re deft Balestriere motion to dismiss; Deft's Reply to response to motion deadline 1/16/04; when filing any papers with the Court, the parties shall provide one courtesy copy to chambers by sending it to the Pro Se Office, Room 230 ( signed by Judge Denise L. Cote ); (cd) (Entered: 11/17/2003) |
| 12/01/2003 | 32 | ENDORSED LETTER addressed to Judge Cote from Hillary A. Frommer dated 11/25/03 re: request by deft's that this Court issue an order compelling plaintiff to produce to them a signed Consent and Authorization for Release of Records Sealed pursuant ot New York CPL section 160.50; the plaintiff shall promptly execute and return the release form, or risk dismissal of the case for failure to prosecute. If the plaintiff objects to this order, he shall notify the Court and defendants of his reddus within two weeks. (Signed by Judge Denise L. Cote on 11/26/03) (pl, ) (Entered: 12/11/2003) |
| 02/02/2004 | 33 | SCHEDULING ORDER: Settlement Conference set for 4/7/2004 11:00 AM before Magistrate Judge Ronald L. Ellis. (Signed by Judge Ronald L. Ellis on 1/30/04) (jsa, ) (Entered: 02/06/2004) |
| 02/23/2004 | 34 | ORDER: Corporation Counsel shall send a new copy of the Consent Form to Phillips by 2/27/04. Phillips return the original, executed Consent Form to Ms. Hillary Frommer, Assistant Corporation Counsel, by 3/19/04. There will be no extensions of this deadline. (Signed by Judge Denise L. Cote on 2/23/04) Copies Mailed By Chambers.(kw, ) (Entered: 02/26/2004) |
| 03/01/2004 | 35 | SETTLEMENT CONFERENCE ORDER, : this action has been referred to Magistrate Judge Ronald L. Ellis for Settlement. Counsel are directed to appear for a settlement conference on 5/19/04 at 10:30 a.m. in ctrm 20A, 500 Pearl Street. No request for adjournment will be considered unless made at least three business days before the scheduled conference and only after the parties have consulted with each other.(Signed by Judge Ronald L. Ellis on 2/27/04) (kw, ) (Entered: 03/03/2004) |
| 03/17/2004 | | ORDER granting 27 Motion to Dismiss for Lack of Jurisdiction . (Signed by Judge Denise L. Cote on 3/16/2004) (jsa, ) (Entered: 03/19/2004) |
| 03/17/2004 | 36 | MEMORANDUM AND OPINION # 89816; for the reasons set forth on this Opinion, the motion of deft Balestriere to dismiss is granted. (Signed by Judge Denise L. Cote on 3/16/2004) (jp, ) (Entered: 03/19/2004) |
| 03/17/2004 | | Transmission to Judgments and Orders Clerk. Transmitted re: 36 Memorandum & Opinion, to the Judgments and Orders Clerk for preparation of Judgment. (jp, ) (Entered: 03/19/2004) |
| 03/22/2004 | 37 | CLERK'S JUDGMENT in favor of defendant Balestriere against plaintiff that defendant Balestriere's motion to dismiss is granted. (Signed by J. Michael McMahon, Clerk on 03/22/04) (jf, ) (Entered: 03/22/2004) |
| 03/22/2004 | | Mailed notice of Right to Appeal re: 37 Clerk's Judgment to Pro Se Litigant(s): Victor Phillips. (jf, ) (Entered: 03/22/2004) |