

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

DAVID M. HAZAN
*Assistant Corporation Counsel*
Room 3-186
Telephone: (212) 788-8084
Facsimile: (212) 788-9776
dhazan@law.nyc.gov

March 3, 2008

**VIA FACSIMILE (212) 805-6712**
Honorable Kevin Nathaniel Fox
United States Magistrate Judge, SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re: <u>Mark Kapiti v. Raymond W. Kelly, et al.</u>, 07 Civ. 3782 (RMB) (KNF)

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to the defense of the above-referenced matter on behalf of defendants City of New York, Police Commissioner Raymond W. Kelly, and the Property Clerk of the New York City Police Department ("NYPD").[1] In that regard, I write to reply to plaintiff's motion to reconsider Your Honor's Order, dated February 11, 2008, compelling plaintiff to produce an executed unsealing release for documents that have been sealed pursuant to New York Criminal Procedure Law § 160.50. For the reasons set forth below and set forth in defendants' letters, dated January 17, 2008 and January 28, 2008, defendants are entitled to discover these documents and respectfully request that the Court deny plaintiff's motion to reconsider the Court's Order to compel plaintiff to produce an executed unsealing release.

    First, plaintiff's motion to reconsider misstates the applicable standard of review regarding whether discovery related to plaintiff's underlying arrest and prosecution must be produced. Plaintiff claims that the applicable standard of review can be found in Rule 11 of the Federal Rules of Civil Procedure. However, the applicable standard that governs the scope of

---

[1] This case has been assigned to Assistant Corporation Counsel Philip S. Frank, who is presently awaiting admission to practice law in the Southern District of New York and is handling this matter under supervision. Mr. Frank may be reached directly at (212) 788-0893.

discovery is Rule 26 of the Federal Rules of Civil Procedure, not Rule 11. Pursuant to Rule 26 of the Fed R. Civ. P., the scope of discovery is extremely broad, and "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed R. Civ. P. 11, on the other hand, applies only to the signing of pleadings, motions or other papers submitted by attorneys on behalf of their client to the court. In the instant discovery dispute and in the Court's subsequent Order compelling plaintiff to provide defendants' with an unsealing release, no pleadings, motions or other papers making representations to the court are involved. Accordingly, the broad standard governing the scope of discovery pursuant to Rule 26 applies to the instant case.

Second, plaintiff improperly distinguishes the instant case from false arrest and malicious prosecution cases wherein courts routinely compel plaintiffs to execute unsealing releases. The issues in this case are similar to those presented in a false arrest or malicious prosecution case because in the instant case plaintiff places the issue regarding whether there was probable cause for his arrest and prosecution and seizure of his vehicle directly at issue. The focal point of plaintiff's claim for damages is that he would have prevailed (and retained his vehicle) if a Krimstock hearing had been held. As explained in defendants' letters, dated January 17, 2008 and January 28, 2008, in order for defendants' to defend against plaintiff's allegations that he would have prevailed if a hearing were held, defendants must prove that probable cause existed for the seizure of the leased vehicle. Plaintiff alleges that his due process rights were violated when defendants returned his leased vehicle to Honda, the innocent owner of the seized vehicle, without providing plaintiff with a Krimstock hearing. Plaintiff concedes in his opposition papers that one of the considerations made during a Krimstock hearing is whether there was probable cause to arrest plaintiff and seize plaintiff's property. See Pl. Opp. At 23; Compl. at ¶ 42. Accordingly, defendants must be able to prove that there was probable cause for the seizure of the leased vehicle and that they would have prevailed at the Krimstock hearing because the leased vehicle would have been returned to Honda, the innocent owner. Defendants' are entitled to argue that their actions were not the proximate cause of plaintiff's alleged injuries and therefore, plaintiff is entitled to nominal damages not to exceed one dollar. See Carey v. Piphus, 435 U.S. 247 (1977).

Further, as plaintiff acknowledges, courts have consistently held that plaintiffs cannot use New York Criminal Procedure Law § 160.50 as a sword rather than a shield by bringing a civil rights suit and withholding access to the underlying criminal records. See Gebbie v. Gertz Div. of Allied Stores, Inc., 94 A.D.2d 165 (N.Y. App. Div. 1983). As argued in defendants' letters, dated January 17, 2008 and January 28, 2008, the issue of whether defendants had probable cause for the seizure of the leased vehicle is probative and vital to defendants' defense that their actions were not the proximate cause of plaintiff's injuries. See Gebbie v. Gertz Div. of Allied Stores, Inc., 94 A.D.2d at 174 ("the information contained in the records of the criminal proceeding is undoubtedly relevant and perhaps vital to the defense of the claim as bearing, among other things, on the issue of probable cause")(internal citations omitted). Here, plaintiff is attempting to use New York Criminal Procedure Law § 160.50 as both a sword and a shield. Defendants would be severely prejudiced if the Court precluded defendants from accessing the underlying police paperwork, criminal court file, and district attorney's file. If defendants cannot access these records, plaintiff must be precluded from offering any evidence or making any arguments that there was not probable cause for the arrest of plaintiff or the seizure of his vehicle. Moreover, plaintiff should be precluded from offering any evidence regarding the circumstances surrounding his arrest, prosecution and termination of his prosecution. Finally, if defendants are precluded from accessing the underlying police paperwork, criminal court file,

2

and district attorney's file then this Court should deem it an undisputed fact that there was probable cause for the arrest and prosecution of plaintiff and the seizure of his property. Accordingly, the Court correctly ordered plaintiff to provide defendants with an unsealing release pursuant to New York Criminal Procedure Law § 160.50.

Third, plaintiff's argument that his acquittal is dispositive of the issue of whether his vehicle would have been forfeited is clearly erroneous. If there had been a <u>Krimstock</u> hearing, it would have been held long before the conclusion of plaintiff's criminal case and it would have been unknown at the time of the hearing whether plaintiff was going to be convicted or acquitted. Nevertheless, the issue regarding whether plaintiff would have prevailed at a <u>Krimstock</u> hearing is an issue that should be decided at summary judgment rather than in a decision regarding the scope of discovery.[2]

Finally, plaintiff argues that defendants did not plead lack of proximate causation as an affirmative defense. However, in ¶ 66 of defendants' Answer to the Complaint defendants' allege as an affirmative defense that, "Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was <u>not the proximate result</u> of any act of defendants." (emphasis added). Accordingly, defendants did plead lack of proximate causation as an affirmative defense, and the Court correctly granted defendants' motion to compel the unsealing of the underlying records.

For the reasons stated above and for the reasons set forth in defendants' letters, dated January 17, 2008 and January 28, 2008, defendants respectfully request that the Court deny plaintiff's motion to reconsider the Court's Order to compel plaintiff to produce an executed unsealing release, pursuant to New York Criminal Procedure Law § 160.50.

I thank the Court for its consideration herein.

Respectfully submitted,

David M. Hazan (DH-8611)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:    <u>Via Facsimile (212) 297-0777</u>
       Steven L. Kessler, Esq.
       122 East 42nd Street, Suite 606
       New York, NY 10168

---

[2] It is defendants' position that forfeiture laws do not apply to the instant case because the vehicle was returned to the innocent title owner, Honda, and not sold to a third party for profit. However, plaintiff's Complaint alleges that plaintiff was entitled to a <u>Krimstock</u> hearing and defendants must defendant against plaintiff's claims.