


**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**DAVID M. HAZAN**
*Assistant Corporation Counsel*
Room 3-186
Telephone: (212) 788-8084
Facsimile: (212) 788-9776
dhazan@law.nyc.gov

April 9, 2008

**VIA HAND DELIVERY**
Honorable Richard M. Berman
United States District Judge, SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re: <u>Mark Kapiti v. Raymond W. Kelly, et al.</u>, 07 Civ. 3782 (RMB) (KNF)

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to the above-referenced matter on behalf of defendants City of New York, Police Commissioner Raymond W. Kelly, and the Property Clerk of the New York City Police Department. In that regard, I write in opposition to plaintiff's objections to the Honorable Kevin Nathaniel Fox's Memorandum and Order, dated March 12, 2008, ("Memorandum, and Order") denying plaintiff's application for reconsideration of the Order, dated February 11, 2008, compelling plaintiff to produce an executed unsealing release pursuant to New York Criminal Procedure Law § 160.50. For the reasons set forth in defendants' letters to Magistrate Fox, dated January 17, 2008, January 28, 2008, and March 3, 2008, and for the reasons set forth herein, defendants respectfully request that the Court deny plaintiff's objections to Magistrate Fox's Orders, dated March 12, 2008 and February 11, 2008.

    As background, on December 27, 2007, defendants moved to compel plaintiff to execute an unsealing release for the underlying police, criminal court, and district attorney records related to the underlying incident in this case, pursuant to New York Criminal Procedure Law § 160.50. Thereafter, on January 16, 2008, during a telephone conference, Magistrate Fox asked defendants to submit motion papers regarding this issue. By letter, dated January 17, 2008, annexed hereto as Exhibit "A," defendants submitted a letter motion supporting their position that they were entitled to discover the information contained in plaintiff's underlying police, criminal court, and district attorney records. Additionally, by letter, dated January 28, 2008, annexed hereto as Exhibit "B," defendants replied to plaintiff's opposition to the motion to compel the unsealing release. By Order, dated February 11, 2008, Magistrate Fox stated that "[t]he Court has considered the parties' arguments for and against the defendants' request…. As



a result, it is herby ordered that the plaintiff execute such document(s) as will permit the defendants to access the relevant sealed documents <u>expeditiously</u>." (emphasis added).

To date, plaintiff has not provided the executed unsealing release pursuant to the Court Order, dated February 11, 2008. By letter, dated February 25, 2008, plaintiff made an application to the Court to "reconsider and/or clarify" the Court's Order, dated February 11, 2008, compelling plaintiff to execute the unsealing release. Defendants opposed plaintiff's application by letter, dated March 3, 2008, annexed hereto as Exhibit "C." By Memorandum and Order, dated March 12, 2008, annexed hereto as Exhibit "D," Magistrate Fox denied plaintiff's application for reconsideration because the "arguments advanced by the plaintiff [did] not demonstrate that the key facts or controlling precedents put before the Court by the parties previously, when the defendants' motion was *sub judice*, were overlooked by the Court." Further, the Court held that "Local Civil Rule 6.3 of this court authorizes a party to apply for reconsideration of an order that resolved a motion. However, the rule is to be applied strictly and construed narrowly, in order to "avoid repetitive arguments on issues that have been considered fully by the [c]ourt." Then, by letter, dated March 27, 2008, plaintiff made a further application to Your Honor to decide the instant discovery dispute. Plaintiff argued that the application should be decided by Your Honor, rather than Magistrate Fox, because it was not a discovery dispute. However, by Order dated March 27, 2008, Your Honor stated that "[r]espectfully, this is a discovery dispute and was appropriately presented to the magistrate in the [first] instance." Thereafter, by letter, dated April 2, 2008, plaintiff filed "objections" to Magistrate Fox's Orders.

As an initial matter, plaintiff's letter application, dated March 27, 2008, annexed hereto as Exhibit "E," objecting to Magistrate Fox's Memorandum and Order, dated March 12, 2008, is untimely because it was not filed within 10 days of the Magistrate Fox's Memorandum and Order. Rule 72(a) of the Federal Rules of Civil Procedure states that when a magistrate judge hears and decides a non-dispositve pretrial matter referred to the magistrate judge, a "party may serve and file objections to the order within <u>10 days</u> after being served with a copy. A party may not assign as error a defect in the order not timely objected to." (emphasis added); <u>See also</u> <u>Dreyer v. Ryder Auto. Carrier Group, Inc.</u>, 367 F. Supp. 2d 413, 415 (W.D.N.Y. 2005). In the instant case, plaintiff filed his letter application with Your Honor on March 27, 2008, 11 business days after Magistrate Fox's Memorandum and Order, dated February 25, 2008, denying plaintiff's motion for reconsideration. Accordingly, plaintiff's objections to Magistrate Fox's Memorandum and Order pursuant to Fed. R. Civ. P. 72(a) are untimely, and plaintiff cannot assign as error any alleged defects in the Memorandum and Order. Furthermore, plaintiff did not serve and file objections pursuant to Rule 72(a) until more than a month after Magistrate Fox's Order, dated February 11, 2008, compelling plaintiff to produce an executed unsealing release of the relevant underlying records. Accordingly, plaintiff also cannot assign as error any alleged defects in Magistrate Fox's Order, dated February 11, 2008.

Assuming, *arguendo,* that plaintiff's objections are timely, plaintiff cannot demonstrate that Magistrate Fox's Memorandum and Orders, dated March 12, 2008, and February 11, 2008, are clearly erroneous or contrary to law. Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, the district judge must consider a party's objections to a magistrate judge's order on a non-dispositive matter and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); <u>see also</u> <u>Lamere v. New York State Office for the Aging</u>, 03-CV-0356, 2004 U.S. Dist. LEXIS 13217 (N.D.N.Y. July 14, 2004) ("District courts review a magistrate judge's rulings on non-dispositive motions, such as discovery issues, under the clearly erroneous or contrary to law standard."). A finding is clearly erroneous if "the

reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Hypsum Co., 333 U.S. 364, 395 (1948); United States v. Isiofia, 370 F.3d 226, 232 (2d Cir. 2004). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Catskill Dev. , LLC v. Park Place Entm't, 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (citation omitted). Therefore, plaintiff's objections should be considered in light of Magistrate Fox's previous rulings on this issue. Although plaintiff claims that Magistrate Fox "articulated no basis for his rulings," Magistrate Fox issued a well-reasoned Memorandum and Order, dated March 12, 2008, denying plaintiff's motion for reconsideration. Plaintiff has failed to put forth any reason as to why Magistrate Fox's Memorandum and Order, dated March 12, 2008, was clearly erroneous or contrary to law.

The standard for granting a motion to reconsider under Local Rule 6.3 "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)(emphasis added); see also Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (holding that a motion for reconsideration "is appropriate only where the movant demonstrates that the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court."). The rule is applied strictly and narrowly to "avoid repetitive arguments on issues that have been fully considered by the [c]ourt." Davidson v. Scully, 172 F. Supp. 2d 458, 462 (S.D.N.Y. 2001) (internal citations omitted). A motion for reconsideration "is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996). Accordingly, a party in its motion for reconsideration "may not advance new facts, issues or arguments not previously presented to the court." Id. (internal quotations omitted). Plaintiff cannot meet the strict and narrow standard set forth in Local Rule 6.3, let alone the clearly erroneous standard of Rule 72(a) because the Court did not overlook any controlling decisions or data that the parties presented in the underlying motion. Magistrate Fox stated in his Memorandum and Order, dated March 12, 2008, that "[t]he Court noted specifically, in its February 11, 2008 order, that it had 'considered the parties' arguments for and against the defendants' request,' which necessarily included the relevant facts and governing law presented by the parties to the Court, to enable it to analyze their respective positions concerning the discovery dispute they submitted to the Court for resolution." Accordingly, the Court has not overlooked any of the parties' arguments in the underlying motion, and plaintiff failed to show that the Court's Memorandum and Order was mistaken or misapplied the law in its use of the strict standard pursuant to Local Rule 6.3.

Furthermore, plaintiff cannot demonstrate, that Magistrate Fox's Order was clearly erroneous or contrary to law. Specifically, plaintiff does not argue how Magistrate Fox misapplied Fed. R. Civ. P. 26 to the instant dispute. Pursuant to Rule 26 of the Fed R. Civ. P., the scope of discovery is extremely broad, and "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." See also Condit v. Dunne, 2004 U.S. Dist. LEXIS 24777, at *13-14 (S.D.N.Y. Dec. 8, 2004). Generally, discovery is only limited when sought in bad faith, to harass or oppress the party subject to it, or when it is irrelevant. Id. Plaintiff's arguments do not address defendant's arguments as to why the underlying police, criminal court and district attorney's files are directly relevant to plaintiff's claims in this matter. Defendants' previously explained their position regarding why the sealed records are directly relevant to the defense of this case in the underlying submissions to

Magistrate Fox. Therefore, defendants respectfully refer the Court to the arguments set forth in their papers that were previously submitted to the Court, annexed hereto as Exhibits "A", "B", and "C."

For the reasons stated above, and in defendants' letters, dated January 17, 2008, January 28, 2008, and March 3, 2008, defendants respectfully request that the Court deny plaintiff's objections to the Honorable Fox's Memorandum and Orders, dated February 11, 2008 and March 12, 2008, compelling plaintiff to produce an executed unsealing release pursuant to New York Criminal Procedure Law § 160.50.

I thank the Court for its consideration herein.

Respectfully submitted,

David M. Hazan (DH-8611)
Assistant Corporation Counsel
Special Federal Litigation Division

cc: **Via Hand Delivery**
Steven L. Kessler, Esq.
122 East 42nd Street, Suite 606
New York, NY 10168