Clearly, the underlying police paperwork, criminal Court file, and district attorney's file is needed by defendants to establish that the City of New York had probable cause to seize the vehicle when plaintiff was arrested and that based upon the underlying facts of the criminal case their was a continued need to deprive plaintiff of the vehicle and/or return the vehicle to Honda, the innocent owner. Defendants would be severely prejudiced if the Court precluded defendants from accessing these documents and making these arguments. Moreover, defendants remind the Court that "relevance for the purposes of discovery is an extremely broad concept. Once 'any possibility' of relevance sufficient to warrant discovery is shown, the burden shifts to party opposing discovery to show the discovery is improper." Condit v. Dunne, 2004 U.S. Dist. LEXIS 24777, at *13-14 (S.D.N.Y. Dec. 8, 2004). Generally, discovery is only limited when sought in bad faith, to harass or oppress the party subject to it, or when it is irrelevant. Id. In the instant case, in accordance with Fed. R. Civ. P. 26, defendants have provided a good faith basis reason for why the underlying police paperwork, criminal court file and district attorney's file is relevant to their defense of this action. For these reasons, defendants respectfully request that the Court compel plaintiff to produce an executed unsealing release, pursuant to New York Criminal Procedure Law § 160.50 by a date certain.

I thank the Court for its consideration herein.

Respectfully submitted,

David M. Hazan (DH-8611)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:    **Via Facsimile (212) 297-0777**
       Steven L. Kessler, Esq.
       122 East 42nd Street, Suite 606
       New York, NY 10168

2/11/08

The Court has considered the parties' arguments for and against the defendants' request that the plaintiff allow them to access sealed records pertinent to his arrest and the seizure of an automobile. As a result, it is hereby ordered that the plaintiff execute such document(s) as will permit the defendants to access the relevant sealed documents expeditiously. SO ORDERED:

_____
KEVIN NATHANIEL FOX, U.S.M.J.

3