```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARK KAPITI,                              :

                    Plaintiff,            :

         -against-                        :      MEMORANDUM AND ORDER

RAYMOND W. KELLY, et al.,                 :      07 Civ. 3782 (RMB)(KNF)

                    Defendants.           :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Before the Court is an application, by the plaintiff, Mark Kapiti ("Kapiti"), that the Court "reconsider and/or clarify" its February 11, 2008 order directing the plaintiff to execute a writing(s) authorizing the defendants to access records sealed following the disposition of a state-court criminal action, brought against Kapiti, out of which the instant action evolved. According to Kapiti, "[t]he order does not state either the factual or legal basis for the Court's ruling on the defendant's [sic] application." The defendants oppose the instant application for reconsideration, which is addressed below.

Local Civil Rule 6.3 of this court authorizes a party to apply for reconsideration of an order that resolved a motion. However, the rule is to be applied strictly and construed narrowly, in order to "avoid repetitive arguments on issues that have been considered fully by the [c]ourt." Davidson v. Scully, 172 F. Supp. 2d 458, 462 (S.D.N.Y.2001) (quoting Dellefave v. Access Temps., Inc., No. 99 Civ. 6098, 2001 WL 286771, at *1 [S.D.N.Y. Mar. 22, 2001]) (internal quotation marks omitted). A motion for reconsideration is not a means by which a party may "reargue those issues already considered when a party does not like the way the original motion

was resolved." In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996). Nor is such a motion a vehicle through which a party may "advance new facts, issues or arguments not previously presented to the Court." Id. (quoting Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc., No. 86 Civ. 6447, 1989 WL 162315, at *3 (S.D.N.Y. Aug. 4, 1989) [internal quotation marks omitted]); see also de Espana v. Am. Bureau of Shipping, No. 03 Civ. 3573, 2007 WL 3229147 at *1 (S.D.N.Y. Oct. 31, 2007).

A litigant seeking reconsideration must establish that controlling precedent or facts presented in the underlying motion were overlooked by the court. See Walsh v. McGee, 918 F. Supp. 107, 110 (S.D.N.Y. 1996). Moreover, the evidence a party submits in support of its motion for reconsideration should be expected to "reasonably have altered the result reached by the court." Litton Indus., Inc., 1989 WL 162315 at *4 (quoting Adams v. United States, 686 F. Supp. 417, 418 [S.D.N.Y. 1988]).

The Court noted specifically, in its February 11, 2008 order, that it had "considered the parties' arguments for and against the defendants' request," which necessarily included the relevant facts and governing law presented by the parties, to the Court, to enable it to analyze their respective positions concerning the discovery dispute they submitted to the Court for resolution.[1] The arguments advanced by the plaintiff now do not demonstrate that key facts or controlling precedents

---

[1] Kapiti objected to the defendants' reply memorandum, which responded directly to the arguments advanced through his opposition memorandum. Kapiti takes umbrage at the Court's determination to resolve the parties' discovery dispute without offering him the opportunity to submit a surreply. Kapiti appears to misapprehend that the decision to permit a litigant to submit a surreply is a matter left to the Court's discretion, since neither the Federal Rules of Civil Procedure nor the Local Civil Rules of this court authorize litigants to file surreplies. Allowing parties to submit surreplies is not a regular practice that courts follow, because such a procedure has the potential for placing a court "in the position of refereeing an endless volley of briefs." Byrom v. Delta Family Care - Disability and Survivorship Plan, 343 F. Supp. 2d 1163, 1188 (N.D. Ga. 2004) internal quotation and citation omitted).

2

put before the Court by the parties previously, when the defendants' motion was <u>sub judice</u>, were overlooked by the Court. Therefore, Kapiti's application, for reconsideration, is denied.

Dated: New York, New York  
March 12, 2008

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE