UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARK KAPITI,

                        Plaintiff,

    - against -

RAYMOND W. KELLY, et al.,

                       Defendants.
------------------------------------------------------------x

07 Civ. 3782 (RMB) (KNF)

**ORDER**

## I.  Background

On February 11, 2008, United States Magistrate Judge Kevin N. Fox issued a discovery order granting Defendants' request "to access sealed [police, criminal, and District Attorney] records pertinent to [Plaintiff's] arrest and the seizure of [Plaintiff's] automobile" and directing "that the Plaintiff execute such document(s) as will permit the [D]efendants to access the relevant sealed documents expeditiously." (Order, dated Feb. 11, 2008, at 3.) On March 12, 2008, Judge Fox denied Plaintiff's application for reconsideration of the February 11, 2008 Order because no "key facts or controlling precedents put before the Court by the parties previously, when the [D]efendants' motion was sub judice, were overlooked by the Court." (Order, dated Mar. 12, 2008, at 2–3.)

On or about April 2, 2008, Plaintiff filed objections ("Objections") to Judge Fox's February 11, 2008 and March 12, 2008 discovery orders (together, "Discovery Orders"), arguing, among other things, that "Defendants have failed to demonstrate that there is any need . . . to access [P]laintiff's sealed criminal file." (Objections at 6.) On or about April 9, 2008, Defendants opposed Plaintiff's Objections, arguing, among other things, that "the issue of whether [D]efendants had probable cause for the seizure of the leased vehicle is probative and

vital to [D]efendants' defense that their actions were not the proximate cause of [P]laintiff's injuries." (Def. Opposition to Objections ("Def. Opp'n"), dated April 9, 2008, Ex. C, at 2.)

**For the reasons set forth below, the Court affirms Judge Fox's Discovery Orders.**

## II.     Standard

When considering objections to discovery rulings issued by a magistrate judge, the reviewing court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); see Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990); Collens v. City of New York, 222 F.R.D. 249, 251 (S.D.N.Y. 2004). An order is "clearly erroneous" when the "reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Thompson v. Keane, No. 95 Civ. 2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996) (internal citations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Id. (internal citations omitted).

"A magistrate judge's resolution of discovery disputes deserves substantial deference." Weiss v. La Suisse, Societe d'Assurances Sur La Vie, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001).

## III.    Analysis

Having reviewed the record herein, including among other things, Judge Fox's Discovery Orders, Plaintiff's Objections, Defendants' Opposition, and applicable legal authorities, the Court concludes that Judge Fox's Discovery Orders are not clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at

the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); see also Daval Steel Prods v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991).

Judge Fox properly determined that Defendants satisfied their burden of demonstrating that Plaintiff's police, criminal, and District Attorney records from the underlying criminal matter may be relevant to their defense that "[D]efendants' actions were not the proximate cause of [P]laintiff's injuries and therefore, [P]laintiff is entitled to nominal damages." (Def. Opp'n, Ex. C, at 2). See Williams v. McCarthy, No. 05 Civ. 10230, 2007 WL 3125314, at *5 (S.D.N.Y. Oct. 25, 2007) ("In section 1983 actions, [the parties] are presumptively entitled to discovery of documents on prior complaints and police histories because it could yield relevant information.") (internal quotations and citation omitted); see also Jane Doe v. Yorkville Plaza Assoc., No. 92 Civ. 8250, 1996 WL 343059, at *2 (S.D.N.Y. June 21, 1996).

### IV.   Conclusion and Order

For the reasons set forth above, the Court denies Plaintiff's Objections to Judge Fox's Discovery Orders, dated February 11, 2008 and March 12, 2008, respectively.

Dated: New York, New York
       April 28, 2008

_____
RICHARD M. BERMAN, U.S.D.J.