

**MEMO ENDORSED**

THE LAW OFFICES OF

**STEVEN L. KESSLER**

June 25, 2008

*Counsel are on the verge of excessive litigiousness. Cut it out. Save your firepower for the jury.*

**SO ORDERED:**
Date: 6/25/08
Richard M. Berman
RICHARD M. BERMAN, U.S.D.J.

**BY HAND**
The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/25/08

       *Mark Kapiti v. Raymond W. Kelly, et al.*
       **Index No. 07 Civ. 3782 (RMB)**

Dear Judge Berman:

    This office represents plaintiff Mark Kapiti in the referenced civil rights action. Due to the outrageous nature of the circumstances, I am compelled to take the unprecedented step of objecting to the form of a party's submission, specifically, defendants' opposition to plaintiff's motion for class certification and reconsideration of the unsealing orders, electronically filed in two parts at 10:52 p.m. and 11:32 p.m. last night.

    Defendants' disregard for this Court's rules has marked virtually every phase of this proceeding. Among other things, defendants have consistently bypassed the ECF system, flooded the Court's inbox with letter motions without Court leave, requested extensions at the last minute and repeatedly served papers on counsel by facsimile.

    Plaintiff has let the bulk of these incidents pass without comment. Defendants' most recent transgression, however, must be addressed, as it has direct substantive impact on plaintiff's motion. Simply put, defendants have grossly violated this Court's rules for format and length of legal memoranda.

    As Your Honor is aware, Rule 2(C) of this Court's Individual Practices states:

        **C. Memoranda of Law.** Memoranda of law in support of and in opposition to motions are limited to **25 pages**, and reply memoranda are

*The Honorable Richard M. Berman*                                                                                        *- page 2 -*
*June 25, 2008*

>limited to **10 pages**. Memoranda of 10 pages or more shall contain a table of contents. *Use double spacing, normal margins, and 12 point font for text and footnotes.*

Individual Practices of Hon. Richard M. Berman, Rule 2(C) (italicized emphasis added; boldface emphasis in original).

Defendants' memorandum blatantly violates the Court's spacing, margin and font requirements. These limitations ensure not only that submissions are legible but also that parties do not cheat the Court's page limitation by squeezing more words onto the same number of pages. And cheat is precisely what defendants have done. Rather than properly seek leave to submit an oversized memorandum, defendants have attempted to 'sneak by' a nonconforming document. Based upon a visual review, defendants' memorandum is twice the size of the Court's limit. This is evident by the two enclosed sample pages from defendants' memorandum, particularly when compared to the two enclosed sample pages from plaintiff's memorandum. There are 31 lines on their typical page, with margins substantially less than one inch on each side. Further, their footnote font appears significantly smaller than the permitted type point. Given these wilful violations of the rules, defendants' submission should be stricken.

Accordingly, plaintiff respectfully requests that defendants' submission be rejected.

                                                        Respectfully submitted,

                                                        Steven L. Kessler

SLK:rmaf
cc:    ACC David M. Hazan

Defendants' non-conforming submission is hereby:    (Rejected)      (Accepted)

**SO ORDERED:**

_____
Hon. Richard M. Berman
U.S.D.J.

fashion under Rule 23.'" General Telephone Co. of Southwest, 457 U.S. at 155 (quoting Califano v. Yamasaki, 442 U.S. at 700-701)).

"The commonality and typicality requirements tend to merge into one another, so that similar considerations animate analysis of Rules 23(a)(2) and (3)." Marisol A. v. Giuliani, 126 F.3d 372, 376 (2d Cir. 1997). "These requirements ensure that 'maintenance of a class action is economical and [that] the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" Id.(quoting Gen. Tel. Co. v. Falcon, 457 U.S. 147, 157 n. 13)). "The typicality requirement is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability..." Robidoux v. Celani, 987 F.2d 931, 936-37 (2d Cir. 1993).

It is clear that resolution of the asserted claims will turn on highly individualized determinations of fact and law. See Points I through III, *supra*. Before certifying the class, the Court will have to determine: (1) whether the class members had a property interest in their leased vehicle; (2) whether the leasing company repossessed the vehicle; (3) whether the individual from whom the car was seized was the lessee; (4) whether the vehicle was "valuable" as defined within the context of plaintiff's claims; (5) whether the individual would have likely prevailed if he had received a "Krimstock hearing;" (6) whether the individual was ultimately acquitted of the crimes for which he was charges; (7) whether the vehicle was used as an instrumentality of the crime for which he was charged; and (8) whether the City of New York intended to forfeit the seized vehicle. These are just some of the legal and factual determinations that the Court will need to make on a individual case by case basis. The issues involved do not turn on questions of law applicable in the same manner to each member of the class. Rather, the Court will have to conduct individualized mini-trials to determine whether each class members' due process rights were violated and what damages, if any, each class member is entitled to recover. Simply, plaintiff has not met the commonality and typicality prongs of Rule 23(a) and certification should be denied for this reason alone.

### 3. Plaintiff Fails to Show That he and his Counsel are Adequate to Represent the Interests of the Proposed Class Members Under Rule 23(a)(4).

Plaintiff has failed to show that he[7] and his counsel "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy of counsel requires that counsel be competent and void

---

[7] Plaintiff cannot adequately represent the proposed class because, as explained in Point III B, *supra*, some of his claims conflict with the proposed class members' claims.

17

2007)(where court found that requests for equitable relief did not predominate in large part because complaint made only broad requests for injunctive and declaratory relief, and because this relief would not provide a remedy for prior violations); In re Nigeria Charter Flights Contract Litigation, 233 F.R.D. 297, 304 (E.D.N.Y. 2006)(where certification under 23(b)(2) denied because declaratory relief sought would merely establish a basis for money-damages claims).

Applying the criteria set forth in Robinson to the plaintiff's motion, there can be no basis to certify the any of the classes under Rule 23(b)(2). First, the equitable relief sought by the plaintiff does not predominate over his claims for compensatory relief. Here, plaintiff's Complaint does not seek injunctive relief and the declaratory relief sought would merely establish a basis for plaintiff's money-damages claims. See Exhibit "A" at ¶¶ 60-62. The declaratory relief sought by plaintiff could only be for the purpose of assisting plaintiff in recovering compensatory damages. Courts regard a claim for declaratory relief for this purpose as a sham attempt to bootstrap certification under 23(b)(2). See e.g. In re Nigeria Charter Flights Contract Litigation, 233 F.R.D. 297, 304 (E.D.N.Y. 2006)("Plaintiffs in this case seek money damages and a declaratory judgment as to their contractual rights. As the requested judgment would merely declare rights establishing a basis for plaintiffs' money-damages claims, Rule 23(b)(2) certification is unavailable.") In the instant case, plaintiff's Complaint seeks $400,000 in compensatory damages, exclusive of costs and attorneys' fees. Exhibit "A" at p. 16-17. Additionally, plaintiff's Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a), dated November 7, 2007, focus solely on compensatory damages. See Plaintiff's Amended Disclosures Pursuant to Fed. R. Civ. P. 26(A). Specifically, plaintiff claims that he is entitled to recover from defendants (1) all sums of money paid to Honda between May 15, 2006 and March, 2007; (2) all sums paid to State Farm Insurance Co. to insure the vehicle during the loss of use period; (3) all initial lease fees, prepaid taxes, title charges, and other fees paid to Honda Finance Co. at the inception of the lease term; (4) loss of use of the vehicle, quantified as the cost of procuring reasonably similar substitute transportation; and (5) all attorneys' fees incurred by plaintiff during the loss of use period for the purpose of resolving the situation with defendants and Honda. Id. Here, it is clear that the plaintiff would not have brought this action seeking equitable relief if there was no possibility of obtaining monetary damages.

Second, the declaratory relief sought by plaintiff is not reasonably necessary and appropriate should the plaintiff succeed on the merits. Plaintiff cannot obtain equitable relief because (1) he has an adequate remedy at law, i.e. monetary damages for the alleged injuries suffered; and (2) he cannot show an immediate risk of injury, as has not identified a specific future situation where he expects to have his

20

## SUMMARY OF ARGUMENTS

**Class Certification:** In Point I, plaintiff demonstrates that this is an appropriate point in the litigation to certify this case as a class action, and that, as a substantive matter, the arguments and defenses asserted by defendants in recent Court filings virtually dictate the certification of a class, as these arguments and defenses raise systemic issues applicable to the entire class of lessees of motor vehicles whose cars have been seized by the defendants and returned to the leasing company without a *Krimstock* hearing or the commencement of forfeiture proceedings.

There can be little dispute that the basic requirements of numerosity, commonality, typicality and adequate representation are all substantially present. Further, FRCP 23 specifically authorizes certification where "the party opposing the class has acted or refused to act on grounds generally applicable to the class." Here, defendants have argued that people who lease their vehicles, as a group, are not entitled to the same rights and protections as those who finance or pay cash for their cars. Thus, defendants have "refused to act" – i.e., refused to provide *Krimstock* hearings or commence forfeiture actions – "on grounds generally applicable to the class" – i.e., their status as lessees.

Accordingly, it is not only well within the Court's broad discretion to certify the class, but certification offers the most efficient and appropriate means to resolve the systemic constitutional issues raised by defendants in this litigation. Therefore, certification should be granted.

2

resulting from the undue retention of a vehicle by the government . . .." *Krimstock v. Kelly*, 464 F.3d 246, 255 (2d Cir. 2006).

The Court affirmed these rights without regard to whether the vehicle is leased, financed or purchased outright. Indeed, such a distinction would contravene the Court's emphasis on the right to the *use* and *possession* of a vehicle, as well as decades of jurisprudence granting leases the same constitutional protection as title ownership. *See, e.g.*, 42 U.S.C. § 1982 (affirming the constitutional right "to inherit, purchase, *lease*, sell, hold and convey real and *personal property*") (emphasis added); *Fuentes v. Shevin*, 407 U.S. 67, 86 (1972) (due process protects "any significant property interest").

After two remands, Chief Judge Mukasey issued an Amended Order and Judgment setting forth procedures and rules for the City to follow and granting plaintiffs' motion to certify a class consisting of "all persons whose vehicles have been seized by the [NYPD] upon arrest, and kept in police custody for a prospective or pending action to forfeit such vehicles . . .." *Krimstock v. Kelly*, 2005 U.S. Dist. LEXIS 43845, at *2 (S.D.N.Y. Dec. 2, 2005) ("*Krimstock II remand*").[1] The District Court Orders established the Office of Administrative Trials and Hearings ("OATH"), which would handle the retention hearings required by *Krimstock I*.

---

[1] The second remand related to the issue of post-seizure retention hearings for vehicles held as arrest evidence rather than for potential forfeiture. Chief Judge Mukasey's original order on remand from *Krimstock I* was unreported. *See Krimstock v. Kelly*, 99 Civ. 12041, slip op. (MBM) (S.D.N.Y. Oct. 27, 2003). On appeal from that Order, the Second Circuit issued its second decision in the litigation, *Jones v. Kelly*, 378 F.3d 198 (2d Cir. 2004) ("*Krimstock II*"). The remand from *Krimstock II* resulted in the Amended Order and Judgment discussed in text.

9