Docket No. 07 Civ. 3782 (RMB)(KNF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK KAPITI,

Plaintiff,

-against-

RAYMOND W. KELLY, in his official capacity as
Commissioner of the New York City Police Department,
PROPERTY CLERK, New York City Police
Department, and THE CITY of NEW YORK,

Defendants.

**THIRD PARTY PLAINTIFF CITY OF NEW
YORK'S MEMORANDUM OF LAW IN
OPPOSITION TO HONDA'S MOTION TO
DISMISS THE THIRD-PARTY COMPLAINT**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York,*
*Police Commissioner Raymond Kelly and the*
*Property Clerk of the New York City Police*
*Department*
*100 Church Street*
*New York, N.Y. 10007*

Of Counsel: PHILIP S. FRANK
Tel: (212) 788-0893

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

STANDARD FOR DISMISSAL ........................................................................................... 2

STATEMENT OF FACTS .................................................................................................... 3

ARGUMENT

      POINT I

           THE COURT HAS PERSONAL JURISDICTION OVER
           THIRD-PARTY DEFENDANT............................................................................4

      POINT II

           THE COURT HAS SUBJECT MATTER JURISDICTION
           OVER THE THIRD-PARTY ACTION. ...............................................................7

      POINT III

           THE THIRD-PARTY ACTION IS NOT PREMATURE
           AND IS RIPE FOR ADJUDICATION. ...............................................................10

      POINT IV

           AMERICAN HONDA'S CLAIMS REGARDING THE
           CONTRACT ARE ISSUES OF FACT THAT SHOULD
           NOT BE DECIDED ON A MOTION TO DISMISS...........................................11

      POINT V

           THE INDEMNITY AGREEMENT APPLIES TO THE
           RELEASE OF THE VEHICLE TO AMERICAN HONDA ................................13

CONCLUSION........................................................................................................................ 15

## TABLE OF AUTHORITIES

**Cases**                                                                                                                              **Pages**

755 Seventh Avenue Corp. v. Carroll,
    266 N.Y. 157 (N.Y. 1935) ...........................................................................................................11

Abondolo v. Faraldi,
    2000 U.S. App. LEXIS 29569 (2d Cir. N.Y. Nov. 15, 2000)...................................................7

Bell Atlantic Corp. v. Twombly,
    127 S. Ct. 1955 (2007)...........................................................................................................3

Casper v. Lew Lieberman & Co.,
    No. 97 Civ. 3016 (JGK),
    1998 U.S. Dist. LEXIS 4063 (S.D.N.Y. Mar. 31, 1998) ....................................................2, 12

Conley v. Gibson,
    355 U.S. 41 (1957)................................................................................................................3

Conopco, Inc. v. Roll International,
    231 F.3d 82 (2d Cir. 2000)....................................................................................................2

Davidson v. Flynn,
    32 F.3d 27 (2d Cir. 1994)..................................................................................................2, 12

Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont,
    169 Fed. Appx. 45, 46 (2d Cir. 2006) ....................................................................................5

Elec. Communications Corp. v. Toshiba America Consumer Prod., Inc.,
    129 F.3d 240 (2d. Cir. 1997)..................................................................................................2

Encyclopedia Brown Prods. v. Home Box Office,
    91 Civ. 4092  1994,
    U.S. Dist. LEXIS 21372 (S.D.N.Y. Aug. 24, 1994)................................................................7

Furlong, M.D. v. Long Island College Hospital,
    710 F.2d 922 (2d Cir. 1983)..................................................................................................2

Goldman v. Belden,
    754 F.2d 1059, 1067 (2d Cir. 1985)) ..................................................................................2, 12

Grandon v. Merrill Lynch & Co.,
    147 F.3d 184 (2d Cir. 1998)..............................................................................................2, 12

Hutton Constr. Co. v. County of Rockland,
    93 Civ. 2465 (LAP),

**Cases**                                                                                          **Pages**

1993 U.S. Dist. LEXIS 18046 (S.D.N.Y. Dec. 22, 1993) ...........................................................11

Itar-Tass Russian News Agency v. Russian Kurier, Inc.,
    140 F.3d 442 (2d Cir. N.Y. 1998)...................................................................................8

Jacobson v. Sassower,
    66 N.Y.2d 991 (N.Y. 1985) .......................................................................................14

K. Bell & Associates v. Lloyd's Underwriters,
    92 Civ. 5249 (KTD) (KAR),
    1995 U.S. Dist. LEXIS 4554 (S.D.N.Y. Apr. 7, 1995).............................................11

Madonna v. United States,
    878 F.2d 62, (2d Cir. 1989)....................................................................................2, 12

Ninth Federal Sav. & Loan Association v. Yelder,
    484 N.Y.S.2d 632 (App. Div. 1985) ...........................................................................6

Nyctl 1997-1 Trust v. Nillas,
    288 A.D.2d 279,
    732 N.Y.S.2d 872 (App. Div. 2001) ...........................................................................6

Old Republic Insurance Co. v. Pac. Finance Services of America, Inc.,
    301 F.3d 54 (2d Cir. N.Y. 2002)..................................................................................6

Papasan v. Allain,
    478 U.S. 265 (1986)......................................................................................................3

Promisel v. First America Artificial Flowers, Inc.,
    943 F.2d 251 (2d Cir. 1991).........................................................................................7

Skyline Agency, Inc. v. Ambrose Coppotelli, Inc.,
    502 N.Y.S.2d 479 (App. Div. 1986) ...........................................................................6

Sriram v. Preferred Income Fund v. Preferred Income Fund,
    22 F.3d 498 (2d Cir. 1994)...........................................................................................7

**Statutes**

28 U.S.C. § 1332.................................................................................................................9

28 U.S.C. § 1367(a) ...........................................................................................................7

28 U.S.C. § 1367(c) .....................................................................................................7, 8, 9

| **Cases** | **Pages** |
|-----------|-----------|
| 42 U.S.C. § 1983 | 13 |
| Fed. R. Civ. P. 4(e)(1) | 5 |

**<u>Statutes</u>**                                                                                           **<u>Pages</u>**

Fed. R. Civ. P. 8(a)(2)........................................................................................................3

Fed. R. Civ. P. 12(b)(1), 12(b)(2) and 12(b)(6) ...........................................................2

NY CLS CPLR § 311 .....................................................................................................5, 6

## <u>Other Authorities</u>

C. Wright & A. Miller, Federal Practice and Procedure § 1216, 235-236 (3d ed. 2004)...............3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MARK KAPITI,

                                        Plaintiff,                07 Civ. 3782 (RMB)(KNF)

                -against-

RAYMOND W. KELLY, in his official capacity as
Commissioner of the New York City Police
Department, PROPERTY CLERK, New York City Police
Department, and THE CITY OF NEW YORK,

                                        Defendants.

------------------------------------------------------------------------ x

THE CITY OF NEW YORK,

                                        Plaintiff,

                -against-

AMERICAN HONDA FINANCE CORPORATION d/b/a
Honda Financial Services,

                                        Defendant.

------------------------------------------------------------------------ x

### THIRD PARTY PLAINTIFF CITY OF NEW YORK'S MEMORANDUM OF LAW IN OPPOSITION TO HONDA'S MOTION TO DISMISS THE THIRD-PARTY COMPLAINT

#### Preliminary Statement

Third-party plaintiff the City of New York (the "City") brought a third-party action to seek indemnification and contribution from third-party defendant American Honda Finance Corporation d/b/a Honda Financial Services ("American Honda") for claims brought in an action entitled *Mark Kapiti against Raymond W. Kelly, in his official capacity as Commissioner of the New York City Police Department, the Property Clerk, New York City*

*Police Department, and The City of New York*, 07 Civ. 3782 (RMB)(KNF) (the "*Kapiti* Action").
American Honda moved to dismiss the complaint on May 23, 2008. The City opposes the
motion to dismiss for the reasons set forth below.

## STANDARD FOR DISMISSAL

American Honda moved to dismiss the complaint for lack of subject matter
jurisdiction, lack of personal jurisdiction and for failure to state a claim upon which relief can be
granted pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2) and 12(b)(6)
respectively. On a motion to dismiss for failure to state a claim upon which relief can be granted
pursuant to Federal Rule of Civil Procedure 12(b)(6), the court is required to accept the material
facts alleged in the complaint as true and to construe all reasonable inferences in the nonmoving
party's favor. Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998); Davidson v.
Flynn, 32 F.3d 27, 29 (2d Cir. 1994) (citing Madonna v. United States, 878 F.2d 62, 65 (2d Cir.
1989)); Casper v. Lew Lieberman & Co., No. 97 Civ. 3016 (JGK), 1998 U.S. Dist. LEXIS 4063,
at *3 (S.D.N.Y. Mar. 31, 1998). Further, the Court's function on a motion to dismiss "is not to
weigh the evidence that might be presented at trial but merely to determine whether the
complaint itself is legally sufficient." Casper, 1998 U.S. Dist. LEXIS 4063, at *4 (quoting
Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985)). The rule "does not permit conclusory
statements to substitute for minimally sufficient factual allegations." Elec. Communications
Corp. v. Toshiba America Consumer Prods., Inc., 129 F.3d 240, 243 (2d. Cir. 1997) (quoting
Furlong, M.D. v. Long Island College Hosp., 710 F.2d 922, 928 (2d Cir. 1983)). A motion under
Rule 12(b)(6) should be granted if an affirmative defense, or other reason barring relief, is
apparent from the face of the complaint. Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86-87 (2d Cir.
2000).

Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of a claim showing that the pleader is entitled to relief, in order to give each defendant fair notice of what the claim is and the grounds upon which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not ordinarily need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-1965 (2007), citing, Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true" Id. at 1965, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, 235-236 (3d ed. 2004) ("The pleading must contain something more...than... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). Furthermore, the Supreme Court held that a complaint was required to allege sufficient facts against each defendant to support a "plausible," and not merely "conceivable," claim for relief. Bell Atlantic Corp, 127 S. Ct. at 1966. The complaint must include more than conclusory allegations in order to satisfy the requirements of Federal Rule of Civil Procedure 8(a)(2). Id.

Here, American Honda fails to meet its burden in its motion to dismiss.

## STATEMENT OF FACTS

On or about February 2, 2006, first-party plaintiff Mark Kapiti ("Kapiti"), leased a 2006 Acura MDX (the "Vehicle") from American Honda, the title owner of the Vehicle. See Third-Party Complaint at ¶ 63, annexed to Frank's Decl. as Exhibit "A." On or about May 15, 2006, Kapiti was arrested, and the Vehicle was seized pursuant to the arrest. Id. at ¶ 64. On or

3

about May 30, 2006, American Honda represented to the City that plaintiff was in default of his contractual agreement with American Honda. Id. at ¶ 65. By contract, dated May 30, 2006, American Honda agreed to indemnify and hold the City harmless for any claims made against it arising out of the release of the Vehicle to American Honda ("the Indemnity Agreement"). Id. at ¶ 66; the Indemnity Agreement annexed to Frank's Decl. as Exhibit "B." On or about August 17, 2006, the Vehicle was released to American Honda, as title owner. See Third-Party Complaint at ¶ 67, annexed to Frank's Decl. as Exhibit "A." On or about May 14, 2007, Kapiti filed a Complaint alleging that his civil rights were violated by Raymond Kelly, in his official capacity as Commissioner of the New York City Police Department, the Property Clerk of the New York City Police Department and the City of New York by virtue of the release of the Vehicle to American Honda. See Third-Party Complaint at ¶ 68, annexed to Frank's Decl. as Exhibit "A;" the Complaint, annexed to Frank's Decl. as Exhibit "C."

On March 19, 2008, the City filed the Third-Party Complaint and served it on American Honda. See the Affidavit of Service, annexed to Frank's Decl. as Exhibit "D." Although the Affidavit of Service mistakenly states that the Third Party Complaint was served on a "Suitable Age Person," id., the City served the corporation American Honda with process by serving its registered agent with the New York Department of State to receive process.

### ARGUMENT

### POINT I

### THE COURT HAS PERSONAL JURISDICTION OVER THIRD-PARTY DEFENDANT.

American Honda's argument that the Court lacks personal jurisdiction over American Honda because the affidavit of service filed by defendants is defective is made in bad

faith and has no merit.[1]  American Honda was, in fact, served properly.  Pursuant to Fed. R. Civ. P. 4(e)(1), service of process is valid when service is made "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 169 Fed. Appx. 45, 46 (2d Cir. 2006).  Under New York law, service on a corporation may be made "upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service."  NY CLS CPLR § 311.  American Honda is a corporation formed under the laws of the State of California with its principal place of business in the State of California.  See NYS Department of State, Division of Corporations, Entity Information, at http://appsext8.dos.state.ny.us/.  As a foreign corporation authorized to do business in the State of New York, American Honda registered an agent for service with the New York Department of State.  Id.  American Honda's registered agent is "CT Corporation System," located at 111 Eighth Avenue, New York, New York 10011.  Id.  On or about March 19, 2008, the City properly served American Honda with the third party complaint at "CT Corporation System."  See Affidavits of Service, annexed to Frank's Decl., as Exhibits "D" and "E."

Notably, American Honda does not and cannot argue that it was not, in fact, properly served with the third party Complaint at its designated agent of service.  Instead, American Honda can only argue that service was not proper because the Affidavit of Service

---

[1] American Honda also claims that service was deficient because (a) the Affidavit of Service does not state the Court of record; (b) the Affidavit does not cite a case number; (c) the Affidavit does not state that an additional mailing was made; (d) the Affidavit does not recite the military status of the person served; and (e) the Affidavit does not indicate whether the process server had a valid license. American Honda does not explain why these alleged deficiencies in the Affidavit stand for the proposition that service was improper. Moreover, the City of New York is unaware

filed by the City was allegedly defective. American Honda's position is wholly disingenuous. In fact, American Honda's entire argument regarding whether it was properly served rests upon the assertion that the Affidavit of Service filled out by the process server incorrectly stated that a "suitable age person" was served rather than a "corporation." However, American Honda's argument fails because it is clear from the address listed on the Affidavit of Service that American Honda was properly served at its registered agent, located at 111 Eighth Avenue, New York, New York. Id. Even if the process server mistakenly checked off the wrong box on the Affidavit of Service, it is clear that American Honda was properly served. Moreover, an Amended Affidavit of Service, dated May 28, 2008, was filed by third-party plaintiff City of New York, clarifying that American Honda was served as a corporation. See Exhibit "E," annexed to Frank's Decl.

Finally, American Honda's argument that it is entitled to rely upon the Affidavit of Service as to the manner and method of service" is wholly misplaced. The cases cited by plaintiff stand for the proposition that a process server's affidavit of service establishes a prima facie case that service was proper, and in the absence of contrary facts, the courts presume that the defendants was properly served. See Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc. 301 F.3d 54, 57 (2d Cir. N.Y. 2002) (citing Nyctl 1997-1 Trust v. Nillas, 288 A.D.2d 279, 732 N.Y.S.2d 872, 873 (App. Div. 2001)). American Honda must file a sworn denial of receipt of service to rebut the presumption of proper service established by the process server's affidavit. Id., Skyline Agency, Inc. v. Ambrose Coppotelli, Inc., 502 N.Y.S.2d 479, 483-84 (App. Div. 1986); Ninth Fed. Sav. & Loan Ass'n v. Yelder, 484 N.Y.S.2d 632, 633 (App. Div. 1985). In the instant case, American Honda does not and cannot claim that it was actually served improperly.

---

of any case law that supports these arguments. The City of New York therefore submits that the

6

Therefore, American Honda's motion to dismiss the third party complaint for lack of personal jurisdiction must be denied.

## POINT II

## THE COURT HAS SUBJECT MATTER JURISDICTION OVER THE THIRD-PARTY ACTION.

American Honda's argument that this Court does not have subject matter jurisdiction over the third-party action is without merit because the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) in that the City's claims against American Honda are so related to claims within the original jurisdiction of this Court in the *Kapiti* Action as to form part of the same case or controversy. A "district court may exercise supplemental jurisdiction over pendent state claims when it has jurisdiction over associated federal claims that 'form part of the same case or controversy.'" Sriram v. Preferred Income Fund v. Preferred Income Fund, 22 F.3d 498, 501 (2d Cir. 1994); Encyclopedia Brown Prods. v. Home Box Office, 91 Civ. 4092 (PKL), 1994 U.S. Dist. LEXIS 21372 (S.D.N.Y. Aug. 24, 1994). The Second Circuit has held that district courts can exercise supplemental jurisdiction over state law claims where "they share a 'common nucleus of operative fact'" with a federal claim." Abondolo v. Faraldi, 2000 U.S. App. LEXIS 29569, 8-9 (2d Cir. N.Y. Nov. 15, 2000)(internal citations omitted). The exercise of pendent jurisdiction "is a favored and normal course of action." Promisel v. First Am. Artificial Flowers, Inc., 943 F.2d 251, 254 (2d Cir. 1991). 28 U.S.C. § 1367(c) permits a district court to decline to exercise supplemental jurisdiction only if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances,

Court should disregard these arguments.

7

there are other compelling reasons for declining jurisdiction.  See Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 446 (2d Cir. N.Y. 1998) (28 U.S.C. 1367(c) "plainly allows the district court to reject jurisdiction over supplemental claims only in the four instances described therein.")(emphasis added).  Here, none of these scenarios exist; therefore the Court should exercise supplemental jurisdiction.

In the instant case, the Court has supplemental jurisdiction over the third-party action because it shares a 'common nucleus of operative fact' with the *Kapiti* action over which the Court has original jurisdiction.  Plaintiff Kapiti alleges that his constitutional rights were violated when third-party plaintiff City returned plaintiff's leased vehicle to American Honda without providing plaintiff a "Krimstock hearing."  As background, part of the reason the Vehicle was returned to American Honda was because American Honda made representations to the City of New York that plaintiff Kapiti had defaulted on his lease and that American Honda had terminated the lease agreement.  Furthermore, American Honda entered into an indemnity agreement with third-party plaintiff City, agreeing to indemnify and hold the City harmless for any claims made against it arising out of the release of the vehicle to American Honda.  See Indemnity Agreement, annexed to Frank's Decl. as Exhibit "B."  The City of New York's claims against American Honda are directly related to the release of the Vehicle to plaintiff, and the representations American Honda made to the City before the Vehicle was released.  American Honda's claim that there is no federal question between American Honda and the City is irrelevant because the City's supplemental state law claim shares a common nucleus of operative fact with the *Kapiti* action.  Accordingly, the Kapiti action and the instant third-party action form part of the same case or controversy, and the Court has supplemental jurisdiction over the matter.

Moreover, none of the exceptions to supplemental jurisdiction provided in 28 U.S.C. § 1367(c) apply to the instant case. The state law contract claim of indemnification and contribution does not raise a complex or novel issue of state law and does not substantially predominate over the claims over which the district court has original jurisdiction. The district court has not dismissed any of the claims over which it has original jurisdiction in the *Kapiti* action, and there are no exceptional circumstances, or other compelling reasons for declining jurisdiction. Therefore the Court must exercise supplemental jurisdiction over the action.

Furthermore, the Court has jurisdiction pursuant to 28 U.S.C. § 1332, in that the City and American Honda are citizens of different states and the amount in controversy is in excess of $75,000. 28 U.S.C. § 1332 states that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...[c]itizens of different States. Pursuant to 28 U.S.C. 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." American Honda is incorporated in the State of California and its principal place of business is in the State of California. See NYS Department of State, Division of Corporations, Entity Information, at http://appsext8.dos.state.ny.us/. Additionally, plaintiff Kapiti brings claims that he is entitled to $100,000.00 in damages. See Complaint, annexed to Frank's Decl. as Exhibit "C." Accordingly, American Honda is a citizen of the State of California, whereas the City of New York is a citizen of the state of New York, and the amount in controversy exceeds $75,000. Therefore the Court must exercise subject matter jurisdiction.

9

## POINT III

### THE THIRD-PARTY ACTION IS NOT PREMATURE AND IS RIPE FOR ADJUDICATION.

American Honda also incorrectly argues that the claim for indemnification is not yet ripe for adjudication.[2] The City's claim for indemnification is not premature because American Honda agreed to indemnify and hold the City harmless for "any claim" stemming from the release of the leased vehicle to American Honda. See Indemnity Agreement, annexed to Frank's Decl. as Exhibit "B." Specifically, American Honda agreed to hold the City of New York harmless and to "indemnify" it "from any claim or claims that may be asserted against [it] and for any damage, expense or cost which the New York City may suffer in connection with" the vehicle at issue in this case. Id. Here, plaintiff is suing the City of New York for damages related to the fact that the vehicle at issue was returned to Honda partially based on representations that Honda made to the City that plaintiff had defaulted on his lease without providing plaintiff with a "Krimstock hearing." Additionally, plaintiff claims he is entitled to costs and attorneys fees associated with bringing this lawsuit. See Complaint annexed to Frank's Decl. as Exhibit "C." Clearly, plaintiff brings claims for damages, expenses and costs suffered in connection with the return of the vehicle to Honda, rather than plaintiff. Therefore, because the City of New York has already suffered from costs and expenses associated with litigating this lawsuit and because a judgment by this Court could fix liability, the third-party complaint is not premature at this time.

---

[2] Third party plaintiff City of New York notes that American Honda only addresses the City's First Cause of Action. American Honda makes no mention of the City's Second Cause of Action. See Third Party Complaint at ¶¶ 78-80, annexed to Frank's Decl. as Exhibit "A." Therefore, assuming *arguendo* that the Court agrees with American Honda's argument regarding the First Cause of Action, the Second Cause of Action must not be dismissed.

Under New York law, there are two types of indemnity contracts—contracts indemnifying against loss and contracts indemnifying against liability. K. Bell & Associates, Inc. v. Lloyd's Underwriters, 92 Civ. 5249 (KTD)(KAR), 1995 U.S. Dist. LEXIS 4554, at *16 (S.D.N.Y. Apr. 7, 1995) (citing Hutton Constr. Co. v. County of Rockland, 93 Civ. 2465 (LAP), 1993 U.S. Dist. LEXIS 18046 (S.D.N.Y. Dec. 22, 1993)); 755 Seventh Ave. Corp. v. Carroll, 266 N.Y. 157 (N.Y. 1935). In a contract to indemnify against loss there is no cause of action until the obligee has sustained damage. K. Bell & Assocs. v. Lloyd's Underwriters, 1995 U.S. Dist. LEXIS 4554, 17-18 (S.D.N.Y. Apr. 7, 1995). In the instant case, the indemnity agreement is for both loss and liability. Importantly, the City of New York has already suffered damage defending the *Kapiti* action, which is covered under the broad language of the indemnity agreement. Additionally, liability will be fixed in this Court if the Court enters judgment against the City in the underlying *Kapiti* action. Accordingly, the third-party action is ripe for adjudication.

### POINT IV

**AMERICAN HONDA'S CLAIMS REGARDING THE CONTRACT ARE ISSUES OF FACT THAT SHOULD NOT BE DECIDED ON A MOTION TO DISMISS.**

American Honda makes several arguments related to the validity of the indemnification agreement that are issues of fact which should not be decided pursuant to a motion to dismiss. American Honda claims that there was no consideration for the contract, that it was one of adhesion, and that the City failed to fulfill the material terms of the agreement. See Aff. In Support of Third-Party Defendant's Motion at ¶¶ 39-47, 52-56. However, these arguments involve issues of fact that should not be decided at this juncture pursuant to a motion to dismiss. In fact, should these issues be adjudicated at a trial, defendants intend to present

11

testimony through witnesses named in their initial disclosures that proves there was consideration for the contract, that it was not one of adhesion and that the City fulfilled the terms of the contract. Similarly, American Honda's argument that the City did not follow its own protocols regarding the disposition of the leased vehicle is an issue of fact that should not be decided on a motion to dismiss. Id. at ¶¶ 61-63. Additionally, at trial, defendants will offer evidence to rebut Honda's allegations. On a motion to dismiss, the court is required to accept the material facts alleged in the Complaint as true and to construe all reasonable inferences in the nonmoving party's favor. Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998); Davidson v. Flynn, 32 F.3d 27, 29 (2d Cir. 1994) (citing Madonna v. United States, 878 F.2d 62, 65 (2d Cir. 1989)); Casper v. Lew Lieberman & Co., No. 97 Civ. 3016 (JGK), 1998 U.S. Dist. LEXIS 4063, at *3 (S.D.N.Y. Mar. 31, 1998). Further, the Court's function on a motion to dismiss "is not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." Casper, 1998 U.S. Dist. LEXIS 4063, at *4 (quoting Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985)). American Honda's claims that consideration did not pass between American Honda and the City and that the contract was one of adhesion are issues of fact.[3] Importantly, the City of New York denies most of the factual

---

[3] American Honda's witness, Tara Schoolkraft's testimony should be disregarded with respect to whether there was consideration for the contract and regarding the terms of the contract. Ms. Schoolkraft is not an attorney and had no role in the negotiations of the indemnification agreement with the City. Rather, she simply signed and returned the indemnification agreement because, according to her, it was the policy and practice to do so. According to Ms. Schoolkraft, counsel for Honda, Scott Shea, Esq., reviews the agreements and conducts any negotiations that are necessary with the City of New York. Ms. Schoolkraft is not privy to those conversations and has no personal knowledge regarding such communications between Honda and the City of New York. See Schoolkraft Dep. at 88:24-93:23, annexed to Frank Decl. at Exhibit "F." Finally, it became apparent at Ms. Schoolkraft's deposition that she did not have personal knowledge of the information contained in her affidavit annexed to Honda's motion to dismiss. Id. at 95:1-.101:11 In fact, when asked what she meant by certain statements contained in the Affidavit, Ms. Schoolkraft stated, "I didn't write this." Id. at 96:11-97:15.

allegations contained in American Honda's motion papers. Furthermore, the indemnity agreement plainly states that there was consideration. It states that American Honda, "in consideration of the release of a 2006 Acura MDX" indemnifies and holds the City harmless for the release of the seized lease vehicle. See Indemnity Agreement, annexed to Frank's Decl. as Exhibit "B." Accordingly, there was consideration for the indemnity agreement and it was not a contract of adhesion. Similarly, American Honda's claim that the contract was breached materially because the City did not intend to commence or commence a forfeiture action to obtain legal title to the leased vehicle is an issue of fact. Moreover, the City released the Vehicle to Honda, and thus there was no material breach of the contract. Id; See Third-Party Complaint at ¶ 73, annexed to Frank's Decl. as Exhibit "A." Accordingly, American Honda's arguments regarding the validity of the Indemnity Agreement are issues of fact not to be decided on a motion to dismiss.

## POINT V

### THE INDEMNITY AGREEMENT APPLIES TO THE RELEASE OF THE VEHICLE TO AMERICAN HONDA

American Honda's claim that the language of the hold harmless agreement does not apply to the *Kapiti* action pursuant to 42 U.S.C. § 1983 is without merit. Pursuant to the indemnity agreement, American Honda agreed to indemnify and hold the City harmless "for any liability or claim made against you arising out of the release" of the Vehicle to American Honda. See Indemnity Agreement, annexed to Frank's Decl. as Exhibit "B." This broad language of the Indemnity Agreement applies to the instant action by plaintiff Kapiti. Furthermore, third-party American Honda represented to the City that plaintiff Kapiti was in default of his lease. See Third-Party Complaint at ¶ 71, annexed to Frank's Decl. as Exhibit "A." As a result, the City returned the Vehicle to American Honda. Accordingly, the Indemnity Agreement applies to

13

Kapiti's claim against the City because the City released the vehicle to American Honda after it represented that Kapiti was in default of the lease. The City is not seeking indemnification resulting from the seizure of the vehicle that plaintiff Kapiti claims. Rather, the City is seeking indemnification for the release of the vehicle to American Honda rather than plaintiff. Accordingly the Indemnity Agreement applies to the instant action. American Honda's case law stands for the proposition that when a contract is ambiguous or doubtful, it must be construed against the party who prepared it. Here, the indemnity agreements is not ambiguous. Jacobson v. Sassower, 66 N.Y.2d 991, 993 (N.Y. 1985). American Honda clearly agreed to indemnify and hold the City harmless "for any liability or claim made against you arising out of the release" of the Vehicle to American Honda. See Indemnity Agreement, annexed to Frank's Decl. as Exhibit "B." Therefore, the Indemnity Agreement applies to the City's release of the vehicle to American Honda.

Furthermore, American Honda's claim that a party to an indemnification agreement may not seek indemnification against claims for their own intentional torts does not apply to the instant third-party action. In the instant case, defendant City of New York did not intentionally violate plaintiff's constitutional rights. Instead the City relied on a representation by Honda that plaintiff had defaulted on his lease and no longer had a property interest in the vehicle.

14

## CONCLUSION

For the foregoing reasons, third-party plaintiff City of New York respectfully requests that the Court deny third-party defendant American Honda Finance Corporation's motion to dismiss the third-party complaint.

Dated:       New York, New York
             July 1, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the City of New York
                              Attorney for third-party plaintiff the City of New York
                              100 Church Street
                              New York, New York 10007
                              (212) 788-0893

                    By:       _Philip S. Frank_____
                              Philip S. Frank (PF-3319)
                              Assistant Corporation Counsel

15