AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

THE CITY OF NEW YORK

V.

AMERICAN HONDA FINANCE CORPORATION
d/b/a Honda Financial Services

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 07 Civ. 3782 (RMB)(KNF)

TO: (Name and address of Defendant)

AMERICAN HONDA FINANCE CORPORATION
c/o C T Corporation System
111 Eighth Avenue
New York, NY 10011

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
100 Church Street, Room 3-186
New York, New York 10007

an answer to the complaint which is served on you with this summons, within ____20____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

MAR 1 9 2008

CLERK

DATE

(By) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x

MARK KAPITI,

                                              Plaintiff,

-against-

RAYMOND W. KELLY, in his official capacity as
Commissioner of the New York City Police
Department, PROPERTY CLERK, New York City Police
Department, and THE CITY OF NEW YORK,

                                              Defendants.

----------------------------------------------------------------- x

**THIRD PARTY COMPLAINT**

Jury Trial Demanded

07 Civ. 3782 (RMB)(KNF)

THE CITY OF NEW YORK,

                                              Plaintiff,

-against-

AMERICAN HONDA FINANCE CORPORATION d/b/a
Honda Financial Services,

                                              Defendant.

----------------------------------------------------------------- x

       The City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for its complaint against the defendants, alleges as follows:

       63. This is a third-party action in which third-party plaintiff the City of New York (the "City") seeks a contractual defense and indemnification from third-party defendant American Honda Finance Corporation d/b/a Honda Financial Services ("American Honda") for claims brought in an action entitled *Mark Kapiti against Raymond W. Kelly, in his official capacity as Commissioner of the New York City Police Department, the Property Clerk, New*

1

*York City Police Department, and The City of New York*, 07 Civ. 3782 (RMB)(KNF) (the "*Kapiti* Action").

## JURISDICTION AND VENUE

64. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, in that the City and American Honda are citizens of different states and the amount in controversy is in excess of $75,000.

65. This Court also has jurisdiction pursuant to 28 U.S.C. § 1367(a) in that the City's claims against American Honda are so related to claims within the original jurisdiction of this Court in the *Kapiti* Action as to form part of the same case or controversy.

66. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because American Honda does business and is subject to personal jurisdiction in this district and because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

67. The City is a municipal corporation organized under the laws of the State of New York.

68. American Honda is, on information and belief, a corporation formed under the laws of the State of California with its principal place of business in the State of California.

## FACTUAL ALLEGATIONS

69. On or about February 2, 2006, first-party plaintiff Mark Kapiti ("Kapiti"), leased a 2006 Acura MDX from American Honda (the "Vehicle"), the titled owner of the vehicle.

70. On or about May 15, 2006, Kapiti was arrested, and the Vehicle was seized pursuant to the arrest.

71. On or about May 30, 2006, American Honda represented to the City that Kapiti was in default of his contractual agreement with American Honda.

72. By contract, dated May 30, 2006, American Honda agreed to indemnify and hold the City harmless for any claims made against it arising out of the release of the Vehicle to American Honda ("the Indemnity Agreement"). A copy of the Indemnity Agreement is attached hereto as Exhibit "A."

73. On or about August 17, 2006, the Vehicle was released to Honda, as title owner.

74. On or about May 14, 2007, Kapiti filed a complaint alleging that his civil rights were violated by Raymond Kelly, in his official capacity as Commissioner of the New York City Police Department, the Property Clerk of the New York City Police Department and the City of New York by virtue of the release of the Vehicle to American Honda.

75. Attached hereto as Exhibit "B," and incorporated herein without admitting the truth of any of the allegations therein, and without prejudice to the interests of the third party plaintiff, is a true copy of the summons and complaint in the *Kapiti* Action..

76. Attached to this third party complaint, as Exhibit "C," is the Answer of Raymond Kelly, in his official capacity as Commissioner of the New York City Police Department, the Property Clerk of the New York City Police Department and the City of New York.

77. Third party plaintiff denies that it has violated the rights of, or is in any way liable to, Kapiti.

## FIRST CAUSE OF ACTION

78. If Kapiti was caused any injury or had his rights violated in any way, due to any conduct other than his own negligent or culpable conduct, then such damages were due to the intentional or negligent actions of American Honda.

79. That by reason of the foregoing, and/or by reason of the Indemnity Agreement between American Honda and the City, whereby American Honda is lawfully bound to indemnify the City for any acts pursuant to the aforesaid, then American Honda will be liable to the City in that event and in the full amount of a recovery herein by Kapiti, or for that proportion thereof caused by the relative responsibility of American Honda, and for all costs and expenses, no part of which has been paid to the City.

## AS AND FOR A SECOND CAUSE OF ACTION

80. That if Kapiti was caused to sustain the damages as alleged in the *Kapiti* Action through any negligence or want of due care other than the negligence or want of due care on the part of Kapiti, then said damages were sustained by reason of the negligence and want of due care, by acts of commission or omission on the part of American Honda, its agents, servants and/or employees; and if any judgment is recovered herein by Kapiti against the City, then the City will be damaged thereby and American Honda is or will be responsible therefore in whole or in part.

**WHEREFORE,** third-party plaintiff the City of New York requests judgment against American Honda Finance Corporation:

    (a) For the full amount, or such other amount as the Court deems just and proper, of any judgment obtained against third-party plaintiff;

(b) For the expenses of this action, costs and any other relief which this Court deems just and proper.

Dated: New York, New York
March 19, 2008

> MICHAEL A. CARDOZO
> Corporation Counsel of the
>   City of New York
> Attorney for third party plaintiff the City of New York
> 100 Church Street, Room 3-186
> New York, New York 10007
> (212) 788-8084
>
> By: *David M. Hazan*
>      David M. Hazan (DH-8611)[1]
>      Assistant Corporation Counsel

---

[1] This case has been assigned to Assistant Corporation Counsel Philip S. Frank, who is presently awaiting admission to practice law in the Southern District of New York and is handling this matter under supervision. Mr. Frank may be reached directly at (212) 788-0893.