UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARK KAPITI,                                    07 Civ. 3782 (RMB) (KNF)

      Plaintiff,

  -against-

RAYMOND W. KELLY, in his official
Capacity as Commissioner of New York City
Police Department, Property Clerk, New York
City Police Department, and The City of New York,

      Defendants.
------------------------------------------------------------x  REPLY AFFIDAVIT
THE CITY OF NEW YORK,

      Plaintiff,

  -against-

AMERICAN HONDA FINANCE CORPORATION
d/b/a HONDA FINANCIAL SERVICES,

      Defendant.
------------------------------------------------------------x
STATE OF MASSACHUSETTS )
         ) ss:
COUNTY OF HAMPDEN  )

  TARA L. SCHOOLCRAFT, being duly sworn, deposes and says:

  1. I am employed by the Third-Party defendant, AMERICAN HONDA FINANCE CORPORATION ("HONDA"). I have been employed by HONDA for approximately 10 years and presently hold the position of Dealers Relationship Manager.

  2. I have personal knowledge of the facts and circumstances surrounding this matter and I submit this Reply Affidavit in further support of the Pre-Answer Motion to Dismiss made by HONDA. This Reply Affidavit is being submitted in conjunction with my prior Affidavit prepared by counsel in support and sworn to May 20, 2008.

1

3. While I have held a number of positions with HONDA, during the period concerned in this lawsuit, I was a Customer Account Representative and had occasion to deal with the Hold Harmless Agreements, the subject matter of the Third-Party Complaint.

4. I have been provided with a copy of Attorney FRANK's Memorandum of Law, and while I have never met MR. FRANK, it is clear that he has misunderstood my prior affidavit and my testimony given on May 30, 2008 in response to the CITY OF NEW YORK's deposition notice. To the extent that I had dealt with Hold Harmless Agreements and the CITY in securing releases of vehicles, I have personal knowledge and MR. FRANK has read my testimony in a vacuum.

5. During the course of my deposition testimony, I was asked by Attorney HAZAN about my allegation regarding the statement in my prior affidavit wherein I said the CITY OF NEW YORK took the position that the release of the vehicle was a "take it or leave it" situation.

6. I call the Court's attention to that portion of my deposition when I was being examined by plaintiff's counsel, MR. KESSLER, which fully explained that the "take it or leave it" import was based upon the CITY having prepared the Release and Hold Harmless language which, if HONDA did not sign, would preclude HONDA from receiving its property, namely, the subject vehicle.

7. I am annexing as an Exhibit "1" portions of my deposition transcript, pages 115 through 123, which leave no doubt that if HONDA did not sign the agreement as prepared by the CITY OF NEW YORK, HONDA would not receive the vehicle. Further, it is clear from my deposition testimony that the Release was intended to deal solely with physical damage.

8. Both MESSRS. FRANK and HAZAN are themselves confused by the language of the Release which the CITY prepared and required HONDA to sign as a pre-condition to the release of the vehicle.

WHEREFORE, your deponent respectfully prays that an Order be made and entered granting the relief requested herein and dismissing the Third-Party Complaint against AMERICAN HONDA FINANCE CORPORATION in all respects, together with such other relief as the Court may deem appropriate.

*Tara L. Schoolcraft*
TARA SCHOOLCRAFT

Sworn to before me this
9TH day of June, 2008.

_____
NOTARY PUBLIC

LOUIS R. BERENDES, Notary Public
My Commission Expires October 21, 2010