THE LAW OFFICES OF

# *STEVEN L. KESSLER*

May 20, 2008

**BY HAND**
The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

      Re:   *Mark Kapiti v. Raymond W. Kelly, et al.*
              <u>Index No. 07 Civ. 3782 (RMB)</u>

Dear Judge Berman:

      As counsel for plaintiff Mark Kapiti in the referenced proceeding, I write to briefly respond to some of the most critical misstatements in defendants' May 19, 2008 letter to the Court opposing plaintiff's application for leave to move for class certification.

**1.    Timing and Substance**

      Critically, defendants fail to even address, let alone dispute, the sole factual and legal bases for plaintiff's application: defendants' own arguments filed with the Court.

      Factually, defendants concede that they employ a system-wide policy of refusing to provide *Krimstock* hearings to vehicle lessees or commence forfeiture proceedings with respect to leased vehicles. Further, defendants do not dispute that this system-wide policy violates the appellate and district court decisions in *Krimstock* as well as the statutes, rules and regulations governing the seizure, retention and forfeiture of property within the City of New York.

      Legally, defendants do not dispute that the defenses they have raised for the first time in recent filings with this Court in fact raise substantial class issues. Nor do they deny, as they cannot, that a common *defense* is sufficient to warrant

THE CHANIN BUILDING   122 EAST 42ND STREET   NEW YORK, NEW YORK 10168-0699   TEL: 212-661-1500   FAX: 212-297-0777
HTTP://WWW.KESSLERONFORFEITURE.COM   E-mail: KESSLERONFORFEITURE@MSN.COM

*The Honorable Richard M. Berman*  - page 2 -
*May 20, 2008*

class certification. *See, e.g., In Re Agent Orange Product Liability Litigation MDL No. 381*, 818 F.2d 145, 166 (2d Cir. 1987) (affirming class certification because "the trial is likely to emphasize critical common defenses applicable to the plaintiffs' class as a whole").

Defendants' single argument – that plaintiff did not seek class certification in his Verified Complaint – was acknowledged in plaintiff's application and is, in fact, the basis asserted therein for the timing of our application. Thus, defendants' opposition *supports* the timing of plaintiff's application. Accordingly, plaintiff's application should be granted as unopposed.

## 2.   Definition of the Class

All of defendants' arguments under Rule 23 come down to the contention that plaintiff has not adequately defined the proposed class. Defendants, however, provide assistance in this regard, proposing that an appropriate class would be "individuals who (1) leased vehicles; (2) had their leased vehicle seized by the NYPD pursuant to . . . . arrest; and (3) had the vehicle returned to the leasing company . . ." Pl. Ltr. at 4.[1]

Plaintiff agrees to the class as stated above. Given this agreement between the parties, defendants' remaining objections regarding numerosity, commonality and typicality should be deemed moot and plaintiff's application should be granted on stipulation of the parties.[2]

---

[1] Plaintiff has deleted superfluous language from defendants' proposal regarding the validity of the arrest and notification from the leasing company that the lessee is in default. Defendants' 'leased vehicle exception' to *Krimstock* applies regardless of the validity of the arrest, and receipt of a default notice from the lessor is a *defense* to a class action, not a limitation on the nature of the class itself.

[2] Plaintiff had more broadly defined the class because of concerns about excluding lessees whose cars might be seized in the future. That issue, however, was addressed in *Krimstock* itself, where, although the class was defined as "all persons whose vehicles have been seized by the [NYPD] upon arrest, and kept in police custody for a prospective or pending action to forfeit such vehicles", the decisions held that class members can move in and out of the "transitory" class without affecting the merits of the case. *See Krimstock v. Kelly*, 306 F.3d 40, 70 & n.34 (2d Cir. 2002) (citing *County of Riverside v. McLaughlin*, 500 U.S. 44, 51-52 (1991)); *Krimstock v. Kelly*, 2005 US Dist. LEXIS 43845,at *2 (S.D.N.Y. Dec. 2, 2005) (Mukasey, C.J.).  Finally, while defendant complains that there is no

*The Honorable Richard M. Berman*                                                                       *- page 3 -*
*May 20, 2008*

### 3.   Adequacy of Representation

Defendants assert that both plaintiff and his counsel are inadequate class representatives, contending that (1) plaintiff's deposition testimony allegedly raises "serious questions regarding whether he understands the allegations made in this lawsuit"; and (2) plaintiff's counsel (a) lacks experience litigating class action lawsuits, and (b) has an alleged conflict of interest because he sublets office space from Honda's counsel. Pl. Ltr. at 5.

With respect to Mr. Kapiti, defendants misquote his testimony, which attempted to respond to vague and confusing questions by defendants' newly admitted counsel. In any event, there is no requirement that a class representative be a legally savvy, 'professional' plaintiff. Plaintiff is not a lawyer or a CEO or a police officer. He is a hardworking pizza maker and building superintendent – a more than adequate class leader. More importantly, defendants do not dispute that Mr. Kapiti's experience with respect to the defendants' handling of the seizure, retention and disposition of his leased vehicle was representative and typical of the experience of the proposed class. Thus, defendants concede the factual and legal adequacy of plaintiff's class representation.

With respect to plaintiff's counsel, there is no requirement that class counsel be a class action specialist. The undersigned is highly experienced in the specialized areas of law presented by the proposed class litigation. I have litigated forfeiture-related civil cases with federal, state and local governments for the past twenty years, before which time I was head of the Asset Forfeiture Unit of the Bronx District Attorney's Office, and served as a member of the Forfeiture Law Advisory Group of the New York State District Attorney's Association. I am an adjunct professor at New York Law School, and the author of, *inter alia*, a three-volume treatise, *Civil and Criminal Forfeiture: Federal and State Practice* (West Group 1993 & Supp. 2008), a one-volume treatise, *New York Criminal and Civil Forfeitures* (LexisNexis 2007), and eight chapters in Weinstein, Korn & Miller's *New York Civil Practice*. I have written and lectured

---

proposed time limit with respect to the class, no time limit was imposed in *Krimstock* either. Indeed, such a limitation would be inappropriate given that both this lawsuit and the plaintiffs in *Krimstock* seek, *inter alia*, declaratory and injunctive relief that would be applicable on a prospective basis.

*The Honorable Richard M. Berman* — page 4 —
*May 20, 2008*

extensively on forfeiture-related topics and testified before the National Conference of State Legislators and the New York City Council on forfeiture-related issues. My work and viewpoints are widely cited in court opinions and in the general media. My experience is more than sufficient to protect the interests of the proposed class.

Finally, defendants' suggestion that my office rental arrangements pose a potential conflict of interest is unsupported and scurrilous. Indeed, it attacks my ethical and legal qualifications based on a lease agreement, and should be rejected out of hand.

**4.     The Unsealing Order**

Significantly, defendants do not dispute that the Court applied the wrong standard in ruling on their unsealing motion. Instead, defendants adduce a procedural history of the motion. Further, while defendants misquote plaintiff's deposition testimony even though the parties have not yet received the transcript, they fail to inform the Court that, at this same deposition, defense counsel asked plaintiff scores of questions about every detail of the underlying criminal proceeding. Plaintiff's responses confirmed that the documents in the sealed criminal file are not only irrelevant to this case, but superfluous and duplicative as well, coupled with the fact that defendants already have their own files and those of one of their potential witnesses, the A.D.A. assigned to the case. Certainly, if plaintiff's testimony provided *any* substantive support for defendants' motion, defendants would have been quick to claim as much in their letter to this Court.

Plaintiff therefore respectfully requests that this Court (1) grant plaintiff's application regarding class certification, and (2) reconsider and vacate the unsealing orders.

Respectfully submitted,

Steven L. Kessler (SK-0426)

SLK:rmaf
cc:    ACCs Philip S. Frank & David M. Hazan (by facsimile)
       American Honda Financial