USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/5/08

RECEIVED
AUG 04 2008
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

DAVID M. HAZAN
*Assistant Corporation Counsel*
Room 3-186
Telephone: (212) 788-8084
Facsimile: (212) 788-9776
dhazan@law.nyc.gov

August 4, 2008

**VIA HAND DELIVERY**
Honorable Richard M. Berman
United States District Judge, SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**
p. 4

Re: <u>Mark Kapiti v. Raymond W. Kelly, et al.</u>, 07 Civ. 3782 (RMB) (KNF)

Your Honor:

    I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to the defense of the above matter on behalf of defendants City of New York, the Property Clerk of the New York City Police Department ("Property Clerk"), and New York City Police Commissioner Raymond Kelly. In that regard, pursuant to Your Honor's Individual Practices, I write to respectfully request that the Court schedule a pre-motion conference wherein defendants intend to request permission to move for summary judgment pursuant to Fed. R. Civ. P. 56. Additionally, for the reasons set forth below defendants respectfully request that the Court adjourn the trial date and all due dates for pre-trial submissions until after defendants' motion is decided. For the reasons set forth below, this course of action will allow the Court and all parties to conserve valuable resources which otherwise will be spent unnecessarily. Moreover, as explained below, plaintiff's Complaint, as presently written, contains no claims against the named defendants. Therefore, without even knowing what claims plaintiff is proceeding with against the named defendants, it is extremely difficult, if not impossible, for defendants to prepare for trial and to prepare motions *in limine*, jury charges, witness lists, and verdict sheets. Because there are no viable claims pled against the defendants in the Complaint, until this Court addresses the legal issues presented below, defendants will not be on notice of which claims, if any, they will be defending against at trial.

    As background, the above-referenced matter is scheduled to go to trial on October 6, 2008 and pre-trial submissions are due to the Court in early September, 2008. The Court previously instructed defendants to make any motion for summary judgment as part of their *motions in limine*. However, defendants now respectfully request that the Court reconsider said order because it is more efficient and logical to decide defendants' proposed summary judgment motion at this juncture. Defendants recognize that a motion for summary judgment is often not granted by this Court because in many cases there are material disputed issues of fact that must be decided by a jury. However, the issues presented herein are clearly established areas of law

based solely on the allegations contained in the Complaint. Presently, the Court has two motions pending before it in this case: (1) third party defendant Honda's motion to dismiss; and (2) plaintiff's motion for class certification. The issues presented by defendants herein are far less complicated than the issues presented in the pending motions. Importantly, if the Court agrees with defendants' legal analysis herein, it would not have to spend its resources deciding the pending motions because they would be deemed moot. Thus, it would be more efficient for the Court to decide defendants' motion for summary judgment prior to deciding the two pending motions. For the reasons set forth in Points A through C, *infra*, based upon the clearly established law, plaintiff's Complaint must be dismissed in its entirety. Moreover, defendants should be permitted to move for summary judgment at this juncture without having to expend the resources necessary to prepare for trial.

### A. Defendant Property Clerk of the NYPD is a Non-suable Entity.

Plaintiff's Complaint seeks compensatory and declaratory relief from the Property Clerk of the New York City Police Department. However, the Property Clerk is a non-suable entity. The New York City Charter provides: "All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." See East Coast Novelty Co., Inc. v. City of New York, 781 F. Supp. 999, 1010 (S.D.N.Y. 1992), citing N.Y. City Charter § 396; see also Adams v. Galletta, 966 F. Supp. 210, 212 (S.D.N.Y. 1997); Baily v. New York City Police Dep't, 910 F. Supp. 116, 117 (E.D.N.Y. 1996); Rossi v. New York City Police Dep't, 94 Civ. 5113 (JFK), 1998 U.S. Dist. LEXIS 1717, at *14-15 (S.D.N.Y. Feb. 17, 1998). As an agency of the City, the Police Department is not a suable entity. Id. Likewise, because it is a subdivision of the Police Department, the Property Clerk is also not a suable entity. Id. Therefore, all claims brought against the Property Clerk must be dismissed, with prejudice.

In an effort to resolve plaintiff's claims against the Property Clerk without Court intervention, defendants provided counsel for plaintiff with the above-referenced case law and requested that plaintiff withdraw his claims against the Property Clerk, with prejudice. Nevertheless, plaintiff refused to withdraw his claims against the Property Clerk and argued, citing inapplicable case-law, that he is entitled to sue the Property Clerk for declaratory relief. However, plaintiff's argument fails because as the Rossi court concluded, "the New York City Police Department is an organizational subdivision of the City of New York, lacking independent legal existence and as such is not a suable entity." Rossi, 1998 U.S. Dist. LEXIS 1717, at *14-15 (S.D.N.Y. Feb. 17, 1998). Clearly, plaintiff cannot sue an entity lacking an independent legal existence. Accordingly, all claims against the Property Clerk must be dismissed.

### B. Plaintiff's Complaint Does Not State a Claim Against Defendant City of New York.

Plaintiff's claims against the City of New York should be dismissed for failure to state a claim under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a complaint must allege that a person acting under the color of state law committed acts that deprived plaintiff of a right, privilege, or immunity guaranteed by the Constitution or the law of the United States. Parrat v. Taylor, 451 U.S. 527, 535 (1984). In order to hold a municipality liable as a "person" within the meaning of § 1983, the plaintiff must establish that the municipality itself was somehow at fault.

Oklahoma v. Tuttle, 471 U.S. 808, 810 (1985); Monell v. Department of Social Services, 436 U.S. 658, 609-91 (1978). "The plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries..." Second, the plaintiff must establish a causal connection- an "affirmative link"- between the policy and the deprivation of his constitutional rights." Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985) (citing Oklahoma, 471 U.S. at 824 n.8). Therefore, in order to establish municipal liability, plaintiff must plead and demonstrate that an identified municipal policy or practice was the "moving force [behind] the constitutional violation." Monell, 436 U.S. at 694. In the instant case, plaintiff has not pled, nor can he demonstrate, that defendant City of New York had a policy or custom that deprived plaintiff of his constitutional rights.

Plaintiff's Complaint is devoid of any allegations that defendant City of New York had a policy or practice that was the moving force behind the violation of plaintiff's Constitutional rights. To the contrary, plaintiff's Complaint alleges that plaintiff's rights were violated because the Property Clerks' Rules were not followed. See Compl. at ¶¶ 12-15, 48-50. Moreover, plaintiff alleges that the actions taken by City employees were "arbitrary." Id. Clearly plaintiff's Complaint does not allege that defendant City of New York had a policy that violated the Constitution and caused any of the five claims pled in plaintiff's Complaint. Therefore, all five claims against defendant City of New York must be dismissed.

Assuming, *arguendo*, that this Court allows plaintiff to proceed with claims against the City of New York that were not pled in the Complaint, but were mentioned in plaintiff's motion for class certification, those claims must also be dismissed. It appears from plaintiff's motion papers that he intends to argue that defendant City of New York has a policy and practice which deprives lessee's of vehicles of a Fourteenth Amendment right to due process. However, discovery has been closed in this case for several months and plaintiff conducted no discovery with respect to whether defendant City has such a policy or practice. In fact, there is no evidence that was produced during discovery that supports plaintiff's allegations. Rather, plaintiff bases his argument that the City has such a policy or practice solely upon legal arguments made by defendant City of New York's counsel wherein counsel argued that even if plaintiff's factual allegations are correct, his Constitutional rights were not violated. If plaintiff had conducted Monell discovery, he would have found that defendant City of New York handles each case involving a seized vehicle on an individual basis and is careful to ensure that each individual's Constitutional rights are protected. However, no such discovery was ever conducted and plaintiff has no evidence to support any conclusory allegations that a policy or practice of the City of New York caused plaintiff's Fourteenth Amendment rights to be violated. Thus, all claims against defendant City of New York must be dismissed, with prejudice.

C. **Plaintiff's Claims Against Commissioner Raymond Kelly Are Duplicative of the Claims Brought Against Defendant City of New York and Should Be Dismissed.**

Plaintiff also brings claims against Police Commissioner Raymond Kelly in his official capacity. All claims against Commissioner Kelly should be dismissed because they are duplicative of the claims brought against defendant City of New York. A suit against a municipal officer in their official capacity is the equivalent of a suit against the municipality itself. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Because plaintiff is suing

3

Police Commissioner Kelly in his *official capacity*, any claim against him is merely duplicative of the action against the City. Escobar v. City of New York, 1:05-cv-3030 (ENV)(CLP), 2007 U.S. Dist. LEXIS 45952, at *10 (E.D.N.Y. June 24, 2007), citing Nogue v. City of New York, No. 98-cv-3058, 1999 U.S. Dist. LEXIS 13201 (E.D.N.Y. Aug. 27, 1999); Walton v. Safir, 122 F. Supp. 2d 466, 477 n. 12 (S.D.N.Y. 2000) ("[S]uing the Police Commissioner adds nothing."). To succeed on the claim against the Police Commissioner in his official capacity, plaintiff must still show that a City of New York custom, policy, or practice was the moving force behind the constitutional violations. See Barry v. New York City Police Dep't, No. 01-cv-10627, 2004 U.S. Dist. LEXIS 5951 (S.D.N.Y. Apr. 7, 2004). "Based upon the understanding that it is duplicative to name both a government entity and the entity's employees in their official capacity, courts have routinely dismissed corresponding claims against individuals named in their official capacity as 'redundant and an inefficient use of judicial resources.'" Robinson v. Dist. of Columbia, 403 F. Supp. 2d 39, 49 (D.D.C. 2005) (quoting Cooke-Seals v. Dist. of Columbia, 973 F. Supp. 184, 187 (D.D.C. 1997)); Petruso v. Schlaefer, 474 F. Supp. 2d 430, 441 (E.D.N.Y. 2007) (citing Orange v. County of Suffolk, 830 F. Supp. 701, 706-07 (E.D.N.Y. 1993)); Longo v. Suffolk County Police Dep't, 429 F. Supp. 2d 553, 558 n.1 (E.D.N.Y. 2006). Accordingly, because the City is named in the complaint, any claims against the Police Commissioner in his official capacity should be dismissed because they are redundant and duplicative.

On these grounds, defendants believe that they possesses a good faith basis on which to move for summary judgment pursuant to Fed. R. Civ. P. 56. Moreover, because defendants proposed motion is based upon clearly established law and will allow the Court and all parties to conserve valuable resources which otherwise will be spent unnecessarily, defendants respectfully request that the Court schedule a pre-motion conference and adjourn the trial and all due dates for pre-trial submissions.

I thank the Court for its consideration in this regard.

> Application denied without prejudice. There are two motions pending.
>
> SO ORDERED:
> Date: 8/5/08
> Richard M. Berman, U.S.D.J.

Respectfully submitted,

David M. Hazan (DH-8611)
Assistant Corporation Counsel
Special Federal Litigation Division

4

cc:  **Via Hand Delivery**
Honorable Kevin Nathaniel Fox
United States Magistrate Judge, SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**Via Hand Delivery**
Steven L. Kessler, Esq.
122 East 42nd Street, Suite 606
New York, NY 10168

**Via Hand Delivery**
Michael A. Rosenberg, Esq.
122 East 42nd Street, Suite 606
New York, NY 10168