USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/18/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARK KAPITI,

       Plaintiff,

  - against -

RAYMOND W. KELLY, et al.,

       Defendants.
------------------------------------------------------------x

07 Civ. 3782 (RMB) (KNF)

<u>**DECISION AND ORDER**</u>

## I. Background

On May 8, 2007, Mark Kapiti ("Kapiti" or "Plaintiff") filed a complaint ("Complaint") pursuant to 42 U.S.C. § 1983 against Raymond W. Kelly, Commissioner of the New York City Police Department ("NYPD"), the Property Clerk of the NYPD, and The City of New York (collectively, "Defendants") for declaratory relief and damages arising out of Defendants' alleged seizure of Plaintiff's leased motor vehicle "on the ground that the seized vehicle was allegedly being used to transport illegal fireworks." (Compl. ¶ 2.) Plaintiff alleges, among other things, that Defendants violated "Plaintiff's rights under the Due Process Clause, the Equal Protection Clause and the Excessive Fines Clause by virtue of their illegal, unconstitutional, and arbitrary retention and sale of the seized vehicle without providing [P]laintiff the opportunity for a prompt hearing on the validity of its seizure and continued retention." (Compl. ¶ 19; <u>see also</u> <u>id.</u> ¶¶ 3, 41–52.)

On June 5, 2008, Plaintiff moved pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(b)(2) to certify a class of all "individuals who [] leased vehicles" or "any purchasers who did not hold title to their vehicles because of the terms of their installment contracts"; who "had their leased vehicle seized by the NYPD pursuant to arrest"; and "who had the vehicle returned to the leasing company" or who "were deprived of a [] hearing,

whether or not their vehicle was ultimately returned to the leasing company," and to appoint Steven L. Kessler as class counsel. (Pl. Mot. for Class Certification and for Recons., dated June 5, 2008 ("Pl. Mot."), at 14, 17–18.)[1] Plaintiff also moved for reconsideration of this Court's April 28, 2008 Order ("April 28, 2008 Order") affirming United States Magistrate Judge Kevin N. Fox's February 11, 2008 and March 12, 2008 discovery orders ("Discovery Orders") granting Defendants' request "to access sealed [police, criminal, and District Attorney] records pertinent to [Plaintiff's] arrest and the seizure of [Plaintiff's] automobile." (Order, dated Feb. 11, 2008, at 3; see Pl. Mot. at 3, 23.)

Plaintiff argues, among other things, that: (1) "[i]t has not been until the past few months that [D]efendants have begun to assert arguments that raise class issues" and "[t]hus, now is the appropriate time to certify the case as a class action," and Defendants can "hardly claim prejudice by the timing of Plaintiff's application"; (2) "rigorous analysis of the parties positions conclusively demonstrates that class certification is appropriate and necessary to ensure a just resolution of the litigation"; that "[t]he issues presented satisfy the four basic class action factors of [Fed. R. Civ. P.] 23(a)" and "the requirements for class certification imposed by [Fed. R. Civ. P.] 23(b)"; and (3) "[this] Court applied the wrong legal standard in granting [D]efendants' motion to unseal the criminal records of [P]laintiff's acquittal." (Pl. Mot. at 3, 12–14, 20; Reply in Supp. of Pl. Mot., dated July 23, 2008 ("Pl. Reply"), at 11) (internal quotations and citation omitted.)

On June 24, 2008, Defendants filed an opposition arguing, among other things, that: (1) "Defendants' legal position has remained consistent since filing their Answer" on August

---

[1] Plaintiff acknowledges that "neither [P]laintiff's [] Complaint nor [D]efendants' [A]nswer assert class-wide claims or defenses," and Plaintiff has not sought leave of this Court to amend the Complaint to add class allegations. (Pl. Mot. at 13.)

3, 2007 and "[D]efendants are prejudiced by [P]laintiff's decision to pursue a class action on the eve of the close of discovery"; (2) "[P]laintiff's proposed class is fatally flawed under the certification requirements set forth in [Fed. R. Civ. P.] 23(a) and 23(b)"; and (3) "at this juncture [P]laintiff's application for reconsideration [of the April 28, 2008 Order] is meritless, made in bad faith, and in violation of Rule 11 of the Federal Rules of Civil Procedure." (Defs. Opp'n to Pl. Mot. for Class Certification and for Recons., dated June 24, 2008 ("Defs. Opp'n"), at 1, 7–8, 22.) On July 23, 2008, Plaintiff filed a reply brief. (See Pl. Reply.) The parties waived oral argument.

**For the following reasons, Plaintiff's motion for class certification and for reconsideration of the Court's April 28, 2008 Order is denied.**

## II.     Legal Standard

### Class Certification

To succeed on a motion to certify a class, a plaintiff first must satisfy the prerequisites set forth in Rule 23(a) of the Federal Rules of Civil Procedure:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). "Second, plaintiffs must show that the putative class falls within one of the three categories set forth in Rule 23(b)."[2] In re AMF Bowling Sec. Litig., No. 99 Civ.

---

[2] The Rule 23(b) categories "encompass class actions where: (1) prosecution of separate actions by individual parties either would create a risk of inconsistent adjudications or would be dispositive of the interests of those members not parties to the adjudication; (2)

3

3023, 2002 WL 461513, at *3 (S.D.N.Y. Mar. 26, 2002); see also Freeland v. AT&T Corp., 238 F.R.D. 130, 139–40 (S.D.N.Y. 2006).

"Plaintiffs seeking to certify a class pursuant to Rule 23 of the Federal Rules of Civil Procedure bear the burden of establishing the four requirements of Rule 23(a) – numerosity, commonality, typicality and adequacy – as well as showing that the class fits into one of three categories set forth in Rule 23(b)." LV v. New York City Dept. of Educ., No. 03 Civ. 9917, 2005 WL 2298173, at *2 (S.D.N.Y. Sept. 20, 2005). "A court must conduct a 'rigorous analysis' to determine if those requirements are met, resolving any factual disputes relevant to the Rule 23 analysis." In re Fosamax Prods. Liab. Litig., No. 06 Mdl. 1789, 2008 WL 58890, at *6 (S.D.N.Y. Jan. 3, 2008) (citing In re Initial Pub. Offering Sec. Litig., 471 F.3d 24, 29 (2d Cir. 2006)). "In considering whether to certify a class, a court may not address the merits of the action except to the extent that the merits issue overlaps with a Rule 23 requirement." Id. (citing Initial Pub. Offering, 471 F.3d at 41).

**Reconsideration**

Motions for reconsideration are governed by Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3. See Schaffer v. Soros, No. 92 Civ. 1233, 1994 WL 592891, at *1 (S.D.N.Y. Oct. 31, 1994). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

---

defendants have acted or refused to act on grounds generally applicable to the class; or (3) questions of law or fact common to members of the class predominate, and a class action is superior to other available methods for adjudication." Velez v. Novartis Pharms. Corp., 244 F.R.D. 243, 256 (S.D.N.Y. 2007) (citing Fed. R. Civ. P. 23(b)).

**III.     Analysis**

    **(1)     Timing of Motion for Class Certification**

Plaintiff argues, among other things, that the motion for class certification is timely because "Defendants' recent court filings now contend that lessees such as Mr. Kapiti are not entitled to due process protection," which "would substantially diminish the property rights of thousands of people." (Pl. Mot. at 13.) Plaintiff also argues that "[D]efendants' claimed lack of opportunity [to conduct discovery] is untrue, as [P]laintiff provided notice of his intent to seek class status on May 1, 2008, when none of the parties' depositions had even commenced." (Pl. Reply at 11.)

Defendants counter, among other things, that "[P]laintiff's only basis for requesting class certification at this stage of the litigation . . . is based upon a misrepresentation of [D]efendants' legal position"; "[D]efendants have consistently asserted the same defense since the outset of this litigation"; and "[P]laintiff has not amended the Complaint to add class allegations and define a proposed class." (Defs. Opp'n at 7.) Defendants also counter that they "are prejudiced by [P]laintiff's decision to pursue class action on the eve of the close of discovery because they had no opportunity to engage in discovery related to [class certification]." (Id. at 8.)

"Class certification is to be decided 'at an early practicable time' after the commencement of a suit." Jones v. Ford Motor Credit Co., 358 F.3d 205, 215 (2d Cir. 2004) (quoting Fed. R. Civ. P. 23(c)(1)). "The reason for this rule is plain: fundamental fairness requires that a defendant named in a suit be told promptly the number of parties to whom it may ultimately be liable for money damages." Siskind v. Sperry Ret. Program, Unysis, 47 F.3d 498, 503 (2d Cir. 1995). "[A] party's failure to move for class certification until a late

date is a valid reason for denial of such a motion." Sterling v. Envtl. Control Bd. of City of New York, 793 F.2d 52, 58 (2d Cir. 1986).

Plaintiff's motion for class certification is "not merely untimely but prejudicially so." Cruz v. Coach Stores, Inc., No. 96 Civ. 8099, 1998 WL 812045, at *3 (S.D.N.Y. Nov. 18, 1998), rev'd on other grounds, 202 F.3d 560 (2d Cir. 2000). Plaintiff waited until May 1, 2008 — nearly a year after the Complaint was filed and barely one month before the close of discovery — to seek leave to file a motion for class certification. (See May 8, 2008 Letter); see also Weiss v. La Suisse, Societe D'Assurances Sur La Vie, 161 F. Supp. 2d 305, 319 (S.D.N.Y. 2001) ("Assuming arguendo that class certification would be appropriate, [the court is] constrained to deny the motion [for class certification and for leave to file a class action complaint] because of plaintiffs' tardiness in making it."); Adise v. Mather, 56 F.R.D. 492, 495 (D. Colo. 1972) ("Delay in bringing the class action question before the Court delays the pretrial proceedings and the ultimate disposition of the litigation . . . . [The court] cannot and should not condone the delay.").

"By so delaying, [P]laintiff assured that any granting of its motion would severely prejudice [D]efendant[s], as well as undermine the efficiency of the judicial process."[3] Cruz, 1998 WL 812045, at *3; see also Davis v. Lenox Hill Hosp., No. 03 Civ. 3746, 2004 WL 1926086, at *3–4 (S.D.N.Y. Aug. 31, 2004). And, now that discovery has closed, Plaintiff's proposal to "subpoena from [D]efendants all [Civil Enforcement Unit ("CEU")] case files for the past five years to ascertain class members for notice and trial purposes" guarantees

---

[3] On August 21, 2007, the Court ordered that the parties complete discovery by December 12, 2007. (See Case Management Plan, dated Aug. 21, 2007.) On March 12, 2008, the Court issued an Order extending "the discovery deadline (i.e., with respect to Honda related discovery) . . . until April 30, 2008," (Order, dated Mar. 12, 2008), and on April 25, 2008, the Court issued an Order granting an "absolutely final" extension of that discovery deadline to May 30, 2008 (Order, dated Apr. 25, 2008).

inordinate delay of the pre-trial process and prejudice to Defendants. (Reply at 12); see Weiss, 161 F. Supp. 2d at 320.

(2)     **Class Certification Under Fed. R. Civ. P. 23**

**Fed. R. Civ. P. 23(a)(1): Numerosity**

Plaintiff argues, among other things, that third-party Defendant Honda Finance's ("Honda") witness "testified that she was personally familiar with 'hundreds' of leased vehicle give-backs negotiated with Honda by the City [of New York] over a period of many years" and "[o]n the reasonable assumption that [D]efendants have negotiated a similar quantity of give-backs with every other car manufacturer, the testimony of Honda's witness instantly confirms a class of thousands." (Pl. Mot. at 16.) Defendants counter, among other things, that "not a single person, other than [P]laintiff . . . can be confirmed as a member of [the] proposed class" and the testimony of Honda's witness "is not evidence that the vehicles were returned in violation of individuals' due process rights," and thus "does not in any way bolster [P]laintiff's argument that the proposed class is sufficiently numerous for purposes of Rule 23(a)(1)." (Defs. Opp'n at 15–16) (emphasis in original.)

"Although the court may make common sense assumptions to support a finding of numerosity, it cannot do so on the basis of pure speculation without any factual support." Jeffries v. Pension Trust Fund of the Pension, Hospitalization and Benefit Plan of the Elec. Indus., 172 F. Supp. 2d 389, 394 (S.D.N.Y. 2001) (internal quotations and citations omitted). Plaintiff's belief that hundreds or thousands more lessees have had similar experiences is based on speculation. Gonzalez v. City of Waterbury, No. 06 Civ. 89, 2008 WL 747666, at *2 (D. Conn. Mar. 18, 2008). Plaintiff offers no persuasive evidence that any of the "leased vehicle give-backs negotiated with Honda by the City [of New York] over many years"

7

involved denial of due process to other individuals prior to the release of their vehicles. (Pl. Mot. at 16); see also Kohn v. Mucia, 776 F. Supp. 348, 353 (N.D. Ill. 1991) ("evidence of the number of cars disposed of in a two year period by the City of Chicago" alone insufficient to establish numerosity); Green v. Borg-Warner Protective Servs. Corp., No. 95 Civ. 10419, 1998 WL 17719, at *3–4 (S.D.N.Y. Jan. 16, 1998). "Having been presented with only a large pool of persons within which a class may or may not exist, without more the Court may not reason, in good faith, that numerosity has been met." Towers v. City of Chicago, 979 F. Supp. 708, 724 (N.D. Ill. 1997).

Plaintiff's proposal that "[i]f certification is granted, [P]laintiff will subpoena from [D]efendants all CEU case files for the past five years to ascertain class members for notice and trail purposes" demonstrates the speculativeness of how many class members may exist. See Reese v. Arrow Fin. Servs., LLC, 202 F.R.D. 83, 91 n.5 (D. Conn. 2001) (Plaintiff's proposal to conduct "further discovery as to numerosity . . . misconceives the nature of the burden on a plaintiff moving for class certification: plaintiff must show that the requirements of Rule 23 have been met before the class can be certified"); see also Green, 1998 WL 17719, at *3 n.10 ("If the alleged abuse of homeless persons by security guards at the shelters at issue is as widespread as asserted . . . it is reasonable to expect that plaintiffs would have provided considerably more evidence of abuse of the class than the eleven or twelve incidents placed before the Court to establish numerosity.").[4]

---

[4] "In addition, practicability [of joinder] does not depend on mere numbers." Abdul-Malik v. Coombe, No. 96 Civ. 1021, 1996 WL 706914, at *1 (S.D.N.Y. Dec. 6, 1996) (citing Robidoux v. Celani, 987 F.2d 931, 936 (2d Cir. 1993)). "Relevant considerations include judicial economy arising from the avoidance of a multiplicity of actions, geographic dispersion of class members, financial resources of class members, the ability of claimants to institute individual suits, and requests for prospective injunctive relief which would involve future class members." Robidoux, 987 F.2d at 936. "Plaintiff[], however, [has] provided the

**Fed. R. Civ. P. 23(a)(2) and (3): Commonality and Typicality**

Plaintiff argues, among other things, that "Defendants' practice of denying vehicle lessees the same due process and procedural protections as people who finance or pay cash for their cars is common to the entire class" and "[a]ll proposed class members have had the similar factual experience of being denied their [] hearing and the right to their day in court in a civil forfeiture proceeding." (Pl. Mot. at 16–17.) Defendants counter, among other things, that "[w]hen the city retains a leased vehicle for the purposes of forfeiture, the lessee is provided with due process" and "resolution of the asserted claims will turn on highly individualized determinations of fact and law," including "whether the class members had a property interest in their leased vehicle." (Defs. Opp'n at 8, 17.)

"The commonality requirement is met if [Plaintiff's] grievances share a common question of law or of fact." Robinson v. Metro-North Commuter R.R. Co., 267 F.3d 147, 155 (2d Cir. 2001) (internal quotations and citation omitted). "Claims are typical when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the [Defendants'] liability." Harris v. Initial Sec., Inc., No. 05 Civ. 3873, 2007 WL 703868, at *4 (S.D.N.Y. Mar. 7, 2007) (internal quotations and citation omitted). The commonality and typicality requirements "tend to merge because both serve as guideposts for determining whether . . . the named plaintiff's claim and the class claims are so inter-related that the interests of the class members will be fairly and adequately protected in their absence." Caridad v. Metro-North Commuter R.R., 191 F.3d 283, 292 (2d Cir. 1999) (internal quotations and citation omitted).

---

[C]ourt with no evidence by which to weigh these additional circumstances." Kempner v. Town of Greenwich, 249 F.R.D. 15, 19 (D. Conn. 2008). "As such, [Plaintiff has] further failed to establish numerosity under Rule 23." Id.

Commonality is not present here. At the time Defendants allegedly seized Plaintiff's vehicle, "[e]very case was treated individually." (Dep. Tr. of George Triffon, dated May 28, 2008, at 74.) That is, "[m]embers of the purported class may have experienced different treatment from that which the [Plaintiff] experienced relative to notice and the opportunity for a hearing." Burchette v. Dumpson, 387 F. Supp. 812, 820 (S.D.N.Y. 1974). And, even "[a]ssuming arguendo that [Defendants] erred in reaching [the] decision [to release Plaintiff's leased vehicle to the title owner prior to a hearing or civil forfeiture proceeding], it was one that turned on the unique circumstances of [Plaintiff's] case," including whether Plaintiff had defaulted on his lease. Joseph L. v. Conn. Dept. of Children and Families, 238 F.R.D 331, 338 (D. Conn. 2005); (see also Defs. Opp'n at 8 (release of Plaintiff's vehicle to Honda was "based upon the underlying facts and a variety of considerations"); Kline v. Wolf, 88 F.R.D. 696, 699 (S.D.N.Y. 1981) ("The members of [a] class are entitled to representatives unencumbered by 'unique defenses.'").

In addition, to satisfy the typicality requirements of Rule 23(a)(3) plaintiffs must demonstrate that other members of the purported class have suffered the same or similar grievances. Carter v. Newsday, Inc., 76 F.R.D. 9, 14 (E.D.N.Y. 1976). Plaintiff has not identified "any other person who has been subjected to the same or similar treatment as [he] has" and "only speculates that such is the case." Belles v. Schweiker, 720 F.2d 509, 515 (8th Cir. 1983); see also Rossini v. Ogilvy & Mather, Inc., 798 F.2d 590, 598 (2d Cir. 1986) (the "burden of showing typicality [is] not onerous, but requires 'something more than general conclusory allegations.'") (quoting Paxton v. Union Nat'l Bank, 688 F.2d 552, 562 (8th Cir. 1982)).

### Fed. R. Civ. P. 23(a)(4): Adequacy of Representation

Plaintiff argues, among other things, that "[D]efendants do not, and cannot, dispute that [P]laintiff's experience with the [D]efendants makes him an appropriate class representative" and "Plaintiff's counsel is highly experienced in the specialized areas of law presented by the proposed class litigation." (Pl. Mot. at 17–18.) Defendants counter, among other things, that Plaintiff's counsel "concedes . . . in his motion papers that he does not have experience handling class actions." (Defs. Opp'n at 18.)

"Failure to move in a timely fashion for certification of a class 'bears strongly on the adequacy of representation that those class members might expect to receive.'" In re Arakis Energy Corp. Sec. Litig., No. 95 Civ. 3431, 1999 WL 1021819, at *7 (E.D.N.Y. Apr. 27, 1999) (quoting East Texas Motor Freight Sys. Inc. v. Rodriguez, 431 U.S. 395, 405 (1977); see also Weinberg v. Lear Fan Corp., 102 F.R.D. 269, 272 (S.D.N.Y. 1984). "Class certification has been denied on the basis of delays in seeking certification even if that was the sole indicia of inadequate representation and regardless of whether certification finally was sought before or after trial." Arakis, 1999 WL 1021819, at *7.

Plaintiff's delay in seeking class certification and the fact that Plaintiff's counsel has not handled numerous class actions indicates that Plaintiff will not adequately represent the interests of the proposed class. (Pl. Mot. at 18); see also Mechigian v. Art Capital Corp., 612 F. Supp. 1421, 1433 (S.D.N.Y. 1985); Sanders v. Faraday Labs., Inc., 82 F.R.D. 99, 102–03 (S.D.N.Y. 1979).

### Fed. R. Civ. P. 23(b)

Because Plaintiff cannot meet the requirements of Rule 23(a), the Court need not address Defendants' arguments that Plaintiff cannot meet the requirements of Rule 23(b).

See Stubbs v. McDonald's Corp., 224 F.R.D. 668, 674 n.1 (D. Kan. 2004) ("a class action is not viable if the prerequisites of Rule 23(a) are not satisfied"); see also Trief v. Dun & Bradstreet Corp., 144 F.R.D. 193, 197 (S.D.N.Y. 1992) ("[A] court must first consider whether plaintiffs have satisfied the factors listed in Rule 23(a) and, only if so satisfied, determine whether the requirements of Rule 23(b) have been met.") (citing In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 290 (2d Cir. 1992)).

(3)  **Reconsideration of April 28, 2008 Order**

Plaintiff argues, among other things, that "[this] Court applied the wrong legal standard" in affirming Magistrate Judge Fox's Discovery Orders granting Defendants access to Plaintiff's police, criminal, and District Attorney records sealed pursuant to New York Criminal Procedure Law ("CPL") § 160.50; and "[t]he correct standard is pleading necessity under [Fed. R. Civ. P.] 11, not the liberal discovery standard of [Fed. R. Civ. P.] 26." (Pl. Reply at 2.) Defendants (correctly) counter that "the applicable standard that governs the scope of discovery is [Fed. R. Civ. P.] 26 . . . not [Fed. R. Civ. P.] 11." (Letter from David M. Hazan, dated Mar. 3, 2008, at 1–2; see also Defs. Opp'n at 22.)

By filing this civil action, Plaintiff "has waived the privilege conferred by CPL [§] 160.50 and must consent to [Defendants'] procurement and examination of the sealed records or be precluded from prosecuting his . . . cause of action." Wright v. Snow, 175 A.D.2d 451, 452 (3d Dep't 1991); see also Green v. Montgomery, 219 F.3d 52, 57 (2d Cir. 2000). Contrary to Plaintiff's argument, Fed. R. Civ. P. 11 "does not apply to disclosures and discovery requests, responses, objections, and motions under [Fed. R. Civ. P.] 26 through 37." Fed. R. Civ. P. 11(d); see also Tota v. Franzen, No. 06 Civ. 514, 2007 WL 2693441, at *8 (W.D.N.Y. Sept. 10, 2007).

Plaintiff "has not cited any matters or controlling decisions that were overlooked" in the Court's April 28, 2008 Order. Thomas v. Lord, No. 96 Civ. 3271, 1998 WL 3359, at *1 (S.D.N.Y. Jan. 6, 1998).

## IV. Conclusion and Order

For the reasons set forth above, Plaintiff's motion for class certification and for reconsideration of the Court's April 28, 2008 Order [#53] is denied.

Dated: New York, New York
       August 18, 2008

                                        RICHARD M. BERMAN, U.S.D.J.