USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/21/08

RECEIVED
AUG 21 2008
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

DAVID M. HAZAN
*Assistant Corporation Counsel*
Room 3-186
Telephone: (212) 788-8084
Facsimile: (212) 788-9776
dhazan@law.nyc.gov

August 20, 2008

**VIA HAND DELIVERY**
Honorable Richard M. Berman
United States District Judge, SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**
p. 4

Re: Mark Kapiti v. Raymond W. Kelly, et al., 07 Civ. 3782 (RMB) (KNF)

Your Honor:

    I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to the defense of the above-referenced matter on behalf of defendants City of New York, the Property Clerk of the New York City Police Department ("Property Clerk"), and New York City Police Commissioner Raymond Kelly. In that regard, defendants respectfully request that the Court dismiss the above-referenced matter, with prejudice, in light of the legal findings contained in the Court's Decision and Order, dated August 18, 2008, denying plaintiff's motion for class certification. The Court essentially held in its August 18, 2008 Decision and Order that plaintiff's allegations that defendant City of New York had a policy or practice of denying vehicle lessees the same due process and procedural protections as people who finance or pay cash for their cars are speculative and conclusory. See Decision and Order at 7-10. Importantly, in order to hold a municipality liable within the meaning of § 1983, the plaintiff must prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries...". Oklahoma v. Tuttle, 471 U.S. 808, 810 (1985); Monell v. Department of Social Services, 436 U.S. 658, 609-91 (1978). Because the Court has already held that plaintiff's claims regarding any alleged policy or practice are speculative and conclusory, plaintiff's Complaint must be dismissed against defendant City of New York.[1] Regardless, as explained below, plaintiff's Complaint, as presently written, contains no claims against the named defendants. Therefore, without even knowing what claims plaintiff is proceeding with against the named defendants, it is extremely difficult, if not impossible, for defendants to prepare for trial and to prepare motions *in limine*,

---

[1] As explained in Points B and C, *infra*, the remaining defendants cannot legally be sued. Thus, all claims against them must also be dismissed.

jury charges, witness lists, and verdict sheets. Thus, to the extent that the Court needs time to render a decision regarding whether plaintiff's Complaint should be dismissed, defendants respectfully request that the trial in this matter and all due dates for pre-trial submissions be adjourned pending the Court's decision. For these reasons and the reasons set forth in Points A through C, *infra*, based upon the clearly established law, plaintiff's Complaint must be dismissed in its entirety.

### A. Plaintiff's Claims Against Defendant City of New York Must Be Dismissed.

Plaintiff's claims against the City of New York should be dismissed for failure to state a claim under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a complaint must allege that a person acting under the color of state law committed acts that deprived plaintiff of a right, privilege, or immunity guaranteed by the Constitution or the law of the United States. Parrat v. Taylor, 451 U.S. 527, 535 (1984). In order to hold a municipality liable as a "person" within the meaning of § 1983, the plaintiff must establish that the municipality itself was somehow at fault. Oklahoma v. Tuttle, 471 U.S. 808, 810 (1985); Monell v. Department of Social Services, 436 U.S. 658, 609-91 (1978). "The plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries..." Second, the plaintiff must establish a causal connection- an "affirmative link"- between the policy and the deprivation of his constitutional rights." Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985) (citing Oklahoma, 471 U.S. at 824 n.8). Therefore, in order to establish municipal liability, plaintiff must plead and demonstrate that an identified municipal policy or practice was the "moving force [behind] the constitutional violation." Monell, 436 U.S. at 694. In the instant case, plaintiff has not pled, nor can he demonstrate, that defendant City of New York had a policy or custom that deprived plaintiff of his constitutional rights.

Plaintiff's Complaint is devoid of any allegations that defendant City of New York had a policy or practice that was the moving force behind the violation of plaintiff's Constitutional rights. To the contrary, plaintiff's Complaint alleges that plaintiff's rights were violated because the Property Clerks' Rules were not followed. See Compl. at ¶¶ 12-15, 48-50. Moreover, plaintiff alleges that the actions taken by City employees against plaintiff were "arbitrary." Id. Clearly plaintiff's Complaint does not allege that defendant City of New York had a policy that violated the Constitution and caused any of the five claims pled in plaintiff's Complaint. Therefore, all five claims against defendant City of New York must be dismissed.

Assuming, *arguendo*, that this Court allows plaintiff to proceed with claims against the City of New York that were not pled in the Complaint, but were mentioned in plaintiff's motion for class certification, based upon the Court's August 18, 2008 Decision and Order, those claims must also be dismissed. The Court held in its Decision and Order that plaintiff's belief that the City's alleged policy affected hundreds or thousands of lessees is "based on speculation." See Decision and Order at 7. Further, the Court held that plaintiff offers no persuasive evidence that any leased vehicle "give-backs" negotiated with leasing companies over many years involved the denial of due process to individuals other than plaintiff. Id. at 7-8. Moreover, the Court held that "at the time Defendants allegedly seized Plaintiff's vehicle, '[e]very case was treated individually,'" indicating that there was no evidence of any sort of policy to deprive individuals of their due process rights. Id. at 10. Importantly, the Court held that "'assuming *arguendo* that [Defendants] erred in reaching [the] decision [to release Plaintiff's leased vehicle to the title

2

owner prior to a hearing or civil forfeiture proceeding], it was one that turned on the unique circumstances of [Plaintiff's] case.'" Id. Thus, the Court's Decision and Order clearly suggests that plaintiff does not have any evidence to allege that the City has a policy or practice of depriving individual's with leased vehicles of their due process rights. Instead, the Court held that the actions by City employees in the instant case turned on the unique circumstances of plaintiff's case. Thus, plaintiff has no evidence to support allegations that defendant City of New York had a policy which deprived plaintiff of his Constitutional Rights and all claims against defendant City of New York must be dismissed, with prejudice.

### B. Plaintiff's Claims Against Commissioner Raymond Kelly Are Duplicative of the Claims Brought Against Defendant City of New York and Should Be Dismissed.

Plaintiff also brings claims against Police Commissioner Raymond Kelly in his official capacity. All claims against Commissioner Kelly should be dismissed because they are duplicative of the claims brought against defendant City of New York. A suit against a municipal officer in their official capacity is the equivalent of a suit against the municipality itself. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Because plaintiff is suing Police Commissioner Kelly in his *official capacity*, any claim against him is merely duplicative of the action against the City. Escobar v. City of New York, 1:05-cv-3030 (ENV)(CLP), 2007 U.S. Dist. LEXIS 45952, at *10 (E.D.N.Y. June 24, 2007), citing Nogue v. City of New York, No. 98-cv-3058, 1999 U.S. Dist. LEXIS 13201 (E.D.N.Y. Aug. 27, 1999); Walton v. Safir, 122 F. Supp. 2d 466, 477 n. 12 (S.D.N.Y. 2000) ("[S]uing the Police Commissioner adds nothing."). To succeed on the claim against the Police Commissioner in his official capacity, plaintiff must still show that a City of New York custom, policy, or practice was the moving force behind the constitutional violations. See Barry v. New York City Police Dep't, No. 01-cv-10627, 2004 U.S. Dist. LEXIS 5951 (S.D.N.Y. Apr. 7, 2004). "Based upon the understanding that it is duplicative to name both a government entity and the entity's employees in their official capacity, courts have routinely dismissed corresponding claims against individuals named in their official capacity as 'redundant and an inefficient use of judicial resources.'" Robinson v. Dist. of Columbia, 403 F. Supp. 2d 39, 49 (D.D.C. 2005) (quoting Cooke-Seals v. Dist. of Columbia, 973 F. Supp. 184, 187 (D.D.C. 1997)); Petruso v. Schlaefer, 474 F. Supp. 2d 430, 441 (E.D.N.Y. 2007) (citing Orange v. County of Suffolk, 830 F. Supp. 701, 706-07 (E.D.N.Y. 1993)); Longo v. Suffolk County Police Dep't, 429 F. Supp. 2d 553, 558 n.1 ( E.D.N.Y. 2006). Accordingly, because the City is named in the complaint, any claims against the Police Commissioner in his official capacity should be dismissed because they are redundant and duplicative.

### C. Defendant Property Clerk of the NYPD is a Non-suable Entity.

Plaintiff's Complaint seeks compensatory and declaratory relief from the Property Clerk of the New York City Police Department. However, the Property Clerk is a non-suable entity. The New York City Charter provides: "All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." See East Coast Novelty Co., Inc. v. City of New York, 781 F. Supp. 999, 1010 (S.D.N.Y. 1992), citing N.Y. City Charter § 396; see also Adams v. Galletta, 966 F. Supp. 210, 212 (S.D.N.Y. 1997); Baily v. New York City Police Dep't, 910 F. Supp. 116, 117 (E.D.N.Y. 1996); Rossi v. New York City Police Dep't, 94 Civ. 5113 (JFK), 1998 U.S. Dist. LEXIS 1717, at *14-15 (S.D.N.Y. Feb. 17, 1998). As an agency of

the City, the Police Department is not a suable entity. Id. Likewise, because it is a subdivision of the Police Department, the Property Clerk is also not a suable entity. Id. Therefore, all claims brought against the Property Clerk must be dismissed, with prejudice.

In an effort to resolve plaintiff's claims against the Property Clerk without Court intervention, defendants provided counsel for plaintiff with the above-referenced case law and requested that plaintiff withdraw his claims against the Property Clerk, with prejudice. Nevertheless, plaintiff refused to withdraw his claims against the Property Clerk and argued, citing inapplicable case-law, that he is entitled to sue the Property Clerk for declaratory relief. However, plaintiff's argument fails because as the Rossi court concluded, "the New York City Police Department is an organizational subdivision of the City of New York, lacking independent legal existence and as such is not a suable entity." Rossi, 1998 U.S. Dist. LEXIS 1717, at *14-15 (S.D.N.Y. Feb. 17, 1998). Clearly, plaintiff cannot sue an entity lacking an independent legal existence. Accordingly, all claims against the Property Clerk must be dismissed.

On these grounds, defendants respectfully request that this Court dismiss plaintiff's Complaint, with prejudice, in its entirety. Moreover, to the extent that the Court needs time to render a decision regarding whether plaintiff's Complaint should be dismissed, defendants respectfully request that the trial in this matter and all due dates for pre-trial submissions be adjourned pending the Court's decision.

I thank the Court for its consideration in this regard.

Respectfully submitted,

David M. Hazan (DH-8611)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   **VIA FACSIMILE**
Honorable Kevin Nathaniel Fox
United States Magistrate Judge, SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Steven L. Kessler, Esq.
122 East 42nd Street, Suite 606
New York, NY 10168

Michael A. Rosenberg, Esq.
122 East 42nd Street, Suite 606
New York, NY 10168

---

All applications to this Court are denied. The parties should adhere to the current schedule set by the Court.

SO ORDERED:
Date: 8/21/08

Richard M. Berman, U.S.D.J.